APPEAL CASE NOS. 13-56243, 13-56244
CROSS-APPEAL CASE NOS. 13-56257, 13-56259

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————————

LAURA SIEGEL LARSON

*Plaintiff, Counterclaim-Defendant, Appellant, and Cross-Appellee.*

v.

WARNER BROS. ENTERTAINMENT INC., DC COMICS

*Defendants, Counterclaimants, Appellees, and Cross-Appellants.*

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE OTIS D. WRIGHT II, JUDGE
CASE NOS. CV-04-8400 ODW (RZX), CV-04-8776 (RZX)

————————————

**APPELLANT LAURA SIEGEL LARSON'S EXCERPTS OF RECORD
VOL. 14 OF 16**

————————————

TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff
 *mtoberoff@ipwla.com*
Keith G. Adams
 *kadams@toberoffandassociates.com*
22337 Pacific Coast Highway, #348
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiff-Appellant,Laura Siegel
Larson, individually and as personal
representative of the Estate of Joanne Siegel*

# INDEX TO EXCERPTS OF RECORD (Volume 14)

*Larson v. Warner Bros. Entertainment Inc. et al.,*
CD Cal Case No. 04-CV-08400

| Docket No. | Filing Date | Document Title | Vol. | Page |
|---|---|---|---|---|
| Case No 10-3633, 74 | 9/20/10 | Minutes From September 20, 2010 Discovery Hearing [1] | 14 | 3416 |
| Case No 10-3633, 348 | 11/25/11 | Defendant Laura Siegel Larson's Answer to First Amended Complaint | 14 | 3418 |
| Case No 10-3633, 1 | 5/14/10 | Plaintiff DC Comics' Complaint | 14 | 3456 |

---

[1] Larson requests that this court take judicial notice of certain documents files in the *Pacific Pictures* case – which was deemed "related" to the case below and transferred to the same district court judge – pursuant to Federal Rule of Evidence 201. As this Court has established, "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v Terhune*, 334 F.3d 910, 916 (9th Cir. 2003) (overruled on other grounds); *see also Reyn's Pasta Bella, LLC v Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, expert reports, etc." from related case); *U.S. ex rel. Robinson Rancherita Citizen Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts") (internal quotations and citations omitted); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases")

| | 2/19/14 | Docket Report (Case No. 04-8400) | 14 | 3521 |
|---|---|---|---|---|

## INDEX TO EXCERPTS OF RECORD (all volumes)

| Docket No. | Filing Date | Document Title | Vol. | Page |
|---|---|---|---|---|
| 735 | 6/18/13 | 59(e) Amended Judgment | 1 | 1 |
| 734 | 6/18/13 | 59(e) Order | 1 | 6 |
| 724 | 4/18/13 | "Final Judgment" In Superman | 1 | 8 |
| 723 | 4/18/13 | Order Granting Motion For Summary Judgment Re: Superboy And The Superman Ads | 1 | 12 |
| 717 | 3/20/13 | Order Granting In Part Defendant's Motion For Summary Judgment | 1 | 23 |
| 714 | 3/12/13 | Order Granting Plaintiff Leave to File A Sur-Reply | 2 | 39 |
| 740 | 7/17/13 | Defendants Notice Of Cross-Appeal | 2 | 41 |
| 738 | 7/16/13 | Plaintiff's Notice of Appeal | 2 | 43 |
| 595 | 10/30/09 | Order on Motion for Reconsideration | 2 | 45 |
| 560 | 8/12/09 | Order on Additional Issues | 2 | 87 |
| 293 | 3/26/08 | Order on the Parties' Cross-Motions for Summary Judgment | 2 | 186 |
| 9th Cir. Case 11-55863, | 1/10/13 | Memorandum Disposition [Of Prior Appeal] | 2 | 272 |

| 70-1 | | | | |
|------|------|------|---|-----|
| 674 | 6/15/11 | Defendant's Prior Notice of Cross-Appeal | 2 | 278 |
| 671 | 5/27/11 | Plaintiff's Prior Notice of Appeal | 2 | 280 |
| 669 | 5/17/11 | Judgment | 2 | 282 |
| 667 | 5/17/11 | Order Granting Plaintiff's Motion for Entry of Judgment Pursuant to Rule 54(b) | 2 | 285 |
| 664 | 5/5/11 | Order Vacating March 15, 2011 Judgment and Striking Superfluous Allegations from Counterclaim | 2 | 287 |
| 659 | 3/15/11 | Order Granting rule 54(b) Motion | 2 | 288 |
| 656 | 3/3/11 | Answer to Second Amended Counterclaims | 2 | 292 |
| 646 | 2/17/11 | Second Amended Counterclaims | 3 | 323 |
| 645 | 2/17/11 | Answer to Third Amended Complaint | 3 | 361 |
| 644 | 2/3/11 | Third Amended Complaint | 3 | 374 |
| 733 | 6/17/13 | Plaintiff's 59(e) Reply | 3 | 399 |
| 732 | 6/5/13 | Defendants' 59(e) Opposition | 3 | 416 |
| 731 | 5/16/13 | Plaintiff's 59(e) Motion | 3 | 437 |
| 731-1 | 5/16/13 | Plaintiff's Proposed 59(e) Order | 3 | 468 |
| 731-2 | 5/16/13 | Plaintiff's Proposed 59(e) Judgment | 3 | 470 |
| 730 | 5/16/13 | Declaration of Patrick T. Perkins In | 3 | 475 |

| | | Support of Defendants' Reply In Support Of Application to Tax Costs | | |
|---|---|---|---|---|
| 730 | 5/16/13 | *Exhibit 1: Invoice For Steranko Deposition* | 3 | 479 |
| 730 | 5/16/13 | *Exhibit 2: Invoice For Evanier Deposition* | 3 | 481 |
| 730 | 5/16/13 | *Exhibit 3: Invoice for Lewellen Deposition* | 3 | 483 |
| 730 | 5/16/13 | *Exhibit 4: Invoice for Larson Deposition* | 3 | 485 |
| 729 | 5/14/13 | Defendants' Reply In Support of Application to Tax Costs | 3 | 487 |
| 729-1 | 5/14/13 | Declaration of Brian Pearl In Support of Defendants' Reply in support of Application to Tax Costs | 3 | 498 |
| 729-1 | 5/14/13 | *Exhibit A: Transcript Cover Sheet for Peary Deposition* | 3 | 501 |
| 729-1 | 5/14/13 | *Exhibit B: Transcript Cover Sheet for Peavy Deposition* | 3 | 504 |
| 729-1 | 5/14/13 | *Exhibit C: Transcript Cover Sheet for Feiffer Deposition* | 3 | 507 |
| 729-1 | 5/14/13 | *Exhibit D: Transcript Cover Sheet for Steranko Deposition* | 3 | 511 |
| 729-1 | 5/14/13 | *Exhibit E: Transcript Cover Sheet for Evanier Deposition* | 3 | 514 |
| 729-1 | 5/14/13 | *Exhibit F: Transcript Cover Sheet* | 3 | 518 |

| | | | | |
|---|---|---|---|---|
| | | *for Lewellen Deposition* | | |
| 729-1 | 5/14/13 | *Exhibit G: Transcript Cover Sheet for Larson Deposition* | 3 | 522 |
| 729-1 | 5/14/13 | *Exhibit H: Transcript Cover Sheet for Halloran Deposition* | 3 | 526 |
| 722 | 4/4/13 | Plaintiff's Supplemental Brief re: "Ads" and "Superboy" | 3 | 530 |
| 722-1 | 4/4/13 | Declaration of Keith Adams In Support Of Plaintiff's Supplemental Brief re: "Ads" and "Superboy" | 3 | 549 |
| 722-1 | 4/4/13 | *Exhibit 1: Excerpts from April 12, 1947 Findings of Fact and Conclusions of Law* | 3 | 553 |
| 722-1 | 4/4/13 | *Exhibit 2: October 19, 2001 letter from Kevin Marks to John Schulman* | 3 | 560 |
| 722-1 | 4/4/13 | *Exhibit 3: October 26, 2001 letter from Schulman to Marks* | 3 | 566 |
| 722-1 | 4/4/13 | *Exhibit 4: February 1, 2002 letter from Patrick Perkins to Marks* | 4 | 574 |
| 722-1 | 4/4/13 | *Exhibit 5: November 8, 2002 Notice of Termination re: Superboy* | 4 | 631 |
| 722-1 | 4/4/13 | *Exhibit 6: March 23, 2006 Summary Judgment Order in Superboy Case* | 4 | 644 |
| 722-1 | 4/4/13 | *Exhibit 7: June 12, 2006 Affidavit of Damon Bonesteel* | 4 | 661 |

| 722-1 | 4/4/13 | *Exhibit 8: Excerpts from DC's April 30, 2007 Motion for Summary Judgment* | 4 | 672 |
|---|---|---|---|---|
| 722-1 | 4/4/13 | *Exhibit 9: Excerpts from DC's June 25, 2007 Reply re: Summary Judgment* | 4 | 689 |
| 722-1 | 4/4/13 | *Exhibit 10: September 10, 2007 Affidavit of Donna Josephson* | 4 | 714 |
| 722-1 | 4/4/13 | *Exhibit 11: Excerpts from September 17, 2007 Oral Argument in Superman and Superboy Cases* | 4 | 717 |
| 722-1 | 4/4/13 | *Exhibit 12: March 5, 2012 Notice of Termination re: Superman Advertisements* | 4 | 756 |
| 722-1 | 4/4/13 | *Exhibit 13: DC's Fourth Brief on Cross-Appeal in the Siegel Appeal, filed on June 19, 2012* | 4 | 762 |
| 722-1 | 4/4/13 | *Exhibit 14: September 5, 2012 Oral Argument in the Siegel Appeal* | 4 | 798 |
| 722-2 | 4/4/13 | Declaration of Laura Siegel Larson In Support Of Plaintiff's Supplemental Brief re: "Ads" and "Superboy" | 4 | 840 |
| 721 | 4/4/13 | Defendants' Supplemental Brief re: "Ads" and "Superboy" | 4 | 842 |
| 715 | 3/18/13 | Plaintiff's Court Authorized Sur-Reply re: Defendants' Motion for Summary Judgment | 4 | 867 |

vii

| 713 | 3/8/13 | Defendants' Response to Plaintiffs Genuine Issues and Additional Facts re: Defendants' Motion for Summary Judgment | 5 | 873 |
|---|---|---|---|---|
| 711 | 3/8/13 | Defendants' Reply In Support Of Defendants' Motion for Summary Judgment | 5 | 943 |
| 711-1 | 3/8/13 | Declaration of Matthew T. Kline In Support Of Defendants' Motion for Summary Judgment | 5 | 961 |
| 711-2 | 3/8/13 | *Exhibit A:  Appellant Laura Siegel Larson's First Brief On Cross-Appeal, filed in Ninth Circuit Case Nos. 11-55863, 11-56034, DN 12* | 5 | 964 |
| 711-2 | 3/8/13 | *Exhibit B:  Appellant Laura Siegel Larson's Third Brief On Cross-Appeal, filed in Ninth Circuit Case Nos. 11- 55863, 11-56034, DN 43-1* | 5 | 1048 |
| 711-2 | 3/8/13 | *Exhibit C:  Reply Brief Of Cross-Appellants And Appellees Warner Bros. Entertainment Inc. And DC Comics, filed in Ninth Circuit Case Nos. 11-55863, 11-56034, DN 49* | 6 | 1139 |
| 711-2 | 3/8/13 | *Exhibit D:  Letter from Marc Toberoff to Daniel Petrocelli, dated March 7, 2013.* | 6 | 1176 |
| 711-2 | 3/8/13 | *Exhibit E:  Excerpt from the transcript of the deposition of Laura Siegel Larson, dated August 1,* | 6 | 1179 |

| | | | | |
|---|---|---|---|---|
| | | *2006.* | | |
| 711-2 | 3/8/13 | *Exhibit F: Excerpt from Plaintiffs Joanne Siegel And Laura Siegel Larson's Responses To Defendant DC Comics' First Set Of Interrogatories No. 1-19, dated January 25, 2006.* | 6 | 1185 |
| 709 | 3/4/13 | Plaintiff's Opposition to Defendants' Motion for Summary Judgment | 6 | 1192 |
| 709-1 | 3/4/13 | Plaintiff's Statement of Genuine Issues and Additional Facts re: Defendants' Motion for Summary Judgment | 6 | 1224 |
| 709-2 | 3/4/13 | Declaration of Keith Adams In Support Of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | 6 | 1252 |
| 709-2 | 3/4/13 | *Exhibit 1: October 19, 2001 letter from Kevin Marks to John Schulman* | 6 | 1257 |
| 709-2 | 3/4/13 | *Exhibit 2: October 26, 2001 letter from Schulman to Marks* | 6 | 1263 |
| 709-2 | 3/4/13 | *Exhibit 3: February 1, 2002 letter from Patrick Perkins to Marks* | 6 | 1271 |
| 709-2 | 3/4/13 | *Exhibit 4: May 9, 2002 letter from Joanne Siegel to Richard D. Parsons* | 6 | 1328 |
| 709-2 | 3/4/13 | *Exhibit 5: May 22, 2002 letter from* | 6 | 1331 |

| | | | | |
|---|---|---|---|---|
| | | *Parsons to Joanne Siegel* | | |
| 709-2 | 3/4/13 | *Exhibit 6: September 21, 2002 letter from the Siegels to Marks* | 6 | 1332 |
| 709-2 | 3/4/13 | *Exhibit 7: November 8, 2002 Notice of Termination re: Superboy* | 6 | 1333 |
| 709-2 | 3/4/13 | *Exhibit 8: Letter sent by Ari Emanuel to Bruce Rosenblum* | 6 | 1346 |
| 709-2 | 3/4/13 | *Exhibit 9: Excerpts from August 1, 2006 deposition of Laura Siegel Larson* | 6 | 1347 |
| 709-2 | 3/4/13 | *Exhibit 10: Excerpts from October 7, 2006 deposition of Kevin Marks* | 6 | 1354 |
| 709-2 | 3/4/13 | *Exhibit 11: Excerpts from November 2, 2006 deposition of Ari Emanuel* | 6 | 1388 |
| 709-2 | 3/4/13 | *Exhibit 12: Excerpts from November 11, 2006 deposition of Paul Levitz* | 6 | 1402 |
| 709-2 | 3/4/13 | *Exhibit 13: Excerpts from Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, filed May 29, 2007* | 6 | 1416 |
| 709-2 | 3/4/13 | *Exhibit 14: October 23, 2007 Order* | 7 | 1436 |
| 709-2 | 3/4/13 | *Exhibit 15: March 5, 2012 Notice of Termination re: Superman Advertisements* | 7 | 1441 |

| 709-2 | 3/4/13 | *Exhibit 16: DC's Second Brief on Cross-Appeal in the Siegel Appeal, filed on March 23, 2012* | 7 | 1447 |
|---|---|---|---|---|
| 709-2 | 3/4/13 | *Exhibit 17: Larson's Third Brief on Cross-Appeal in the Siegel Appeal, filed on May 24, 2012.* | 7 | 1506 |
| 709-2 | 3/4/13 | *Exhibit 18: DC's Fourth Brief on Cross-Appeal in the Siegel Appeal, filed on June 19, 2012* | 7 | 1562 |
| 709-2 | 3/4/13 | *Exhibit 19: September 5, 2012 Oral Argument in the Siegel Appeal* | 7 | 1579 |
| 709-2 | 3/4/13 | *Exhibit 20: January 29, 2013 Letter from Daniel Petrocelli to Marc Toberoff* | 7 | 1621 |
| 709-2 | 3/4/13 | *Exhibit 21: February 9, 2013 Letter from Toberoff to Petrocelli* | 7 | 1623 |
| 709-2 | 3/4/13 | *Exhibit 22: February 12, 2013 Letter from Petrocelli to Toberoff* | 7 | 1626 |
| 709-2 | 3/4/13 | *Exhibit 23: Excerpts from DC's Statement of Genuine Issue re: Motion for Summary Judgment in DC Comics, filed on February 16, 2013.* | 7 | 1628 |
| 709-2 | 3/4/13 | *Exhibit 24: February 27, 2013 Letter from Toberoff to Petrocelli* | 7 | 1632 |
| 709-2 | 3/4/13 | *Exhibit 25: February 28, 2013 Letter from Petrocelli to Toberoff* | 7 | 1633 |
| 708 | 2/25/13 | Joint Status Report Re: The Superman and Superboy Cases | 7 | 1635 |

| 702 | 2/7/13 | Defendants' Motion for Summary Judgment | 7 | 1651 |
|---|---|---|---|---|
| 702-1 | 2/7/13 | Declaration of Daniel M. Petrocelli In Support Of Defendants' Motion for Summary Judgment | 7 | 1663 |
| 702-2 | 2/7/13 | *Exhibit A: Email Correspondence between Parties Counsel re: Motion for Summary Judgment* | 7 | 1666 |
| 702-2 | 2/7/13 | *Exhibit B: October 19, 2001 letter from Kevin Marks to John Schulman* | 7 | 1683 |
| 702-2 | 2/7/13 | *Exhibit C: Excerpts from DC's Reply In Support Of Motion for Partial Summary Judgment on Its First and Third Claims For Relief in Pacific Pictures case, Case No. CV-10-3633, DN 468* | 7 | 1691 |
| 702-2 | 2/7/13 | *Exhibit D: Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendants' Cross-Motion in Pacific Pictures case, Case No. CV-10-3633, DN 507* | 7 | 1694 |
| 702-3 | 2/7/13 | Defendants' Proposed Statement of Uncontroverted Facts and Conclusions of Law | 7 | 1713 |
| 702-4 | 2/7/13 | Defendant's Proposed Summary Judgment Order | 7 | 1718 |
| 702-5 | 2/7/13 | Defendants' Proposed Judgment | 7 | 1720 |

| 681 | 12/5/11 | Order Certifying and Forwarding Supplemental Record | 7 | 1724 |
|---|---|---|---|---|
| 680 | 12/2/11 | Joint Stipulation To Certify And Forward Supplemental Record | 7 | 1726 |
| 680 | 12/2/11 | *Exhibit A: Excerpt from October 7, 2006 deposition of Kevin Marks* | 8 | 1729 |
| 602 | 12/21/09 | Joint Status Report | 8 | 1773 |
| 373-3 | 9/29/08 | Declaration of Dennis Kitchen re: Defendants' September 26, 2008 Objections | 8 | 1798 |
| 373-3 | 9/29/08 | *Exhibit A: November 12, 1934 Correspondence from Jerome Siegel to Russell Keaton* | 8 | 1801 |
| 364-2 | 9/22/08 | Declaration of Marc Toberoff re: Objections to September 18, 2008 Objections and Exhibit A (Thompson & Thompson Report) | 8 | 1714 |
| 364-1 | 9/22/08 | *Exhibit A: February 1996 Thompson & Thompson Copyright Report re: Superman* | 8 | 1817 |
| 361-1 | 9/18/08 | Exhibit B: Declaration of Michael Bergman re: Objections to Plaintiffs' July 28, 2008 Brief | 8 | 1827 |
| 361-3 | 9/18/08 | *Exhibit C: Copyright Registrations for the First Two Weeks of "Superman" Newspaper Strips* | 8 | 1830 |
| 353-1 | 8/5/08 | Declaration of Michael Bergman re: | 8 | 1867 |

| | | Response in Objection to Motion | | |
|---|---|---|---|---|
| 353-2 | 8/5/08 | *Exhibit A – January 10, 1938 letter from Vin Sullivan to Jerome Siegel* | 8 | 1871 |
| 353-2 | 8/5/08 | *Exhibit B – September 28, 1938 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1873 |
| 353-2 | 8/5/08 | *Exhibit C – September 30, 1938 letter from Jerome Siegel to J.S. Liebowitz* | 8 | 1877 |
| 353-2 | 8/5/08 | *Exhibit D – April 21, 1938 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1879 |
| 353-2 | 8/5/08 | *Exhibit E – January 23, 1940 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1882 |
| 353-2 | 8/5/08 | *Exhibit F – February 8, 1940 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1885 |
| 353-2 | 8/5/08 | *Exhibit G – May 2, 1940 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1887 |
| 353-2 | 8/5/08 | *Exhibit H – November 5, 1940 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1890 |
| 353-2 | 8/5/08 | *Exhibit I – January 22, 1940 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1893 |
| 353-2 | 8/5/08 | *Exhibit J – January 29, 1940 letter from J.S. Liebowitz to Jerome* | 8 | 1896 |

| | | *Siegel* | | |
|---|---|---|---|---|
| 353-2 | 8/5/08 | *Exhibit K – March 18, 1940 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1899 |
| 353-2 | 8/5/08 | *Exhibit L – November 4, 1940 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1901 |
| 353-2 | 8/5/08 | *Exhibit M – February 19, 1941 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1903 |
| 353-3 | 8/5/08 | *Exhibit N – November 12, 1942 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1906 |
| 353-3 | 8/5/08 | *Exhibit O – February 21 letter from Whitney Ellsworth to Jerome Siegel* | 8 | 1908 |
| 353-3 | 8/5/08 | *Exhibit P – February 3, 1947 letter from J.S. Liebowitz to Jerome Siegel* | 8 | 1910 |
| 353-3 | 8/5/08 | *Exhibit Q – Exhibit showing 1937-1947 payments to Siegel and Shuster* | 8 | 1914 |
| 353-3 | 8/5/08 | *Exhibit R – Renewal Certificates for Post-March 1, 1938 Superman Works* | 8 | 1916 |
| 347 | 7/28/08 | Declaration of Marc Toberoff re: Plaintiffs' Memorandum of Points and Authorities in Opposition and Exhibits A-JJ | 8 | 1946 |

| 347-2 | 7/28/08 | *Exhibit A – Seven-Page Superman Synopsis* | 8 | 1951 |
|---|---|---|---|---|
| 347-2 | 7/28/08 | *Exhibit B – November 21, 1974 letter from Jerome Siegel to Laura Siegel* | 8 | 1959 |
| 347-2 | 7/28/08 | *Exhibit C – June 12, 1934 letter from Jerome Siegel to Russell Keaton* | 8 | 1962 |
| 347-2 | 7/28/08 | *Exhibit D – Superman story illustrated by Russell Keaton* | 8 | 1964 |
| 347-3 | 7/28/08 | *Exhibit E – Continuity for 15 daily "Superman" Newspaper Strips, c. 1934* | 8 | 1974 |
| 347-4 | 7/28/08 | *Exhibit G – Action Comics, No. 2* | 8 | 1981 |
| 347-5 | 7/28/08 | *Exhibit H – Action Comics, No. 3* | 8 | 1990 |
| 347-6 | 7/28/08 | *Exhibit I – Action Comics, No. 4* | 8 | 1999 |
| 347-7 | 7/28/08 | *Exhibit J – Action Comics, No. 5* | 8 | 2008 |
| 347-8 | 7/28/08 | *Exhibit K – Action comics, No. 6* | 8 | 2015 |
| 347-9 | 7/28/08 | *Exhibit L – Excerpts from Superman, No. 1* | 8 | 2024 |
| 347-9 | 7/28/08 | *Exhibit M – June 21, 1941 Saturday Evening Post Article, "Up, Up and Awa-a-y"* | 9 | 2029 |
| 347-9 | 7/28/08 | *Exhibit N – Excerpts from Trial Transcript of 1947 Action* | 9 | 2036 |

| | | | | |
|---|---|---|---|---|
| 347-9 | 7/28/08 | *Exhibit O – December 4, 1937 Agreement between Jerome Siegel, Joseph Shuster, and Detective Comics, Inc.* | 9 | 2050 |
| 347-9 | 7/28/08 | *Exhibit P – September 22, 1938 Agreement between Jerome Siegel, Joseph Shuster, and Detective Comics, Inc.* | 9 | 2053 |
| 347-9 | 7/28/08 | *Exhibit Q – Seprember 22, 1938 Agreement between the McClure Newspaper Syndicate, Jerome Siegel, Joseph Shuster, and Detective Comics, Inc.* | 9 | 2057 |
| 347-9 | 7/28/08 | *Exhibit R – Excerpts from "The Creation of a Superhero" by Jerome Siegel* | 9 | 2061 |
| 347-9 | 7/28/08 | *Exhibit S – April 18, 1938 letter from Jerome Siegel to J.S. Liebowitz* | 9 | 2068 |
| 347-9 | 7/28/08 | *Exhibit T – September 7, 1938 letter from Chas Lounsbury to Jerome Siegel* | 9 | 2070 |
| 347-9 | 7/28/08 | *Exhibit U – Excerpts from Superman: The Dailies* | 9 | 2073 |
| 347-9 | 7/28/08 | *Exhibit V – Copyright Registration Certificate for Superman No. 1* | 9 | 2080 |
| 347-10 | 7/28/08 | *Exhibit W – Excerpts from the United States Copyright Office Catalogue of Copyright Entries* | 9 | 2083 |

| 347-10 | 7/28/08 | *Exhibit X – March 1, 1973 Affidavit of Jerome Siegel* | 9 | 2098 |
|---|---|---|---|---|
| 347-10 | 7/28/08 | *Exhibit Y – Excerpts from Superman: Sunday Classics* | 9 | 2110 |
| 347-10 | 7/28/08 | *Exhibit Z - Excerpts from Superman: The Dailies* | 9 | 2119 |
| 347-11 | 7/28/08 | *Exhibit AA – Excerpts from the February 27, 2007 deposition of Mark Waid* | 9 | 2130 |
| 347-11 | 7/28/08 | *Exhibit BB – Article "K-Metal: The Lost Superman Tale" by Mark Waid* | 9 | 2153 |
| 347-11 | 7/28/08 | *Exhibit CC – Unpublished 26-page Superman story* | 9 | 2161 |
| 347-12 | 7/28/08 | *Exhibit DD – Checks and Bank Statements from the American Artists League* | 9 | 2175 |
| 347-12 | 7/28/08 | *Exhibit EE – Excerpts from the business ledger of Jerome Siegel* | 9 | 2196 |
| 347-12 | 7/28/08 | *Exhibit FF – Excerpts from the July 8, 1969 deposition of Jerome Siegel* | 9 | 2204 |
| 347-12 | 7/28/08 | *Exhibit GG – Excerpts from The Story Behind Superman No. 1 by Jerome Siegel* | 9 | 2208 |
| 340 | 7/21/08 | Declaration of Michael Bergman in Support of Defendants' Brief on Additional Issues | 9 | 2211 |
| 340-1 | 7/21/08 | *Exhibit A:  December 19, 1939* | 9 | 2213 |

| | | | | |
|---|---|---|---|---|
| | | *Agreement between Jerome Siegel, Joseph Shuster and Detective Comics, Inc.* | | |
| 340-1 | 7/21/08 | *Exhibit B: April 8, 1938 letter from J.S. Liebowitz to Jerome Siegel* | 9 | 2217 |
| 337 | 7/21/08 | Declaration of Keith Adams re: Plaintiff's Memorandum of Points and Authorities Pursuant to the Court's July 3, 2008 Order | 9 | 2219 |
| 337-2 | 7/21/08 | *Exhibit A: Stipulation re: Scheduling Order and Order Thereon, entered by the Court on March 20, 2007* | 9 | 2227 |
| 337-2 | 7/21/08 | *Exhibit G: January 12, 2007 Expert Report of James Steranko* | 9 | 2235 |
| 337-2 | 7/21/08 | *Exhibit H: January 12, 2007 Expert Report of Mark Evanier* | 9 | 2259 |
| 337-3 | 7/21/08 | *Exhibit I: February 9, 2007 Expert Rebuttal Report of Mark Evanier* | 9 | 2284 |
| 337-3 | 7/21/08 | *Exhibit J: Excerpts from the March 30, 2007 Deposition of Mark Evanier* | 10 | 2316 |
| 337-3 | 7/21/08 | *Exhibit M: Excerpts from "The Creation of a Superhero" by Jerome Siegel* | 10 | 2331 |
| 290 | 2/21/08 | Stipulation for Order Requesting Status Conference and Briefing Schedule | 10 | 2336 |

| 196 | 6/25/07 | Reply Declaration of Marc Toberoff In Support Of Plaintiff's Motion for Partial Summary Judgment | 10 | 2340 |
|---|---|---|---|---|
| 196 | 6/25/07 | *Exhibit A:  Tolling Agreement Between Plaintiffs and DC Comics, dated April 6, 2000* | 10 | 2343 |
| 196 | 6/25/07 | *Exhibit B:  October 28, 2002 letter from Joanne Siegel and Laura Siegel Larson to Lillian J. Laserson* | 10 | 2349 |
| 196 | 6/25/07 | *Exhibit C:  Excerpts from listings from the Library of Congress' Catalog of Copyright Entries for the years 1939, 1940 and 1976* | 10 | 2352 |
| 196 | 6/25/07 | *Exhibit D:  Plaintiff's Memorandum of Points and Authorities In Support of Motion to Compel Production of Documents* | 10 | 2367 |
| 196 | 6/25/07 | *Exhibit E:  Excerpts from November 7, 2006 Deposition of Paul Levitz* | 10 | 2474 |
| 196 | 6/25/07 | *Exhibit F:  Excerpts from October 7, 2006 Deposition of Kevin Marks, Esq.* | 10 | 2479 |
| 196 | 6/25/07 | *Exhibit G: Excerpts from August 6, 2006 Deposition of Plaintiff Laura Siegel Larson* | 10 | 2485 |
| 196 | 6/25/07 | *Exhibit H:  Defendants' Answer to First Amended Complaint* | 10 | 2491 |
| 194 | 6/25/07 | Plaintiff's Reply In Support Of | 10 | 2508 |

| | | | | |
|---|---|---|---|---|
| | | Motion for Partial Summary Judgment | | |
| 184 | 5/29/07 | Declaration of Michael Bergman re: Plaintiffs' Motion for Summary Judgment | 10 | 2590 |
| 184 | 5/29/07 | *Exhibit A:  Copyright Registration and Excerpts from "The Creation of a Superhero" by Jerome Siegel* | 10 | 2595 |
| 184 | 5/29/07 | *Exhibit B:  June 12, 1934 letter from Jerome Siegel to Russell Keaton* | 11 | 2608 |
| 184 | 5/29/07 | *Exhibit D:  March 1, 1938 Assignment from Jerome Siegel and Joseph Shuster to Detective Comics* | 11 | 2623 |
| 184 | 5/29/07 | *Exhibit L:  Copy of Superman No. 1* | 11 | 2625 |
| 184 | 5/29/07 | *Exhibit P:  April 15, 1999 letter from Paul Levitz to Joanne Siegel* | 11 | 2639 |
| 181 | 5/29/07 | Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment | 11 | 2641 |
| 163 | 4/30/07 | Declaration of Marc Toberoff re: Plaintiffs' Motion for Summary Judgment | 11 | 2739 |
| 163 | 4/30/07 | *Exhibit A:  November 21, 1947 Opinion* | 11 | 2745 |
| 163 | 4/30/07 | *Exhibit B:  April 12, 1948 Findings of Fact and Conclusions of Law* | 11 | 2758 |

| 163 | 4/30/07 | *Exhibit C: May 19, 1948 Stipulation of Settlement* | 11 | 2801 |
|---|---|---|---|---|
| 163 | 4/30/07 | *Exhibit D: May 21, 1948 Consent Judgment* | 11 | 2813 |
| 163 | 4/30/07 | *Exhibit F: June 1, 1965 Renewal Copyright Registrations re: Superman* | 11 | 2825 |
| 163 | 4/30/07 | *Exhibit G: Notice of Termination re: March 31, 1938 Grant* | 11 | 2830 |
| 163 | 4/30/07 | *Exhibit H: Notice of Termination re: December 4, 1937 Agreement* | 11 | 2840 |
| 163 | 4/30/07 | *Exhibit I: Notice of Termination re: September 22, 1938 Agreement* | 11 | 2850 |
| 163 | 4/30/07 | *Exhibit J: Notice of Termination re: September 22, 1938 Agreement with McClure* | 11 | 2860 |
| 163 | 4/30/07 | *Exhibit K: Notice of Termination re: 1948 Stipulation* | 11 | 2870 |
| 163 | 4/30/07 | *Exhibit L: Notice of Termination re: December 19, 1939 Agreement* | 11 | 2880 |
| 163 | 4/30/07 | *Exhibit M: Notice of Termination re: December 23, 1975 Agreement* | 11 | 2890 |
| 163 | 4/30/07 | *Exhibit N: Certificates of Recordation re: Notices of Termination* | 12 | 2900 |
| 164 | 4/30/07 | *Exhibit R: Defendants' First Amended Counterclaim* | 12 | 2915 |

| 164 | 4/30/07 | *Exhibit S: Siegel v. National Periodical Publications, Inc. et al., 364 F. Supp. 1032 (S.D.N.Y. 1973)* | 12 | 2956 |
|-----|---------|----|-----|------|
| 164 | 4/30/07 | *Exhibit T: Siegel v. National Periodical Publications, Inc. et al., 508 F.2d 909 (2d Cir. 1974)* | 12 | 2965 |
| 164 | 4/30/07 | *Exhibit U: March 24, 2006 Order by Judge Ronald S. W. Lew in Civ. Case No. 04-08776 RSWL (RZx)* | 12 | 2973 |
| 164 | 4/30/07 | *Exhibit V: May 23, 2006 Order by Judge Ronald S. W. Lew in Civ. Case No. 04-08776 RSWL (RZx)* | 12 | 2991 |
| 164 | 4/30/07 | *Exhibit W: Appellate Brief of National Periodical Publications, Inc. et. al. from Siegel v. National Periodical Publications, Inc. et al., 508 F.2d 909 (2d Cir. 1974)* | 12 | 2995 |
| 164 | 4/30/07 | *Exhibit X: Plaintiff's Complaint* | 12 | 3014 |
| 164 | 4/30/07 | *Exhibit Y: December 23, 1975 Agreement between Warner Communications, Inc and Jerome Siegel and Joseph Shuster* | 12 | 3044 |
| 164 | 4/30/07 | *Exhibit Z: April 6, 2000 Tolling Agreement between Plaintiffs and DC Comics* | 12 | 3057 |
| 164 | 4/30/07 | *Exhibit AA: September 21, 2002 letter from Joanne Siegel to Kevin S. Marks and Bruce M. Ramer* | 12 | 3061 |

| 164 | 4/30/07 | *Exhibit BB:  October 19, 2001 letter from Kevin Marks to John Schulman* | 12 | 3063 |
|---|---|---|---|---|
| 164 | 4/30/07 | *Exhibit CC:  October 26, 2001 letter from Schulman to Marks* | 12 | 3070 |
| 164 | 4/30/07 | *Exhibit DD:  February 1, 2002 letter from Patrick Perkins to Kevin Marks* | 12 | 3079 |
| 164 | 4/30/07 | *Exhibit EE:  Excerpts from October 7, 2006 Deposition of Kevin Marks* | 12 | 3137 |
| 164 | 4/30/07 | *Exhibit FF:  March 15, 1982 letter from Martin D. Payson to Joanne Siegel* | 12 | 3156 |
| 164 | 4/30/07 | *Exhibit GG: Plaintiff's First Amended Complaint* | 12 | 3158 |
| 161 | 4/30/07 | Plaintiffs' Motion for Partial Summary Judgment | 13 | 3192 |
| 159 | 4/30/07 | Defendants' Motion for Partial Summary Judgment | 13 | 3255 |
| 46 | 11/1/05 | Plaintiffs' Reply to Defendants' First Amended Counterclaims | 13 | 3373 |
| Case No 04-8776, 125 | 4/30/07 | Declaration of Michael Bergman re: Defendants' Motion for Summary Judgment | 13 | 3407 |
| Case No 04- | 4/30/07 | Exhibit A:  December 4, 1937 Agreement between Jerome Siegel, | 13 | 3413 |

| 8776, 125 | | Joseph Shuster and Detective Comics, Inc. | | |
|---|---|---|---|---|
| Case No 10-3633, 74 | 9/20/10 | Minutes From September 20, 2010 Discovery Hearing [2] | 14 | 3416 |
| Case No 10-3633, 348 | 11/25/11 | Defendant Laura Siegel Larson's Answer to First Amended Complaint | 14 | 3418 |
| Case No 10-3633, 1 | 5/14/10 | Plaintiff DC Comics' Complaint | 14 | 3456 |
| | 2/19/14 | Docket Report (Case No. 04-8400) | 14 | 3521 |

---

[2] Larson requests that this court take judicial notice of certain documents files in the *Pacific Pictures* case – which was deemed "related" to the case below and transferred to the same district court judge – pursuant to Federal Rule of Evidence 201. As this Court has established, "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v Terhune*, 334 F.3d 910, 916 (9th Cir. 2003) (overruled on other grounds); *see also Reyn's Pasta Bella, LLC v Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, expert reports, etc." from related case); *U.S. ex rel. Robinson Rancherita Citizen Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts") (internal quotations and citations omitted); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases")

## EXCERPTS OF RECORD (From Case No. 04-8776)

| **Docket No.** | **Filing Date** | **Document Title** | **Vol.** | **Page** |
|---|---|---|---|---|
| 254 | 6/18/13 | 59(e) Amended Judgment | 15 | 3598 |
| 253 | 6/18/13 | 59(e) Order | 15 | 3603 |
| 243 | 4/18/13 | "Final Judgment" In Superboy | 15 | 3605 |
| 242 | 4/18/13 | Order Granting Motion For Summary Judgment Re: Superboy And The Superman Ads | 15 | 3609 |
| 235 | 3/20/13 | Order Granting In Part Defendant's Motion For Summary Judgment | 15 | 3620 |
| 175 | 3/31/08 | Order Denying Cross-Motions for Partial Summary Judgment | 15 | 3636 |
| 151 | 7/27/07 | Order Granting Defendants' Motion for Reconsideration | 15 | 3638 |
| 82 | 3/23/06 | Order Granting Plaintiffs' Motion for Partial Summary Judgment & Denying Defendants' Motion for Summary Judgment | 15 | 3711 |
| 259 | 7/16/13 | Defendants' Notice of Cross-Appeal | 16 | 3728 |
| 257 | 7/16/13 | Plaintiff's Notice of Appeal | 16 | 3730 |
| 250 | 6/17/13 | Plaintiff's 59(e) Motion | 16 | 3732 |
| 227 | 2/25/13 | Joint Status Report Re: The Superman and Superboy Cases | 16 | 3763 |

| 184 | 12/21/09 | Joint Status Report | 16 | 3779 |
| 103 | 1/12/07 | Defendants' Motion for Reconsideration | 16 | 3804 |
| 56 | 2/15/06 | Defendants' Motion for Summary Judgment | 16 | 3806 |
| 51 | 2/15/06 | Plaintiff's Motion for Partial Summary Judgment | 16 | 3838 |
| 47 | 11/4/05 | Answer to First Amended Counterclaims | 16 | 3870 |
| 44 | 10/18/05 | First Amended Counterclaims | 16 | 3904 |
| 37 | 9/7/05 | Answer to First Supplemental Complaint | 16 | 3943 |
| 34 | 4/13/05 | First Supplemental Complaint | 16 | 3957 |
| | 2/19/14 | Docket Report (Case No. 04-8776) | 16 | 3986 |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-03633-ODW(RZx) | | Date | 9/20/10 |
|----------|----------------------|--|------|---------|
| Title | DC COMICS v. PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC., ETC, ET AL. | | | |

| Present: The Honorable | RALPH ZAREFSKY, U.S. MAGISTRATE JUDGE |
|------------------------|----------------------------------------|

| Ilene Bernal | Recorded on Courtsmart |
|--------------|------------------------|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Daniel M. Petrocelli | Richard B. Kendall |
| Matthew T. Kline | Laura W. Brill |
| Jason Tokoro | Marc Toberoff |

**Proceedings:** HRG: 1) PLAINTIFF'S MOTION TO INITIATE DISCOVERY AND TAKE IMMEDIATE LIMITED DISCOVERY OF TWO ELDERLY WITNESSES (Doc. #44);
2) DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (re "TOBEROFF TIMELINE") (Doc. #41);
3) DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STAYING DEPOSITIONS PENDING RULINGS ON DISPOSITIVE MOTIONS AND LIMITING SCOPE AND TIME OF DEPOSITIONS (Doc. #58)

1) Plaintiff's motion to initiate discovery and take immediate limited discovery of two elderly witnesses (doc. #44) is denied.

2) Defendants' motion for a protective order (re "Toberoff Timeline") (doc #41) is denied.

3) Defendants' motion for a protective order staying depositions pending rulings on dispositive motions and limiting scope and time of depositions (doc. #58) is granted in part and denied in part as follows:

The depositions are stayed until November 15, 2010.

The depositions of Joanne Siegel and Laura Larson shall not proceed for more than 90 minutes at a time before the deponents are afforded breaks of as much time as they need.

The deposition of Jean Peavy may be taken by written questions under FRCP 31, with deponent being given as much time as needed to respond to the court reporter. For example, she can respond in increments of 45 minutes if need be. At plaintiff's option, in lieu of a deposition, plaintiff is relieved of the limitation on the number of interrogatories and may serve up to 75 interrogatories on this defendant only.

**ER 3416**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03633-ODW(RZx) | Date | 9/20/10 |
|---|---|---|---|
| Title | DC COMICS v. PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC., ETC, ET AL. | | |

The deposition of Mark Peavy may be taken without restriction.

There shall be no limit to the subject matter covered in the depositions.

The court expects all counsel to be cooperative, and none to be obstructive.

Any further explanations of the above rulings shall be found in the record of the proceedings.

No further written order shall issue.

| | 1 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | igb | |

cc: Hon. Otis D. Wright, II

**ER 3417**

1 | TOBEROFF & ASSOCIATES, P.C.
Marc Toberoff (State Bar No. 188547)
2 | *mtoberoff@ipwla.com*
Keith G. Adams (State Bar No. 240497)
3 | *kgadams@ipwla.com*
2049 Century Park East, Suite 3630
4 | Los Angeles, California, 90067
Telephone:  (310) 246-3333
5 | Fax:           (310) 246-3101

6 | Attorneys for Defendants Mark Warren
Peary, as personal representative of the
7 | Estate of Joseph Shuster, Jean Adele Peavy,
and Laura Siegel Larson, individually and
8 | as personal representative of the Estate of
Joanne Siegel

9

### UNITED STATES DISTRICT COURT

10

### CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

12 | DC COMICS,

|                   Plaintiff,

13 |          vs.

14 | PACIFIC PICTURES CORPORATION;

15 | IP WORLDWIDE, LLC; IPW, LLC;

MARC TOBEROFF, an individual;

16 | MARK WARREN PEARY, as personal

representative of the ESTATE OF

17 | JOSEPH SHUSTER; JEAN ADELE

PEAVY, an individual; LAURA

18 | SIEGEL LARSON, individually and as

personal representative of the ESTATE

19 | OF JOANNE SIEGEL, and DOES 1-10,

20 | inclusive,

21

22 |                   Defendants.

---

Case No: CV 10-03633 ODW (RZx)

Hon. Otis D. Wright II, U.S.D.J.
Hon. Ralph Zarefsky, U.S.M.J.

**DEFENDANTS LAURA SIEGEL
LARSON'S, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOANNE
SIEGEL, ANSWER TO FIRST
AMENDED COMPLAINT**

Complaint filed:    May 14, 2010
Discovery Cutoff:  None Set
Trial Date:           None Set

23

24

25

26

27

28

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel ("Defendants") hereby answer the First Amended Complaint ("Complaint") of DC Comics ("Plaintiff" or "DC") as follows:

## I.    STATEMENT OF THE CASE

1.    Defendants admit only that Plaintiff has brought this civil action as set forth in the Complaint and that the Court has subject matter jurisdiction, but otherwise deny the allegations in Paragraph 1.

2.    Paragraph 2 contains conclusions of law as to which no responsive pleading is required.

3.    Paragraph 3 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 3 contains issues of fact, Defendants deny the allegations of Paragraph 3.

4.    Paragraph 4 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 4 contains issues of fact, Defendants admit that during their lifetimes Jerry Siegel and Joe Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c), admit that Siegel and Shuster had certain agreements with DC Comics ("DC"), admit that Siegel knew of the "termination provisions in amendments to the Copyright Act," admit that Frank Shuster and Jean Adele Peavy entered into an agreement with DC in 1992, and lack knowledge or information sufficient to form a belief as to the truth of the allegation that Shuster was "well aware of the termination provisions in amendments to the Copyright Act," and on that basis deny the same.  Defendants otherwise deny the allegations of Paragraph 4.

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis deny the same.

6.    Defendants admit that Mark Warren Peary caused to be served a notice

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

of termination.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis deny the same.

7.     Defendants deny the allegations of Paragraph 7, except admit that Joanne Siegel and Laura Siegel Larson served termination notices in 1997.

8.     Defendants admit that Joanne Siegel and Laura Siegel Larson terminated their employment of Gang, Tyre, Ramer & Brown and thereafter entered into an agreement with Marc Toberoff and IP Worldwide, LLC.  Defendants otherwise deny the allegations of Paragraph 8.

9.     Defendants admit that *Smallville* was a successful network television series.  Defendants otherwise deny the allegations of Paragraph 9.

10.     Defendants admit that Joanne Siegel and Laura Siegel Larson served and filed notices of copyright termination concerning Superboy in 2002, and that Marc Toberoff filed a notice of copyright termination on behalf of the Estate of Joseph Shuster in 2003.  Defendants otherwise deny the allegations of Paragraph 10.

11.     Paragraph 11 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 11 contains issues of fact, Defendants deny the allegations of Paragraph 11, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

12.     Paragraph 12 contains conclusions of law as to which no responsive pleading is required.  Defendants admit that this action seeks declaratory judgments and other reliefs.  To the extent Paragraph 12 contains issues of fact, Defendants otherwise deny the allegations of Paragraph 12.

## II.     PARTIES

13.     Defendants admit that DC is a general partnership organized and

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

existing under the laws of the State of New York.  Defendants otherwise deny the allegations of Paragraph 13.

14.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis deny the same.

15.  Defendants admit the allegations of Paragraph 15, except that Defendants deny that "Toberoff is the managing and controlling member of IP Worldwide, LLC ["IP Worldwide"] and owns the controlling interest therein."

16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis deny the same.

17.  Defendants admit that Mr. Toberoff is an individual who resides in the County of Los Angeles in the State of California and is and has been a citizen of the United States.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 17, and on that basis deny the same.

18.  Defendants admit the allegations of Paragraph 18.

19.  Defendants admit the allegations of Paragraph 19.

20.  Defendants admit that Jean Adele Peavy ("Peavy") is an individual who resides in the State of New Mexico and is and has been a citizen of the United States and that Peavy was the sister of Joseph Shuster.  Defendants otherwise deny the allegations of Paragraph 20, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

21.  Defendants admit the allegations of Paragraph 21, except to the extent that Joanne Siegel has since passed away on February 12, 2011.

22.  Defendants admit the allegations of Paragraph 22.

23.  Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 23, and on that basis deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and on that basis deny the same.

### III. JURISDICTION AND VENUE

25. Paragraph 25 alleges conclusions of law to which no responsive pleading is required.

26. Paragraph 26 alleges conclusions of law to which no responsive pleading is required.

    a. Paragraph 26(a) contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 26(a) contains issues of fact, Defendants deny the allegations of Paragraph 26(a), except admit that Peary, Peavy, and Pacific Pictures Corporation entered into an agreement dated November 23, 2001, and that Peary and Pacific Pictures Corporation entered into an agreement dated October 26, 2003. The terms of these agreements speak for themselves, and Defendants respectfully refer the Court to such documents for evidence of the contents thereof.

    b. Defendants admit that a California Court appointed Peary executor of the estate of Joseph Shuster, and that Peary caused to be served a notice of termination pursuant to the Copyright Act, but otherwise deny the allegations of Paragraph 26(b), except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

    c. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26(c), and on that basis deny the same.

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

d. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26(d), and on that basis deny the same.

e. Defendants admit the allegations of Paragraph 26(e), except to the extent that Joanne Siegel passed away on February 12, 2011.

f. Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia*, Superman and Superboy, respectively. Defendants otherwise deny allegations of Paragraph 26(f).

27. Paragraph 27 alleges conclusions of law to which no responsive pleading is required.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

28. Defendants admit on information and belief that, in or about 1934, Jerome Siegel (a writer) ("Siegel") and Joseph Shuster (an illustrator) ("Shuster") conceived of a fictional character called Superman, and independently co-authored fifteen daily "Superman" comic strips, consisting of one week (six days) of completely inked daily "Superman" comic strips and three additional six-day weeks of "Superman" comic strips in penciled form (the "1934 Superman Comic Strip"). "Superman" was submitted by Siegel and Shuster to numerous publishers over the next few years. Defendants otherwise deny the allegations of Paragraph 28, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

29. Defendants admit on information and belief that Detective Comics, Inc. ("'DCI'") was provided with the 1934 Superman Comic Strip, that DCI expressed interest in publishing this work in a thirteen-page comic magazine format, and that this was published by DCI in a magazine called "Action Comics, No. 1." Defendants otherwise deny the allegations of Paragraph 29.

**ER 3423**
SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

30.     Defendants admit on information and belief only that on or about December 4, 1937, Siegel and Shuster, as independent contractors, entered into an agreement with DCI (the "December 4, 1937 Agreement") to continue to produce the comic magazine features "Slam Bradley" and "The Spy" for a period of two years, which agreement provided, in part, that any new and additional features which Siegel and Shuster produced for use in a comic magazine were to be first submitted to DCI which reserved the right to accept or reject same within sixty days.  Defendants admit that, on or about September 22, 1938, DCI, Siegel and Shuster entered into an agreement with The McClure Newspaper Syndicate, and that on or about September 22, 1938, DCI and Siegel and Shuster entered into an agreement.  Defendants otherwise deny the allegations of Paragraph 30, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

31.     Paragraph 31 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 31 contains issues of fact, Defendants admit on information and belief that, in or about January–February 1938, when DCI expressed interest to Siegel and Shuster in publishing their 1934 Superman Comic Strip in a magazine, Siegel and Shuster cut and pasted their 1934 Superman Comic Strip into more than ninety separate panels (the "Revised Superman Comic Strip"), so as to render their newspaper strip more suitable for a magazine layout.  Defendants otherwise deny the allegations of Paragraph 31.

32.     Paragraph 32 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 32 contains issues of fact, Defendants admit on information and belief only that in an instrument prepared by DCI, dated March 1, 1938 (the "March 1, 1938 Agreement"), concerning a strip entitled "Superman," Siegel and Shuster agreed to the publication of their Revised Superman Comic Strip by Detective Comics in consideration for the sum of $10 per page for this thirteen-page installment equal to a total of $130.  Defendants further admit that,

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

in addition to the Siegel and Shuster material published by DCI in "Action Comics No. 1," Siegel and Shuster created further original "Superman" material and stories. Defendants otherwise deny the allegations of Paragraph 32, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

33. Paragraph 33 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 33 contains issues of fact, Defendants admit that "Action Comics No. 1" depicts, without limitation, Superman's origin from the distant planet, his "back-story" (sent to Earth as an infant in a spaceship by his scientist father), his core physical and mental traits, his mission as a champion of the oppressed to use his great powers to benefit humankind, his secret identity as newspaper reporter "Clark Kent," his relationship with other key characters such as the newspaper editor from whom he takes his assignments and his romantic interest in Lois, who rebuffs Clark while pursuing a romantic interest in Superman. Defendants otherwise deny the allegations of Paragraph 33, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

34. Paragraph 34 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 34 contains issues of fact, Defendants deny the allegations of Paragraph 34, except admit that DC and its predecessors-in-interest have published Superman works in various forms since 1938.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis deny the same, except admit that DC and its predecessors-in-interest have published Superman works in various forms since 1938.

36. Defendants deny the allegations of Paragraph 36, except admit that numerous Superman works derived from Siegel and Shuster's original Superman story published in "Action Comics, No. 1," have thereafter been produced.

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

37. Defendants deny the allegations of Paragraph 37, except admit that Siegel and Shuster's co-creation Superman is one of the most famous, beloved and valuable fictional characters in the world.

38. Defendants deny the allegations of Paragraph 38, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

39. Defendants deny the allegations of Paragraph 39, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

40. Paragraph 40 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 40 contains issues of fact, Defendants admit that the relationship between DC and its predecessors and Siegel and Shuster became contentious, and lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 40, and on that basis deny the same.

41. Defendants admit that in or about 1947, Siegel and Shuster filed an action in the Supreme Court of the State of New York, County of Westchester, against National Comics Publications, Inc. (hereinafter, the "1947 Action") to determine the validity of the contracts between National Comics Publications, Inc.'s predecessors-in-interest and Siegel and Shuster with respect to Superman, and to determine the origin and ownership of Superboy. Defendants otherwise deny the allegations of Paragraph 41, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

42. Defendants admit that pursuant to a stipulation of the parties, the 1947 Action was referred for decision to an Official Referee of the New York Supreme Court. After trial of the action the Official Referee rendered an opinion dated November 1, 1947, which speaks for itself. Defendants otherwise deny the

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

allegations of Paragraph 42, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

43.     Defendants admit that on April 12, 1948, the Official Referee in the 1947 Action signed detailed findings of fact and conclusions of law and entered an interlocutory judgment upholding the challenged contracts in some respects, but also finding that Jerome Siegel was the originator and sole owner of the comic strip feature, "Superboy," and that DCI acted illegally in publishing the "Superboy" feature. Defendants otherwise deny the allegations of Paragraph 43, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

44.     Defendants admit on information and belief only that after the Official Referee entered his findings in the 1947 Action, settlement negotiations ensued, resulting in a stipulation of settlement between said parties executed on or about May 19, 1948 (hereinafter, the "1948 Stipulation"), and the entry in the New York Supreme Court of a final consent judgment dated May 21, 1948 (hereinafter, the "1948 Consent Judgment"). Defendants specifically deny the allegation that the 1948 Stipulation and the 1948 Consent Judgment were separate grants or "agreements." Defendants otherwise deny the allegations of Paragraph 44, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny the same, except admit that Siegel created a new comic book and syndicated comic strip called "Funnyman," and that Siegel submitted material to DC for publication from the late 1950s to mid-1960s.

46.     Defendants admit only that Siegel and Shuster filed an action against National Periodical Publications, Inc. in the United States District Court for the

Southern District of New York for a declaration that Siegel and Shuster were entitled to the renewal copyright to "Superman," that the District Court's decision was published in *Siegel v. National Periodical Publications, Inc.*, 364 F. Supp. 1032 (S.D.N.Y. 1973); and that on appeal the decision of the United States Court of Appeals for the Second Circuit was published in *Siegel v. National Periodical Publications, Inc.*, 508 F.2d 909 (2d Cir. 1974), which held, *inter alia*, that the District Court erred in finding that Superman was a "work for hire" under the Copyright Act, 17 U.S.C. § 26, and that "Superman" and his miraculous powers were created by Siegel and Shuster long before any employment relationship with DCI; and that no appeal was taken from this ruling. Defendants otherwise deny the allegations of Paragraph 46, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

47. Defendants admit on information and belief that, in the early 1970s, Siegel publicized his dire financial circumstances and the fact that DC and its predecessors-in-interest had profited immensely from Superman while Siegel and Shuster, Superman's co-creators, had received little-to-no participation or credit, resulting in a public backlash against companies such as DC and its predecessors. Defendants admit that Siegel and Shuster entered into a December 23, 1973 Agreement with Warner Communications, Inc. Defendants otherwise deny the allegations of Paragraph 47, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

48. Defendants deny the allegations of Paragraph 48, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

49. Paragraph 49 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 49 contains issues of fact, Defendants

deny that DC's predecessor-in-interest developed Superboy pursuant to its original grant of rights in Superman as Superboy was created by Jerry Siegel and ultimately sold to DC's predecessor. Defendants otherwise deny the allegations of Paragraph 49, except to the extent that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

50. Paragraph 50 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 50 contains issues of fact, Defendants deny the allegations of Paragraph 50, except admit that during their lifetimes Jerome Siegel and Joseph Shuster did not serve or file notices of termination pursuant to 17 U.S.C. § 304(c).

51. Defendants admit that Shuster passed away on July 30, 1992, and was survived by Frank Shuster (his brother), Jean Peavy (his sister), and Mark Warren Peary and Dawn Peavy (his nephew/niece), and that Shuster did not leave a widow or have children or grandchildren. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 51, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the

contents thereof.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

55.     Paragraph 55 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 55 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

56.     Paragraph 56 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 56 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants admit that Mr. Toberoff represents the authors of copyrighted works and their heirs with respect to their rights.  Defendants otherwise deny the allegations of Paragraph 59.

60.     Defendants lack knowledge or information sufficient to form a belief as

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

to the truth of the allegations contained in Paragraph 60, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

64.    Paragraph 64 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 64 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof. Defendants admit that Mr. Toberoff began acting as the attorney for Mark Warren Peary and Jean Adele Peavy at some point.

65.    Defendants admit only that the Estate of Joseph Shuster was established

by a probate action in Los Angeles Superior Court, LASC Case No. BP-080635, that Mark Warren Peary was appointed as executor/personal representative of the Shuster Estate, and that Mr. Peary served a copyright termination notice on DC on behalf of the estate in November 2003 drafted and signed by Mr. Toberoff as "Counsel for the Estate of Joseph Shuster" (the "Shuster Termination Notice"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 65, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

66. Defendants deny the allegations of Paragraph 66.

67. Paragraph 67 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 67 contains issues of fact, Defendants admit that Joanne Siegel and Laura Siegel Larson (the "Siegel Heirs"), with the assistance of counsel, served copyright termination notices as to Superman on DC, among others, in 1997. Defendants otherwise deny the allegations of Paragraph 67, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

68. Defendants admit that DC provided $228,172.65 to the Siegel Heirs. Defendants otherwise deny the allegations of Paragraph 68.

69. Paragraph 69 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 69 contains issues of fact, Defendants admit that on October 16, 2001, DC made a proposal to Kevin Marks, counsel for the Siegel Heirs; on October 19, 2001, Mr. Marks wrote a letter to DC's counsel outlining initial terms of a proposed agreement for which many other material terms had not yet been agreed upon; and that DC's counsel wrote a letter dated October 26, 2001 to the Siegel Heirs' counsel and that on or about February 1, 2002 DC's counsel sent to the Siegel Heirs' counsel a proposed written agreement, both of which

contained many new material terms not contained in DC's original October 16, 2001 proposal or in the October 19, 2001 letter from the Siegel Heirs' counsel, including without limitation terms that materially differed from and/or substantially diluted the terms in the October 19, 2001 letter. Defendants otherwise deny the allegations of Paragraph 69.

70. Defendants admit that, if the Siegel Heirs and Shuster Executor work together, they have significantly greater leverage in negotiations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 70, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants admit that Mr. Toberoff contacted Mr. Marks regarding the status of the Siegel Heirs' rights on or around February 6, 2002. Defendants otherwise deny the allegations of Paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis deny the same.

74. Defendants admit that Mr. Toberoff formed IP Worldwide with Ari Emanuel, the current head of the William Morris Endeavor talent agency.

75. Paragraph 75 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 75 contains issues of fact, Defendants admit that, on May 9, 2002, Joanne Siegel sent a letter to the Richard Parsons, CEO of Time Warner Inc., DC's parent company, stating that DC's new proposals contained "new, outrageous demands that were not in the[ir] proposal," comparing DC to the "Gestapo" and stating that "[a]fter four years we have no deal and this contract makes an agreement impossible." Defendants otherwise deny the allegations of Paragraph 75.

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

ER 3433

76.     Defendants deny the allegations of Paragraph 76, except admit that, upon information and belief, Mr. Marks had a conversation with John Schulman on or around May 16, 2002, and can neither admit nor deny the other allegations of Paragraph 76 due to the attorney-client privilege.

77.     Defendants admit that Mr. Toberoff contacted Mr. Marks in or around August 2002; that Mr. Marks did not disclose the specific parameters of DC's various proposals and counter-proposals during those conversations; and that in a conference call on or around August 8, 2002, Mr. Emanuel, with Mr. Toberoff present, conveyed an offer to Mr. Marks regarding the Siegel Heirs' Superman rights. Defendants otherwise deny the allegations of Paragraph 77.

78.     Defendants admit that Mr. Emanuel's August 8, 2002 proposal was for $15 million and a contingent "back-end" participation to be negotiated. Defendants otherwise deny the allegations of Paragraph 78.

79.     Defendants admit that by letter dated September 21, 2002 the Siegel Heirs terminated Mr. Marks as their attorney. Defendants otherwise deny the allegations of Paragraph 79, except to the extent that they can neither admit nor deny the allegations of Paragraph 79, as such involve communications protected by the attorney-client privilege.

80.     Defendants deny the allegations of Paragraph 80, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

81.     Defendants admit that the Siegel Heirs and IP Worldwide entered into an agreement dated October 23, 2002. Defendants otherwise deny the allegations of Paragraph 81, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

82.     Defendants deny the allegations of Paragraph 82, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully

**ER 3434**
SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

refer the Court to such documents for evidence of the contents thereof.

83. Paragraph 83 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 83 contains issues of fact, Defendants admit that Mr. Toberoff began acting as counsel for the Siegel Heirs shortly after their initial meetings, and entered into a formal retainer agreement with the Siegel Heirs on or about October 3, 2004. Defendants otherwise deny the allegations of Paragraph 83, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Paragraph 86 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 86 contains issues of fact, Defendants admit that on November 8, 2002, the Siegel Heirs served on DC a copyright termination notice related to the character "Superboy," which properly listed Jerome Siegel as the sole author of Superboy based on, *inter alia*, his independently-written Superboy "script," consistent with the November 21, 1947 opinion and April 12, 1948 findings of fact and conclusions of law in a 1947 Action in the New York Supreme Court in Westchester County. Defendants otherwise deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

89. Defendants admit that on or about June 17, 2004, Mr. Emanuel, a talent agent and founder of the Endeavor Talent Agency, sent a letter to Warner Bros. confirming that since "Smallville" is derived from "Superboy," DC and Warner Bros. would be prohibited after November 17, 2004, the effective date of the Superboy

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

notice of termination, from producing and exploiting new derivative "Smallville" episodes; and that by letter dated August 4, 2004, Mr. Toberoff, the Siegel Heirs' attorney, reiterated that since "Smallville" is derived from "Superboy," DC and Warner Bros. would be prohibited after November 17, 2004, the effective date of the Superboy Notice, from producing and exploiting new derivative "Smallville" episodes.  Defendants otherwise deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants admit that Joanne Siegel and Laura Siegel Larson filed two related actions against, *inter alia,* DC Comics, Case Nos. 04-CV-08400 ODW (RZx) and 04-CV-08776 ODW (RZx) that concerned, *inter alia*, Superman and Superboy, respectively.  Defendants otherwise deny the allegations of Paragraph 91.

92.     Defendants admit that Mark Warren Peary caused to be served the Shuster Termination Notice.  Defendants otherwise deny the allegations of Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

95.     Paragraph 95 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 95 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and on that basis deny the same, except to the

**ER 3436**
SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

97. Paragraph 97 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 97 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

99. Paragraph 99 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 99 contains issues of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and on that basis deny the same, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

100. Paragraph 100 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 100 contains issues of fact, Defendants deny the allegations of Paragraph 100.

101. Paragraph 101 contains conclusions of law as to which no responsive

pleading is required. To the extent Paragraph 101 contains issues of fact, Defendants deny the allegations of Paragraph 101, except to the extent that they can neither admit nor deny the allegations of Paragraph 11, as such involve communications protected by the attorney-client privilege and a May 1, 2008 JAMS Confidentiality Agreement entered into by the parties in connection with court-ordered settlement mediation in *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)).

102. Defendants deny the allegations of Paragraph 102, except admit that Judge Larson issued orders on September 26, 2008 and December 4, 2008 in the related *Siegel v. Warner Bros. Entertainment Inc.* case that resulted in the disclosure of the "Toberoff Timeline," which DC has admitted that it read in 2006.

103. Defendants deny the allegations of Paragraph 103, except to the extent, if any, that the allegations accurately reflect the contents of the so-called "Toberoff Timeline," a false and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

104. Defendants deny the allegations of Paragraph 104, as DC read the Toberoff Timeline in 2006, except to the extent, if any, that the allegations accurately reflect the contents of the so-called "Toberoff Timeline," a false and inadmissible document written by an attorney who violated his duties of loyalty and confidentiality.

## V.    CLAIMS FOR RELIEF

### A.    First Claim for Relief

105. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-104, inclusive.

106. Paragraph 106 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

107. Paragraph 107 contains conclusions of law as to which no responsive

pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

108.   Paragraph 108 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

109.   Paragraph 108 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 106 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

110.   Paragraph 110 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 110 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

111.   Paragraph 111 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 110 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

112.   Paragraph 112 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 112 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

113.   Paragraph 113 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 113 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

114.   Paragraph 114 contains conclusions of law as to which no responsive

**ER 3439**

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

pleading is required. To the extent Paragraph 114 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

115. Paragraph 115 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 115 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

116. Paragraph 116 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 116 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

117. Paragraph 117 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 117 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

118. Paragraph 118 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 118 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

119. Paragraph 119 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 119 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

120. Paragraph 120 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 120 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

121. Paragraph 121 contains conclusions of law as to which no responsive

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

pleading is required. To the extent Paragraph 121 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

122. Paragraph 122 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 122 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

123. Paragraph 123 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 123 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

124. Paragraph 124 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 124 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

125. Paragraph 125 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 125 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

126. Paragraph 126 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 126 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

127. Paragraph 127 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 127 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

128. Paragraph 128 contains conclusions of law as to which no responsive

**ER 3441**

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

pleading is required.  To the extent Paragraph 128 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

129.   Paragraph 129 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 129 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

130.   Paragraph 130 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 130 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

131.   Paragraph 131 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 131 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

132.   Paragraph 132 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 132 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

133.   Paragraph 133 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 133 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

134.   Paragraph 134 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 134 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

## B.   Second Claim for Relief

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

135.    Defendants re-allege and incorporate by reference their responses to Paragraphs 1-134, inclusive.

136.    Defendants admit that DC's Second Claim for Relief is pleaded in the alternative.

137.    Defendants admit that, in or around 1933, Siegel and Shuster co-created various Superman materials for a comic strip character named "Superman," including twenty-four days (four weeks) of "Superman" comic strips intended for newspaper publication, a synopsis of comic strips for weeks two, three and four, a paragraph previewing future "Superman" exploits and a nine-page synopsis covering approximately two months of daily "Superman" newspaper comic strips (at six days per week). These works, though originally unpublished, were thereafter included or incorporated in the early "Superman" comic strips thereafter published from on or about April 18, 1938 (the "Initially Unpublished Works"). Defendants otherwise deny the allegations in Paragraph 137.

138.    Defendants admit that Siegel and Shuster submitted the Initially Unpublished Works to a number of prospective publishers. Defendants otherwise deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139, except admit that Siegel and Shuster entered into a December 4, 1937 Agreement with DCI, which speaks for itself, and respectfully refer the Court to such document for evidence of the contents thereof.

140.    Paragraph 140 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 140 contains issues of fact, Defendants admit that, in the 1930s, Siegel and Shuster independently co-created Superman comic strips which they pitched to prospective publishers, including newspaper syndicates, and that DCI eventually published Siegel and Shuster's independently-created Superman comic strips in a magazine entitled "Action Comics, No. 1." Defendants otherwise deny the allegations in Paragraph 140.

141.   Paragraph 141 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 141 contains issues of fact, Defendants deny the allegations in Paragraph 141, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

142.   Defendants deny the allegations in Paragraph 142.

143.   Paragraph 143 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 143 contains issues of fact, Defendants deny the allegations in Paragraph 143.

144.   Paragraph 144 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 144 contains issues of fact, Defendants admit that Siegel and Shuster continued to submit additional Superman stories to DCI for publication after the publication of "Action Comics No. 1," and that Siegel and Shuster entered into an agreement dated September 22, 1938 with DCI.  Defendants otherwise deny the allegations in Paragraph 144, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

145.   Defendants admit that Siegel and Shuster entered into a September 22, 1938 agreement with The McClure Newspaper Syndicate.  Defendants otherwise deny the allegations in Paragraph 145, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

146.   Paragraph 146 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 146 contains issues of fact, Defendants admit that Siegel worked for DC at times when Siegel did not.  Defendants otherwise deny the allegations in Paragraph 146.

147.   Defendants admit only that on or about November 30, 1938, Siegel wrote to DCI expressing his conception of a new comic "strip named SUPERBOY,

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

which would relate the adventures of Superman as a youth … [which] would be very much different from the SUPERMAN strip inasmuch as SUPERBOY would be a child and the type of adventures very much different …" (the "Superboy Summary"), and that DCI did not publish a "Superboy" comic at that time.  Defendants otherwise deny the allegations in Paragraph 147, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

148.   Defendants admit only that on or about December 19, 1939, Siegel and Shuster entered into an agreement with DCI (the "December 19, 1939 Agreement"), which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 148, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

149.   Paragraph 149 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 149 contains issues of fact, Defendants admit only that on or about December, 1940, Siegel solely authored a complete, thirteen-page, original "Superboy" story ("Superboy Story"); and that in the event his story was licensed by DCI and thereafter published as a comic book, Siegel suggested a promotional prologue to the story.  Defendants otherwise deny the allegations in Paragraph 149, except to the extent, if any, that the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

150.   Paragraph 150 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 150 contains issues of fact, Defendants admit only that on November 18, 1944 DCI issued for sale "More Fun Comics No. 101" with a cover date of January-February 1945, which wrongfully published the first Superboy comic story based on Jerome Siegel's 1940 Superboy Story, without first obtaining a requisite license from Siegel, and without any credit to Siegel.

1  Defendants otherwise deny the allegations in Paragraph 150.

2  151.   Defendants admit that DC and its predecessors-in-interest have

3  published Superman works in various forms since 1938, and that numerous

4  Superman works derived from Siegel and Shuster's original Superman story

5  published in "Action Comics, No. 1," have thereafter been produced.  Defendants

6  otherwise deny the allegations in Paragraph 151, except to the extent, if any, that the

7  allegations accurately reflect the contents of documents, and respectfully refer the

8  Court to such documents for evidence of the contents thereof.

9  152.   Paragraph 152 contains conclusions of law as to which no responsive

10  pleading is required.  To the extent Paragraph 152 contains issues of fact, Defendants

11  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

12  Warren Peary, to whom this claim for relief is applicable.

13  153.   Paragraph 153 contains conclusions of law as to which no responsive

14  pleading is required.  To the extent Paragraph 153 contains issues of fact, Defendants

15  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

16  Warren Peary, to whom this claim for relief is applicable.

17  154.   Paragraph 154 contains conclusions of law as to which no responsive

18  pleading is required.  To the extent Paragraph 154 contains issues of fact, Defendants

19  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

20  Warren Peary, to whom this claim for relief is applicable.

21  155.   Paragraph 155 contains conclusions of law as to which no responsive

22  pleading is required.  To the extent Paragraph 155 contains issues of fact, Defendants

23  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

24  Warren Peary, to whom this claim for relief is applicable.

25  156.   Paragraph 156 contains conclusions of law as to which no responsive

26  pleading is required.  To the extent Paragraph 156 contains issues of fact, Defendants

27  incorporate by reference the answers of the defendants Jean Adele Peavy and Mark

28  Warren Peary, to whom this claim for relief is applicable.

**ER 3446**

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

157.   Paragraph 157 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 157 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

158.   Paragraph 158 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 158 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

159.   Paragraph 159 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 159 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

160.   Paragraph 160 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 160 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

161.   Paragraph 161 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 161 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

162.   Paragraph 162 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 162 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

163.   Paragraph 163 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 163 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

164.   Paragraph 164 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 164 contains issues of fact, Defendants incorporate by reference the answers of the defendants Jean Adele Peavy and Mark Warren Peary, to whom this claim for relief is applicable.

### C.   Third Claim for Relief

165.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-164, inclusive.

166.   Defendants admit that DC's Third Claim for Relief is pled in the alternative.

167.   Paragraph 167 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 167 contains issues of fact, Defendants deny the allegations in Paragraph 167.

168.   Paragraph 168 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 168 contains issues of fact, Defendants deny the allegations in Paragraph 168.

169.   Paragraph 169 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 169 contains issues of fact, Defendants deny the allegations in Paragraph 169.

170.   Paragraph 170 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 170 contains issues of fact, Defendants deny the allegations of Paragraph 170, except admit that in April 2008, in connection with Court-ordered settlement mediation in the related case, *Siegel v. Warner Bros. Entertainment Inc.* (Case No. 04-CV-08400 ODW (RZx)), Joanne Siegel, Laura Siegel Larson and Mark Warren Peary entered into a confidential agreement regarding settlement strategy, the existence and contents of which are protected, without limitation, by a JAMS Confidentiality Agreement with DC, dated May 1, 2008, which DC willfully breached by its allegations

171.   Paragraph 171 contains conclusions of law as to which no responsive

pleading is required. To the extent Paragraph 171 contains issues of fact, Defendants deny the allegations of Paragraph 171.

172. Paragraph 172 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 172 contains issues of fact, Defendants deny the allegations of Paragraph 172.

173. Defendants admit that DC seeks an injunction. Defendants otherwise deny the allegations of Paragraph 173.

### D. Fourth Claim for Relief

174. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-173, inclusive.

175. Paragraph 175 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 175 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

176. Paragraph 176 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 176 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

177. Paragraph 177 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 177 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

178. Paragraph 178 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 178 contains issues of fact, Defendants incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

179. Paragraph 179 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 179 contains issues of fact, Defendants

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

incorporate by reference the answers of the defendants Marc Toberoff and Pacific Pictures Corporation, to whom this claim for relief is applicable.

### E. Fifth Claim for Relief

180. Defendants re-allege and incorporate by reference their responses to Paragraphs 1-179, inclusive.

181. Paragraph 181 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 181 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

182. Paragraph 182 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 182 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

183. Paragraph 183 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 183 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

184. Paragraph 184 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 184 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

185. Paragraph 185 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 185 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this claim for relief is applicable.

186. Paragraph 186 contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 186 contains issues of fact, Defendants incorporate by reference the answers of the defendant Marc Toberoff, to whom this

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

claim for relief is applicable.

### F.      Sixth Claim for Relief

187.   Defendants re-allege and incorporate by reference their responses to Paragraphs 1-186, inclusive.

188.   Paragraph 188 contains conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 188 contains issues of fact, Defendants deny the allegations of Paragraph 188.

189.   Defendants deny the allegations of Paragraph 189.

## <u>AFFIRMATIVE DEFENSES</u>

In addition to the grounds set out in the Answer to the Complaint herein, Defendants hereby additionally allege as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

190.   The Complaint and each purported claim therein fails to state a claim upon which the relief sought or any relief could be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Statute of Limitations)

191.   The Complaint and each purported claim therein is barred, in whole or in part, by Plaintiff's failure to bring such claims within the governing statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
## (Litigation Privilege)

192.   The Complaint and each purported state-law claim therein is barred, in whole or in part, by the litigation privilege of California Civil Code § 47.

## FOURTH AFFIRMATIVE DEFENSE
## (Waiver/Acquiescence/Estoppel)

193.   The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of waiver, acquiescence and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

194. The Complaint and each purported state-law claim therein is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

195. The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

196. The Complaint and each purported claim therein is barred, in whole or in part, by the equitable doctrine of unjust enrichment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Illegality)**

197. The Complaint and each purported claim therein is barred, in whole or in part, to the extent of any illegality of any matters set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Claim Preclusion)**

198. The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of *res judicata* (claim preclusion).

**TENTH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel/Issue Preclusion)**

199. The Complaint and each purported claim therein is barred, in whole or in part, by the doctrines of collateral estoppel and/or issue preclusion.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Against Public Policy)**

200. The Complaint and each purported claim therein is barred, in whole or in part, by the fact that any alleged contract between the parties or their respective

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

predecessors-in-interest which is contrary to public policy is unenforceable, and any relief requested in the Complaint which is contrary to public policy should not be granted.

## TWELFTH AFFIRMATIVE DEFENSE
### (Bad Faith)

201.   The Complaint and each purported claim therein is barred, in whole or in part, because Plaintiff has acted in bad faith for improper purposes with respect to the subject matter of the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

202.   The Complaint and each purported state-law claim therein is barred, in whole or in part, because they are preempted by federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

203.   The Complaint and each purported claim therein is barred, in whole or in part, because Plaintiff lacks standing to pursue its claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Law of the Case)

204.   The Complaint and each purported claim therein is barred, in whole or in part, by the doctrine of law of the case.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Prior Action Pending)

205.   The Complaint and each purported claim therein is barred, in whole or in part, by prior actions pending before this Court and/or the United States Court of Appeals for the Ninth Circuit, which involve the same transactions, issues, parties, and property that are the subject of the complaint, including without limitation *Siegel v. Warner Bros. Entertainment Inc., et al.*, Case No. 04-CV-08400 ODW (RZx) and *Siegel v. Time Warner Inc.*, Case No. 04-CV-08776 ODW (RZx).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With F.R.C.P.)

206.   Defendants are not required to separately admit or deny each averment contained in each Paragraph of the Complaint due to Plaintiff's failure to comply with Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

207.   Defendants believe, and based upon such information and belief allege that the Defendants may have additional affirmative defenses available to them, which are not now fully known and which these answering Defendants are not fully aware.  The Defendants accordingly reserve the right to assert any additional affirmative defenses after the same have been ascertained.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Amend)

208.   The Complaint and each purported claim therein fails to state the claims for relief with sufficient particularity to permit Defendants to discern and raise all appropriate defenses, and Defendants therefore reserve their rights to amend or supplement this answer with additional defenses.

FOR THESE REASONS, Defendants pray that the Court dismiss all of Plaintiff's claims and find for Defendants on all counts, and that Defendants be awarded costs, including reasonable attorneys' fees under Section 505 of the United States Copyright Act, and pray for such other and further relief as this Court deems just and proper.

**ER 3454**
SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Dated: November 25, 2011    RESPECTFULLY SUBMITTED,

/s/ Marc Toberoff

Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
Attorneys for Defendants Mark Warren Peary,
as personal representative of the Estate of
Joseph Shuster, Jean Adele Peavy, and Laura
Siegel Larson, individually and as personal
representative of the Estate of Joanne Siegel

SIEGEL DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**ER 3455**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 69 of 211

1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone: (310) 553-6700
6  Facsimile: (310) 246-6779

7  Attorneys for Plaintiff DC COMICS



FILED
CLERK, U.S. DISTRICT COURT
MAY 14 2010
10:23 am
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8
                  **UNITED STATES DISTRICT COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| DC COMICS, | Case No. |
| | CV10 3633 |
| Plaintiff, | **COMPLAINT FOR**: |
| v. | (1) Declaratory Relief re: Invalidity of Copyright Termination Notice; |
| PACIFIC PICTURES CORPORATION, IP WORLDWIDE, LLC, IPW, LLC, MARC TOBEROFF, an individual, MARK WARREN PEARY, as personal representative of the ESTATE OF JOSEPH SHUSTER, JOANNE SIEGEL, an individual, LAURA SIEGEL LARSON, an individual, and DOES 1-10, inclusive, | (2) Declaratory Relief re: Scope of Copyright Termination Notice; |
| | (3) Declaratory Relief re: DC Comics Period of Exclusivity re: Shuster; |
| | (4) Interference with 1992 Shuster Agreement; |
| | (5) Interference with Prospective Economic Advantage re: Siegel-DC Comics Agreement; and |
| Defendants. | (6) Declaratory Relief re: Invalidity of Copyright Assignment and Consent Agreements |
| | **DEMAND FOR JURY TRIAL** |

                                                    COMPLAINT
                                                    ER 3456

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 70 of 211

# I. STATEMENT OF THE CASE

1.     This lawsuit challenges a scheme by Marc Toberoff and companies under his control to violate the U.S. Copyright Act and other laws by trafficking in federal copyright interests and interfering with contractual rights and other interests of plaintiff DC Comics related to the iconic property "Superman."[1] By this scheme, Toberoff has sought to enrich himself by wrongfully laying claim to purported rights to control the exploitation of Superman to the substantial detriment of DC Comics and in violation of rights it has held, significantly invested in, and expanded upon for over 70 years. DC Comics brings this suit to confirm its rights to the Superman property and seek redress for the wrongful conduct of Toberoff and entities he controls. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and under the Court's supplemental jurisdiction.

2.     Under certain narrowly defined circumstances, the Copyright Act permits authors and specified heirs to terminate copyright grants and recapture those interests from the original grantees. These provisions of the Copyright Act also protect original grantees—such as DC Comics—by confining termination rights to certain classes of individuals in a specified time frame and manner, limiting the types of works that may be terminated, and creating an exclusive statutory period during which only the original grantee may enter into new agreements with the author or heirs to continue creating new works under the recaptured copyrights.

3.     In derogation of these provisions of the Copyright Act and the rights of DC Comics, Toberoff and entities he controls orchestrated a web of collusive agreements concerning the Superman copyrights with the heirs to the co-creators of

---

[1] Throughout this introductory statement and in other parts of the Complaint, the term "DC Comics" is used as shorthand for both DC Comics and its predecessors in interest. The specific identities of relevant corporate entities are identified *infra*.

COMPLAINT
ER 3457

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 71 of 211

Superman, Jerome Siegel and Joseph Shuster. By these agreements, Toberoff purported to secure a majority and controlling financial stake in copyright interests in Superman assertedly held by the Siegel and Shuster heirs and preclude the heirs from freely entering into new agreements with DC Comics for the continued exploitation of Superman. As detailed below, these agreements are unlawful under the copyright laws, are void as against public policy, and both violate DC Comics' rights and threaten the ongoing viability of the Superman property.

4.     During their lifetimes, Jerry Siegel and Joe Shuster—both well aware of the termination provisions in amendments to the Copyright Act—never once sought to terminate any of DC Comics' copyright interests. Instead, Siegel and Shuster rightly honored their agreements with DC Comics, under which they and their families enjoyed lifetime compensation and other benefits. After their deaths, Siegel and Shuster's heirs reached similar agreements with DC Comics—the Shuster heirs in 1992, and the Siegel heirs in 2001. These agreements provided the heirs substantial compensation and fully and finally resolved any claims of termination to any rights in Superman and confirmed that DC Comics owned all right, title, and interest in and to Superman.

5.     In or about 2001, Toberoff learned of these agreements between DC Comics and the Siegel and Shuster heirs and engineered a course of conduct to induce the heirs to repudiate those agreements, file invalid and erroneous copyright termination notices, and enter into new agreements with Toberoff and his companies netting him the controlling stake in the heirs' asserted interests in Superman.

6.     Toberoff induced the Shuster heirs to repudiate their 1992 agreement with DC Comics and enter into a 50/50 joint venture with defendant Pacific Pictures Corporation, a company wholly owned and controlled by Toberoff, pursuant to which the heirs conveyed the entirety of their purported Superman copyright termination rights to the venture. The stated purpose of the venture was

COMPLAINT
ER 3458

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 72 of 211

to secure and exploit DC Comics' copyright interest in Superman.  Toberoff procured this joint-venture agreement even though he knew that the Shusters' 1992 agreement with DC Comics operated to grant any and all of the heirs' interest in Superman to DC Comics and extinguish any termination rights the heirs might have held.  Toberoff also induced the Shuster heirs to serve a notice of termination purporting to terminate and recapture alleged interests they had granted to DC Comics under the parties' 1992 agreement.  This termination notice was invalid: among other defects, it was filed by a party lacking the necessary majority interest to terminate.  Furthermore, any putative right to terminate held by Joe Shuster ceased to exist when he died having elected not to exercise it during his lifetime and having died without leaving a surviving spouse, child, or grandchild to inherit and exercise it.

7.     Toberoff similarly induced the Siegel heirs to repudiate their 2001 agreement with DC Comics.  After years of negotiations following a termination notice sent by the Siegel heirs in 1997, DC Comics and the Siegel heirs reached an agreement providing that DC Comics would retain all rights to Superman and entitling the Siegels to receive a significant portion of the Superman profits.

8.     Toberoff became aware of the existence of the 2001 agreement between the Siegels and DC Comics and understood it diminished his stake in the putative Superman rights held by his joint venture with the Shusters.  In pursuit of his plan to corner and control all potential Superman termination rights and thereby block further exploitation of the property by DC Comics, Toberoff set out to derail the 2001 Siegel agreement.  Among other things, Toberoff falsely represented to the Siegels that if they repudiated their agreement with DC Comics and entered into an agreement with him instead, a "billionaire investor" was prepared immediately to pay the Siegels $15 million for their Superman rights, plus a generous back-end profit participation in any future exploitations of the Superman property.  Toberoff also falsely represented that he would help the Siegels produce their own Superman

- 3 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 73 of 211

motion picture that would compete successfully with a Superman motion picture that Warner Bros.—DC Comics' licensee—was then developing. Based on Toberoff's inducements, the Siegels repudiated their 2001 agreement with DC Comics, terminated the employment of their then-law firm Gang, Tyre, Ramer & Brown, and entered into agreements with Toberoff and defendant IP Worldwide LLC, an entity controlled by Toberoff. Under these agreements, Toberoff and his company received a 45% interest in any recovery by the Siegels—an 800% increase over the 5% fee in the Siegels' agreement with the Gang Tyre firm.

9. As a result of his arrangements with both the Shuster and Siegel heirs, Toberoff secured control of the largest financial stake in the collective, putative Superman termination rights (*i.e.*, Toberoff—47.5%; Siegel heirs—27.5%; Shuster heirs—25%). Toberoff sought further control, however. In order to assert that DC Comics had *no* further rights to exploit the derivative Superman character "Superboy"—including in the highly popular *Smallville* network television series— Toberoff manufactured the position that Jerry Siegel *alone*—to the exclusion of Shuster—was the sole creator of Superboy. Toberoff did so with full knowledge that his 2001 agreement with the Shusters explicitly confirmed the *Shusters'* asserted joint rights in Superboy, consistent with the long-held view of Shuster, Siegel, and their heirs that Superboy was jointly created by Shuster and Siegel.[2]

10. Despite these incontestable facts concerning Superboy's creation— facts which Joe Shuster, Jerry Siegel, their heirs, and even Toberoff and his companies ratified and affirmed over time—Toberoff caused to be filed in 2002, on behalf of the Siegels, a copyright termination notice falsely stating that Siegel was the *sole* creator of Superboy. He then induced the Shusters in 2003 to amend their joint venture agreement with Pacific Pictures to *delete* all references to Superboy.

---

[2] As explained below, DC Comics fully agrees that Shuster and Siegel jointly contributed to Superboy. It is DC Comics' position, however, that Superboy is a work entirely derivative of Superman and that Superboy is not subject to termination under the Copyright Act's termination regime.

- 4 -

COMPLAINT
**ER 3460**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 74 of 211

The deletion of Superboy was directly contrary to the Shusters' interests and occurred solely to park *all* of the alleged Superboy rights with the Siegels. Having manipulated the Superboy rights in favor of the Siegels, and directly contrary to copyright filings that the Siegels and Shusters had previously made, Toberoff then filed a termination notice on behalf of the Shusters that purported to terminate only Superman rights, leaving out all mention of Superboy. These artifices positioned the Siegels to claim 100% ownership of Superboy in order to bring a copyright infringement claim against DC Comics, Warner Bros., and the *Smallville* series, which they filed in 2004—and which remains pending today.

11.     Yet another component of Toberoff's scheme to gain complete control over the heirs to the putative Superman termination rights was preventing the Siegel and Shuster heirs from freely entering into agreements with DC Comics—even if it was in their respective economic interest to do so. In violation of DC Comics' statutory period of exclusivity under the copyright laws, Toberoff induced the Siegels and Shusters to enter into agreements transferring their respective interests to his companies and preventing them from conveying any rights to DC Comics without each other's—and Toberoff's—consent. As a result of these illicit agreements, DC Comics has been deprived of its ability to enter into agreements with the heirs to secure their purported termination rights, in violation of the Copyright Act, other laws, and public policy promoting the free and fair settlement of legal claims.

12.     To protect its rights under the copyright laws, agreements, and interests with the Siegels and Shusters and remove the cloud that Toberoff's actions have unlawfully placed over the Superman property and its future, DC Comics brings this action to seek declaratory judgments and other relief as set forth below.

## II.  PARTIES

13.     Plaintiff DC COMICS ("DC Comics") is a general partnership organized and existing under the laws of the State of New York and has its

- 5 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 75 of 211

principal place of business in the State of New York. DC Comics is the successor-in-interest to all rights, including rights under copyright, relating to the Superman works and character.

14.     Defendant PACIFIC PICTURES CORPORATION ("Pacific Pictures") is a New York corporation organized under the laws of the State of New York, and was registered as a foreign corporation doing business in the State of California, with its principal place of business in the State of California and the County of Los Angeles. Upon information and belief, Toberoff is the sole shareholder and registered agent for service of process of Pacific Pictures. Upon information and belief, Pacific Pictures forfeited its active status as a New York corporation and as a registered foreign corporation in California as of early 2009.

15.     Defendant IP WORLDWIDE, LLC ("IP Worldwide") is a Delaware limited liability company organized and existing under the laws of the State of Delaware, and registered as a foreign entity doing business in the State of California, which has its principal place of business in the State of California and the County of Los Angeles. Upon information and belief, Toberoff is the managing and controlling member of IP Worldwide and owns the controlling interest therein.

16.     Defendant IPW, LLC ("IPW") is a California limited liability company organized and existing under the laws of the State of California, which has its principal place of business in the State of California and the County of Los Angeles. Upon information and belief, Toberoff is the managing and controlling member of IPW, is its registered agent for service of process, and owns the controlling interest in IPW. Upon information and belief, IPW is a successor-in-interest to all or part of IP Worldwide's interests.

17.     Defendant MARC TOBEROFF ("Toberoff") is an individual who resides in the County of Los Angeles in the State of California, and upon information and belief, is and at all times has been a citizen of the United States.

COMPLAINT
ER 3462

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 76 of 211

Upon information and belief, Toberoff is a shareholder and member of defendants PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; and IPW, LLC.

18.    Defendant MARK WARREN PEARY ("Mark Peary" or "Peary") is an individual who resides in the State of New Mexico and is, and at all times has been, a citizen of the United States. Peary is the nephew of Joseph Shuster, and a California court appointed him as the personal representative of the Shuster Estate.

19.    Defendant ESTATE OF JOSEPH SHUSTER ("Shuster Estate") is a probate estate established by the Los Angeles Superior Court on August 25, 2003 (Case No. BP-080635).

20.    Defendant JOANNE SIEGEL ("Joanne Siegel") is an individual who resides in the County of Los Angeles in the State of California and is, and at all times has been, a citizen of the United States. Joanne Siegel is the widow of Jerome Siegel.

21.    Defendant LAURA SIEGEL LARSON ("Laura Siegel Larson") is an individual who resides in the County of Los Angeles in the State of California and is, and at all times has been, a citizen of the United States. Laura Siegel Larson is the daughter of Jerome Siegel and Joanne Siegel.

22.    Upon information and belief, Toberoff is, and at all relevant times has been, the sole shareholder and principal of Pacific Pictures and a member and principal of IP Worldwide and IPW. Upon information and belief, Toberoff is the alter ego of Pacific Pictures, IP Worldwide, and IPW, in that there is, and at all relevant times has been, such unity of interest between Toberoff, Pacific Pictures, IP Worldwide, and IPW that any individuality and separateness between them did not and does not exist, and adherence to the fiction of the independent and separate existence of Pacific Pictures, IP Worldwide, and IPW distinct from each other and Toberoff would promote injustice and inequity.

23.    Upon information and belief, the fictitiously-named DOES 1-10 are in some manner responsible for the events giving rise to the claims set forth herein.

COMPLAINT
ER 3463

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 77 of 211

The true names and capacities of such fictitiously-named defendants, whether individual, corporate, or otherwise, are presently unknown to DC Comics. DC Comics will amend this Complaint to assert the true names and capacities of such fictitiously-named defendants when this information has been ascertained. Each reference herein to a named defendant shall also refer to DOES 1-10.

### III. JURISDICTION AND VENUE

24.　As noted, the Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. The Court has original jurisdiction over DC Comics' claims arising under the Copyright Act and supplemental jurisdiction over its related state-law claims.

25.　The Court has personal jurisdiction over defendants, *inter alia*, because a substantial part of the events giving rise to the claims set forth herein occurred in the State of California and the defendants have extensive contacts with the State, including the following:

a.　Defendants Marc Toberoff, the Shuster Estate, and Peary established a joint venture in California under California law for the purpose of terminating and recapturing prior grants of the copyrights at issue in this action.

b.　On behalf of the Shuster Estate, Peary filed a probate action in Los Angeles Superior Court—which, upon information and belief, remains pending—in order to effectuate the purpose of the California joint venture. A California court appointed Peary as executor of the Shuster Estate, and Peary serves in that capacity as a matter of California law. In that capacity, Peary served one of the copyright termination notices at issue in this action.

c.　Upon information and belief, defendants Pacific Pictures and IP Worldwide are foreign entities registered as doing business in the State of California, and they have their principal places of business and are

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 78 of 211

1    headquartered in the State of California and the County of Los

2    Angeles.

3        d.      Upon information and belief, defendant IPW is a California

4    limited liability company organized and existing under the laws of the

5    State of California and has its principal place of business and

6    headquarters in the State of California and the County of Los Angeles.

7        e.      Defendants Toberoff, Joanne Siegel, and Laura Siegel Larson

8    reside and conduct business in the State of California and the County

9    of Los Angeles.

10       f.      Defendants Joanne Siegel and Laura Siegel Larson filed two

11   related actions against DC Comics in this District and Court to resolve

12   ownership of the rights in Superman and Superboy.  (Case Nos. CV-

13   04-8400 ODW, CV-04-8776 ODW).

14       26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

15   Defendants are subject to personal jurisdiction in this District, and a substantial part

16   of the events giving rise to the claims set forth herein occurred in this District.

17   **IV.  FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

18   **A.  DC Comics' Development of Superman**

19       27.     In the 1930s, Jerome Siegel (a story writer in Cleveland) and Joseph

20   Shuster (an illustrator, and Siegel's peer) conceived of a fictional character named

21   "Superman," whom they originally envisioned as a criminal mastermind, and then

22   reconceived as a hero fighting for social justice.  Aside from the name, the

23   character shared little similarity with the figure that would later become known

24   throughout the world as Superman.  Between 1933 and 1937, Siegel and Shuster

25   submitted the Superman comic strips to a number of prospective publishers and

26   newspaper syndicates, all of which rejected them.

27       28.     A company that would come to be known as DC Comics—and for

28   whom Siegel and Shuster worked for hire developing fictional characters—would

- 9 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 79 of 211

eventually decide to publish a 13-page comic story featuring "Superman" in the first issue of a 64-page comic book entitled "Action Comics." This original version of Superman had few, limited powers, and his fictional world and back-story were not well developed.

29. Months before this "Action Comics" book ("Action Comics No. 1") was published, Siegel and Shuster entered into, on December 4, 1937, an "Agreement of Employment" with Detective Comics, Inc. ("DCI"), a predecessor-in-interest to DC Comics (the "December 4, 1937 Agreement"). Siegel and Shuster renewed their employment arrangement with DCI in agreements on September 22, 1938 (the "DCI September 22, 1938 Agreement" and "McClure September 22, 1938 Agreement") and December 19, 1939 (the "December 19, 1939 Agreement").

30. In 1938, at the instance and expense of DCI and subject to its right of control, Siegel and Shuster adapted the preexisting Superman comic strips they had created and added new material to create the 13-page comic book story entitled "Superman." This story—like all the Superman works that Siegel and Shuster thereafter created—was created for DC Comics as a work made for hire. Moreover, Siegel and Shuster only contributed to a part of this work. Upon information and belief, Shuster submitted black-and-white illustrations to DCI that were later colorized by printers or engravers working at DCI's direction. DCI also prepared one or more cover illustrations for Action Comics No. 1, which depicted Superman and was published in other comic books prior to the publication of Action Comics No. 1. Action Comics No. 1 itself was published in April 1938.

31. To the extent Siegel and Shuster created any copyrightable Superman-related works outside their work-for-hire relationship with DC Comics, those works consisted solely of certain panels and portions of the Action Comics No. 1 comic book and other minor creations in the 1930s, which Siegel and Shuster conveyed to DC Comics in 1937 and 1938. In an agreement dated March 1, 1938 (the "March 1, 1938 Agreement"), and as required by the December 4, 1937 Agreement, Siegel

- 10 -

COMPLAINT

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 80 of 211

and Shuster again assigned to DCI all of their rights in Superman, including "all good will attached thereto and exclusive right to the use of the characters and story, continuity and title of strip." Siegel and Shuster confirmed DCI's sole and exclusive ownership of all Superman rights in the DCI September 22, 1938 Agreement and December 19, 1939 Agreement.

32.     The initial appearance of Superman in Action Comics No. 1 presented a limited view of the character. The readers learn only that Superman was sent to Earth as an infant aboard a space ship from an unnamed planet that was destroyed by old age. He secretly possessed five super-human powers: the abilities to leap 1/8 of a mile; hurdle a twenty-story building; raise tremendous weights; run faster than an express train; and repel bullets and knives by virtue of his "tough skin." In his alter-ego life, Superman was depicted as Clark Kent, a mild-mannered newspaper reporter for "The Daily Star," with a female co-worker named "Lois," whose last name is not mentioned. In his life as Superman, he was depicted as a costumed figure who uses his super-human abilities to fight crime. In Action Comics No. 1, Superman is said to have grown up in an orphanage and is depicted (both in words and images) as a child with super-human strength.

33.     Since the publication of Action Comics No. 1 in 1938, DC Comics— with its teams of work-for-hire writers and artists (including Siegel and Shuster)— has added more than 70 years of material defining, updating, expanding, and improving upon the Superman myth and creating a continuous flow of new exploits and characters, resulting in a vast Superman "universe." DC Comics has authored, published, and distributed hundreds of millions of copies of thousands of comic book issues throughout the United States and abroad depicting the adventures of Superman. These comic books have been authored and illustrated by dozens of DC Comics' talented staff writers and artists. DC Comics has also created, developed, distributed, and licensed numerous feature-length motion pictures, motion-picture serials, radio serials, television shows, novels, and live theatrical presentations

COMPLAINT

ER 3467

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 81 of 211

based on Superman. Indeed, the radio, television, and motion-picture projects in particular—with which Siegel and Shuster had nothing or little to do—were largely responsible for spreading the Superman myth and popularity and expanding the Superman storyline.

34. As a result of DC Comics' significant and sustained investment in and stewardship of Superman—and 70-plus years of character and story development by some of the most creative and talented minds in the comic-book, radio, television, and motion-picture industries—Superman has remained constantly in the public's eye and has become one of the most famous and beloved fictional characters in the world. Over these 70 years, Superman has evolved from the few black-and-white illustrations originally drawn by Shuster into a full-blown, color character inhabiting a multi-dimensional universe.

35. DC Comics' development of Superman over many decades has represented a continuous and ever-evolving portrayal of the character, featuring new elements in the Superman back-story, new super-powers, new characters, and changes in Superman's appearance. Many of the most famous story elements and characters associated with Superman were developed long after 1938 and by illustrators and story writers other than Shuster and Siegel working for hire for DC Comics. These include stories about and depictions of: (a) "Smallville," the town where Superman grew up; (b) "Kryptonite," or surviving fragments of the destroyed planet Krypton, which have the power to harm or affect Superman; (c) the "Fortress of Solitude," Superman's secret headquarters outside Metropolis (traditionally located in the Arctic, but also placed in the Andes and Amazon rainforest); (d) the "Daily Planet" newspaper, where Clark Kent would go to work; (e) Jimmy Olsen and Perry White, Kent's co-workers at the Daily Planet; (f) love interests, such as Lana Lang; (g) villains, such as Lex Luthor and Brainiac; (h) Superman's adoptive parents, the Kents; and (i) other allies, such as "Krypto" the Superdog as well as Supergirl. Other aspects of Superman's evolution included

- 12 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 82 of 211

1   the development of new super-powers, including: (a) the ability to fly (a key

2   component, especially of the Superman motion pictures); (b) super-vision, which

3   enables him to see through walls ("X-ray" vision); (c) telescopic vision, which

4   allows him to see across great distances; (d) "heat vision," which empowers him to

5   aim rays of extreme heat with his eyes; (e) super-hearing, which enables him to

6   hear conversations at great distances; (f) invulnerability to injury; and (g) the ability

7   to survive in outer space without protective gear. It is this constant and

8   uninterrupted evolution of the Superman mythology that allows Superman to

9   remain a force in popular consciousness decades after so many contemporary

10  characters have been forgotten or deemed old-fashioned.

**B.     Early Disputes Regarding the Superman Rights**

12         36.    Siegel and Shuster served in a work-for-hire capacity for DCI from the

13  early 1930s through the late 1940s, helping draw and write Superman comic strips

14  and comic books. Though paid substantial sums for their work—several million

15  dollars in today's economic terms—the relationship eventually became contentious.

16         37.    In 1947, Siegel and Shuster filed an action against DCI's successor,

17  National Comics Publications, Inc. ("National"), in the New York Supreme Court

18  in Westchester County (the "Westchester Action"). In the Westchester Action,

19  Siegel and Shuster sought to invalidate the March 1, 1938 Agreement. They also

20  sought to recapture all rights in Superman, arguing that the DCI September 22,

21  1938 Agreement was obtained by duress. Siegel and Shuster further challenged as

22  unauthorized DCI's publication in November 1944 of a series of comic-book

23  stories entitled "Superboy," which featured the adventures of Superman as a youth.

24         38.    On November 21, 1947, a referee in the Westchester Action issued an

25  opinion after trial (the "Westchester Opinion") holding that the March 1, 1938

26  Agreement assigned "all" of the Superman rights to DCI, and that the DCI

27  September 22, 1938 Agreement was valid and not obtained under duress. The

28  referee found that DCI had acted improperly in publishing Superboy.

- 13 -

COMPLAINT
ER 3469

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 83 of 211

39.    At the referee's request, the parties to the Westchester Action submitted proposed findings of fact and conclusions of law.  On April 12, 1948, the referee adopted findings of fact and conclusions of law and issued an interlocutory judgment (collectively, the "Westchester Action Interlocutory Judgment"), in which he made statements based on a script that Siegel had submitted that Siegel originated and owned the comic strip Superboy to the exclusion of DC Comics. National filed a notice of appeal, and the Westchester Action Interlocutory Judgment was stayed pending appeal.

40.    Shortly thereafter, the parties to the Westchester Action entered into two separate agreements:  (a) a stipulation dated May 19, 1948 (the "May 19, 1948 Stipulation"); and (b) a consent judgment dated May 21, 1948 (the "May 21, 1948 Consent Agreement").  Under both documents, *inter alia*, Siegel and Shuster: (a) agreed to vacate the Westchester Action Interlocutory Judgment; (b) acknowledged that, pursuant to the March 1, 1938 Agreement, they transferred to DCI all rights in and to Superman, including "the title, names, characters, concept and formula" as set forth in Action Comics No. 1; and (c) agreed that National was the sole and exclusive owner of all rights in Superman and Superboy. In exchange, Siegel and Shuster were paid nearly $900,000 in today's dollars.

41.    Following the commencement of the Westchester Action, Siegel attempted to launch a new comic book and syndicated strip feature entitled "Funnyman."  The *Funnyman* comic book, however, was cancelled after only six issues, and the syndicated *Funnyman* strip was only picked up by a few newspapers and dropped prior to the end of 1949.  By the late 1950s, Siegel was unable to find employment in the comic book field and needing to support his family, he approached DC Comics asking for work.  Despite Siegel's prior lawsuit and challenge to DC's rights in Superman, DC Comics agreed to hire Siegel and thereafter employed him continuously as a work-for-hire writer until the mid-1960s, when Siegel once again challenged DC Comics' rights to Superman.

- 14 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 84 of 211

42.    In April 1965, Siegel (while still working for DC Comics) and Shuster (who was being paid a monthly stipend by DC Comics) filed copyright renewal notices in their own names, claiming to own the renewal copyrights in the Superman character and in Action Comics No. 1. This was followed by a lawsuit filed by Siegel and Shuster against National in 1969 in the District Court for the Southern District of New York, seeking a declaration that they owned the "renewal" copyright terms for Superman and Action Comics No. 1. (Under the then-applicable 1909 Copyright Act, the period of copyright protection for a work included an initial term of 28 years and an optional renewal term of 28 years.) Again, Siegel and Shuster's arguments were rejected, and the federal district court held, *inter alia*, that the agreements between Siegel and Shuster, on the one hand, and DCI (later National), on the other, had assigned "all" rights in Superman to DCI and National, including all renewal copyrights. *See Siegel v. Nat'l Periodical Publ'ns, Inc.*, 364 F. Supp. 1032 (S.D.N.Y. 1973). The Court of Appeals for the Second Circuit affirmed the district court's ruling that National owned all rights in Superman. *See Siegel v. Nat'l Periodical Publ'ns, Inc.*, 508 F.2d 909 (2d Cir. 1974). Siegel and Shuster did not further appeal that ruling.

43.    Following the failure of their second lawsuit to recapture copyrights in Superman, Siegel and Shuster ran into financial difficulties. Siegel publicized their financial plight, and there were calls for companies like National (and even for Congress) to help such artists. On December 23, 1975, and despite Siegel and Shuster's two prior lawsuits against National, Warner Communications, Inc. ("WCI"), National's then-parent company, agreed to provide them financial assistance. Under an agreement entered into in 1975 (the "1975 Agreement"), Siegel and Shuster again acknowledged that DC Comics was the sole and exclusive owner of "all right, title and interest in and to the 'Superman' concept, idea, continuity, pictorial representation, formula, characters, cartoons and comic strips, title, logo, copyrights and trademarks, including any and all renewals and

- 15 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 85 of 211

extensions of such rights, in the United States and throughout the world, in any and all forms of publication, reproduction and presentation, whether now in existence or hereafter devised." In exchange, WCI agreed to provide Siegel and Shuster with, *inter alia*, annual payments of $20,000 each (around $80,000 in current dollars), annual payments to their heirs after their death, medical insurance coverage, and a lump sum of $17,500 each. With respect to Shuster's heirs, WCI agreed that after Shuster's death, it would make annual payments to his brother, Frank Shuster, of $10,000 until December 31, 1985, and then $5,000 a year for the rest of his life.

44. In the years following the 1975 Agreement, DC Comics increased the annual payments to Siegel and Shuster, made periodic cost-of-living increases, provided insurance, and paid special bonuses. During the last several years, Siegel's widow, for example, has received $135,000 per year plus reimbursement for all medical expenses. In all, DC Comics has paid Siegel, Shuster, and their heirs nearly $4 million pursuant to the 1975 Agreement and other arrangements—benefits that DC Comics continues to pay, and the Siegel and Shuster heirs continue to accept.

45. In 1976, Congress amended the Copyright Act to give authors and certain of their heirs certain limited rights to terminate prior grants of copyright. *See* 17 U.S.C. § 304(c) (1976). This amendment did not apply to works-made-for hire (the company paying for the production of those works would always own them), and entitled authors and certain heirs to recapture copyrighted interest only in works that the *author* actually created (*e.g.*, it did not entitle authors to recapture derivative works the grantee may have developed pursuant to the original grant, such as the original Superman radio and television shows, or Superman-related characters, such as "Superboy" or "Lex Luthor"). Despite their previous legal battles with National and the widespread publicity surrounding this legislation, neither Jerry Siegel nor Joe Shuster ever endeavored to exercise any termination rights under the statute. Instead, for the rest of their lives, Siegel and Shuster

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 86 of 211

accepted and enjoyed the benefits under the 1975 Agreement. This decision made sense, given Siegel and Shuster's work-for-hire relationship with DC Comics, the narrow sliver of rights (if any) to which they might claim an interest, and the significant contributions made to Superman in the past 70 years to which they could claim no interest. Moreover, the 1975 Agreement paid Shuster and Siegel an annual pension and medical insurance for the rest of their lives and, upon their death, paid annual pensions to their heirs. Although Shuster's and Siegel's "window of time" in which to attempt to terminate prior grants of copyright interests in Superman theoretically opened in 1984, at no time during their lives did they attempt to exercise any such right.

**C.    Joe Shuster's Death and the Shuster Heirs' 1992 Agreement**

46.    Joe Shuster passed away on July 30, 1992. He was survived only by his brother Frank Shuster, sister Jean Peavy, and Jean's two children, Mark Peary and Dawn Peavy (the "Shuster Heirs"). (Mark Peary changed his last name from "Peavy" to "Peary.") Shuster did not leave a widow and never had children or grandchildren. Shuster's purported will names Jean Peavy the sole beneficiary of his estate. (An alleged copy of this will surfaced and was probated in 2001, only after Toberoff intervened. In addition to certain irregularities in the will, probate papers filed by the Shuster Heirs falsely represented that Joe Shuster was never married and omitted that Joe had a sibling, Frank, who had also survived him.)

47.    On August 21, 1992, Jean Peavy sent a letter to Time Warner and DC Comics explaining that Shuster had "left his family with a crushing burden of unpaid debts and bills and only a tiny estate." Jean stated: "It's unbelievable to me that Joe could have so little considering the generosity shown by Time Warner in raising the pension income of Siegel and Shuster." She also disclosed that 20% of Shuster's income had been taken by Joanne Siegel, Jerome Siegel's widow, "as an agent's commission for getting pay raises for Siegel and Shuster" following the December 23, 1975 Agreement. Much of the remainder of Shuster's income was

- 17 -

COMPLAINT

ER 3473

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 87 of 211

spent by him during "compulsive buy[ing]" and "shopping sprees" and on expensive stereo equipment and other personal items. As a result, Shuster had accumulated "almost $20,000 in credit card debts and unpaid bills." Jean asked that Time Warner and DC Comics "pay his final debts and expenses."

48.    In September 1992, Time Warner and DC Comics offered to pay off Shuster's debts and expenses, totaling approximately $20,000, plus increase Frank Shuster's annual survivor payments under the 1975 Agreement from $5,000 to $25,000 per year.

49.    In a September 10, 1992 letter sent to DC Comics (the "September 10, 1992 Letter"), Frank Shuster, on behalf of himself and Jean, requested that the annual payments due and owing Frank be made to Jean Peavy in order to take advantage of certain tax benefits. Frank and Jean further promised that, if an agreement could be reached, Jean "would not pursue the termination of the Superman copyright as provided for to creators' heirs in the 1976 U.S. Copyright Act."

50.    Based on Jean and Frank's letter and the parties' further discussions, DC Comics, Jean, and Frank entered into a written agreement on October 2, 1992 (the "1992 Agreement"). The 1992 Agreement confirmed that it "fully settles all claims to any payments or other rights or remedies which you may have under any other agreement or otherwise, whether now or hereafter existing regarding the copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon," and that the Shuster Heirs "covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever." The 1992 Agreement operated to revoke, rescind, and replace Shuster's prior copyright grants and agreements.

51.    After the 1992 Agreement, DC Comics and the Shuster Heirs enjoyed an amicable relationship with the Shuster Heirs. To date, DC Comics and its affiliates have paid the Shuster Heirs close to $500,000 under the 1992 Agreement.

On April 27, 1995, Jean Peavy sent a letter to DC Comics expressing gratitude for their generosity and concluding: "You know we appreciate your thoughtfulness." Even after Frank Shuster's death in 1996, DC Comics has continued to this day to pay $25,000 per year to Jean Peavy.

**D.   Toberoff Induces the Shusters to Repudiate the 1992 Agreement with DC Comics and Acquires a 50% Interest in the Shusters' Putative Rights**

52.   This state of affairs remained undisturbed for almost a decade. In 2001, Toberoff and his production company, Pacific Pictures, induced the Shuster Heirs to violate their 1992 Agreement and wrongfully attempt to acquire and exploit future copyright interests in Superman.

53.   Toberoff is a self-described "intellectual property entrepreneur." His business—conducted through a variety of corporate entities like Pacific Pictures—is to locate the authors of valuable copyrighted works or their heirs and acquire, or prevent them from conveying to others asserted rights to present or future copyright interests. To convince these authors and heirs to go into business with him, Toberoff holds himself out as a producer with the financial resources and connections to exploit recaptured rights in all media in the entertainment industry.

54.   In or around 2001, Toberoff made contact with the Shuster Heirs and embarked on a course of conduct with them to disrupt their relationship with DC Comics, including DC Comics' rights under the 1992 Agreement. On November 28, 2001, the Shuster Heirs formed a joint venture with Toberoff's company Pacific Pictures ("2001 Pacific Pictures Agreement") for the stated "purpose of retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations." The 2001 Pacific Pictures Agreement provided that this purpose would be realized "via the establishment of Joe Shuster's estate" in a California probate court "and the estate's termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright interest in his creations."

- 19 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 88 of 211

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 89 of 211

55. The 2001 Pacific Pictures Agreement defined the Shuster Heirs' rights being assigned as including all "rights, claims, title, copyrights and interests in and to each character, story element, and indicia associated with ... 'SUPERMAN' [and] *Superboy*." (Italics added.)

56. Pursuant to the 2001 Pacific Pictures Agreement, Jean and her son Mark Peary "transfer[red] and assign[ed] to the Venture their rights, title, and interest" in Shuster's Superman and Superboy rights. The Agreement provided that "[a]ny and all moneys and proceeds [of the Venture] will be shared, divided and payable: fifty percent (50%) to [the Shuster Heirs] and fifty percent (50%) to PPC [Pacific Pictures]," and that upon "winding-up of the Venture or in the event of termination of the Venture *for any reason*, all Rights, property or assets of the Venture will be held fifty percent (50%) by the [Shuster Heirs] and fifty percent (50%) by PPC." (Emphasis added.)

57. The 2001 Pacific Pictures Agreement also provided that the Shuster Heirs could not enter into any agreement with respect to the Superman and Superboy rights "without the express written consent" of Pacific Pictures, an entity controlled solely by Toberoff. The 2001 Pacific Pictures Agreement further provided that the joint venture would "retain Marc Toberoff, Esq. to render legal services in connection with the Rights and the Venture."

58. Pursuant to the 2001 Pacific Pictures Agreement, the Shuster Heirs filed a probate action in Los Angeles Superior Court to establish the Shuster Estate. That action remains open. (*See* LASC Case No. BP-080635.)

E. **Toberoff Induces the Siegels to Repudiate the Siegel-DC Comics Agreement and Acquires a 45% Interest in the Siegels' Putative Rights**

59. Having orchestrated this joint venture, Toberoff used the Shuster Heirs to gain access to the heirs of Jerry Siegel, Joanne Siegel and Laura Siegel Larson (collectively, the "Siegel Heirs"). Toberoff sought to corner the other putative "half" of putative Superman termination rights. Toberoff knew, however, that the

COMPLAINT

**ER 3476**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 90 of 211

1  Siegels had reached an agreement with DC Comics in 2001 resolving their putative

2  termination claims.  Nevertheless, Toberoff and his companies set out to interfere

3  with this agreement in order to acquire a stake in the Siegel Heirs' putative

4  copyright interests in Superman.

5      60.    In 1997—and after Jerry Siegel's death in 1996—the Siegel Heirs had

6  employed counsel and served notices to terminate grants of Superman rights that

7  Siegel had conveyed to DC Comics (the "Siegel Superman Termination Notice").

8  The Siegel Superman Termination Notice, which was prepared by prior counsel,

9  listed Superboy works and elements as among the "character[s], story element[s], or

10  indicia reasonably associated with SUPERMAN," in recognition of the fact that

11  Superboy was a complete derivative of Superman rather than a stand-alone, non-

12  derivative work based upon Superman.

13      61.    The Siegel Heirs and DC Comics began negotiations, and in these

14  talks the Siegel Heirs were represented by Kevin Marks of the Gang Tyre

15  entertainment law firm.  As the parties' negotiations progressed, and as

16  expectations grew that an agreement would soon be reached, DC Comics paid the

17  Siegels a non-refundable advance of $250,000.

18      62.    On October 16, 2001, DC Comics made a proposal to the Siegel Heirs.

19  On October 19, 2001, Kevin Marks sent a letter to DC Comics confirming that the

20  Siegel Heirs "accepted D.C. Comics' offer of October 16, 2001."  On October 26,

21  2001, DC Comics sent a return letter confirming the parties' agreed-upon terms.

22  DC Comics then began drafting a long-form agreement.  DC Comics sent the Siegel

23  Heirs a copy of the long-form document on February 1, 2002.  As a result of the

24  parties' agreement (the "Siegel-DC Comics Agreement"), the Siegels were now on

25  the brink of receiving significant portions of the Superman profits—sums that

26  would immediately and dramatically change their lives.  Moreover, virtually all of

27  the money would be theirs alone to keep, as the Gang Tyre firm had agreed to

28  represent the Siegels for the standard 5% fee.

COMPLAINT
ER 3477

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 91 of 211

63. Toberoff has admitted that he closely tracked the progress of the Siegel Heirs' termination attempt. On learning of the Siegel-DC Comics Agreement, he knew his company's joint-venture interest in the Shuster rights was limited and that he could assert greater leverage only if he could disrupt the Siegel-DC Comics Agreement and corner both "halves" of the putative Superman termination rights. Given that Joe Shuster and his heirs held whatever Superman copyright interests they owned (*if any*) jointly with Jerome Siegel, Toberoff understood that if DC Comics obtained the rights from the Siegels to exploit new Superman properties, it could do so freely without any ability on the part of the Shusters to claim their interests were being infringed.

64. With knowledge that his actions would interfere with DC Comics' actual and prospective economic advantages under the Siegel-DC Comics Agreement, beginning in or around late 2001, Toberoff—identifying himself as a film producer—approached the Siegel Heirs, including and/or through their representative Kevin Marks, for the purpose of acquiring their rights.

65. Marks informed Toberoff that the Siegel Heirs had already reached a binding agreement with DC Comics, which was in the process of being further documented in a long-form agreement. Undeterred, Toberoff continued to contact the Siegel Heirs and their representatives in an effort to induce them to repudiate the Siegel-DC Comics Agreement and enter into a production agreement with Toberoff or one of his companies.

66. On May 9, 2002, as a result of Toberoff's improper interference and inducements, Joanne Siegel sent a letter to DC Comics' affiliate acknowledging the Siegel Heirs had accepted DC Comics' October 16, 2001 offer, but purporting to object to certain unspecified portions of the long-form document. DC Comics objected to the Siegel Heirs' sudden and unfounded objections, but continued working with their counsel to finalize the long-form agreement.

- 22 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 92 of 211

67.     In or around August 2002, as Marks was finalizing the Siegels' revisions to the long-form document, Toberoff contacted Marks again regarding the Siegel-DC Comics Agreement.  Upon information and belief, Marks informed Toberoff he could not discuss the matter, including the terms of the agreement, because of a confidentiality agreement between DC Comics and the Siegel Heirs. Toberoff reiterated interest in purchasing the Siegel Heirs' Superman rights.  On August 8, 2002, Toberoff conveyed an offer to Marks for presentation to the Siegels, which Marks said he would convey.

68.     Upon information and belief, Toberoff's offer stated that he had found a billionaire investor willing to purchase the Siegel Heirs' Superman rights. Toberoff claimed the investor would give the Siegel Heirs $15 million cash up front, plus generous royalty and "back-end" rights on any properties developed, including a new Superman motion picture.  Upon information and belief, Toberoff also falsely offered to help the Siegel Heirs produce a movie that would compete directly with the Superman movie in development at the time at Warner Bros., DC Comics' licensee, even though he knew that the Siegels' limited rights in the recaptured copyright, if any, would make such a competing motion picture all but impossible to produce and distribute.

69.     Upon information and belief, although Marks conveyed Toberoff's offer to the Siegels, he advised them that they had already reached a binding agreement with DC Comics.  Nonetheless, as a result of Toberoff's inducements, the Siegel Heirs stated that they would repudiate their agreement with DC Comics and accept Toberoff's offer.

70.     On or around September 21, 2002, the Siegel Heirs sent a letter to Marks terminating him as their attorney.  On or around September 21, 2002, based on Toberoff's inducements, the Siegel Heirs sent a letter to DC Comics repudiating the Siegel-DC Comics Agreement.  On October 23, 2002, the Siegel Heirs formalized an agreement with defendant IP Worldwide for the purpose of

COMPLAINT

ER 3479

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 93 of 211

"arrang[ing] and negotiat[ing] the sale, lease, license and all other dispositions or exploitations" of the Siegel Heirs' Superman rights (the "IP Worldwide Agreement"). The Siegel Heirs agreed to pay IP Worldwide a fee of 10% of the gross proceeds generated by those rights. Upon information and belief, the fee was subsequently reduced to 5%.

71. Upon information and belief, in or around September 2004, the Siegel Heirs entered into an agreement with Toberoff granting him 40% of their Superman rights and retaining him as their attorney (the "Siegel-Toberoff Agreement").

72. Upon information and belief, as a result of the Siegel-Toberoff Agreement and IP Worldwide Agreement, Toberoff now owns a 45% financial interest in the Siegel Heirs' purported Superman rights.

**F.** **Toberoff Manipulates the Siegel Heirs and Shuster Heirs into Falsely Claiming that Superboy Was the Sole Creation of Jerry Siegel**

73. After inducing the Siegel Heirs to repudiate the Siegel-DC Comics Agreement, on November 8, 2002, Toberoff caused the Siegel Heirs to serve a second copyright termination notice on DC Comics directed at the character Superboy (the "Siegel Superboy Termination Notice"). The notice not only erroneously stated that Superboy was a copyrightable work not derivative of Superman, but falsely recited that Superboy was created *solely* by Siegel (without contribution from Shuster), thereby entitling the Siegel Heirs to terminate and recapture 100% of the putative Superboy rights.

74. Defendants knew these claims were false. To begin, in the Siegel Superman Termination Notice served by the Siegel Heirs in 1997—the one served prior to Toberoff's intervention—the Siegel Heirs expressly identified the Superboy works and elements as among the "character[s], story element[s], or indicia reasonably associated with SUPERMAN." This earlier notice acknowledged—as is in fact the case—that Superboy was a derivative work of Superman, rather than a separately copyrightable work.

- 24 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 94 of 211

75.     As to the representation that Superboy was created solely by Jerry Siegel, defendants knew that claim was untrue as well.  Among other reasons:

- One year earlier, through defendant Pacific Pictures, Toberoff had entered into the 2001 joint venture agreement with the Shuster Heirs, specifying that the *Shuster Heirs* owned an interest in "Superboy."

- The original Superboy "script" on which the Siegel Heirs' ownership claims rely openly contains the byline:  "By Jerry Siegel *and Joe Shuster*"—not just Jerry Siegel alone.  (Emphasis added.)

- In 1972 and 1973, Siegel and Shuster together filed their own copyright renewal notices with the copyright office for Superboy, in which they identified Superboy as a work that they had *jointly* created.

- And long before the alleged first publication of "Superboy" in November 1944, Shuster illustrated works for DC Comics that included various depictions of Superman as a boy, exhibiting super-human strength.  Several examples are reproduced below.  In "Action Comics No. 1," for example, Shuster drew Superman as a very young boy displaying an "astonish[ing] feat[]" of super-human strength, holding a chair above his head:



Action Comics No. 1 (1930)

COMPLAINT

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 95 of 211

Shuster also depicted Superman as a youth with super-powers in "Superman No. 1," a work allegedly terminated by Shuster in the notice filed by Toberoff on behalf of the Shuster heirs,



Superman No. 1 (May 1939)

as well as in a 1942 Sunday comic strip, in which Superman as a "youth" discovers that his "amazing powers" are "multiplied with the years" and that, as a boy, he could "outrace the fastest streamline train":



Superman Sunday Strip (May 31, 1942)

76.    Through Pacific Pictures, Toberoff manipulated the Siegel and Shuster Heirs into falsely positioning Siegel as the sole creator of any putative

- 26 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 96 of 211

copyrightable elements in Superboy. They did so to enable the Siegels to claim a sole ownership interest in Superboy elements allegedly subject to recapture and thereby prevent DC Comics from exploiting Superboy without the Siegels' authorization and without being subject to claims of copyright infringement. (Again, to be clear, DC Comics disputes that Superboy is not a derivative work of Superman and disputes that it is a work that Shuster and Siegel owned.)

77.    To manufacture this claim of sole ownership by the Siegels, Toberoff (acting through Pacific Pictures) caused the *Shuster Heirs* to remove from the 2001 joint venture between Pacific Pictures and the Shuster Heirs all claims by the Shusters to alleged rights in any and all Superboy elements. Toberoff accomplished this by creating a new joint venture agreement—signed October 30, 2003—that *deleted* any reference to Superboy. Defendant Mark Peary signed this agreement (the "2003 Pacific Pictures Agreement"), which omitted all references to Superboy in its description of the Shuster Heirs' rights. Toberoff induced the Shuster Heirs to disclaim any interest in Superboy so that Toberoff could position the Siegel Heirs to recapture 100% of these rights and assert a copyright infringement action against DC Comics—and seek an injunction against the television program *Smallville* on that basis.

78.    In October 2004, the Siegels filed two actions in this Court seeking declaratory relief as to the validity of the Superman and Superboy termination notices, and in April 2005, the Siegels supplemented their pleadings in the Superboy action to assert copyright infringement. (Case Nos. CV-04-8400 ODW; CV-04-8776 ODW.) Both actions remain pending before this Court.

## G.    The Shusters' Flawed Termination Notice

79.    On November 10, 2003, one week after the 2003 Pacific Pictures Agreement was signed, defendant Mark Peary served on DC Comics a "Notice of Termination of Transfer Covering Extended Copyright Renewal Term of 'Superman'" (the "Shuster Termination Notice").

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 97 of 211

80.     The form submitting the Shuster Termination Notice for recordation in the U.S. Copyright Office was certified under penalty of perjury by Toberoff on behalf of "IP Worldwide/Estate of Joseph Shuster." IP Worldwide is the Toberoff entity which, upon information and belief, holds a portion of the Siegel Heirs' Superman and Superboy rights pursuant to the IP Worldwide Agreement.

81.     The Shuster Termination Notice purports to terminate, under 17 U.S.C. § 304(d), effective October 26, 2013, the following Shuster copyright grants: (a) the December 4, 1937 Agreement; (b) the March 1, 1938 Agreement; (c) the DCI September 22, 1938 Agreement; (d) the McClure September 22, 1938 Agreement; (e) the December 19, 1939 Agreement; (f) the May 19, 1948 Stipulation; and (g) the December 23, 1975 Agreement.

82.     The Shuster Termination Notice does *not* purport to terminate the copyright grants in the May 21, 1948 Consent Agreement or, even more importantly, the 1992 Agreement between the Shuster Heirs and DC Comics.

83.     The Shuster Termination Notice purports to apply to the following works: (a) certain unpublished material created before Action Comics No. 1; (b) Action Comics No. 1; (c) Action Comics No. 2; (d) Action Comics No. 3; (e) Action Comics No. 4; (f) Action Comics No. 5; (g) Action Comics No. 6; (h) Action Comics No. 7; (i) Superman No. 1; and (j) Superman No. 3.

84.     The Shuster Termination Notice does not purport to terminate any copyright grant in pre-Action Comics No. 1 promotional materials or any materials relating to Superboy.

85.     The Shuster Termination Notice states that defendant Mark Peary "is the person entitled to exercise Joseph Shuster's termination interest" and that the Notice was "signed by all persons whose signature is necessary to terminate." The Notice makes no mention of the joint venture that the Shuster Heirs and Pacific Pictures formed or its putative ownership stake in the to-be terminated Superman rights. Nor does the Notice mention Pacific Pictures or its putative ownership stake

- 28 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 98 of 211

in the joint venture, despite the grant of 50/50 rights in the joint venture to Pacific Pictures pursuant to Pacific Pictures' 2001 and 2003 agreements with the Shusters.

86.    On September 10, 2004, Pacific Pictures and the Shuster Heirs signed a one-page letter (the "September 10, 2004 Letter") purporting to cancel their joint venture and providing that the 2001 Pacific Pictures Agreement and 2003 Pacific Pictures Agreement "have been cancelled." However, because the Shuster Heirs and Pacific Pictures had agreed that all rights held by their joint venture would be divided 50/50 upon termination of the joint venture "for any reason," the apparent effect of the September 10, 2004 Letter was to transfer 50% of the Shuster Heirs' purported share of Shuster's rights to Toberoff or his companies.

87.    DC Comics is informed and believes that Toberoff (or his companies) now own 50% of the Shuster Heirs' putative rights as well as the 45% share of the Siegel Heirs' putative rights. This gives Toberoff the largest financial stake among defendants' collective asserted rights in Superman and in the pending legal disputes concerning those rights (*i.e.*, Toberoff—47.5%; Siegel Heirs—27.5%; Shuster Heirs—25%).

88.    DC Comics is also informed and believes that Toberoff, Pacific Pictures, IP Worldwide, the Siegels, and the Shusters have entered into one or more agreements preventing the Siegels or Shusters from conveying rights to DC Comics or entering into other agreements with DC Comics, including for the settlement of their putative termination claims or litigation, without the consent of other parties. For example, in the 2003 Pacific Pictures Agreement, the Shuster Heirs agreed not to settle any claims with respect to the Superman rights without Pacific Pictures' or Toberoff's consent. Such consent agreements are void as against public policy, violate DC Comics' rights, and impede the administration of justice.

COMPLAINT

**ER 3485**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 99 of 211

**H.** **Toberoff's Wrongful Conduct Is Revealed to DC Comics in the Toberoff Timeline**

89.     Pursuant to federal court orders dated September 26, 2008 and December 4, 2008, Toberoff was compelled to produce to DC Comics a document titled "Superman – Marc Toberoff Timeline" ("Toberoff Timeline," attached hereto as Exhibit A), which Toberoff has acknowledged was written by an attorney he previously employed. To prevent DC Comics from obtaining and using the document, Toberoff asserted to the federal court that it was privileged, but his position was rejected. Toberoff produced the Toberoff Timeline to DC Comics on December 10, 2008.

90.     The Toberoff Timeline describes and discloses Toberoff's wrongful activities in pursuing the Siegel and Shuster Heirs' putative interests in the Superman rights. It lays out Toberoff's scheme to induce the Siegel Heirs to repudiate the Siegel-DC Comics Agreement with DC Comics (*e.g.*, "It [is] clear at this juncture that [Toberoff] thwarted the earlier deal with Time Warner and DC Comics in 2002 for his own personal gain"); his efforts to acquire as "much ownership of the Superman copyright <u>personally</u> as he can"; and his attempt to conceal certain of his illicit activities from the Siegel and Shuster Heirs. (Emphasis in original.) As a result, "***the single person who would stand to gain the MOST in a settlement with Time Warner [and DC Comics] regarding the ongoing SUPERMAN legal dispute would not be the heirs themselves, but Marc Toberoff.***" (Emphasis in original.)

91.     The Toberoff Timeline discloses many of the facts alleged herein, and concludes: "[Toberoff] is solely motivated *at all times* not by his clients' interests, but manipulating pieces of the puzzle so that he may receive the greatest percentage from a very possible large Time Warner settlement, through part ownership and unconscionable fees." (Emphasis in original.) The Toberoff Timeline explains that "[a]t least 7 attorneys have come and gone at the Law Offices of Marc Toberoff,

- 30 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 100 of 211

and many have left due to ethical issues." Many of these and other disturbing,

salient facts detailed herein have only recently come to light in the past 18 months.

## V. CLAIMS FOR RELIEF

**A.** **First Claim for Relief: Declaratory Relief re: Invalidity of Copyright Termination Notice (Against Defendants Shuster Estate and Peary)**

92. DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

93. The Shuster Termination Notice is invalid, and thus ineffective, for at least five separate, independent, and alternative reasons:

### (1) There Is No Statutory Basis for the Shusters to Terminate

94. The Copyright Act does not provide any basis for the Shuster Estate to terminate. Shuster's termination right was lost when he died in 1992 without having exercised it and without leaving a statutory heir to inherit it under the then-applicable provisions of the Copyright Act.

95. The 1976 Copyright Act gave authors the ability to terminate certain pre-1978 copyright grants. According to the original termination provisions: "Where an author is dead, his or her termination interest is owned, and may be exercised, by his widow or her widower and his or her children or grandchildren." 17 U.S.C. § 304(c)(2) (1976). In other words, the right of termination could only be exercised by an author during his or her lifetime, or by a widow, child, or grandchild after the author's death. As the language of the statute establishes, and its legislative history confirms, the right of termination was lost if an author died without exercising it and without leaving a widow, child, or grandchild to inherit it.

96. Shuster could have exercised his putative termination right beginning in April 1984. The 1976 Copyright Act provided that a copyright grant could be terminated 56 years after the date copyright was first secured (*i.e.*, April 1994, or 56 years after the April 1938 publication of Action Comics No. 1), and that notice of

termination could be served 10 years before the termination date (*i.e.*, April 1984, or 10 years before April 1994). 17 U.S.C. § 304(c)(3)-(4).

97. During his lifetime, Shuster chose not to exercise his termination right. Shuster died in 1992, and did not leave a widow, child, or grandchild to succeed to his termination right under section 304(c) of the 1976 Copyright Act. As a result, Shuster's termination right ceased to exist on his death.

98. The 1999 Copyright Term Extension Act ("CTEA") extended the term of copyright by 20 years and also provided an opportunity to authors and selected heirs to terminate for this new extended time period in circumstances where the "[t]ermination rights provided for in subsection (c) have expired on or before the effective date of the [CTEA]," or October 27, 1998, and the "author or owner of the termination right has not previously exercised such termination right." 17 U.S.C. § 304(d). Where section 304(d) applies, section 304(c)(2) provides that if an author is dead, the termination right can be exercised by his widow, children, or grandchildren or, "[i]n the event that the author's widow or widower, children or grandchildren *are not living*, the author's executor, administrator, personal representative, or trustee...." (Emphasis added). These are the provisions that defendant Mark Peary, the executor of the Shuster Estate, purports to rely on in the Shuster Termination Notice, but they have no application here. By its own terms, section 304(d) only applies where an author's window for exercising the termination right opened and closed or "expired" (*not* when an author died while the window was open without exercising the right or leaving any heirs to do so), and where a deceased author's widow, child, or grandchild is "not living," but who did at some time live. Shuster never had a widow, child, or grandchild, and Peary, acting on behalf of the Shuster Estate, has no right to file the invalid notice of termination that he did.

- 32 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 102 of 211

**(2) The 1992 Agreement Bars the Shusters from Pursuing Termination**

99.     The 1992 Agreement that Frank Shuster and Jean Peavy entered into with DC Comics bars the Shuster Estate from pursuing termination because, *inter alia*, in exchange for valuable consideration, the 1992 Agreement effected a rescission, revocation, and re-grant of all prior copyright grants, which eliminated any pre-1978 grant that could be subject to termination under section 304 of the Copyright Act.

100.     The 1992 Agreement, which was executed on October 2, 1992, provides that Shusters' heirs "fully settle[]" and forfeit any and all of rights under Joseph Shuster's prior "agreements or otherwise," thereby revoking and rescinding those prior, pre-1992 instruments.  It also "*grant[s] to us* [DC Comics] any … copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon."  (Emphasis added.)

101.     Section 304(d) of the Copyright Act only allows for termination of copyright grants "executed before January 1, 1978."  Because the 1992 Agreement left intact no pre-1978 copyright grant to terminate, section 304(d) does not apply, and the Shuster Estate has no copyright grant that it may terminate.

102.     Shuster's heirs approached DC Comics in 1992 seeking increased annual payments, certain tax benefits, and payment of Shuster's debts and expenses.  At the time, Shuster's heirs recognized the value of Superman as a property.  As the result of DC Comics' development, promotion, and exploitation of Superman from 1938 to 1992, Superman had evolved from the black-and-white figure drawn by Shuster for Action Comics No. 1 to a global, multi-media industry.  Moreover, in correspondence with DC Comics, the Shusters adverted to the termination rights provided for under the Copyright Act.  As Shuster's heirs requested, the 1992 Agreement provided that DC Comics would:  (a) increase its annual payments to the Shuster Heirs to $25,000 per year—five times higher than

- 33 -

COMPLAINT

**ER 3489**

the amount it was obligated to pay under the December 23, 1975 Agreement; (b) make these annual payments to Jean Peavy for purposes of a tax benefit; and (c) pay the approximately $20,000 representing Shuster's final debts and expenses. DC Comics continues to make annual payments under the 1992 Agreement, and has paid Shuster's heirs close to $500,000 to date. The 1992 Agreement confirms that it "fully settles *all claims to any payments or other rights or remedies* which you may have under any other agreement or otherwise, *whether now or hereafter existing* regarding the copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon." (Emphasis added.) Shuster's heirs agreed "not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever."

103. By effectively rescinding, revoking, and re-granting any and all prior grants of Joe Shuster's rights, the Shuster Heirs have no right to terminate any of the Superman copyrights.

104. At the very least, because of DC Comics' continued performance under the 1992 Agreement, and the Shusters' continued acceptance of benefits under the Agreement—even after filing the Shuster Termination Notice—the Shusters are estopped from disputing that the 1992 Agreement remains in full force and effect, which operates to preclude the assertion of any termination right.

**(3) The Shusters Lack the Majority Interest Necessary to Terminate**

105. The Shuster Termination Notice is also invalid because the party that filed it—if defendants' own contractual documents are to be believed—lacked authority to do so. Section 304(c)(1) of the Copyright Act provides that termination of a grant executed by an author who is not living may be exercised only "by the person or persons who … own and are entitled to exercise a total of *more than one-half of that author's termination interest.*" 17 U.S.C. § 304(c)(1) (emphasis added). Copyright Office regulations require that a termination notice include "specific indication of the person or persons executing the notice who constitute more than

- 34 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 103 of 211

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 104 of 211

one-half of that author's termination interest" and "shall be signed by the number and proportion of the owners of that author's termination interest required under section 304(c)." 37 C.F.R. § 201.10(b)(1)(vii), (c)(2).

106. According to the Pacific Pictures agreements (to the extent they are valid and enforceable), the Shuster Estate does not own—and did not own at the time the Shuster Termination Notice was executed—the "more than one-half" majority interest necessary to terminate under section 304(c)(1) of the Copyright Act.

107. Pursuant to the 2001 Pacific Pictures Agreement, defendant Mark Peary and Jean Peavy "transfer[red] and assign[ed] ... their rights, title, and interest" in all of Shuster's copyrights and creations to their joint venture with Pacific Pictures. In the 2003 Pacific Pictures Agreement, Peary confirmed the terms of the 2001 Pacific Pictures Agreement on behalf of the Shuster Estate.

108. One week later, on November 10, 2003, Peary served the Shuster Termination Notice on behalf of the Shuster Estate. At the time, the Shuster Estate did not own *any* of the purported termination right, as this and all other rights had been transferred to the joint venture with Pacific Pictures.[3] The Shuster Termination Notice is therefore invalid under section 304(c)(1) of the Copyright Act.

109. The Shuster Termination Notice represents that Peary "is the person entitled to exercise Joseph Shuster's termination interest" and that the Notice had been "signed by all persons whose signature is necessary to terminate." Peary's

---

[3] At most, the Shuster Estate owned only a 50% interest in that joint venture. This is still the case. As a result of the September 10, 2004 Letter purporting to cancel the 2001 and 2003 Pacific Pictures Agreements and by the terms of the 2001 and 2003 agreements themselves, any putative rights held by the joint venture were split 50/50 between the Shuster Heirs and Pacific Pictures on cancellation of the joint venture agreement: "[Upon] winding-up of the Venture or in the event of termination of the Venture *for any reason*, *all Rights, property or assets of the Venture will be held* fifty percent (50%) by the [Shuster Heirs] *and fifty percent (50%) by PPC*." (Emphasis added.)

COMPLAINT

ER 3491

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 105 of 211

failure to disclose that he had purported to transfer this putative termination right to the joint venture with Pacific Pictures, or include a signature on behalf of the joint venture or Pacific Pictures, violated 37 C.F.R. § 201.10(b)(1)(vii) and 37 C.F.R. § 201.10(c)(2).

110. Peary's failure to disclose the requisite information in the Shuster Termination Notice was not harmless. Upon information and belief, these omissions were not inadvertent, but were intended to conceal material information from DC Comics, including: (a) the various conflicts of interest arising from Toberoff's and his companies' significant ownership interest in the Shuster Estate's and the Siegel Heirs' purported rights; and (b) consent agreements that Toberoff procured limiting the Shuster and Siegel Heirs' freedom to enter into agreements with DC Comics regarding those rights.

111. The Copyright Act's termination provisions were crafted to avoid the trafficking in future interests by third parties like Toberoff and his companies, yet that is exactly what his agreements with the Shuster and Siegel Heirs accomplish, and what Toberoff and Shusters failed to disclose to DC Comics and the Copyright Office by serving and filing the Shuster Termination Notice.

### (4) The Shusters Do Not Attempt to Terminate Certain All-Encompassing Copyright Grants

112. The 1992 Agreement includes a "grant" by Shuster's heirs to DC Comics of, *inter alia*, all "copyrights, trademarks, or other property right in any and all work created in whole or in part by … Joseph Shuster, or any works based thereon." In the Shuster Termination Notice, defendants did not terminate (or even mention) the 1992 Agreement.

113. The May 21, 1948 Consent Agreement also includes a grant by Siegel and Shuster to National, DC Comics' predecessor-in-interest, of all of Siegel and Shuster's rights in Superman and Superboy. (If the 1992 Agreement is not read as a rescission, revocation, and re-grant of all prior agreements between Shuster and

- 36 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 106 of 211

DC Comics (and it should be), then the May 21, 1948 Consent Agreement remains in effect.)

114.    Defendants do not attempt to terminate the May 21, 1948 Consent Agreement, and do not identify the May 21, 1948 Consent Agreement in the Shuster Termination Notice.

115.    As the result of defendants' failure to terminate the 1992 Agreement and May 21, 1948 Consent Agreement, the grants contained therein remain in full force and effect.  Thus, DC Comics is and continues to be the sole owner of all rights, including rights under copyright, in Superman pursuant to the 1992 Agreement and May 21, 1948 Consent Agreement.

(5) **The Doctrine of Unclean Hands Bars the Shusters from Terminating**

116.    The doctrine of unclean hands requires that the Shuster Termination Notice be deemed invalid because it contains material misrepresentations intended to mislead the courts, Copyright Office, and DC Comics—all to the detriment of DC Comics.

117.    The Shuster Heirs did not disclose Pacific Pictures' purported ownership interest in the rights sought to be terminated.  Just one week before filing the Shuster Termination Notice, the Shuster Estate signed the 2003 Pacific Pictures Agreement, reaffirming its transfer of 100% of its rights in any Superman-related copyrights to the joint venture with Pacific Pictures.  Copyright Office regulations require that a termination notice include "specific indication of the person or persons executing the notice who constitute more than one-half of that author's termination interest" and "shall be signed by the number and proportion of the owners of that author's termination interest required under section 304(c)."  37 C.F.R. § 201.10(b)(1)(vii), (c)(2).  Yet Pacific Pictures is conspicuously absent from the Shuster Termination Notice.  This omission was not inadvertent, as explained above.

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 107 of 211

118.    Induced by Toberoff, the Shuster Heirs also falsely disclaimed any interest in the Superboy rights in the Shuster Termination Notice.  This permitted Toberoff to assert on behalf of the Siegel heirs a baseless Superboy-related copyright infringement claim against DC Comics.  Prior to these manipulations by Toberoff, Shuster and the Shuster heirs had truthfully maintained for over 50 years that Shuster had co-created Superboy.  For example, the findings submitted by Siegel and Shuster's counsel in the 1940s Westchester Action, specified that Shuster had drawn the first "Superboy" denominated story in More Fun Comics No. 101.  Similarly, in 1972 and 1973, during the Superman renewal litigation, Siegel and Shuster jointly filed copyright renewal notices asserting joint authorship both in the Superboy character, and in More Fun Comics No. 101, which contained the first comic book story denominated "Superboy."

119.    Additionally, in the 2001 Pacific Pictures Agreement, entered into before Toberoff had secured an agreement with the Siegel Heirs, Toberoff and the Shuster Heirs expressly identified "Superboy" as among the universe of rights that Shuster had jointly created with Siegel.  Yet just two years later in 2003, and only *after* Toberoff had entered into an agreement with the Siegel Heirs securing control over their rights, did the Shuster Heirs suddenly reverse course.  The 2003 Pacific Pictures Agreement omitted all reference to Superboy, and the Shuster Termination Notice filed one week later avoided any overt mention of Superboy elements or works.[4]  But even the termination notice served by the Shuster Heirs, while carefully drafted to avoid any mention of Superboy, could not completely rewrite history.  The Shuster Termination Notice expressly identifies Action Comics No. 1 and Superman No. 1 as terminated works.  Both of these works, however, clearly depict Superman as a boy with super-powers:  *i.e.*, a "Superboy."  For example,

---

[4] As noted, DC Comics maintains that Superboy is a derivative work based upon the preexisting Superman, and in any event, is owned solely and exclusively by DC Comics, *inter alia*, because it is a work-for-hire or because the script submitted by Siegel and Shuster is unpublished and, thus, is not terminable.

- 38 -

COMPLAINT

ER 3494

1   Action Comics No. 1 features Superman as a very young boy exhibiting super

2   strength, and Superman No. 1 depicts Superman as a youth leaping over a building.

3     120. After the Shuster Termination Notice was filed, the Siegel Heirs

4   brought a copyright infringement claim against DC Comics on the frivolous ground

5   that Superboy was the sole creation of Siegel, entitling the Siegel Heirs to terminate

6   and recapture 100% of the Superboy rights (as opposed to the 50% share they

7   would be entitled to recapture if Superboy was a joint work).  The Siegel Heirs

8   threatened to enjoin the popular *Smallville* television series, which they wrongly

9   claimed infringed their exclusive rights in Superboy.  As a result, DC Comics has

10  incurred substantial expenses defending against the claim Toberoff manufactured

11  and the Shusters facilitated.  Defendants compromised the integrity of the

12  Copyright Office and judicial system by crafting the Shuster Termination Notice in

13  this way, and the Shuster Termination Notice should be held invalid on this and the

14  other related grounds set forth herein.

15          *  *  *

16    121. Each of the foregoing reasons is a separate, independent, and

17  alternative basis for declaring the Shuster Termination Notice to be invalid and thus

18  ineffective.  A declaration by this Court regarding the validity of the Shuster

19  Termination Notice is warranted under the Declaratory Judgment Act, 28 U.S.C.

20  §§ 2201 *et seq.*, to establish the parties' respective rights and obligations with

21  respect to the copyright interest in the Superman material.

22  **B.** **Second Claim for Relief:  Declaratory Relief re: Limited Scope of**

23    **Copyright Termination Notice (Against Defendants Shuster Estate and**

24    **Peary)**

25    122. DC Comics re-alleges and incorporates by reference each and every

26  allegation contained in the paragraphs above.

27

28

- 39 -

COMPLAINT

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 109 of 211

123.   This Second Claim for Relief is advanced in the alternative—*i.e.*, if the Court does not grant DC Comics' First Claim for Relief set forth above and hold that the Shuster Termination Notice is invalid.

### (1) **Additional Factual Background**

124.   Upon information and belief, in or around 1933, Siegel and Shuster began co-creating comic strips, some of which included stories featuring a character named Superman.  The materials created by Siegel and Shuster during this time are believed to include: (a) 24 days of Superman comic strips intended for newspapers; (b) a seven-page synopsis of the last 18 days (weeks two through four) of such comic strips; (c) a paragraph previewing future Superman exploits; (d) a nine-page synopsis of an additional two months of daily comic strips; and (e) 15 daily comic strips (collectively, the "Unpublished Superman Works").  None of these materials was published in its original form, most were never published at all, and some are apparently lost.

125.   Upon information and belief, between 1933 and 1937, Siegel and Shuster submitted the Unpublished Superman Works to a number of prospective publishers and newspaper syndicates, all of which rejected them.

126.   On December 4, 1937, Siegel and Shuster entered into the December 4, 1937 Agreement with DCI.  Siegel and Shuster agreed to "give their exclusive services" in producing certain comic features for a period of two years.  Siegel and Shuster were required to submit any new continuity to DCI, which reserved the right to accept or reject them for a period of sixty days.

127.   In early 1938, DCI was seeking material for use in a new comic book it was developing entitled "Action Comics."  Pursuant to the December 4, 1937 Agreement, the 24 days of Superman comic strips from the Unpublished Superman Works were provided to DCI for review.  DCI decided to publish a Superman story in Action Comics No. 1, but the materials submitted by Siegel and Shuster to DCI were neither in a form that was acceptable for publication in a comic book, nor

COMPLAINT
**ER 3496**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 110 of 211

were they complete. Therefore, at the instance and expense of DCI and subject to its right of control, Siegel and Shuster adapted the 24 days of comic strips, and added certain new material, to create a 13-page uncolored comic book story entitled "Superman." Cover art featuring Superman that was used for Action Comics No. 1 was thereafter created by DCI. DCI's printers or engravers, working at the direction of DCI, chose colors for the Superman character and colored the 13-page story and cover.

128. Siegel and Shuster assigned to DCI all of their rights in Superman in the March 1, 1938 Agreement. This included "all good will attached thereto and exclusive right to the use of the characters and story, continuity and title of strip." Siegel and Shuster agreed not to use Superman or any other character featured in the strip "by their names contained therein."

129. Before the April 1938 publication of Action Comics No. 1, which was cover-dated June 1938, DCI promoted the upcoming Superman story in some of its other publications, including "More Fun Comics No. 31" and "Detective Comics No. 15." These publications were cover-dated May 1938 and were published prior to Action Comics No. 1. The promotions (the "Promotions") depict Superman in his costume—including a cape, boots, leotard, and inverted triangular "S" crest on his chest—exhibiting his super-strength by holding a car over his head as bystanders watch in awe. The Promotions show almost the entirety of what would become the cover of Action Comics No. 1 in clarity and detail.

130. Action Comics No. 1 was comprised not only of the 24 days of Superman comic strips from the pre-existing Unpublished Superman Works (as modified and edited by Siegel and Shuster), but of additional new material created by Siegel and Shuster at DCI's instance and expense and subject to its right of control.

131. Upon information and belief, after the publication of Action Comics No. 1, Siegel and Shuster supplied further original Superman stories to DCI, at

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 111 of 211

DCI's instance and expense and subject to its right of control. On September 22, 1938, Siegel and Shuster entered into another employment agreement with DCI confirming that Siegel and Shuster had "been doing the art work and continuity for said comics [including Superman comics] for us. We wish you to continue to do said work and hereby employ and retain you for said purposes." The DCI September 22, 1938 Agreement also contained an acknowledgement that DCI was the "exclusive" owner of Superman.

132. Also on September 22, 1938, Siegel and Shuster entered into the McClure September 22, 1938 Agreement with DCI and the McClure Newspaper Syndicate concerning the use of Superman in newspaper strips.

133. All of Siegel and Shuster's contributions to Superman comic books and comic strips were made pursuant to the March 1, 1938 Agreement, the DCI September 22, 1938 Agreement, the McClure September 22, 1938 Agreement, contemporaneous oral agreements confirmed by one or more of those agreements, or certain subsequent agreements affirming those agreements, as employees of DCI (or its successors) and at DCI's instance and expense and subject to its right of control. As a result, all of these materials constitute works for hire under the 1909 Copyright Act, and the copyrights therein are owned exclusively by DC Comics and are not subject to termination under later amendments to the Copyright Act.

134. On November 30, 1938, Siegel wrote a letter to DCI (the "November 1938 Letter") suggesting that it publish a comic book entitled "Superboy," "which would relate to the adventures of Superman as a youth." The November 30, 1938 Letter does not contain any discussion of plot, dialogue, appearance, or any other copyrightable material relating to Superboy. DCI decided not to publish a Superboy comic book at that time, and had already published comic books, discussed *supra*, that showed Superman as a young boy and exhibiting super-human strength. For example, in 1939, among the Superman material prepared by Siegel and Shuster at the instance and expense of DCI and subject to its right of

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 112 of 211

control was Superman No. 1. In Superman No. 1, Clark Kent is depicted as a boy with super-powers.

135.   On December 19, 1939, Siegel and Shuster entered into the December 19, 1939 Agreement with DCI, which modified the DCI September 22, 1938 Agreement by, *inter alia*, doubling Siegel and Shuster's compensation for Superman comic books and newspaper strips and providing for payment to Siegel and Shuster for uses of Superman in media such as radio, motion pictures, and toys. Under the December 19, 1939 Agreement, Siegel and Shuster again acknowledged DCI's sole ownership of Superman.

136.   Upon information and belief, in December 1940, Siegel, on behalf of himself and Shuster, submitted to DCI a 13-page script of continuity for Superboy (the "Unpublished 1940 Superboy Script") and renewed his suggestion that DCI publish a comic book depicting Superman as a youth.  The Unpublished 1940 Superboy Script, which includes the credit line "By Jerry Siegel and Joe Shuster," states:  "So many faithful followers of today's leading adventure comic strip, SUPERMAN, wrote in demanding the adventures of Clark Kent as a youth … And so here he is at last … the answer to your requests … America's outstanding boy hero:  SUPERBOY!"  The Unpublished 1940 Superboy Script explains that "[i]n later years [Superboy] was to become the might[y] figure known as SUPERMAN!"  The Unpublished 1940 Superboy Script was derived entirely from pre-existing Superman elements and ideas that had been published by DCI as part of works for hire, and contained no original copyrightable element.  Again, DCI decided not to publish a Superboy comic book at that time.

137.   Upon information and belief, sometime prior to November 18, 1944, DCI published a comic book depicting the adventures of Superman as a youth, called Superboy, in "More Fun Comics No. 101," which had a cover date of January-February 1945 and was illustrated at least in part by Shuster.  Upon information and belief, Siegel did not participate in the creation of this comic book

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 113 of 211

or the Superboy story it contained. Other than retelling the Superman origin story from Action Comics No. 1 and Superman No. 1, this Superboy story bore no resemblance to the Unpublished 1940 Superboy Script.

138. In the more than 70 years since the publication of Action Comics No. 1 in 1938, DC Comics has created a vast universe of Superman material spanning virtually all media, including comic books, graphic novels, live action pictures, feature-length motion pictures, motion picture serials, radio and television serials, and live theatrical presentations. DC Comics' extensive development and exploitation of Superman has generated new characters, new super-powers, new components to the Superman universe, new elements in the Superman back story, and new changes in Superman's appearance.

### (2) Claim for Declaratory Relief re: Limited Scope of Copyright Termination Notice

139. In the event that the Shuster Termination Notice challenged in the First Claim for Relief above is deemed to be effective, the scope and reach of the Notice must be declared limited in the following ways:

#### a. Unpublished Superman Works

140. The Shuster Termination Notice purports to terminate certain portions of the Unpublished Superman Works, including: (a) "twenty-four days … of previously unpublished SUPERMAN newspaper comic strips, created c. 1934," (b) "SUPERMAN story in comic book form … created c. 1933," and (c) "15 SUPERMAN daily comic strips … created c. 1934."

141. To the extent that any portion of the Unpublished Superman Works may be considered published for purposes of the Copyright Act (and this is disputed), those portions were published only as a result of their adaptation for inclusion in Action Comics No. 1, which was a work made for hire. The Copyright Act expressly provides that "a work made for hire" cannot be subject to

- 44 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 114 of 211

termination. 17 U.S.C. § 304(c)-(d). As a result, the Shuster Termination Notice is ineffective as to the Unpublished Superman Works.

### b. Pre-Action Comics No. 1 Promotions

142. The Shuster Termination Notice does not attempt to terminate DC Comics' rights in the Promotions published before Action Comics No. 1.

143. Moreover, upon information and belief, the Promotions, depicting in sum and substance what was subsequently published as the cover of Action Comics No. 1, were not prepared by Siegel or Shuster, but rather by others either employed by DCI or at the instance and expense of DCI and subject to its right of control. As a result, the Promotions were works made for hire and any copyright therein was owned by DCI *ab initio* and cannot be subject to termination. 17 U.S.C. § 304(c)-(d).

144. DC Comics remains the sole owner of the Promotions, all copyrights therein, and the various copyrightable elements contained therein. The Shusters may not seek to terminate copyright interests comprised in the Promotions.

### c. Works for Hire

145. The Shuster Termination Notice purports to recapture the rights in Action Comics Nos. 1-7, Superman No. 1, and Superman No. 3 ("Superman Works"). Each of the Superman Works was prepared at the instance and expense of DCI and subject to its right of control. As a result, the Superman Works were works made for hire and any copyright therein was owned by DCI *ab initio* and cannot be subject to termination. 17 U.S.C. § 304(c)-(d).

146. DC Comics remains the sole owner of the Superman Works, all copyrights therein, and the various copyrightable elements contained therein.[5]

---

[5] In the related action filed by the Siegel Heirs against DC Comics, the federal court agreed with this position almost entirely, ruling that other than a handful of pre-1938 materials authored by Siegel, all of Siegel's Superman works were created as "works for hire" on behalf of DC Comics. The court ruled that all material created by Siegel after his 1938 employment agreement with DCI, including Action Comics Nos. 2, 3, 5-61, Superman Nos. 1-23 (other than pages 3-6 of Superman

#### d. Derivative Works

147.   All Superman-related works prepared after the publication of Action Comics No. 1 were derivative works based on pre-existing copyrightable material and created under the authority of valid copyright grants (the "Derivative Works").

148.   The Derivative Works include new characters, new super-powers, new components to the Superman universe, new elements in the Superman back-story, and changes in the appearance of Superman.

149.   Regardless of whether the Shuster Termination Notice is deemed valid, DC Comics remains the sole owner of the Derivative Works and retains the continuing right to exploit the Derivative Works under section 304 of the Copyright Act, 17 U.S.C. § 304(c)(6)(A).

#### e. Scope of Shuster Notice

150.   The Shuster Termination Notice, in addition to specifying works to be terminated, also describes certain elements purportedly encompassed by the works sought to be recaptured.  Many of these elements do not appear in the specified works.  In addition to identifying elements that are not present, the Shuster Termination Notice is also notable for its failure to specify elements that are present.  For example, although both the purportedly terminated works Action Comics No. 1 and Superman No. 1 depict Superman as a boy with super-powers, the Shuster Termination Notice is silent on this element.  Accordingly, a dispute has arisen between the parties regarding the scope of the Shuster Termination Notice with respect to the elements that appear, or which do not appear, in the allegedly terminated identified in the Shuster Termination Notice, including, but not limited to, the following:

---

No. 1), and post-1938 newspaper strips, were works-for-hire and thus could not be terminated.  DC Comics reserves all rights with respect to these interim rulings in the Siegel case.

- 46 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 116 of 211

a.  Superman's "telescopic vision"

b.  Superman's "super hearing"

c.  Superman's "super ... sense of smell"

d.  Superman as a boy with super-powers (*i.e.*, "Superboy")

e.  "[D]iamond-shaped "S" insignia on [Superman's] chest"

f.  "[L]ove triangle between Superman, Lois Lane and Clark Kent"

g.  "Perry White"

h.  "Daily Planet newspaper"

i.  "Metropolis"

j.  "Jor L"

k.  "Krypton"

151.   A declaration by this Court regarding the scope of the Shuster Termination Notice is warranted under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, to establish the parties' respective rights and obligations with respect to the copyright interest in the Superman material. The Shusters may not seek to terminate copyright interests owned by DC Comics, including those materials listed above.

**C.   <u>Third Claim for Relief</u>:  Declaratory Relief re: Shuster Period of Exclusivity (Against All Defendants)**

152.   DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

153.   This Third Claim for Relief is advanced in the alternative—*i.e.*, if the Court does not grant DC Comics' First Claim for Relief set forth above and hold that the Shuster Termination Notice is invalid.

154.   The Copyright Act establishes an exclusive period between the time a copyright termination notice is served and the effective termination date in which the original copyright grantee may enter into an agreement with the original copyright author or their heirs regarding the rights sought to be recaptured. Section

- 47 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 117 of 211

304(c)(6)(D) provides: "A further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made after the effective date of the termination." 17 U.S.C. § 304(c)(6)(D). While the statute bars third parties (like Toberoff and his companies) from trafficking in such future copyright interests during this exclusive time period, it protects the rights and interests of original grantees like DC Comics, providing that "an agreement for such a further grant may be made between the author or [his heirs] and the original grantee or [its successor (*e.g.*, DC Comics)], after the notice of termination has been served." *Id.*

155. Section 304(c)(6)(D) of the Copyright Act establishes a right of DC Comics from November 10, 2003 (when the Shuster Heirs served the Termination Notice) until October 26, 2013 (the effective date of the Notice), during which DC Comics is the sole party that can enter into an agreement with the Shuster Heirs for the rights sought to be terminated. This right has been described by Congress, in its legislative history, and the United States Court of Appeals as a "right of first refusal." Any restriction or limitation on this period of exclusivity must be deemed unenforceable under section 304(c)(6)(D).

156. Upon information and belief, the Shuster Heirs have entered into agreements that frustrate and impede DC Comics' period of exclusivity. For example, the 2003 Pacific Pictures Agreement grants and assigns the Shuster Heirs' putative present and future copyright interests and provides that "any and all agreements regarding any of the Rights [in Shuster's creations, including copyright] shall be subject to the express written approval" of Pacific Pictures. This improperly allowed Pacific Pictures (and Toberoff) to prevent the Shuster Heirs from entering into an agreement with DC Comics concerning their purported rights—in clear violation of section 304(c)(6)(D). Although Pacific Pictures and the Shuster Heirs purported to cancel the 2001 and 2003 Pacific Pictures Agreements in their September 10, 2004 Letter, this improper agreement was in effect at least from the time it was executed on October 30, 2003 through

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 118 of 211

September 10, 2004, which means that it improperly eliminated most of the first year of DC Comics' period of exclusivity. Moreover, the original 2001 Pacific Pictures Agreement provides that if the Shusters' joint venture with Pacific Pictures is terminated "for any reason," then Pacific Pictures will hold 50% of "the property or assets of the Venture," including all the alleged Shuster Superman copyright interests, as a "tenant[] in common," meaning that Pacific Pictures and Toberoff still have improperly encumbered, to this day, DC Comics' period of exclusivity.

157.    Upon information and belief, Toberoff has induced the Siegel and Shuster Heirs to enter into additional agreements, which prohibit either family from entering into agreements conveying rights to DC Comics without the express approval of all stakeholders in the heirs' rights—*i.e.*, the Siegel Heirs, Shuster Heirs, and Toberoff and his companies. These agreements and others like it that may exist—which upon information and belief remain in effect to this day—violate section 304(c)(6)(D) and impede DC Comics' ability to settle any and all disputes with the Shusters and Siegels and lawfully pursue its business.

158.    The Shuster Heirs' agreements with Toberoff, his companies, and the Siegels improperly interfere with DC Comics' period of exclusivity with the Shuster Heirs regarding their purported Superman rights.

159.    A declaration by this Court is warranted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to establish the parties' respective rights and obligations with respect to the copyright interest in the Superman material. This declaration should establish that: (a) DC Comics is the sole party with whom the Shuster Heirs can enter into an agreement to convey their putative Superman rights during the exclusivity period, through and including October 26, 2013; (b) any agreement with any third party regarding those putative rights during the exclusivity period is invalid and unenforceable; and (c) any agreements requiring consent of other parties to settle termination claims violate the exclusivity period and, therefore, are invalid and unenforceable.

COMPLAINT
**ER 3505**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 119 of 211

160. DC Comics seeks an injunction (a) barring the Shuster Heirs from entering into any agreement with any third party regarding the rights sought to be recaptured in the Shuster Termination Notice until October 26, 2013; and (b) restoring to DC Comics its 10-year period of exclusivity.

**D.      Fourth Claim for Relief:  Intentional Interference with 1992 Shuster Agreement (Against Defendants Toberoff and Pacific Pictures)**

161. DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

162. In October 1992, the Shuster Heirs and DC Comics executed a final written agreement "fully settl[ing] all claims" as to "right[s] in any and all work[s] created in whole or in part by ... Joseph Shuster" (the "1992 Agreement"). Since 1992, DC Comics has paid the Shuster Heirs nearly half a million dollars under the 1992 Agreement. To DC Comics' knowledge, the Shuster Heirs have never disputed the validity or existence of the 1992 Agreement, which operated to rescind, revoke, and re-grant all of the Shusters' prior grants of rights in the Superman properties to DC Comics. In that 1992 Agreement, the Shuster Heirs further agreed that they would not—either then or in the future—make any claim of right to any work created in whole or part by Joe Shuster.

163. DC Comics' 1992 Agreement with the Shuster Heirs was both a valid contract and had the probability of future economic benefit to DC Comics. The Shuster Heirs fully relinquished their rights under any prior agreement and re-granted to DC Comics all of their Superman-related rights. This confirmation allowed DC Comics to continue freely developing and exploiting those rights without the risk of termination of the alleged Shuster rights or expensive and protracted legal disputes regarding the ownership of those rights.[6]

---

[6] DC Comics maintains that the 1992 Agreement is a binding, enforceable agreement with the Shuster Heirs. Even assuming this agreement was deemed invalid, DC Comics also has a long-established economic relationship with the Shusters giving rise to an interference with prospective economic advantage claim.

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 120 of 211

164. Toberoff and Pacific Pictures were aware of the 1992 Agreement and DC Comics' ongoing business relationship with the Shusters. Toberoff knew that his actions in having his company enter into a joint venture with the Shusters for the purpose of terminating DC Comics' rights were substantially certain to interfere with DC Comics' 1992 Agreement with the Shusters. Toberoff's ultimate purpose in approaching the Shuster Heirs was to induce them to repudiate the 1992 Agreement and attempt to terminate prior grants of Shuster's rights. For this reason, Toberoff and the Shusters formed a joint venture with Pacific Pictures for the express purpose of "retrieving, enforcing and exploiting all of Joe Shuster's, and his estate's rights, claims, copyrights, property, title and interests in and to Joe Shuster's creations" through "termination pursuant to [17 U.S.C. § 304] of any and all grant or transfers by Joe Shuster of any copyright interest in his creations."

165. Toberoff and Pacific Pictures engaged in independently wrongful conduct to achieve this goal. They induced the Shuster Heirs to breach the 1992 Agreement and enter into the illegal copyright-assignment and settlement-consent agreements described above. Toberoff also induced the Shusters to manipulate claims of ownership in Superboy.

166. As the direct result of Toberoff's and Pacific Pictures' actions, the Shuster Heirs have breached the 1992 Agreement, causing DC Comics to lose the value of the Agreement and forcing DC Comics to incur substantial attorneys' fees and costs in an amount to be proven at trial.

---

This relationship dates back to 1935, when DC Comics' predecessor hired the unknown artist Joseph Shuster to illustrate comic strips for its publications. Even after their employment arrangement ended, Shuster continued to benefit from his early work on Superman under the 1975 Agreement, which provided him with an annual pension, medical insurance, and a lump-sum payment in exchange for acknowledgement of DC Comics' sole and exclusive ownership of the Superman rights. At the time Toberoff approached the Shuster Heirs in 2001, DC Comics and the Shuster Heirs had an agreement in place for almost 10 years, which resolved all claims concerning Shuster's putative share of the Superman rights. DC Comics' agreement with the Shusters and the economic relationship they contemplated had the probability of future economic benefit to DC Comics.

**E.**     <u>Fifth Claim for Relief</u>: **Intentional Interference with Prospective Economic Advantage re: Siegel-DC Comics Agreement (Against Defendant Toberoff)**

167.   DC Comics re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

168.   DC Comics reached a binding, enforceable agreement with the Siegel Heirs. After the Siegel Heirs served the Superman Termination Notice in 1997, they engaged in negotiations with DC Comics for four years. On October 16, 2001, DC Comics made a settlement offer to the Siegel Heirs. On October 19, 2001, the Siegel Heirs' attorney at the time, Marks, sent a letter to DC Comics outlining the material terms and confirming that the Siegel Heirs "accepted D.C. Comics' offer of October 16, 2001." On October 26, 2001, DC Comics sent a return letter confirming the parties' agreed-upon terms. DC Comics then drafted a long-form contract memorializing the agreement, which it sent to the Siegel Heirs on February 1, 2002. Marks has confirmed that all parties understood that they had a binding agreement.[7]

169.   Even in the event that this agreement is finally adjudicated and deemed to be invalid, DC Comics had a long-established economic relationship with the Siegel Heirs giving rise to an interference with prospective economic advantage claim. This relationship dates back as far as 1935, when DC Comics' predecessor

---

[7] The district court in the Siegel Actions determined that this agreement was not binding because there was no "meeting of the minds" between the parties. Of course, this was before the Toberoff Timeline had been produced, which confirmed, *inter alia*, that Marks—who negotiated the agreement on behalf of the Siegel Heirs—understood that the 2001 agreement was final and binding. Indeed, Marks communicated his position to the Siegel Heirs in August 2002, in an attempt to convince them to reject Toberoff's attempts at interference. DC Comics reserves all rights to challenge the district court's ruling in the Siegel Actions based on this newly discovered evidence and otherwise, and DC Comics respectfully submits that the district court's interim ruling on this issue is contrary to fact and law. If DC Comics' claims are accepted, it will amend this Complaint to include a claim for interference with contract arising out of Toberoff's tortious interference with this binding agreement.

- 52 -

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 122 of 211

1    hired an unknown writer named Jerome Siegel to write comic strips for its

2    publications. Over the years, Siegel worked on-and-off as an employee of DC

3    Comics and its predecessors. Even after the employment arrangement ended,

4    Siegel continued to benefit from his early work on Superman under the 1975

5    Agreement, which provided him and his family with an annual pension, medical

6    insurance, and lump payment in exchange for acknowledgement of DC Comics'

7    sole and exclusive ownership of the Superman rights. When a dispute arose in

8    1997 over the Siegel Heirs' attempt to terminate prior grants of Siegel's share of

9    Superman rights, DC Comics and Siegel commenced negotiations, which lasted

10   over four years. At the time Toberoff approached the Siegel Heirs in 2001, DC

11   Comics and the Siegel Heirs had finally reached an agreement resolving their

12   claims to the Superman and Superboy rights.

     170.   The economic relationship that the Siegel Heirs and DC Comics had

14   contemplated and agreed to had the probability of future economic benefit to DC

15   Comics. The Siegel Heirs recognized DC Comics' sole and exclusive ownership of

16   all rights in Superman and Superboy, allowing it to continue freely developing and

17   exploiting those rights, and avoid the possibility of an expensive and protracted

18   lawsuit regarding ownership of those rights.

     171.   Toberoff was well aware of the agreement between DC Comics and

20   the Siegel Heirs. Toberoff has admitted that he tracked the Siegel Heirs'

21   termination efforts through Internet reports. Moreover, upon information and

22   belief, when Toberoff approached the Siegel Heirs and their representatives in late

23   2001 and 2002 to express interest in purchasing their Superman rights, he was

24   informed that the Siegel Heirs had already reached an agreement with DC Comics.

     172.   Toberoff knew his actions were substantially certain to interfere with

26   the Siegel Heirs' agreement and ongoing business dealings with DC Comics.

27   Toberoff intentionally engaged in independently wrongful conduct to carry out his

28   interference by, among other things: falsely misrepresenting to the Siegel Heirs

COMPLAINT
**ER 3509**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 123 of 211

1   that he had a billionaire investor ready to purchase their Superman rights if they

2   repudiated their settlement agreement with DC Comics; falsely representing to the

3   Siegels that he would help them produce a competing Superman motion picture;

4   and wrongly inducing the Siegels to repudiate their agreement and business

5   relationship with DC Comics.

6      173.   As a direct result of Toberoff's misdeeds, the Siegel Heirs repudiated

7   the Siegel-DC Comics Agreement with DC Comics and ended all further

8   discussions, causing DC Comics to lose the value of the agreement, to lose their

9   ongoing business relationship with the Siegels, and to incur millions of dollars in

10  subsequent legal fees in disputes with the Siegel Heirs.  DC Comics has suffered

11  actual damages in an amount to be proven at trial.

12  **G.   <u>Sixth Claim for Relief</u>:  Declaratory Relief re: Invalidity of Copyright**

13  **Assignment and Consent Agreements (Against All Defendants)**

14     174.   DC Comics re-alleges and incorporates by reference each and every

15  allegation contained in the paragraphs above.

16     175.   The various copyright assignment and consent agreements between

17  Toberoff and/or his companies, the Siegel Heirs, and the Shuster Heirs are void and

18  unenforceable, including under California's unfair competition laws, *e.g.*, CAL.

19  BUS. & PROF. CODE §§ 17200 *et seq*.  The copyright assignments secured by

20  Toberoff and/or his companies are unlawful and violate DC Comics' rights and

21  interests for the reasons set forth above.  The consent agreements Toberoff has

22  procured are void as a matter of law and public policy because they strip the Siegels

23  and Shusters of their right freely to settle their claims and violate DC Comics'

24  concomitant right freely to negotiate settlement of such claims.

25     176.   A declaration by this Court is warranted under the Declaratory

26  Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to establish the parties' respective rights

27  and obligations with respect to the copyright interest in the Superman material.

28

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 124 of 211

# VI.  **PRAYER FOR RELIEF**

WHEREFORE, DC Comics prays for judgment against defendants as follows:

177.   A declaration that the Shuster Termination Notice is invalid, and thus ineffective, for one or more of the reasons set forth in DC Comics' First Claim for Relief;

178.   In the event that the Shuster Termination Notice is deemed valid and effective, a declaration that the scope and effect of the Notice is limited as set forth in DC Comics' Second Claim for Relief;

179.   A declaration that:  (a) DC Comics was entitled to a period of exclusivity regarding the Shuster Heirs' purported Superman rights from November 10, 2003 through October 26, 2013; (b) any agreement interfering with that period of exclusivity is invalid and unenforceable; and (c) the consent agreements impermissibly interfere with DC Comics' period of exclusivity and require restoration of the 10-year period free of interference;

180.   A declaration that the various consent agreements between Toberoff and/or his companies, the Siegel Heirs, and the Shuster Heirs are void and unenforceable as a matter of public policy;

181.   An injunction that:  (a) bars the Shuster Heirs from entering into any agreement with any third party regarding the rights sought to be recaptured in the Shuster Termination Notice until October 26, 2013; and (b) restores DC Comics' 10-year period of exclusivity with respect to the Shuster Termination Notice;

182.   As to the tort claims against Toberoff and his entities as sued herein, damages in amounts to be determined at trial;

183.   An award of reasonable attorneys' fees and costs; and

184.   Such other and further relief as this Court deems just and proper.

COMPLAINT
**ER 3511**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 125 of 211

1

## VII. **DEMAND FOR JURY TRIAL**

2     185.   Plaintiff DC Comics hereby demands a trial by jury on all issues

3  triable by a jury.

4

5          Dated:  May 14, 2010                    Respectfully submitted,

6                                                   O'MELVENY & MYERS LLP

7

8          By:_____
                                                    Daniel M. Petrocelli
9                                                   Attorneys for Plaintiff DC Comics

10

11

12  Of counsel:

13      PATRICK T. PERKINS (*pro hac vice*
        application pending)
14         pperkins@ptplaw.com
        PERKINS LAW OFFICE, P.C.
15      1711 Route 9D
        Cold Spring, New York 10516
16      Telephone: (845) 265-2820
        Facsimile:  (845) 265-2819
17
    CC1:829569.6
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**ER 3512**

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 126 of 211

# EXHIBIT A

ER 3513

# SUPERMAN – MARC TOBEROFF TIMELINE

*\*Please read closely. We have enclosed several supporting documents in our package to you, and very much hope you will spend some time reviewing them before you come to any potential settlement with Marc Toberoff, who represents the Siegels and the Schuster heirs in the ongoing Superman legal dispute with Time Warner and DC Comics.*

*The below information should save Time Warner potentially millions and millions of dollars, and, if you so choose, - have Marc Toberoff suspended, disgraced, --- if not ultimately disbarred --- from practicing law.*

*Toberoff being labeled as the "relentless crusader for artists' rights" is hardly that: he has devised a strategy whereas he has ultimately claimed much ownership of the Superman copyright personally as he can. And of course, he has done so without the knowledge and full disclosure to the Siegels and Schuster heirs, creators of Superman.*

*As it stands right now, the single person who would stand to gain the MOST in a settlement with Time Warner regarding the ongoing SUPERMAN legal dispute would not be the heirs themselves, but Marc Toberoff.*

*What you do with the below information is up to you. You should most certainly conduct your own investigation. We believe there are details within this timeline that will be of strong interest to you.*

*Consider it an early holiday gift.*

*(Also, please be aware that this timeline is written with the assumptions that the reader(s) are aware of the characters involved within the ongoing Superman legal dispute between Time Warner/DC Comics. The heirs to the SUPERMAN copyright are: the Siegels (Joanne, Laura & Michael), Jerry Siegel's heirs, who collectively have claims to 50% of the copyright to Superman, while the Schuster estate has claims on the other 50%.) Marc Toberoff currently represents both parties in ongoing litigation.*

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

In 2000 MT established a separate corporation entitled "Pacific Pictures Corporation" (PPC), with an address of 23852 Pacific Coast Hwy, Suite 555, Malibu, CA 90265. Tel: (310)-589-5151. You will see below that he established this business to solicit his services as an attorney.

In 2001, Marc Toberoff (MT) began researching Superman, who had rights, etc.

MT initially contacts Kevin Marks at Gang, Tyre, who represented Joanne and Laura Siegel with an offer for the Siegel rights. Marks discourages Toberoff from any advances, and does not tell Siegels initially of the interaction because he believes it is not in their best interest.

1

Q 0001

ER 3514

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 128 of 211

On Nov. 23, 2001, MT entered into a joint venture agreement between his own outside corporation Pacific Pictures Corp. (NOT a law firm), and Mark Warren Peavy, and his mother Jean Peavy, heirs to the Joe Schuster estate. For the purposes of this document, we do not know the content of that agreement.

MT and Ari Emanuel, partner and agent at Endeavor, contacts Kevin Marks at Gang, Tyrer, Ramer, & Brown again, (who represented Joanne and Laura Siegel), on August 8, 2002. MT approaches the Siegels, *not as an attorney but as a film producer,* stating that he is "allied" with Emanuel, hoping such a claim will legitimize him.

On August 8th 2002, MT tells Marks that he and Emanuel have a billionaire ready to offer $15 million dollars up-front, plus what they promise to be meaningful participation from proceeds for exploitation of the Siegels' rights to SUPERMAN and some continued royalties on an ongoing basis in all media. Kevin Marks says to the Siegels, "Don't do it." Gang, Tyrer tells the Siegels that they believe MT has brokered a confidential agreement with the Joe Schuster estate. Marks also tells the Siegels that the Schuster estate will have termination rights in approximately 2013. Schuster missed termination notices.

Within their offer, MT appeals to the Siegels' sense of ownership and encourages them to take this deal. MT says he can help them make a movie in direct competition to the one being made at Warner Brothers (MT makes this argument to Joanne and Laura, all the while knowing full well that no one would ever go near making such an attempt; no other studio would go for it because of the division of rights, and no one outside of the studio system would attempt such an endeavor for all the enormous costs attributable to the making, marketing and distribution of such a film.) In other words, MT displays "predatory intent" in his initial approach to the Siegels from the very beginning.

In their very first conversation, Kevin Marks tells MT "no go" — that the Siegels have already reached an agreement with Time Warner and DC Comics.

Marks conveys MT's offer to the Siegels, and Marks does say to the Siegels, it is a better offer than the one you have. However, Marks also tells the Siegels that he would testify in court against the Siegels if they accepted this offer because he believes there has already been an agreement reached.

The Siegels are angry at Kevin Marks that he said he would testify against them if they took MT's offer, and relations break down between the Siegels and Gang, Tyrer. They fire Gang, Tyrer. And, because the Siegels believed that MT was sympathetic to their plight, and because MT appealed to their sense of ownership of SUPERMAN, they decide to enter into an agreement with Intellectual Properties Worldwide, otherwise known as "IPW", Marc Toberoff's film production company, for 10% for any kind of deal he got to make a movie or exploit the rights. (as you know, the Siegels submitted termination notices on the Superman copyright in 1997).

2

Q 0002

ER 3515

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 129 of 211

The Siegels' agreement with IPW is an agreement that mirrors the earlier Pacific Pictures agreement that MT makes with the heirs to Joe Schuster (*see more information on this below*). In other words, Marc Toberoff is named as their attorney within the agreement (which is masked as a retainer agreement) in the event that they go to litigation over anything (*please see enclosed document*). Upon the Siegels signing the agreement, MT then tells Joanne and Laura that his mysterious billionaire has decided to invest elsewhere. In other words, MT makes himself the Siegels' attorney of record while he solicited them as a film producer, violating the rule that no lawyer may directly solicit business, with the double violation of doing it under the auspices of doing separate business dealings. MT's sole intent was to become the Siegels' attorney, not to help the Siegels (as he had alleged) to make a movie in competition to *Superman Returns*, which was then in development at Warner Brothers. MT also never divulges his previous direct dealings with the Schuster heirs, and his Nov.23, 2001 joint agreement with the Peavys (the Schuster heirs) in which he is named their attorney of record.

In 2002, MT set his sights on acquiring the passive interest to Michael Siegel's rights, who, as you know, is Jerry Siegel's son from his first marriage, and is Laura's half-brother. Michael Siegel has an interest of 12.5% in SUPERMAN and SUPERBOY. The Siegels total have 50% interest (Joanne holds 50%, Laura 25%, Michael 25%). So, in essence, Joanne has 25%, Laura 12.5, Michael 12.5. MT used to his advantage the strained relationship between Joanne and Laura, and Michael; as well as strained communication with the Schusters.

Here comes Ari Emanuel, and he is going to finance the purchase of Michael Siegel's interest. But Michael Siegel turns him down flat. MT discloses the intent to purchase to Joanne and Laura, admitting it is a possible conflict of interest. MT is fully aware of what he is doing is wrong.

On December 16, 2002, there is another letter from MT and Ari Emanuel to Joanne and Laura Siegel, saying they are re-approaching Michael again about purchasing his interest. MT tells Michael Siegel that they have an investor ready to buy out his interest, though the amount is significantly less than what DC showed as his share.

March 3, 2003 – letter from Paul Levitz/DC Comics to the Siegels, and MT is messing up relationships for his own personal benefit. DC is trying to understand why they backed out of the deal. The reason is MT who is interfering in all the relationships up to this point.

May 2003 -- MT is continuing to make business arrangements with the Schuster heirs, unbeknownst to Joanne and Laura Siegel .

May 13, 2003: Michael Siegel sends a very concerned letter to Laura Siegel about Marc Toberoff's actions. (*please see enclosed letter; this letter lays out well MT's scheme*). Among other things, Michael Siegel tells her of how Toberoff is now controlling the whole of the SUPERMAN copyright, how he may have bought a substantial portion of the Schuster interest for himself, and he brings to light MT's utter lack of opening a

3

Q 0003          ER 3516

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 130 of 211

dialogue with anyone regarding making another SUPERMAN movie, in partnership with Ari Emanuel. Also that MT has not even made contact with Time Warner. Lastly, Michael conveys that MT seems to have an agenda of "someone" buying him out, and that MT is pressing for an answer.

In May-June 2003. **STATUE OF LIMITATIONS is coming close on for filing of the SUPERMAN complaint. Both Joanne and Laura Siegel are now very ill.** MT starts saying to the Siegels that the statue of limitations is coming up, and they would have waived their right to sue based on the termination notices. *This is the very seed MT meant to mine all along.* He sends them the research on the statue of limitations, and concerned, the Siegels contact Art Levine in Washington, D.C. to have independent research done on the matter. The research confirms that they should file by September.

In June, Ari Emanuel through IPW is still trying to buy Michael Siegel's interest but can't come to terms on price.

End of June 2003, MT gets a law firm to represent the Schusters to assist with the SUPERMAN copyrights. They determine the value of the estate is $0, and California Probate Code will not be applicable, such that the estate attorney will not be entitled to any future settlement regarding the Superman interest. Estate attorney is only receiving an hourly rate. MT "graciously" pays all legal fees.

In other words, MT helped probate the estate, but hired an attorney to do the dirty work. Fittingly, the Joe Schuster will was "lost", so the will had no value. So, the court writes the will for him, and includes the rights to proceed with the termination. And since the firm receives an hourly rate, and the estate is valued at $0, it does not effect any future settlement. The estate attorney will thereby not be entitled to statutory compensation. Another example of showing that MT is solely motivated *at all times* not by his clients' interests, but manipulating pieces of the puzzle so that he may receive the greatest percentage from a very possible large Time Warner settlement, through part ownership and unconscionable fees (*see below*).

**Absolutely nothing is moving ahead with Siegel/Schuster rights and agreements because MT was never intending to do anything with rights other than litigate.**

July 5, 2003. Laura Siegel reveals her ignorance of Toberoff's dubious actions in her return letter back to Michael --- MT has NOT told them he is about to enter into the PPC agreement, whereby MT *personally* will have a 50% of the Schuster interest in Superman. He will shortly own equal to what Joanne owns (25% of entire copyright), and double what Laura owns, *but MT has failed to disclose this.* The Schusters – through the Pacific Pictures Corp agreement – gave MT half of what they had. MT never had the intention to make a movie in competition to the one at Warners – it is tantamount to throwing $$$ away, but it does appeal to the heirs' sense of lost ownership. MT never did want to make a movie, and exploit the rights. MT knows no one is going to invest in an outside movie project outside of Warner Brothers, though he uses Ari Emanuel, the agent, to legitimize his claims. *(please see enclosed letter)*

4

EXHIBIT A
60

Q 0004          ER 3517

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 131 of 211

Also, in the letter back to Michael Siegel, that MT helped Laura Siegel draft --- in response to Michael's accusations of Toberoff, Laura clearly states that MT does *not* have a production company. (This is false – Marc Toberoff's IPW has been in existence, partly funded by Ari Emanuel, since at least 2002). In the draft of the letter, MT crossed out the statement that he does not have a production company, and writes " MT has not plans to produce a SUPERMAN movie, nor is this feasible given the division of ownership of the rights." (please see enclosed letter). **This clearly delineates that Toberoff never had the intention of making a movie, and approached the Siegels and Schusters separately —— not for the exploitation of rights as he initially asserted,** but to gain an unconscionable fee from a very large possible settlement with Time Warner.

August 7, 2003 --- Letter from Rodi-Pollock, who is the attorney in the Schuster estate – who says the Schuster Will would be written by the court August 25, 2003, since the Schuster Will had been "lost".

Sept-Oct 2003 ---- Letter with Ari Emanuel in which he would receive $2.5 million flat fee for "negotiating services"

On October 27, 2003, MT uses PPC to enter into another agreement with the Joe Schuster's heirs: Mark Warren Peavy and Jean Peavy, in which PPC is "engaged as the Executor of the recently probated estate of Joeseph Schuster." The agreement purports that PPC is the Peavys exclusive advisor "for the purpose of retrieving, enforcing, and exploiting all of Joe Schuster's rights ....in all of his creations...". In this agreement, MT also names himself their attorney for any and all litigation or questions that should arise in regards to these Rights. MT also clearly delineates that PPC is NOT a law firm. And, lastly but most significantly, MT defines that any and all moneys and proceeds, in cash or in kind, received from the enforcement, settlement, or exploitation of any of the Rights, ...any monies would be split 50/50. **IN ESSENCE, MARC TOBEROFF NOW HAS A 25% STAKE IN SUPERMAN PERSONALLY BECAUSE OF HIS DEAL WITH THE SCHUSTERS THAT WAS MADE IN 2003. He gets – under the guise of Pacific Pictures Corp – the rights to retrieve and enforce and exploit Joe Schuster's interest in SUPERMAN.** MT's alleged "firewall" between film producing and soliciting business as an attorney comes tumbling down. (*please see enclosed signed agreement, dated October 27, 2003*).

In 2013 MT will own Schuster's side of it; but it does not matter, they will settle before.

MT inquires into the legality of entering into the Pacific Pictures Corporation agreement with the Peavys, heirs to Schuster estate, using law firm Armstrong, Hirsch, Jackoway, Tyerman, & Wertheimer. The inquiry raises strong eyebrows, and questions of legality as to MT's actions in regards to the Schusters, and strongly discourages further involvement with MT and this matter.

5

Q 0005        ER 3518

Case: 13-56243, 02/25/2014, ID: 8992563, DktEntry: 22-14, Page 132 of 211

August 2003 – Michael Siegel wants an annuity of $200,000, which equaled $3.5 million. MT tells him that "no investor is going to go for that." MT says Warners' estimation was $2 million less; such a bad risk for an investor, MT says. MT is tenaciously going after the 12.5%, and of course, the investor MT "has" is himself.  He is trying to get Michael to lower the price.

**MT is also trying to convince Michael Siegel not to sell his interest to another outside party.  MT is lying to Michael Siegel to make sure he can still draw a fee from Michael's 12.5% interest. If Michael went away, he would only draw from remaining 37.5%, instead of 50%.   In the final letter, MT tells Michael Siegel that he cannot sell without our approval because Michael did not take part in the termination, but "we will give you (Michael Siegel) approval, _if you sell it to a third party, monitored by Marc Toberoff_."  MT is lying to Michael Siegel about Siegel's ability to sell his interest in the SUPERMAN copyright.**

**Significantly, MT admits to Laura Siegel that there never was a billionaire willing to invest $15 million when he first approached them. But by then the Siegels were concerned about appearing flaky for changing lawyers a few times. They decide to stick it out.**

October 2, 2004 — MT files the complaint with the court against Time-Warner. There is disgruntlement in the Siegel camp, regarding the contingency fee.   MT pushes hard for 33.3% contingency fee to go up to 40% if it falls within 60 days of trial (which, of course, he would make sure that it would...).   In the contingency agreement they signed for SUPERMAN, IPW (Marc Toberoff's _film production company_) would have received a 10% negotiating fee (thus most likely bolstering Ari Emanuel's take in the settlement from Time Warner as well). Thus, Toberoff used the "film production arm" of his company to use as a shell to elicit larger contingency fees from his clients despite the fact that Toberoff maintains that there is a "firewall" between his law firm and his production company. (see John Lippman, _Wall Street Journal_ article enclosed.)

MT "graciously" agrees to decrease IPW's take by 5%, which will be deducted from the firm's % fee, applicable to the gross proceeds of any settlement or outcome of the litigations.

****In other words, MT decreases his contingency fee by 5% -- instead of getting 50%, he will get 45%. Combined with the Schuster interest, the aggregate of any outcome in SUPERMAN litigation for Marc Toberoff _personally_ becomes 47.5% of the entire Superman interest.***** It becomes clear at this juncture that MT thwarted the earlier deal with Time Warner and DC Comics in 2002 for his own personal gain.

And lastly, on the DUKES OF HAZZARD case, MT pocketed $8.5 million personally, more than any single plaintiff involved in the case (each plaintiff pocketed around $1.7 million).   According to the settlement amount, he received an unconscionable 50% contingency fee.

6

Very strong likelihood that Marc <u>created an entity for the purposes of the lawsuit</u> (Moonrunners Limited, or Moonrunners LLP), which allegedly held the rights at issue and ultimately led to the injunction. Christensen-Miller, Kevin Leichter, or the like need explore in greater detail the existence of the entity in which the rights were allegedly held. It is strongly believed this entity was created only to bolster the lawsuit – that the rights were never conveyed at all.

**MT had his President of Production of IPW, J. Todd Harris, leak the confidential settlement on the DUKES OF HAZZARD case to Variety ($17.5 million). He then called Larry Greenfield, another attorney in his office at the time who has since left, to cover his tracks, "demanding" to know who leaked the amount, and to act as if he was portraying shock and dismay at the leak. MT did it himself to attract more business in town. At least 7 attorneys have come and gone at the Law Offices of Marc Toberoff, and many have left due to ethical issues.**

And lastly, MT is charging 50% in another Allison Giannini case involving real estate. The reason this fact is included is to show a history of charging unconscionable fees.

It should be noted for those at Time Warner that Marc Toberoff has still managed to set up SKYPORT as a producer at Warners, and he has a tangential hold on GILLIGAN'S ISLAND. Fyi.

***************

cc:     Alan F. Horn
        Jeff Robinov
        John Schulman
        Patti Connolly

7

Q 0007        ER 3520

EXHIBIT A
63

(RZx),APPEAL,CLOSED,DISCOVERY,PROTORD

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:04–cv–08400–ODW–RZ

| | |
|---|---|
| Joanne Siegel et al v. Warner Bros Entertainment Inc et al | Date Filed: 10/08/2004 |
| Assigned to: Judge Otis D. Wright, II | Date Terminated: 04/18/2013 |
| Referred to: Magistrate Judge Ralph Zarefsky | Jury Demand: Both |
| Demand: $9,999,000 | Nature of Suit: 820 Copyright |
| Related Cases:  2:04–cv–08776–ODW–RZ | Jurisdiction: Federal Question |
|                 2:10–cv–03633–ODW–RZ | |

Case in other court:  9th CCA, 11–55863
9th CCA, 11–56034
9th CCA, 13–56243
9th CCA, 13–56257
Cause: 17:101 Copyright Infringement

**Plaintiff**

| | | |
|---|---|---|
| **Laura Siegel Larson** | represented by | **Jeffrey Bruce Linden** |
| *as personal representative of the Estate* | | Marc Toberoff Law Offices |
| *of Joanne Siegel* | | 1999 Avenue of the Stars, Suite 1540 |
| *also known as* | | Los Angeles, CA 90067 |
| Joanne Siegel | | 310–246–3333 |

Email: jeffrey.b.linden@gmail.com
*TERMINATED: 03/21/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith Gregory Adams**
Toberoff and Associates P C
22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Email: kadams@toberoffandassociates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc Toberoff**
Toberoff &Associates PC
22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Fax: 310–246–3101
Email: mtoberoff@toberoffandassociates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Calvin Williamson**
Toberoff &Associates, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
310–246–3333
Fax: 310–246–3101
Email: nwilliamson@ipwla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rafael Gomez–Cabrera**
Marc Toberoff Law Offices
1999 Avenue of the Stars, Suite 1540

**ER 3521**

Los Angeles, CA 90067
310–246–3333
Email: rafael.gomez@post.harvard.edu
*TERMINATED: 03/21/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S Harris**
Toberoff and Associates PC
22337 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Fax: 310–246–3101
Email: dharris@toberoffandassociates.com
*TERMINATED: 03/08/2013*
*ATTORNEY TO BE NOTICED*

**Pablo D Arredondo**
Toberoff &Associates PC
22631 Pacific Coast Highway Suite 348
Malibu, CA 90265
310–246–3333
Fax: 310–246–3101
Email: parredondo@toberoffandassociates.com
*TERMINATED: 03/08/2013*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Laura Siegel Larson**                    represented by    **Jeffrey Bruce Linden**
*an individual*                                             (See above for address)
                                                            *TERMINATED: 03/21/2006*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Keith Gregory Adams**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Marc Toberoff**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nicholas Calvin Williamson**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Rafael Gomez–Cabrera**
                                                            (See above for address)
                                                            *TERMINATED: 03/21/2006*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David S Harris**
                                                            (See above for address)
                                                            *TERMINATED: 03/08/2013*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Pablo D Arredondo**
                                                            (See above for address)
                                                            *TERMINATED: 03/08/2013*
                                                            *ATTORNEY TO BE NOTICED*

**ER 3522**

V.

**Movant**

| | | |
|---|---|---|
| **Twentieth Century Fox Film Corporation** | represented by | **Betsy A Zedek** |

Fox Group Legal
Attorney does not consent to Electronic Service
2121 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
310–369–1136
Fax: 310–969–1343
Email: betsy.zedek@fox.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Warner Bros Entertainment Inc**<br>*a corporation* | represented by | **Anjani Mandavia** |

Weissmann Wolff Bergman Coleman Grodin &Evall
9665 Wilshire Blvd 9th Fl
Beverly Hills, CA 90212
310–858–7888
Fax: 310–550–7191
Email: amandavia@wwllp.com
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
O'Melveny and Myers LLP
400 South Hope Street 18th Floor
Los Angeles, CA 90071–2899
213–430–6000
Fax: 213–430–6407
Email: dpetrocelli@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Loren Burg**
NBC Universal Inc
Building 1280–6
100 Universal City Plaza
Universal City, CA 91608
818–777–1856
Fax: 818–866–1999
Email: david.burg@nbcuni.com
*TERMINATED: 12/13/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Aaron Grossman**
Loeb and Loeb
10100 Santa Monica Blvd Suite 2200
Los Angeles, CA 90067–4120
310–282–2000
Fax: 310–282–2200
Email: dgrossman@loeb.com
*TERMINATED: 04/14/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Weinberger**
Fross Zelnick Lehrman &Zissu PC
866 United Nations Plaza 6th Floor
New York, NY 10017
212–813–5900
Fax: 212–813–5901
Email: jweinberger@frosszelnick.com
*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Zavin**
Loeb and Loeb LLP
345 Park Avenue
New York, NY 10154
212–407–4000
Fax: 212–407–4990
Email: jzavin@loeb.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin Deabler**
Fross Zelnick Lehrman and Zissu
866 United Nations Plaza
New York, NY 10017
212–813–5900
*TERMINATED: 01/30/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
Weissmann Wolff Bergman Coleman
Grodin &Evall
9665 Wilshire Blvd, Ste 900
Beverly Hills, CA 90212–2316
310–858–7888
Email: mbergman@wwllp.com
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
Warner Bros.
4000 Warner Blvd.
Bldg. 156 North
Room 4030
Burbank, CA 91522
818–954–2768
Fax: 818–954–3855
Email: patrick.perkins@warnerbros.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Zissu**
Fross Zelnick Lehrman and Zissu
866 United Nations Plaza
6th Fl
New York, NY 10017
212–813–5900
Fax: 212–813–5901
Email: rzissu@frosszelnick.com

*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Beriah Hagen**
Miller Barondess LLP
1999 Avenue of the Stars
Suite 1000
Los Angeles, CA 90067
310−552−4400
Fax: 310−552−8400
Email: ahagen@millerbarondess.com
*TERMINATED: 02/23/2010*
*ATTORNEY TO BE NOTICED*

**Cassandra L Seto**
OMelveny and Myers
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067−6035
310−246−6703
Email: cseto@omm.com
*ATTORNEY TO BE NOTICED*

**Matthew T Kline**
O'Melveny and Myers LLP
1999 Avenue of the Stars Suite 700
Los Angeles, CA 90067
310−246−6840
Fax: 310−246−6779
Email: mkline@omm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Time Warner Inc**                    represented by   **Anjani Mandavia**
*a corporation*                                         (See above for address)
                                                        *TERMINATED: 02/23/2010*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Loren Burg**
(See above for address)
*TERMINATED: 12/13/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Aaron Grossman**
(See above for address)
*TERMINATED: 04/14/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Weinberger**
(See above for address)
*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER 3525**

**Jonathan Zavin**
(See above for address)
*TERMINATED: 04/14/2005*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin Deabler**
(See above for address)
*TERMINATED: 01/30/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Zissu**
(See above for address)
*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Beriah Hagen**
(See above for address)
*TERMINATED: 02/23/2010*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DC Comics**
*a New York General Partnership*

represented by **Anjani Mandavia**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Aaron Grossman**
Loeb &Loeb LLP
10100 Santa Monica Boulevard Suite 2200
Los Angeles, CA 90067–4120
310–282–2000
Fax: 310–282–2200
Email: dgrossman@loeb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Weinberger**
(See above for address)
*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Zavin**
(See above for address)
*TERMINATED: 04/14/2005*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Zissu**
(See above for address)
*TERMINATED: 06/24/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Beriah Hagen**
(See above for address)
*TERMINATED: 02/23/2010*
*ATTORNEY TO BE NOTICED*

**Cassandra L Seto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew T Kline**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
(See above for address)
*TERMINATED: 02/23/2010*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**                    represented by  **Anjani Mandavia**
*1–10*                                      (See above for address)
                                            *TERMINATED: 02/23/2010*
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Laura Siegel Larson**              represented by  **Keith Gregory Adams**
*as personal representative of the Estate*          (See above for address)
*of Joanne Siegel*                                  *LEAD ATTORNEY*
*also known as*                                     *ATTORNEY TO BE NOTICED*
Joanne Siegel
                                                    **Marc Toberoff**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Nicholas Calvin Williamson**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **David S Harris**
                                                    (See above for address)
                                                    *TERMINATED: 03/08/2013*

**ER 3527**

*ATTORNEY TO BE NOTICED*

**Pablo D Arredondo**
(See above for address)
*TERMINATED: 03/08/2013*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Bad Hat Harry Productions, Inc**     represented by   **Christopher G Caldwell**
Caldwell Leslie and Proctor PC
1000 Wilshire Boulevard Suite 600
Los Angeles, CA 90017–2463
213–629–9040
Fax: 213–629–9022
Email: caldwell@caldwell–leslie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Dietz Roth**
Caldwell Leslie and Proctor
1000 Wilshire Boulevard Suite 600
Los Angeles, CA 90017–2463
213–629–9040
Fax: 213–629–9022
Email: roth@caldwell–leslie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Bryan Singer**     represented by   **Christopher G Caldwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Dietz Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**DC Comics**     represented by   **Anjani Mandavia**
*a New York General Partnership*     (See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER 3528**

**Cassandra L Seto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew T Kline**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Aaron Grossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D Weinberger**
(See above for address)
*TERMINATED: 06/24/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Zavin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Zissu**
(See above for address)
*TERMINATED: 06/24/2010*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Time Warner Inc**
*a corporation*

represented by **Anjani Mandavia**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Loren Burg**
(See above for address)
*TERMINATED: 12/13/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Deabler**
(See above for address)
*TERMINATED: 01/30/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Aaron Grossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James D Weinberger**
(See above for address)
*TERMINATED: 06/24/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan Zavin**
(See above for address)
*TERMINATED: 04/14/2005*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roger L Zissu**
(See above for address)
*TERMINATED: 06/24/2010*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Warner Bros Entertainment Inc**
*a corporation*

represented by **Anjani Mandavia**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M Petrocelli**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Loren Burg**
(See above for address)
*TERMINATED: 12/13/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Deabler**
(See above for address)
*TERMINATED: 01/30/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bergman**
(See above for address)
*TERMINATED: 02/23/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick T Perkins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra L Seto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew T Kline**
(See above for address)
*ATTORNEY TO BE NOTICED*

David Aaron Grossman
(See above for address)
*ATTORNEY TO BE NOTICED*

James D Weinberger
(See above for address)
*TERMINATED: 06/24/2010*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Jonathan Zavin
(See above for address)
*TERMINATED: 04/14/2005*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Roger L Zissu
(See above for address)
*TERMINATED: 06/24/2010*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Laura Siegel Larson**          represented by   **Keith Gregory Adams**
*an individual*                                   (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Marc Toberoff**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Nicholas Calvin Williamson**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **David S Harris**
                                                  (See above for address)
                                                  *TERMINATED: 03/08/2013*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Pablo D Arredondo**
                                                  (See above for address)
                                                  *TERMINATED: 03/08/2013*
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2013 | 748 | TRANSCRIPT ORDER as to plaintiff Laura Siegel Larson(an individual) Court Smart (CS). Court will contact Justin Gomes at jgomes@toberoffandassociates.com with any questions regarding this order. Transcript portion requested: Pre–Trial Proceeding: Discovery Motions 4/30/2007. Other: For Designation Purposes Only. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Toberoff, Marc) (Entered: 11/22/2013) |
| 11/21/2013 | 747 | TRANSCRIPT for proceedings held on Tuesday, September 16, 2008; 2:15 PM. Court Reporter: THERESA LANZA, phone number www.theresalanza.com, 661–303–4776. Transcript may be viewed at the court public terminal or |

| | | purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/12/2013. Redacted Transcript Deadline set for 12/22/2013. Release of Transcript Restriction set for 2/19/2014. (Lanza, Theresa) (Entered: 11/21/2013) |
|---|---|---|
| 11/21/2013 | 746 | TRANSCRIPT for proceedings held on Monday, September 17, 2007; 1:38 PM. Court Reporter: THERESA LANZA, phone number www.theresalanza.com, 661–303–4776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 12/12/2013. Redacted Transcript Deadline set for 12/22/2013. Release of Transcript Restriction set for 2/19/2014. (Lanza, Theresa) (Entered: 11/21/2013) |
| 08/13/2013 | 745 | TRANSCRIPT ORDER as to plaintiff Laura Siegel Larson(an individual) Court Reporter. Court will contact Justin Gomes at jgomes@toberoffandassociates.com with any questions regarding this order. Transcript portion requested: Other: Pre–Trial Hearings: April 30, 2007; September 17, 2007; September 16, 2008; September 21, 2009; October 19, 2009. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Toberoff, Marc) (Entered: 08/13/2013) |
| 08/12/2013 | 744 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 743 . The following error(s) was found: Incorrect Event used. Please file your document under Civil> Other Filings> Transcripts> G–120 Form. You must electronically refile the above referenced Request for Transcript in this case to correct this deficiency. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mw) (TEXT ONLY ENTRY) (Entered: 08/12/2013) |
| 08/09/2013 | 743 | NOTICE Intent Re: Designation and Ordering of Transcripts filed by plaintiff Laura Siegel Larson(an individual). (Toberoff, Marc) (Entered: 08/09/2013) |
| 07/18/2013 | 742 | NOTIFICATION by Circuit Court of Appellate Docket Number 13–56257 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 740 as to Defendants and Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (dmap) (Entered: 07/19/2013) |
| 07/17/2013 | 741 | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals, 740 . (Petrocelli, Daniel) (Entered: 07/17/2013) |
| 07/17/2013 | 740 | NOTICE OF APPEAL to the 9th CCA filed by Defendants and Counterclaimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. Appeal of Judgment,,,,,,,,,,,,, 735 , Order,,, 560 , Order on Motion for Reconsideration 595 , Order on Motion to Alter Judgment,,, 734 , Order, Terminate Deadlines and Hearings,, 293 (Appeal fee of $455 receipt number 0973–12417579 paid.) (Attachments: # 1 Statement Of Related Cases)(Petrocelli, Daniel) (Entered: 07/17/2013) |
| 07/16/2013 | 739 | NOTIFICATION by Circuit Court of Appellate Docket Number 13–56243 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 738 as to Plaintiff and–counter–defendant, Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). (dmap) (Entered: 07/17/2013) |
| 07/16/2013 | 738 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel ), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). Appeal of Judgment,,,,,,,,,,,,,,, 735 , Order on Motion to Alter Judgment,,, 734 (Appeal fee of $455 receipt number 0973–12409887 paid.) (Attachments: # 1 Representation Statement, # 2 Proof of Service)(Toberoff, Marc) (Entered: 07/16/2013) |
| 07/08/2013 | 737 | RESPONSE filed by Defendant DC Comics, Counter Claimant DC Comicsto Motion Related Document, 736 (Response and Objection) (Petrocelli, Daniel) (Entered: 07/08/2013) |

| 07/07/2013 | 736 | Notice of Amended Judgment re APPLICATION to the Clerk to Tax Costs against plaintiff and counter defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel) 725 filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 07/07/2013) |
|---|---|---|
| 06/18/2013 | 735 | AMENDED JUDGMENT by Judge Otis D. Wright, II: This Court now enters an amended final judgment based on DCs Fourth Counterclaim in two of three long−running Superman cases presently before this Court: (1) the Superman case; and (2) the Superboy case. In the parties October 19, 2001 settlement agreement, Larson (and her family) transfer[red] all of [their] rights to DC, resulting in 100% ownership to D.C. Comics, effective October 19, 2001. Declaration of Daniel M. Petrocelli (Petrocelli Decl.) Ex. B, at 21; Larson, 2013 WL 1113259, at *1. This complete transfer on October 19, 2001, bars certain of Larsons remaining claims in this case and entitles DC to judgment on its Fourth Counterclaim, which seeks a declaration confirming the October 19, 2001 settlement agreement against Larson. The remaining claims are granted, denied, or dismissed as set forth below. Therefore: RE: Plaintiffs Claims (Superman, Case No. CV−04−8400) IT IS ORDERED AND ADJUDGED that Plaintiffs First Claim for Relief in the Superman case, for Declaratory Relief re: Termination, is GRANTED, but only to the extent that it sought a declaration that on April 16, 1999, the Siegels validly terminated under the Copyright Act all prior grants, assignments, or transfers by Jerome Siegel to any of the Defendants, or their predecessors−in−interest, of the renewal copyrights in and to Action Comics, No. 1, as well as Action Comics, No. 4, Superman, No. 1 (pages 36), and the first two weeks of the Superman newspaper strips, and judgment is hereby entered in Plaintiffs favor on this claim as set forth herein. See Superman case, ECF Nos. 293, 560. IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs Second Claim for Declaratory Relief re: Profits from Recaptured Copyrights, Third Claim for Declaratory Relief re: Use of the Superman Crest, and Fourth Claim for Accounting for Profits in the Superman case are DISMISSED, WITHOUT PREJUDICE, AS MOOT. RE:Plaintiffs Claims (Superboy Case, Case No. CV−04−8776) IT IS ORDERED AND ADJUDGED that Plaintiffs First Claim for Copyright Infringement, Second Claim for Declaratory Relief re: Termination,Third Claim for Violation of the Lanham Act § 43(a)(1)(B), Fourth Claim for Violation of California Business and Professions Code, §§ 17200 et seq., and Fifth Claim for Injunctive Relief in the Superboy case are DISMISSED, WITHOUT PREJUDICE, AS MOOT. RE: DCs Counterclaims (Superman and Superboy Cases) IT IS ORDERED AND ADJUDGED that DCs First Counterclaim, For Declaration That The Superman Notices And The Superboy Notice Are Ineffective,is DENIED WITH PREJUDICE in its entirety in the Superman case and as to Parts(1), (2), and (5) in the Superboy case. See Superman case, ECF Nos. 293, 664(striking parts (3) and (4) from the First Counterclaim in the Superman case).IT IS FURTHER ORDERED AND ADJUDGED that DCs Second Counterclaim, For Declaration That Any Claim By The Siegels For Co−Ownership Of Superman (Including Its Derivative Superboy) Is Barred By The Statute Of Limitations, is DENIED WITH PREJUDICE. See Superman case, ECF No. 293.IT IS FURTHER ORDERED AND ADJUDGED that DCs Fourth Counterclaim, for Declaratory Relief Regarding the [2001 Settlement] Agreement, is GRANTED in part as follows. The Court declares that the parties October 19, 2001 settlement agreement (embodied in Kevin Markss letter of the same date)remains binding and enforceable solely under the terms contained in that agreement. Under that agreement, Larson and her family transferred to DC, worldwide and in perpetuity, any and all rights, title, and interest, including all copyright interests, that they had in Superman and Superboy, effective October 19, 2001. Petrocelli Decl. Ex. B, at 19, 21; Larson, 2013 WL 1113259, at *12. Judgment is hereby entered in DCs favor and against Larson on this counterclaim. IT IS FURTHER ORDERED that DCs Third, Fifth, and Sixth Counterclaims are DISMISSED, WITHOUT PREJUDICE, AS MOOT. (lc) Modified on 6/18/2013 (lc). (Entered: 06/18/2013) |
| 06/18/2013 | 734 | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS MOTION TO AMEND THECOURTS APRIL 18, 2013 JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)LAURA SIEGEL LARSON 731 by Judge Otis D. Wright, II: The Court will not withdraw Section B of its March 20, 2013 summary−judgment order. The Court determines that Section Bfinding |

| | | that the 2001 Agreement remains an enforceable contract because Larson had not rescinded it and DC had not abandoned itis a necessary prerequisite to the Courts subsequent finding in Section C that the still–valid Agreement had operated to transfer the Siegels Superman rights to DC (the continued legal effect of which depends on the continued enforceability of the Agreement). But, for the well–articulated reasons set forth on pages 19:9 to 22:9 of Plaintiffs moving papers, the Court will enter Plaintiffs proposed amended judgment in Case Nos. 04–CV–8400 and 04–CV–8776. (lc) (Entered: 06/18/2013) |
|---|---|---|
| 06/17/2013 | [733](#) | REPLY MOTION to Alter Judgment re Judgment,,,,,,, [724](#) . *Plaintiff's Motion For Amendment Of The Court's April 18, 2013 Judgment Pursuant To Fed. R. Civ. P. 59(e)* [731](#) filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 06/17/2013) |
| 06/05/2013 | [732](#) | OPPOSITION re: MOTION to Alter Judgment re Judgment,,,,,,, [724](#) . *Plaintiff's Motion For Amendment Of The Court's April 18, 2013 Judgment Pursuant To Fed. R. Civ. P. 59(e)* [731](#) filed by Defendant DC Comics, Counter Claimant DC Comics. (Petrocelli, Daniel) (Entered: 06/05/2013) |
| 05/16/2013 | [731](#) | NOTICE OF MOTION AND MOTION to Alter Judgment re Judgment,,,,,,, [724](#) . *Plaintiff's Motion For Amendment Of The Court's April 18, 2013 Judgment Pursuant To Fed. R. Civ. P. 59(e)* filed by Plaintiff Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel ), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). Motion set for hearing on 7/1/2013 at 01:30 PM before Judge Otis D. Wright II. (Attachments: #[1](#) Proposed Order, #[2](#) Proposed Judgment)(Toberoff, Marc) (Entered: 05/16/2013) |
| 05/16/2013 | [730](#) | DECLARATION of Patrick T. Perkins re Reply (Motion related), [729](#) filed by Defendant DC Comics, Counter Claimant DC Comics. (Petrocelli, Daniel) (Entered: 05/16/2013) |
| 05/14/2013 | [729](#) | REPLY in support of APPLICATION to the Clerk to Tax Costs against plaintiff and counter defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel) [725](#) filed by Defendant DC Comics, Counter Claimant DC Comics. (Attachments: #[1](#) Declaration of Brian Pearl)(Petrocelli, Daniel) (Entered: 05/14/2013) |
| 05/10/2013 | [728](#) | Objection re: APPLICATION to the Clerk to Tax Costs against plaintiff and counter defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel) [725](#) filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Attachments: #[1](#) Declaration of Marc Toberoff)(Toberoff, Marc) (Entered: 05/10/2013) |
| 05/07/2013 | [727](#) | COURTS LETTER RE REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright and attached final judgment. (Closing). Mailed to Copyright Office. (lc) (Entered: 05/08/2013) |
| 05/02/2013 | [725](#) | APPLICATION to the Clerk to Tax Costs against plaintiff and counter defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel) filed by defendant and counter claimant DC Comics. Application set for hearing on 5/17/2013 at 01:00 PM before Clerk of Court. (Attachments: #[1](#) CV–59 Proposed Bill of Costs, #[2](#) Declaration of Matthew T. Kline in Support of, #[3](#) Exhibits A through C to Kline Declaration, #[4](#) Exhibits D though F to Kline Declaration, #[5](#) Exhibit G to Kline Declaration, #[6](#) Declaration of Wayne M. Smith in Support of)(Petrocelli, Daniel) (Entered: 05/02/2013) |
| 04/25/2013 | [726](#) | APPEAL RECORD RETURNED from 9th CCA Received: Volume(s): 1 through 17; Sealed Documents(s): 11; Transcripts(s): 4; Bulky documents 19 [See document for item numbers on Sealed and on Bulky documents] RE: Appeal Record Sent to USCA (A–26), [694](#) (car) (Entered: 05/07/2013) |
| 04/18/2013 | [724](#) | FINAL JUDGMENT IN THE SIEGEL SUPERMAN CASE by Judge Otis D. Wright : Consistent with this Courts March 20 and April 18, 2013 Orders |

| | | collectively granting DCs February 7, 2013 Motion for Summary Judgment (ECF Nos. 717, 723), this Court may now enter final judgment. A. LARSON'S CLAIMS: IT IS ORDERED AND ADJUDGED that Larsons First Claim for Relief, for Declaratory Relief re: Termination, is DENIED, and judgment is hereby entered in DCs favor and against Larson on this claim. IT IS FURTHER ORDERED AND ADJUDGED that Larsons Second Claim for Relief, for Declaratory Relief re: Profits from Recaptured Copyrights, is DENIED, and judgment is hereby entered in DCs favor and against Larson on this claim. IT IS FURTHER ORDERED AND ADJUDGED that Larsons Third Claim for Relief, for Declaratory Relief re: Use of the Superman Crest, is DENIED, and judgment is hereby entered in DCs favor and against Larson on this claim. IT IS FURTHER ORDERED AND ADJUDGED that Larsons Fourth Claim for Relief, for Accounting for Profits, is DENIED, and judgment is hereby entered in DCs favor and against Larson on this claim. B. DCs COUNTERCLAIMS: IT IS ORDERED AND ADJUDGED that DCs Fourth Counterclaim, for Declaratory Relief Regarding the [2001 Settlement] Agreement, is GRANTED, and judgment is hereby entered in DCs favor and against Larson on this counterclaim. The Court declares that, under the parties October 19, 2001 settlement agreement, Larson and her family transferred to DC, worldwide and in perpetuity, any and all rights, title, and interest, including all copyright interests, that they may have in Superman, Superboy, and Spectre. IT IS ACCORDINGLY FURTHER ORDERED that DCs First, Second, Third, Fifth, and Sixth Counterclaims are DISMISSED, WITHOUT PREJUDICE, AS MOOT. (MD JS–6, Case Terminated). (lc) (Entered: 04/19/2013) |
|---|---|---|
| 04/18/2013 | 723 | ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT RE: SUPERBOY AND THE SUPERMAN ADS 702 . A judgment will issue by Judge Otis D. Wright, II. (lc). Modified on 4/18/2013 (lc). (Entered: 04/18/2013) |
| 04/04/2013 | 722 | Supplemental BRIEF filed by Plaintiff Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel ), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). *Court–Ordered Supplemental Brief Re: Effect of the Court's March 20, 2013 Order on the "Ads" and "Superboy" Terminations* regarding Order on Motion for Summary Judgment,,,, 717 . (Attachments: # 1 Declaration of Keith Adams, # 2 Declaration of Laura Siegel Larson)(Toberoff, Marc) (Entered: 04/04/2013) |
| 04/04/2013 | 721 | SUPPLEMENTAL BRIEF filed by Defendant and Counterclaimant DC Comics. regarding Order on Motion for Summary Judgment,,,, 717 . (Petrocelli, Daniel) (Entered: 04/04/2013) |
| 04/04/2013 | 720 | DECLARATION of Daniel M. Petrocelli re Order on Motion for Summary Judgment,,,, 717 filed by Defendant DC Comics, Counter Claimant DC Comics. (Attachments: # 1 Exhibit 1–10, # 2 Exhibit 11 [Part 1 of 3], # 3 Exhibit 11 [Part 2 of 3], # 4 Exhibit 11 [Part 3 of 3], # 5 Exhibit 12–15, # 6 Exhibit 16–21, # 7 Exhibit 22–31, # 8 Exhibit 32–36, # 9 Exhibit 37–39, # 10 Exhibit 40–58, # 11 Exhibit 59, # 12 Exhibit 60 [Part 1 of 2], # 13 Exhibit 60 [Part 2 of 2], # 14 Exhibit 61–64, # 15 Exhibit 65–66, # 16 Exhibit 67, # 17 Exhibit 68–69)(Petrocelli, Daniel) (Entered: 04/04/2013) |
| 03/22/2013 | 719 | ORDER by Judge Otis D. Wright, II, re Stipulation 718 that the parties shallelectronically file their supplemental briefs in response to this Courts March 20, 2013, summary judgment ruling by no later than 5:00 p.m. on Thursday, April 4,2013. (lc) (Entered: 03/22/2013) |
| 03/21/2013 | 718 | Joint STIPULATION to Continue Deadline for Court–Ordered Supplemental Brief from March 28, 2013 to April 4, 2013 Re: Order on Motion for Summary Judgment,,,, 717 filed by Defendant and Counterclaimant DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 03/21/2013) |
| 03/20/2013 | 717 | ORDER GRANTING IN PART DEFENDANTS MOTION FOR SUMMARY JUDGMENT 702 AND ORDERING FURTHER BRIEFING by Judge Otis D. Wright, II: The parties are therefore ORDERED to file supplemental briefs addressing how the Courts holding that the October 19 agreement remains binding and enforceable today affects the parties respective rights to Superboy and the Superman ad works. The briefs should not exceed 15 pages in length and should devote particular attention to the relevant factual and procedural history with |

| | | respect to these works, including the continued effect various earlier rulings by the Court have on these claims issue. The briefs must also include a brief proposal for swift resolution of the Superboy and Superman ad issues should the Court find that the October 19 agreement does not extend to these works. The parties shall submit all documents on which they rely as exhibits. The parties supplemental briefs are due no later than 5:00 p.m. on Thursday, March 28, 2013. (lc). Modified on 3/20/2013. (lc). (Entered: 03/20/2013) |
|---|---|---|
| 03/19/2013 | 716 | ORDER that the Unopposed Corrected Application For Leave To Withdraw As Counsel For Warner Bros. Entertainment Inc. and DC Comics Pursuant to L.R.83−2.9.2.1 is granted 693 , 689 . Patrick T. Perkins is hereby relieved as counsel for defendant Warner Bros. Entertainment Inc. and defendant and counterclaimant DC Comics in the above−entitled action. by Judge Otis D. Wright, II (lc) Modified on 3/19/2013 (lc). (Entered: 03/19/2013) |
| 03/18/2013 | 715 | Sur−Reply In Opposition To re: MOTION for Summary Judgment 702 *Plaintiff's Court−Authorized Sur−Reply* filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 03/18/2013) |
| 03/12/2013 | 714 | ORDER GRANTING PLAINTIFFS LEAVE TO FILE A SUR−REPL by Judge Otis D. Wright, II. Plaintiff is therefore granted leave to file a sur−reply no longer than 5 pages in length to respond to any arguments addressed in Defendants' Reply. Should she choose to file a sur−reply, Plaintiff must do so no later than Monday, March 18, 2013., (bp) (Entered: 03/12/2013) |
| 03/08/2013 | 713 | RESPONSE filed by Defendant DC Comics, Counter Claimant DC Comicsto Objection/Opposition (Motion related), 709 */DC Comics' Response to Plaintiff's Statement of Genuine Issues and Additional Facts [709−1]* (Petrocelli, Daniel) (Entered: 03/08/2013) |
| 03/08/2013 | 712 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson.David Harris is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G−06 Notice. Filed by Plaintiff Laura Siegel Larson (Toberoff, Marc) (Entered: 03/08/2013) |
| 03/08/2013 | 711 | REPLY in support of MOTION for Summary Judgment 702 filed by Defendant DC Comics, Counter Claimant DC Comics. (Attachments: # 1 Declaration of Matthew T. Kline, # 2 Exhibit A−F to Declaration of Matthew T. Kline)(Petrocelli, Daniel) (Entered: 03/08/2013) |
| 03/08/2013 | 710 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson.Pablo D. Arredondo is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G−06 Notice. Filed by Plaintiff Laura Siegel Larson (Toberoff, Marc) (Entered: 03/08/2013) |
| 03/04/2013 | 709 | Opposition re: MOTION for Summary Judgment 702 filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Attachments: # 1 Statement of Genuine Issues, # 2 Declaration of Keith Adams and Exhibits 1−25)(Toberoff, Marc) (Entered: 03/04/2013) |
| 02/25/2013 | 708 | STATUS REPORT *Joint Status Report Re: The Superman and Superboy Cases Pursuant to the Court's February 1, 2013, Orders* filed by Defendant DC Comics, Counter Claimant DC Comics. (Petrocelli, Daniel) (Entered: 02/25/2013) |
| 02/08/2013 | 707 | ORDER by Judge Otis D. Wright, II: granting 704 Ex Parte Application to Continue the noticed hearing date (and all associated briefing dates) on Defendants motions for summary judgment in the Superman and Superboycases (Case No. 04−CV−08400, 702 ; Case No. 04−CV−08776, ECF No. 222)to March 25, 2013. Plaintiffs opposition is therefore due no later than March 4,and Defendants reply (if any) is due no later than March 11. Nevertheless, theCourt hereby VACATES the hearing on these motions, and no appearances will benecessary unless otherwise ordered by the Court on a later date. The Court willlikewise vacate all March 11 |

| | | hearing dates in all related Superman matters (CaseNos. 04–CV–08400, 04–CV–8776, and 10–CV–03633) in a forthcoming minute order.No appearances will be necessary on any pending motions in any of these mattersunless otherwise ordered by the Court. All other briefing schedules related to all other pending motions remain fixed.(lc) (Entered: 02/08/2013) |
|---|---|---|
| 02/08/2013 | 706 | REPLY in support of EX PARTE APPLICATION to Continue Opposition and Hearing Dates from March 11, 2013 to March 25, 2013 Re: MOTION for Summary Judgment 702 EX PARTE APPLICATION to Continue Opposition and Hearing Dates from March 11, 2013 to March 25, 2013 Re: MOTION for Summary Judgment 702 704 filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 02/08/2013) |
| 02/08/2013 | 705 | Opposition re: EX PARTE APPLICATION to Continue Opposition and Hearing Dates from March 11, 2013 to March 25, 2013 Re: MOTION for Summary Judgment 702 EX PARTE APPLICATION to Continue Opposition and Hearing Dates from March 11, 2013 to March 25, 2013 Re: MOTION for Summary Judgment 702 704 filed by Defendant DC Comics, Counter Claimant DC Comics. (Attachments: # 1 Declaration of Matthew T. Kline, # 2 Exhibit A–F to Declaration of Matthew T Kline)(Petrocelli, Daniel) (Entered: 02/08/2013) |
| 02/07/2013 | 704 | EX PARTE APPLICATION to Continue Opposition and Hearing Dates from March 11, 2013 to March 25, 2013 Re: MOTION for Summary Judgment 702 filed by plaintiff and counterclaim defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel ), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). (Attachments: # 1 Declaration of Keith Adams and Exhibits A–D, # 2 Proposed Order)(Toberoff, Marc) (Entered: 02/07/2013) |
| 02/07/2013 | 702 | NOTICE OF MOTION AND MOTION for Summary Judgment filed by Defendant DC Comics. Motion set for hearing on 3/11/2013 at 01:30 PM before Judge Otis D. Wright II. (Attachments: # 1 Declaration of Daniel M. Petrocelli, # 2 Exhibit A–D to Declaration of Daniel M. Petrocelli, # 3 Proposed Statement of Uncontroverted Facts and Conclusions of Law, # 4 Proposed Order, # 5 Proposed Final Judgment)(Petrocelli, Daniel) (Entered: 02/07/2013) |
| 02/04/2013 | 703 | MANDATE of 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 674 , 671 , CCA # 11–55863, 11–56034. The Judgment of District Court is Reversed in Part and Remanded. Mandate received in this district on 2/4/13. (cbr) (Entered: 02/07/2013) |
| 02/01/2013 | 701 | MINUTE ORDER IN CHAMBERS by Judge Otis D. Wright, II:In light of the recent rulings from the Ninth Circuit and various other appeals still pending before the Ninth Circuit, the parties are hereby directed to file a joint status report providing the Court with a concise procedural history of this case and a summary of the current state of affairs in each of the above titled actions no later than 1/25/2013. (see document for specific requirements). (lc) (Entered: 02/01/2013) |
| 01/25/2013 | 700 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Adding David Harris as attorney as counsel of record for Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by plaintiff and counter defendant Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 699 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing e–mail for attorney Pablo D. Arredondo to parredondo@toberoffandassociates.com. Filed by plaintiff and counter defendant Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
| 01/25/2013 | 698 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing e–mail for Keith G. Adams to kadams@toberoffandassociates.com. Filed by plaintiff and counter defendant Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |

| 01/25/2013 | 697 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing e–mail for attorney Marc Toberoff to mtoberoff@toberoffandassociates.com. Filed by plaintiff and counter defendant Laura Siegel Larson (Toberoff, Marc) (Entered: 01/25/2013) |
|---|---|---|
| 10/26/2012 | 696 | ORDER from 9th CCA filed, CCA # 11–55863, 11–56034. Defendants move to lodged an original Detective Comics #15 comic book in the record. The motion is granted. [See document for further details]. Order received in this district on 10/26/12. (car) (Entered: 10/29/2012) |
| 09/06/2012 | 695 | APPEAL RECORD sealed documents sent to Circuit Court re: Appeal number, 11–55863. Twelve (12) documents were sent with this transmittal. Document numbers: S0192, S0213–S0216, S0261, S0267, S0281, S0315, S0342, S0389, S0439. Re: Notice of Appeal to 9th Circuit Court of Appeals 671 . (dmap) (Entered: 09/06/2012) |
| 09/06/2012 | 694 | RECORD ON APPEAL sent to Circuit Court re: Appeal number, 11–55863. The record consists of 17 volumes, 19 bulky documents, documents: B0013, B0078, B0106, B0111, B0114, B0115, B0116, B0129, B0132, B0135, B0136, B0139, B0140, B0155, B0156, B0163, B0164, B0184, B0244 and 4 transcripts re Notice of Appeal to 9th Circuit Court of Appeals 671 . (dmap) (Entered: 09/06/2012) |
| 07/23/2012 | 693 | Corrected APPLICATION of Patrick T. Perkins to Withdraw as Attorney *For Warner Bros. Entertainment Inc. and DC Comics* filed by defendants DC Comics. (Attachments: # 1 Proposed Order Granting Corrected Unnoposed Application For Leave To Withdraw As Counsel For Defendants)(Perkins, Patrick) (Entered: 07/23/2012) |
| 07/05/2012 | 692 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 674 filed by Warner Bros Entertainment Inc, DC Comics, Notice of Appeal to 9th Circuit Court of Appeals, 671 filed by Laura Siegel Larson, CCA # 11–55863, 11–56034. The appellants opposed motion to strike portions of the supplemental excerpts of record and the second cross–appeal brief is referred to the merits panel for resolution. The appellants motion to file an oversized third cross–appeal brief is granted. The Clerk shall file the third cross–appeal brief submitted on May 24, 2012. The appellees motion to supplement the record, and any response, is referred to the merits panel for resolution. The fourth cross–appeal brief submitted on June 19, 2012 has been filed. Order received in this district on 7/5/12. (car) (Entered: 07/09/2012) |
| 06/14/2012 | 691 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion Related Document, 690 . The following error(s) was found: Incorrect event and incorrect procedure selected. pdf is the proposed order to the "unopposed" application, docket entry # 689.Proposed orders are not efiled in themselves, but should be submitted as a separate attachment. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 06/14/2012) |
| 06/13/2012 | 690 | PROPOSED ORDER GRANTING UNOPPOSED APPLICATION FOR LEAVE TO WITHDRAW AS COUNSEL WARNER BROS. ENTERTAINMENT INC. AND DC COMICS re APPLICATION of Patrick T. Perkins to Withdraw as Attorney *for Defendants DC Comics, Time Warner, Inc., Warner Bros. Entertainment, Inc.* 689 filed by Defendant DC Comics, Counter Claimant DC Comics. (Perkins, Patrick) (Entered: 06/13/2012) |
| 06/13/2012 | 689 | APPLICATION of Patrick T. Perkins to Withdraw as Attorney *for Defendants DC Comics, Time Warner, Inc., Warner Bros. Entertainment, Inc.* filed by Defendants DC Comics. (Perkins, Patrick) (Entered: 06/13/2012) |
| 03/12/2012 | 688 | NOTICE of Change of address by Marc Toberoff attorney for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing attorneys address to 22337 Pacific Coast Highway, #348 Malibu, CA 90265. Filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. |

| | | (Attachments: # 1 G–06 Pablo D. Arredondo)(Toberoff, Marc) (Entered: 03/12/2012) |
|---|---|---|
| 03/12/2012 | 687 | NOTICE of Change of address by Marc Toberoff attorney for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing attorneys address to 22337 Pacific Coast Highway, #348 Malibu, CA 90265. Filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 03/12/2012) |
| 03/01/2012 | 686 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 674 filed by Warner Bros Entertainment Inc, DC Comics, Notice of Appeal to 9th Circuit Court of Appeals, 671 filed by Laura Siegel Larson, CCA # 11–55863, 11–56034. Order received in this district on 3/1/12. Appellees Warner Bros., et al.'s opposed motion for an extension of time to file the second cross–appeal brief is granted. The second cross–appeal brief for appellees Warner Bros., et al. is due March 23, 2012. (cbr) (Entered: 03/06/2012) |
| 02/24/2012 | 685 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Adding Pablo D. Arredondo as attorney as counsel of record for Laura Siegel Larson, Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by Plaintiff Laura Siegel Larson, Laura Siegel Larson (Toberoff, Marc) (Entered: 02/24/2012) |
| 12/09/2011 | 684 | STATUS REPORT *Pursuant to the Court's May 17, 2011 Order* filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/09/2011) |
| 12/09/2011 | 683 | NOTICE of Change of address by Marc Toberoff attorney for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing attorneys address to Keith Adams, 22631 Pacific Coast Highway #348, Malibu, California 90265. Filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/09/2011) |
| 12/09/2011 | 682 | NOTICE of Change of address by Marc Toberoff attorney for Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. Changing attorneys address to 22631 Pacific Coast Highway #348, Malibu, California 90265. Filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/09/2011) |
| 12/05/2011 | 681 | ORDER by Judge Otis D Wright, II, re Joint Stipulation to certify and foward supplemental Record is granted 680 . Excerpts of deposition of Kevin S Marks attached as exhibit A to the Joint stipulation were omitted by error or accident and shall be certified and forwarded to the court of appeals. (lc) Modified on 12/5/2011 (lc). (Entered: 12/05/2011) |
| 12/02/2011 | 680 | Joint STIPULATION to Certify and Forward Supplemental Record filed by defendants and counterclaimant DC Comics, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 12/02/2011) |
| 10/08/2011 | 679 | STATUS REPORT *Pursuant to the Court's May 17, 2011 Order* filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/08/2011) |
| 09/22/2011 | 678 | ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, 674 filed by Warner Bros Entertainment Inc, DC Comics, Notice of Appeal to 9th Circuit Court of Appeals, 671 filed by Laura Siegel Larson, CCA # 11–55863, 11–56034. Appellee's motion to dismiss appeal No. 11–55863 for lack of jurisdiction is denied without prejudice to renewing the arguments in the second brief on cross–appeal. The briefing schedule established previously shall remain in effect. Order received in this district on 9/22/11. (car) (Entered: 09/26/2011) |
| 08/08/2011 | 677 | STATUS REPORT *Pursuant to the Court's May 17, 2011 Order* filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 08/08/2011) |

| 06/27/2011 | 676 | TRANSCRIPT DESIGNATION AND ORDERING FORM For Dates: 9/17/2007, 9/16/2008, 9/21/2009; Court Reporter: Theresa A. Lanza; Court of Appeals Case Number: 11–55863; Re: 671 (Toberoff, Marc) (Entered: 06/27/2011) |
|---|---|---|
| 06/20/2011 | 675 | NOTIFICATION by Circuit Court of Appellate Docket Number 11–56034 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 674 as to Defendants – Counterclaimant(s) DC Comics and Time Warner Inc. (dmap) (Entered: 06/20/2011) |
| 06/15/2011 | 674 | NOTICE OF APPEAL to the 9th CCA filed by Defendants – Counterclaimant – Notice of Cross Appeal DC Comics, Warner Bros Entertainment Inc. Appeal of Judgment, 669 (Appeal fee of $455 receipt number 0973–8800191 paid.) (Attachments: # 1 Representation Statement, # 2 Statement of Related Cases)(Petrocelli, Daniel) (Entered: 06/15/2011) |
| 06/08/2011 | 673 | STATUS REPORT *Pursuant to the Court's May 17, 2011 Order* filed by Plaintiffs Laura Siegel Larson, Laura Siegel Larson. (Toberoff, Marc) (Entered: 06/08/2011) |
| 05/27/2011 | 672 | NOTIFICATION by Circuit Court of Appellate Docket Number 11–55863 9th CCA regarding Notice of Appeal to 9th Circuit Court of Appeals 671 . (dmap) (Entered: 05/31/2011) |
| 05/27/2011 | 671 | NOTICE OF APPEAL to the 9th CCA filed by Plaintiff and Counterclaim Defendant Laura Siegel Larson(an individual), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel ), Laura Siegel Larson(as personal representative of the Estate of Joanne Siegel). Appeal of Judgment, 669 (Appeal fee of $455 receipt number 0973–8716576 paid.) (Attachments: # 1 Representation Statement, # 2 Proof of Service)(Toberoff, Marc) (Entered: 05/27/2011) |
| 05/23/2011 | 670 | ORDER by Judge Otis D Wright, II, re Stipulation 668 Laura Siegel larson, as personal representative of Estate of Joanne Siegel is substituted for Joanne Siegel as as plaintiff and counter defendant. (lc) (Entered: 05/23/2011) |
| 05/18/2011 | 668 | Joint STIPULATION to SUBSTITUTE Laura Siegel Larson for Joanne Siegel Pursuant to Fed. R. Civ. P. 25(a) filed by Plaintiff Laura Siegel Larson. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 05/18/2011) |
| 05/17/2011 | 669 | JUDGMENT Pursuant to FRCP 54(b) by Judge Otis D Wright, II (see attached Judgment for further information). Judgment in this action is hereby entered Pursuant to FRCP 54(b) on the First Claim of the Third Amended Complaint, and First, Second, Third and Fourth Counterclaims of the Second Amended Counterclaims. (jp) (Entered: 05/20/2011) |
| 05/17/2011 | 667 | ORDER by Judge Otis D Wright, II: granting 665 Motion for Entry of Judgment pursuant to Rule 54(b). Judgment in this action shall be entered on the First Claim of the Third Amended Complaint, and the First, Second, Third and Fourth Counterclaims of the Second Amended Counterclaims (as stricken inpart by the Courts May 5, 2011 order), and the Courts March 26, 2008 order (Docket No. 293), August 12, 2009 order (Docket No. 560), and October 30, 2009 order (Docket No. 595) are hereby CERTIFIED AS FINAL PURSUANT TO FED. R. CIV. P. 54(b). 3. Further proceedings in this case are hereby stayed pending appeal. 4. Instead of the status reports referred to in the Courts March 15, 2011 order, plaintiffs are ordered to file a status report on or before Wednesday, June 8, 2011, and every 60 days thereafter, until further order of the Court. (lc) Modified on 5/18/2011 (lc). (Entered: 05/17/2011) |
| 05/16/2011 | 666 | OPPOSITION re: Renewed MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims Pending Appeal Pursuant to the Court's May 5, 2011 Order*Renewed MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims Pending Appeal Pursuant to the Court's May 5, 2011 Order* 665 filed by Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. (Attachments: # 1 Declaration of Cassandra Seto in Support of Defendants' Opposition to Plaintiff's Renewed Motion, # 2 Exhibit A to Seto Declaration, # 3 Exhibit B to Seto Declaration, # 4 Exhibit C to Seto Declaration, # 5 Exhibit D Part 1 of 1 to Seto Declaration, # 6 Exhibit D Part 2 of 2 to Seto Declaration, # 7 Exhibit E to Seto Declaration, # 8 Exhibit F to Seto Declaration, # 9 Exhibit G to Seto Declaration, # 10 Exhibit H to Seto Declaration, # 11 Exhibit I to Seto |

**ER 3540**

| | | Declaration, #12 Exhibit J to Seto Declaration, #13 Proposed Order)(Petrocelli, Daniel) (Entered: 05/16/2011) |
|---|---|---|
| 05/09/2011 | 665 | NOTICE OF MOTION AND Renewed MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims Pending Appeal Pursuant to the Court's May 5, 2011 Order* filed by Plaintiff Laura Siegel Larson. Motion set for hearing on 6/6/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #1 Declaration of Marc Toberoff, #2 Exhibits A–B to the Declaration of Marc Toberoff, #3 Proposed Order, #4 Proposed Judgment)(Toberoff, Marc) (Entered: 05/09/2011) |
| 05/05/2011 | 664 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: Order Vacating March 15, 2011 Judgment 660 and Striking Superfluous Allegations from DC Comics FirstAmended Counterclaim. Plaintiffs shall renew their motion for certification and lodge a proposed judgment accordingly. Defendants motion to amend judgment 661 is deemed MOOT and the hearing scheduled for May 16, 2011 at 1:30 p.m. is VACATED. (lc) (Entered: 05/06/2011) |
| 05/02/2011 | 663 | REPLY in support *of Motion to Amend Partial Judgment Under FED.R.CIV.P.59 661* filed by Defendant Warner Bros Entertainment Inc. (Petrocelli, Daniel) (Entered: 05/02/2011) |
| 04/25/2011 | 662 | MEMORANDUM in Opposition *to Defendants' Motion to Amend Partial Final Judgment Under Fed. R. Civ. P. 59* filed by Plaintiff Laura Siegel Larson. (Attachments: #1 Declaration of Marc Toberoff, #2 Exhibit A–C to the Declaration of Marc Toberoff, #3 Proposed Order Denying Defendants' Rule 59(e) Motion, #4 Exhibit A to [Proposed] Order Denying Defendants' Rule 59(e) Motion, #5 Exhibit B to [Proposed] Denying Defendants' Rule 59(e) Motion)(Toberoff, Marc) (Entered: 04/25/2011) |
| 04/12/2011 | 661 | NOTICE OF MOTION AND MOTION to AMEND Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal), Order on Motion for Entry of Judgment pursuant to Rule 54(b) (Interlocutory Appeal) 659 , Judgment 660 */ Motion to Amend Partial Final Judgment Under Fed. R. Civ. P. 59* filed by defendants and counterclaimant DC Comics, Warner Bros Entertainment Inc. Motion set for hearing on 5/16/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: #1 Declaration of Patrict T. Perkins in Support of Motion, #2 Exhibit 1 to Perkins Declaration, #3 Exhibit 2 to Perkins Declaration, #4 Exhibit 3 to Perkins Declaration, #5 Exhibit 4 to Perkins Declaration, #6 Exhibit 5 to Perkins Declaration, #7 Proposed Order, #8 Exhibit A to Proposed Order, #9 Exhibit B to Proposed Order)(Petrocelli, Daniel) (Entered: 04/12/2011) |
| 03/15/2011 | 660 | JUDGMENT PURSUANT TO FRCP 54(b) on the First Claim of the Third Amended Complaint, and the First, Second, Third and Fourth Counterclaims of the Second Amended Counterclaims by Judge Otis D Wright, II. (see document for detailed specifics). (lc) (Entered: 03/15/2011) |
| 03/15/2011 | 659 | ORDER by Judge Otis D Wright, II: granting 648 plaintiffs Motion for Entry of Partial Judgment pursuant to Rule 54(b)and for Stay of remaining claims pending appeal. Judgment in this action shall be entered on the First Claim of the Third Amended Complaint, and the First, Second, Third and Fourth Counterclaims of the Second Amended Counterclaims, and such Orders are hereby CERTIFIED FINAL PURSUANT TO FED. R. CIV. P. 54(b). 3. Further proceedings in this case are hereby stayed pending appeal.4. Accordingly, the motion hearing and status conference scheduled for March 21, 2011 at 1:30 p.m. is VACATED. 5. Plaintiff is ordered to file a status report on or before Wednesday, May 18, 2011, and every 60 days thereafter, until further order of the Court. (lc) Modified on 3/15/2011 (lc). (Entered: 03/15/2011) |
| 03/08/2011 | 658 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II:, ORDER by Judge Otis D Wright, II The hearings originally scheduled have been rescheduled:( Further Status Conference set for 3/21/2011 01:30 PM before Judge Otis D Wright II.) (rne) (Entered: 03/08/2011) |

| 03/07/2011 | 657 | REPLY in Support of MOTION for Entry of Judgment pursuant to Rule 54(b) 648 filed by Plaintiff Laura Siegel Larson. (Toberoff, Marc) (Entered: 03/07/2011) |
|---|---|---|
| 03/03/2011 | 656 | ANSWER to Amended Counterclaim 646 JURY DEMAND. filed by Plaintiff Laura Siegel Larson.(Toberoff, Marc) (Entered: 03/03/2011) |
| 02/28/2011 | 655 | OPPOSITION re: MOTION for Entry of Judgment pursuant to Rule 54(b) 648 filed by Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. (Attachments: # 1 Declaration of Daniel M. Petrocelli in Support of Opposition, # 2 Exhibit A to Petrocelli Declaration, # 3 Exhibit B to Petrocelli Declaration, # 4 Exhibit C to Petrocelli Declaration, # 5 Exhibit D to Petrocelli Declaration, # 6 Response to Statement of Undisputed Facts and Legal Conclusions in Support of Motion For Entry of Partial Judgment Under Fed. R. Civ. P. 54(B) and Stay of Remaining Claims Pending Appeal 651 , # 7 Proposed Order)(Petrocelli, Daniel) (Entered: 02/28/2011) |
| 02/25/2011 | 654 | NOTICE OF LODGING filed re Response By Court to Notice of Deficiencies (G–112B), Response By Court to Notice of Deficiencies (G–112B) 651 , MOTION for Entry of Judgment pursuant to Rule 54(b) 648 (Attachments: # 1 Exhibit A (Proposed) Order, # 2 Exhibit B (Proposed) Judgment, # 3 Exhibit C (Proposed) L.R. 56–1 Statement)(Toberoff, Marc) (Entered: 02/25/2011) |
| 02/24/2011 | 653 | ORDER by Judge Otis D Wright, II, re GRANTING Stipulation to Reschedule 652 , ORDER by Judge Otis D Wright, II The hearings originally scheduled have been rescheduled: re Stipulation to Reschedule 652 .( Status Conference set for 3/14/2011 01:30 PM before Judge Otis D Wright II.) (rne) (Entered: 02/24/2011) |
| 02/23/2011 | 652 | STIPULATION to Reschedule Further Status Conference Set for February 28, 2011 at 1:30 p.m. to March 14, 2011 at 1:30 p.m. filed by Plaintiff Laura Siegel Larson. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 02/23/2011) |
| 02/23/2011 | 651 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS. Plaintiff shall file a Notice of Lodging that attaches a Proposed Judgment and a Proposed Statement of Uncontroverted Facts, etc. in compliance with L.R. 56–1 on or before Friday 02/25/11 or the motion will be ordered STRICKEN. RE: 648 MOTION for Entry of Judgment pursuant to Rule 54(b). (sch) (Entered: 02/23/2011) |
| 02/22/2011 | 650 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION for Entry of Judgment pursuant to Rule 54(b) 648 . The following error(s) was found: Local Rule 56–1 Statement of Uncontroverted Facts and or proposed Judgment lacking. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (vh) (Entered: 02/22/2011) |
| 02/19/2011 | 649 | NOTICE OF ERRATA filed by Plaintiff Laura Siegel Larson. correcting Statement 647 , MOTION for Entry of Judgment pursuant to Rule 54(b) 648 (Williamson, Nicholas) (Entered: 02/19/2011) |
| 02/18/2011 | 648 | NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) filed by Plaintiff Laura Siegel Larson. Motion set for hearing on 3/21/2011 at 01:30 PM before Judge Otis D Wright II. (Toberoff, Marc) (Entered: 02/18/2011) |
| 02/18/2011 | 647 | STATEMENT Re: Death of a Party filed by Plaintiff Laura Siegel Larson (Toberoff, Marc) (Entered: 02/18/2011) |
| 02/17/2011 | 646 | SECOND AMENDED COUNTERCLAIM against counterdefendants Joanne Siegel, Laura Siegel Larson amending Amended Counterclaim, 42 ,filed by counterclaimants Warner Bros Entertainment Inc, DC Comics, Does (lc) (lc). (Entered: 02/18/2011) |
| 02/17/2011 | 645 | ANSWER to Amended Complaint 644 */ Answer to Third Amended Complaint* filed by defendants DC Comics, Warner Bros Entertainment Inc.(Petrocelli, Daniel) (Entered: 02/17/2011) |

| 02/03/2011 | 644 | THIRD AMENDED COMPLAINT against defendants Warner Bros Entertainment Inc., DC Comics, Does 1–10, amending Amended Complaint 378 ,Jury demand filed by plaintiffs Laura Siegel Larson, Joanne Siegel (lc) (Entered: 02/04/2011) |
| --- | --- | --- |
| 02/01/2011 | 642 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: re: MOTION for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 637 . The hearing on the above–referenced motion, scheduled for February 7, 2011 at 1:30 p.m. is hereby VACATED. The matter stands submitted. An order will issue. (rne) (Entered: 02/01/2011) |
| 01/31/2011 | 643 | ORDER by Judge Otis D Wright, II: granting 637 Plaintiffs Joanne Siegel and Laura Siegel Larsons Notice of Motion and Motion for Leave to File Third Amended Complaint. The Third Amended Complaint, when filed, will be deemed to be served on all Defendants, as of the date of this Order, pursuant to Local Rule 15–3. 3. Plaintiffs shall manually file the Third Amended Complaint through forthwith through the Civil Intake window and in compliance with General Order 08–02. (lc) (Entered: 02/01/2011) |
| 01/24/2011 | 641 | REPLY in Support of MOTION for Leave to to File Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 637 filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. (Toberoff, Marc) (Entered: 01/24/2011) |
| 01/18/2011 | 640 | Opposition re: MOTION for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 637 filed by Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. (Attachments: # 1 Declaration of Jason H. Tokoro in Support of Opposition to Motion for Leave to File Third Amended Complaint, # 2 Exhibit A to Tokoro Declaration, # 3 Exhibit B Part 1 to Tokoro Declaration, # 4 Exhibit B Part 2 to Tokoro Declaration, # 5 Exhibit C to Tokoro Declaration, # 6 Exhibit D to Tokoro Declaration, # 7 Exhibit E to Tokoro Declaration, # 8 Exhibit F to Tokoro Declaration, # 9 Exhibit G to Tokoro Declaration, # 10 Exhibit H to Tokoro Declaration, # 11 Exhibit I to Tokoro Declaration, # 12 Exhibit J to Tokoro Declaration)(Petrocelli, Daniel) (Entered: 01/18/2011) |
| 01/13/2011 | 639 | ORDER by Judge Otis D Wright, II, re Stipulation 638 Defendants deadline to file an Opposition to Plaintiffs Joanne Siegel and Laura Siegel Larsons Notice of Motion for Leave to File Third Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 (Motion) shall be continued from January 14, 2011 to January 18, 2011 at 6:00 p.m. The deadline for Plaintiffs reply in support of their Motion shall remain the same. (lc) (Entered: 01/13/2011) |
| 01/12/2011 | 638 | Joint STIPULATION for Extension of Time to File Response as to MOTION for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 637 filed by Defendants and CounterClaimant DC Comics. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 01/12/2011) |
| 01/10/2011 | 637 | NOTICE OF MOTION AND MOTION for Leave to File Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16 filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 2/7/2011 at 01:30 PM before Judge Otis D Wright II. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–I, # 3 [Proposed] Order and Exhibit A (Amended Complaint))(Toberoff, Marc) (Entered: 01/10/2011) |
| 12/15/2010 | 636 | MINUTES OF Status Conference held before Judge Otis D Wright, II:, ORDER by Judge Otis D Wright, II Set hearings Further Status Conference set for 2/28/2011 01:30 PM before Judge Otis D Wright II.Court Reporter: NOT REPORTED. (rne) (Entered: 12/15/2010) |
| 12/08/2010 | 635 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II:, ORDER by Judge Otis D Wright, II The hearings originally scheduled have been rescheduled:( Scheduling Conference set for 12/15/2010 11:00 AM before Judge Otis D Wright II.) (rne) (Entered: 12/08/2010) |
| 11/29/2010 | 634 | MINUTE OF (IN CHAMBERS): ORDER Re Scheduling Conference by Judge Otis D Wright II. After reviewing the parties submissions regarding case management and scheduling issues, the Court finds it necessary to discuss the matter with counsel. The Court sets an in chambers hearing on the matter for Wednesday, December 15, 2010 at 2:30 p.m. (sch) (Entered: 12/02/2010) |

| 11/09/2010 | 633 | NOTICE OF LODGING filed *for [Proposed] Order Granting Plaintiffs' Proposal Re Case Management Issues Filed Pursuant to the Court's October 13, 2010 Order* re Report 631 (Attachments: # 1 Exhibit A (Proposed Order))(Toberoff, Marc) (Entered: 11/09/2010) |
|---|---|---|
| 11/09/2010 | 632 | NOTICE OF LODGING filed */ of [Proposed] Order Granting Defendants' Proposal Re: Case Management Issues Filed Pursuant to Court's October 13, 2010 Order* re Report 631 (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 11/09/2010) |
| 11/08/2010 | 631 | JOINT SUBMISSION RE ; CASE MANAGEMENT ISSUES FILED PURSUANT TO COURT'S OCTOBER 13, 2010 ORDER REPORT filed by Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. (Petrocelli, Daniel) (Entered: 11/08/2010) |
| 10/13/2010 | 630 | MINUTES (IN CHAMBERS): ORDER by Judge Otis D Wright, II: Order Requesting Further Briefing and Denying Without Prejudice Plaintiffs' 54(b) Motion 618 . After reviewing the parties' various submissions and other relevant filings, including Docket Numbers 336, 339, 348, 349, 560, 602, 617, 618, 293, 623, 625, 626 and 627, the Court finds it necessary for the parties to brief the following Additional Issues identified in their December 21, 2009 Joint Status Report: (See document for details). The parties are ORDERED to 1) meet and confer regarding which Additional Issues remain unresolved, 2) identify for the Court all such issues and, in the same joint filing, 3) propose a briefing schedule to address the same. The parties' joint statement of Additional Issues and accompanying proposed briefing schedule shall be filed on or before November 8, 2010. Plaintiffs' motion under Fed. R. Civ. P. 54(b) is DENIED WITHOUT PREJUDICE. (mg) (Entered: 10/15/2010) |
| 09/22/2010 | 629 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: re: MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* 618 . The hearing on the above–referenced motion, scheduled for September 27, 2010 at 1:30 p.m., is hereby VACATED. The matter stands submitted. An order will issue. (rne) (Entered: 09/22/2010) |
| 09/13/2010 | 628 | REPLY in support of MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* 618 filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibit A, # 3 [Proposed] Order)(Toberoff, Marc) (Entered: 09/13/2010) |
| 09/10/2010 | 627 | OBJECTIONS to Response (non–motion) 626 filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. (Toberoff, Marc) (Entered: 09/10/2010) |
| 09/09/2010 | 626 | RESPONSE filed by Defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Incto Objections – non–motion, 625 (Petrocelli, Daniel) (Entered: 09/09/2010) |
| 09/07/2010 | 625 | OBJECTIONS to Statement, 623 *of Defendants' Position in Advance of the September 27, 2010 Hearing* filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–I)(Toberoff, Marc) (Entered: 09/07/2010) |
| 09/03/2010 | 624 | MEMORANDUM in Opposition to MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* 618 filed by Defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Declaration of Matthew T. Kline, # 2 Exhibit A to the Declaration of Matthew T. Kline, # 3 Exhibit B to the Declaration of Matthew T. Kline, # 4 Exhibit C to the Declaration of Matthew T. Kline)(Petrocelli, Daniel) (Entered: 09/03/2010) |

| 08/30/2010 | 623 | STATEMENT of Defendants' Position in Advance of September 27, 2010 Hearing re: Approach for Resolving the Remaining Issues in These Cases filed by Defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc (Attachments: # 1 Exhibit A to Statement of Defendants' Position, # 2 Exhibit B to Statement of Defendants' Position)(Petrocelli, Daniel) (Entered: 08/30/2010) |
|---|---|---|
| 08/26/2010 | 622 | NOTICE of Change of Attorney Information for attorney Matthew T Kline counsel for Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. Adding Matthew T Kline as attorney as counsel of record for Warner Bros. Entertainment Inc. and DC Comics for the reason indicated in the G−06 Notice. Filed by Defendants Warner Bros. Entertainment Inc. and DC Comics (Kline, Matthew) (Entered: 08/26/2010) |
| 08/26/2010 | 621 | NOTICE of Change of Attorney Information for attorney Cassandra L Seto counsel for Defendants DC Comics, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Warner Bros Entertainment Inc. Adding Cassandra Seto as attorney as counsel of record for Warner Bros. Entertainment Inc. and DC Comics for the reason indicated in the G−06 Notice. Filed by Defendants Warner Bros. Entertainment Inc. and DC Comics (Seto, Cassandra) (Entered: 08/26/2010) |
| 08/25/2010 | 620 | Joint STIPULATION for Review of Relevant Briefing and Docket Entries re Status Conference, 619 filed by Defendants and Counterclaim Plaintiff DC Comics, Time Warner Inc, Warner Bros Entertainment Inc.(Petrocelli, Daniel) (Entered: 08/25/2010) |
| 08/13/2010 | 619 | MINUTES OF Status Conference held before Judge Otis D Wright, II: Counsel is required to provide the Court with docket numbers of all the outstanding motions. Any outstanding motions that have been briefed, argued, and under submission stands submitted and will be ruled on.Court Reporter: Katie Thibodeaux. (sce) (Entered: 08/16/2010) |
| 08/12/2010 | 618 | NOTICE OF MOTION AND MOTION for Entry of Judgment pursuant to Rule 54(b) *and for Stay of Remaining Claims; Memorandum of Points and Authorities* filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 9/27/2010 at 01:30 PM before Judge Otis D Wright II. (Toberoff, Marc) (Entered: 08/12/2010) |
| 08/06/2010 | 617 | STATUS REPORT */ Joint Status Report Addendum for August 13, 2010 Hearing* filed by Defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Petrocelli, Daniel) (Entered: 08/06/2010) |
| 07/22/2010 | 616 | ORDER by Judge Otis D Wright, II, re Stipulation 615 that Plaintiffs Joanne Siegel and Laura Siegel Larson and Defendants Time Warner Inc., Warner Communications Inc., Warner Entertainment Inc., Warner Bros. Television Production Inc., and DC Comics will submit an updated joint status report in the above−entitled cases on or before August 6, 2010, and will appear for a status conference in the above−entitled cases on August 13, 2010 at 2:00 p.m. (lc) (Entered: 07/22/2010) |
| 07/21/2010 | 615 | Joint STIPULATION for Order Granting Status Conference on August 13, 2010 filed by Defendants and Counterclaimant DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order)(Petrocelli, Daniel) (Entered: 07/21/2010) |
| 06/24/2010 | 614 | ORDER GRANTING APPLICATION BY FROSS ZELNICK LEHRMAN &ZISSU, P.C., TO WITHDRAW AS COUNSEL for defendants Warner Bros. Entertainment Inc. and Time WarnerInc. and defendant and counterclaimant DC Comics 609 by Judge Otis D Wright, II (lc) (Entered: 06/24/2010) |
| 02/23/2010 | 613 | ORDER by Judge Otis D Wright, II, Granting Stipulation to Substitute Attorney Daniel Petrocelli 604 , 605 , 606 in place of Michael Bergman, Anjani Mandavia and Adam Hagen for defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mg) (Entered: 02/24/2010) |
| 02/23/2010 | 612 | ORDER by Judge Otis D Wright, II Granting Substituting attorney Daniel M Petrocelli for Warner Bros Entertainment Inc in place and stead of attorney Anjani |

| | | |
|---|---|---|
| | | Mandavia; Michael Bergman and Adam Beriah Hagen. (lc) (Entered: 02/24/2010) |
| 02/23/2010 | 611 | ORDER by Judge Otis D Wright, II Granting Substituting attorney Daniel M Petrocelli for DC Comics in place and stead of attorney Anjani Mandavia; Michael Bergman and Adam Beriah Hagen. (lc) (Entered: 02/24/2010) |
| 02/23/2010 | 610 | ORDER by Judge Otis D Wright, II Granting Substituting attorney Daniel M Petrocelli for Time Warner Inc in place and stead of attorney Anjani Mandavia; Michael Bergman and Adam Beriah Hagen. (lc) (Entered: 02/24/2010) |
| 02/18/2010 | 609 | APPLICATION of Fross Zelnick Lehrman &Zissu, P.C. to Withdraw as Attorney *for Defendants and Counterclaimants* filed by Defendants and Counterclaimant DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order Granting Application)(Weinberger, James) (Entered: 02/18/2010) |
| 02/18/2010 | 608 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION of Fross Zelnick Lehrman &Zissu, P.C. to Withdraw as Attorney *for Defendants and Counterclaimant and [Proposed] Order* MOTION of Fross Zelnick Lehrman &Zissu, P.C. to Withdraw as Attorney *for Defendants and Counterclaimant and [Proposed] Order* 607 . The following error(s) was found: Other error(s) with document(s) are specified below. The correct event is: application: withdraw as attorney (in that it is not a true motion with a hearing date);. Other error(s) with document(s): incorrect format of combined Motion with order on last page. Proposed orders are to be formally prepared and submitted as a separate attachment to main document.. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lc) (Entered: 02/18/2010) |
| 02/17/2010 | 607 | NOTICE OF MOTION AND MOTION of Fross Zelnick Lehrman &Zissu, P.C. to Withdraw as Attorney *for Defendants and Counterclaimant and [Proposed] Order* filed by Defendants and counterclaimant DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Weinberger, James) (Entered: 02/17/2010) |
| 02/16/2010 | 606 | STIPULATION to Substitute attorney Daniel Petrocelli in place of attorney Michael Bergman filed by defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order re DC Comics)(Hagen, Adam) (Entered: 02/16/2010) |
| 02/16/2010 | 605 | STIPULATION to Substitute attorney Daniel Petrocelli in place of attorney Michael Bergman filed by defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order re Warner Bros. Entertainment Inc.)(Hagen, Adam) (Entered: 02/16/2010) |
| 02/16/2010 | 604 | STIPULATION to Substitute attorney Daniel Petrocelli in place of attorney Michael Bergman filed by defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Attachments: # 1 Proposed Order re Time Warner Inc.)(Hagen, Adam) (Entered: 02/16/2010) |
| 12/22/2009 | 603 | NOTICE OF ERRATA filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. correcting Status Report 602 (Hagen, Adam) (Entered: 12/22/2009) |
| 12/21/2009 | 602 | STATUS REPORT *Joint Status Report* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Hagen, Adam) (Entered: 12/21/2009) |
| 12/03/2009 | 601 | NOTICE OF CLERICAL ERROR: Due to clerical error: Minutes re case reassigned to Judge Wright 600 was docketed on this case in error and no Notice of electronic filing was issued. Should have been docketed under CV 04–8776 ODW(RZx) Siegel vs Time. (lc) (Entered: 12/03/2009) |
| 12/02/2009 | 600 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: This action has been reassigned to the Honorable Otis D. Wright II, United States District Judge. The magistrate judges assignment remains the same. Please substitute the initials ODW in place of the initials SGL. The case number will now read: CV 04–8776 ODW(RZx). (rne) (Entered: 12/02/2009) |

| 12/02/2009 | 599 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: The parties are hereby directed to file a joint status report that provides the Court with a concise procedural history of this case. Status Report due by 12/21/2009. (rne) (Entered: 12/02/2009) |
|---|---|---|
| 12/02/2009 | 598 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge Otis D Wright, II: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (rne) (Entered: 12/02/2009) |
| 12/02/2009 | 597 | MINUTES OF IN CHAMBERS ORDER held before Judge Otis D Wright, II: This action has been reassigned to the Honorable Otis D. Wright II, United States District Judge. The magistrate judges assignment remains the same. Please substitute the initials ODW in place of the initials SGL. The case number will now read: CV 04–8400 ODW(RZx). (rne) (Entered: 12/02/2009) |
| 11/20/2009 | 596 | NOTICE OF REASSIGNMENT OF CASE due to Unavailability of Judicial Officer filed. The previously assigned District Judge is no longer available. Pursuant to directive of the Chief District Judge and in accordance with the rules of this Court, the case has been returned to the Clerk for reassignment. This case has been reassigned to Judge Otis D Wright, II for all further proceedings. Case number will now read CV 04–8400 ODW (RZx). (kg) (Entered: 11/20/2009) |
| 10/30/2009 | 595 | ORDER by Judge Stephen G. Larson: denying plaintiffs' 569 Motion for Reconsideration re MOTION for Reconsideration re Order, 560 569 . (see document for specifics) (mrgo) (Entered: 11/02/2009) |
| 10/27/2009 | 594 | NOTICE OF FILING TRANSCRIPT filed for proceedings September 21, 2009; October 19, 2009 (Lanza, Theresa) (Entered: 10/27/2009) |
| 10/27/2009 | 593 | TRANSCRIPT for proceedings held on Monday, October 19, 2009; 11:03 AM. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/17/2009. Redacted Transcript Deadline set for 11/27/2009. Release of Transcript Restriction set for 1/25/2010. (Lanza, Theresa) (Entered: 10/27/2009) |
| 10/27/2009 | 592 | TRANSCRIPT for proceedings held on Monday, September 21, 2009; 11:52 AM. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 11/17/2009. Redacted Transcript Deadline set for 11/27/2009. Release of Transcript Restriction set for 1/25/2010. (Lanza, Theresa) (Entered: 10/27/2009) |
| 10/22/2009 | 591 | MINUTES OF IN CHAMBERS ORDER REGARDING THE FILING OF POST–HEARING SUPPLEMENTAL BRIEFS CONCERNING PARTIES' CROSS–MOTIONS FOR RECONSIDERATION OF AUGUST 12, 2009, ORDER held before Judge Stephen G. Larson re: Response (non–motion) 589 , Objections – non–motion 588 . (See document for specifics) (mrgo) (Entered: 10/22/2009) |
| 10/20/2009 | 589 | RESPONSE filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comicsto Objections – non–motion 588 to *Plaintiffs' October 20, 2009 Filing* (Hagen, Adam) (Entered: 10/20/2009) |
| 10/20/2009 | 588 | OBJECTIONS *and Response to Statements Made at October 19, 2009 Oral Argument* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/20/2009) |
| 10/19/2009 | 590 | MINUTES OF Motion Hearing held before Judge Stephen G. Larson RE: ORDER TO SHOW CAUSE WHY A COURT–APPOINTED EXPERT/SPECIAL MASTER SHOULD NOT BE APPOINTED; PLAINTIFFS' MOTION for Reconsideration re Order, 560 569 , and DEFENDANTS' MOTION for Reconsideration re Order, 560 MOTION for Reconsideration re Order, 560 567 . |

| | | |
|---|---|---|
| | | Court hears oral argument and takes the matter under submission. Court Reporter: Theresa Lanza. (mrgo) (Entered: 10/21/2009) |
| 10/16/2009 | 587 | RESPONSE filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics *AND OBJECTIONS TO THE COURT'S ORDER TO SHOW CAUSE RE THE APPOINTMENT OF AN EXPERT/SPECIAL MASTER* (Hagen, Adam) (Entered: 10/16/2009) |
| 10/16/2009 | 586 | REPLY *TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2009 ORDER* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 10/16/2009) |
| 10/16/2009 | 585 | REPLY in support of MOTION for Reconsideration re Order,,, 560 MOTION for Reconsideration re Order,,, 560 567 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 10/16/2009) |
| 10/16/2009 | 584 | RESPONSE filed by Plaintiffs Joanne Siegel, Laura Siegel Larson *to September 25, 2009 Order to Show Cause Re: Appointment of Special Master/ Expert Witness* (Toberoff, Marc) (Entered: 10/16/2009) |
| 10/16/2009 | 583 | REPLY In Support of MOTION for Reconsideration re Order,,, 560 569 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/16/2009) |
| 10/10/2009 | 580 | In Opposition to re: REQUEST for Leave to to File Motion on October 3, 2009 568 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Hagen, Adam) (Entered: 10/10/2009) |
| 10/10/2009 | 579 | In Opposition to re: MOTION for Reconsideration re Order,,, 560 569 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Hagen, Adam) (Entered: 10/10/2009) |
| 10/09/2009 | 582 | SEALED DOCUMENT – Plaintiffs Joanne Siegel and Laura Siegel Larson's OBJECTIONS to the Special Master Candidates Proffered in the Court's 9/25/09 Order filed. (ad) (Entered: 10/14/2009) |
| 10/09/2009 | 578 | DECLARATION of Nicholas Williamson In Support of Plaintiffs' Opposition to Defendants' MOTION for Reconsideration re Order,,, 560 MOTION for Reconsideration re Order,,, 560 567 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/09/2009) |
| 10/09/2009 | 577 | Objections in Opposition re: MOTION for Reconsideration re Order,,, 560 MOTION for Reconsideration re Order,,, 560 567 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/09/2009) |
| 10/09/2009 | 576 | MEMORANDUM in Opposition to MOTION for Reconsideration re Order,,, 560 MOTION for Reconsideration re Order,,, 560 567 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 10/09/2009) |
| 10/09/2009 | 575 | NOTICE of Manual Filing filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics of Defendants' Conflicts and Disclosures Regarding Potential Special Master/Court Appointed Expert [Filed Under Seal for In Camera Review Pursuant to September 25, 2009 Order]. (Hagen, Adam) (Entered: 10/09/2009) |
| 10/09/2009 | 574 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Plaintiffs Objections to the Special Master Candidates Proffered in the Court's September 25, 2009 Order [Filed Under Seal for In Camera Review Pursuant to September 25, 2009 Order]. (Toberoff, Marc) (Entered: 10/09/2009) |
| 10/06/2009 | 573 | Attachment – CV's of Proposed Experts Filed. (mrgo) (Entered: 10/06/2009) |
| 10/05/2009 | 581 | MINUTES (IN CHAMBERS) ORDER by Judge Stephen G. Larson GRANTING 568 Request for Leave to File Motion for Reconsideration on 10/3/09: Plaintiffs' request for leave to file their motion for reconsideration on 10/3/09, is hereby GRANTED. IT IS SO ORDERED. (ad) (Entered: 10/13/2009) |

| 10/05/2009 | 571 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect document is attached to the docket entry. Incorrect event selected. Correct event to be used is Memorandum in Support of Motion RE: MOTION for Reconsideration re Order,,, 560 MOTION for Reconsideration re Order,,, 560 567 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 10/05/2009) |
| 10/05/2009 | 570 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: RE: MOTION for Reconsideration re Order 569 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 10/05/2009) |
| 10/03/2009 | 569 | NOTICE OF MOTION AND MOTION for Reconsideration re Order,,, 560 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 10/19/2009 at 10:00 AM before Judge Stephen G. Larson. (Toberoff, Marc) (Entered: 10/03/2009) |
| 10/03/2009 | 568 | REQUEST for Leave to to File Motion on October 3, 2009 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Request set for hearing on 10/19/2009 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Marc Toberoff)(Toberoff, Marc) (Entered: 10/03/2009) |
| 10/02/2009 | 567 | NOTICE OF MOTION AND MOTION for Reconsideration re Order,,, 560 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 10/19/2009 at 11:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Jeremy N. Williams, # 2 Declaration of Roger L. Zissu, # 3 Exhibit A to Declaration of Roger L Zissu)(Hagen, Adam) (Entered: 10/02/2009) |
| 10/01/2009 | 566 | ORDER by Judge Stephen G. Larson, re Stipulation for Order, 565 . IT IS HEREBY ORDERED that: Plaintiffs are granted leave to appoint a new expert to replace their current expert Mark Halloran; Defendants are granted leave to appoint a new rebuttal expert in response to Plaintiffs newly–designated expert. (mrgo) (Entered: 10/01/2009) |
| 09/30/2009 | 565 | Amended STIPULATION for Order Regarding Stipulation Re: Leave to Substitute Expert filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Regarding Stipulation Re: Leave to Substitute Expert)(Hagen, Adam) (Entered: 09/30/2009) |
| 09/30/2009 | 564 | STIPULATION for Order Regarding Stipulation re: Leave to Substitute Expert filed by defendant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Regarding Stipulation re: Leave to Substitute Expert)(Hagen, Adam) (Entered: 09/30/2009) |
| 09/25/2009 | 572 | MINUTES OF IN CHAMBERS ORDER TO SHOW CAUSE WHY COURT–APPOINTED EXPERT/SPECIAL MASTER SHOULD NOT BE APPOINTED; ORDER IDENTIFYING COURT APPROVED CANDIDATES TO SERVE AS COURT–APPOINTED EXPERT/SPECIAL MASTER held before Judge Stephen G. Larson: ( Show Cause Hearing set for 10/19/2009 at 11:00 AM before Judge Stephen G. Larson.) (mrgo) Modified on 10/5/2009 (mrgo). (Entered: 10/05/2009) |
| 09/21/2009 | 563 | MINUTES OF ORDER REGARDING SEPTEMBER 21, 2009, STATUS CONFERENCE held before Judge Stephen G. Larson: Status conference was held. The parties indicated they were unable to reach a settlement. The Court offered its services to the parties to assist in mediating the cases within the next five weeks. Plaintiffs agreed to utilizing the Court's mediation services, and the Court afforded defendants a few days to consult with their clients before committing to engaging in settlement talks before the Court. (See document for further specifics)Court Reporter: Theresa Lanza. (mrgo) (Entered: 09/23/2009) |
| 09/18/2009 | 562 | JOINT REPORT of Court Ordered Settlement Mediation filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 09/18/2009) |

| 08/20/2009 | 561 | MINUTES OF IN CHAMBERS ORDER REQUIRING PARTIES TO ENGAGE IN MEANINGFUL SETTLEMENT NEGOTIATIONS; ORDER SETTING FURTHER STATUS CONFERENCE(S) IN LIEU OF SETTLEMENT held before Judge Stephen G. Larson: ( Status Conference set for 9/21/2009 at 11:00 AM before Judge Stephen G. Larson.) (mrgo) (Entered: 08/20/2009) |
|---|---|---|
| 08/12/2009 | 560 | ORDER RESOLVING ADDITIONAL ISSUES by Judge Stephen G. Larson. At the conclusion of this final installment regarding the publication history of and the rights to the iconic comic book superhero Superman, the Court finds that plaintiffs have successfully recaptured (and are co−owners of) the rights to the following works: (1) Action Comics No. 1 (subject to the limitations set forth in the Court's previous Order); (2) Action Comics No. 4; (3) Superman No. 1, pages three through six, and (4) the initial two weeks' worth of Superman daily newspaper strips. Ownership in the remainder of the Superman material at issue that was published from 1938 to 1943 remains solely with defendants. (See document for further specifics) (Attachments: # 1 Order part 2) (mrgo) (Entered: 08/12/2009) |
| 08/06/2009 | 559 | ORDER by Judge Stephen G. Larson, re Stipulation Regarding Court−Appointed Special Master/Expert Schedule 556 . The status conference re Court−appointed special master/expert(s) deadline will be 14 days from determination of additional issues. (gg) (Entered: 08/07/2009) |
| 07/30/2009 | 558 | NOTICE OF FILING TRANSCRIPT filed for proceedings Monday, July 6, 2009; 3:39 PM (Lanza, Theresa) (Entered: 07/30/2009) |
| 07/30/2009 | 557 | TRANSCRIPT for proceedings held on Monday, July 6, 2009; 3:39 PM. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/20/2009. Redacted Transcript Deadline set for 8/30/2009. Release of Transcript Restriction set for 10/28/2009. (Lanza, Theresa) (Entered: 07/30/2009) |
| 07/29/2009 | 556 | STIPULATION for Order RE COURT−APPOINTED SPECIAL MASTER/EXPERT SCHEDULE filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Re Stipulation Regarding Court−Appointed Special Master/Expert Schedule)(Hagen, Adam) (Entered: 07/29/2009) |
| 07/08/2009 | 555 | MINUTES OF IN CHAMBERS ORDER SCHEDULING PRE−TRIAL CONFERENCE AND TRIAL DATES; ORDER REGARDING APPOINTMENT OF SPECIAL MASTER/COURT APPOINTED EXPERT FOR UPCOMING ACCOUNTING TRIAL held before Judge Stephen G. Larson: ( Bench Trial set for 12/1/2009 at 09:30 AM before Judge Stephen G. Larson. Pretrial Conference set for 11/9/2009 at 11:00 AM before Judge Stephen G. Larson.) The Court provides the parties an initial opportunity to stipulate amongst themselves who the said special master/court−appointed expert should be, subject to Court approval. Any such stipulation shall be submitted to the Court on or before July 31, 2009. (mrgo) (Entered: 07/09/2009) |
| 07/08/2009 | 554 | MINUTES OF IN CHAMBERS FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING TRIAL held before Judge Stephen G. Larson: (see document for specifics). (mrgo) (Entered: 07/08/2009) |
| 06/24/2009 | 550 | ORDER by Judge Stephen G. Larson, Re Stipulation Requesting Continuance of Phase Two Trial and Pre−Trial Deadlines Pursuant to Local Rule 16−9 538 : IT IS HEREBY ORDERED that the Court's 4/6/09 Order 488 , with respect to the scheduling of the Phase Two Trial is VACATED. The Court sets a Status Conference for 7/6/2009 at 02:00 PM. (ad) Modified on 6/24/2009 (ad). (Entered: 06/24/2009) |
| 06/15/2009 | 549 | NOTICE OF FILING TRANSCRIPT filed for proceedings 04−28−09: 1:30 P.M. / 04−29−09: 1:30 P.M. / 04−30−09: 1:30 P.M. / 05−06−09 1:30 P.M. / 05−07−09: 1:30 P.M. / 05−08−09: 1:30 P.M. / 05−12−09: 1:30 P.M. / 05−13−09: 1:30 P.M. / 05−19−09: 1:30 P.M. (Schweitzer, Mark) (Entered: 06/15/2009) |

| 06/14/2009 | 553 | SEALED DOCUMENT– TRANSCRIPT for proceedings held on Tuesday, May 19, 2009. Court Reporter/Electronic Court Recorder: MARK SCHWEITZER, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (mat) (Entered: 06/24/2009) |
|---|---|---|
| 06/14/2009 | 552 | SEALED DOCUMENT– TRANSCRIPT for proceedings held on Wednesday, May 6, 2009. Court Reporter/Electronic Court Recorder: MARK SCHWEITZER, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (mat) (Entered: 06/24/2009) |
| 06/14/2009 | 551 | SEALED DOCUMENT– TRANSCRIPT for proceedings held on Thursday, April 30, 2009. Court Reporter/Electronic Court Recorder: Mark Schweitzer, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (mat) (Entered: 06/24/2009) |
| 06/14/2009 | 548 | TRANSCRIPT for proceedings held on 05–19–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494`. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
| 06/14/2009 | 547 | TRANSCRIPT for proceedings held on 05–13–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
| 06/14/2009 | 546 | TRANSCRIPT for proceedings held on 05–12–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
| 06/14/2009 | 545 | TRANSCRIPT for proceedings held on 0–08–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |

| 06/14/2009 | <u>544</u> | TRANSCRIPT for proceedings held on 05–07–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
|---|---|---|
| 06/14/2009 | <u>543</u> | TRANSCRIPT for proceedings held on 05–06–09 P.M. Session – 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494`. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
| 06/14/2009 | <u>542</u> | TRANSCRIPT for proceedings held on 04–30–09: 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/5/2009. Redacted Transcript Deadline set for 7/15/2009. Release of Transcript Restriction set for 9/12/2009. (Schweitzer, Mark) (Entered: 06/14/2009) |
| 06/09/2009 | <u>541</u> | TRANSCRIPT for proceedings held on 4–29–09: 1:30 P.M.. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/30/2009. Redacted Transcript Deadline set for 7/10/2009. Release of Transcript Restriction set for 9/8/2009. (Schweitzer, Mark) (Entered: 06/09/2009) |
| 06/09/2009 | <u>540</u> | TRANSCRIPT for proceedings held on 4–28–09 P.M.: 1:30. Court Reporter/Electronic Court Recorder: Mark Schweitzer, CSR, phone number 213–663–3494. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/30/2009. Redacted Transcript Deadline set for 7/10/2009. Release of Transcript Restriction set for 9/8/2009. (Schweitzer, Mark) (Entered: 06/09/2009) |
| 06/05/2009 | <u>538</u> | STIPULATION for Order RE Continuance of Phase Two Trial and Pre–Trial Deadlines Pursuant to Local Rule 16–9 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: #<u>1</u> [Proposed] Order RE Continuance of Phase Two Trial)(Toberoff, Marc) (Entered: 06/05/2009) |
| 06/04/2009 | <u>539</u> | MINUTES OF IN CHAMBERS (NO PROCEEDINGS HELD) ORDER MODIFYING COURT'S 5/29/09 held before Judge Stephen G. Larson: In preparing its decision for the trial that has just ended, the Court has reassessed its balancing of the interests with respect to the sealing of certain testimony offered at trial. Finding that the testimony in question is based on the witnesses recollection and not a definitive statement as to what is actually in the document in question, the Courts Order of May 29, 2009 <u>537</u> , is hereby MODIFIED so as to lift the sealing of trial transcripts 1085:19 – 1086:1. In all other respects, the Courts May 29, 2009, Order remains unchanged. IT IS SO ORDERED. (ad) (Entered: 06/09/2009) |

| 05/29/2009 | 537 | ORDER by Judge Stephen G. Larson: granting Application Under L.R. 79–5.1 to Have Certain Phase I Trial Exhibits and Related Testimony Placed under Seal 512 516 : Exhibits 1125, 1097, 1098 and 1099 and trial transcript pages 1085:19–1086:1 (relating to Exhibit 1125), 402:12–18, 510:24–511:17, 526:22–527:11, 529:6–530:8, 530:15–24, 771:18–773:22, 1126:2–6, 1128:3–10, 1514:24–1515:3 and 1578:16–1579:4 (relating to Exhibits 1097–1099) be sealed and removed from the public record in this Action. (gg) (Entered: 05/29/2009) |
|---|---|---|
| 05/26/2009 | 536 | NOTICE OF LODGING filed re First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* 512 (Attachments: # 1 Exhibit A (Amended [Proposed] Order)(Hagen, Adam) (Entered: 05/26/2009) |
| 05/22/2009 | 535 | NOTICE OF FILING TRANSCRIPT filed for proceedings April 28 (AM Session); April 29 (AM Session); May 1, 2009; May 5, 2009; May 6 (AM Session); May 7 (AM Session); May 8 (AM Session); May 12 (AM Session); May 13 (AM Session), all in 2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 534 | TRANSCRIPT for proceedings held on Tuesday, May 19, 2009; 10:08 AM; AM SESSION Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 533 | TRANSCRIPT for proceedings held on Wednesday, May 13, 2009; 9:37 am; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 532 | TRANSCRIPT for proceedings held on Tuesday, May 12, 2009; 10:09 am; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 531 | TRANSCRIPT for proceedings held on Friday, May 8, 2009; 9:41 am; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 530 | TRANSCRIPT for proceedings held on Thursday, May 7, 2009; 9:45 am; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 529 | TRANSCRIPT for proceedings held on Wednesday, May 6, 2009; 9:51 AM; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 |

| | | days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
|---|---|---|
| 05/22/2009 | 528 | TRANSCRIPT for proceedings held on Tuesday, May 5, 2009; 9:33 AM. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 527 | TRANSCRIPT for proceedings held on Friday, May 1, 2009; 9:15 AM. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 526 | TRANSCRIPT for proceedings held on Wednesday, April 29, 2009; 9:33 AM; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/22/2009 | 525 | TRANSCRIPT for proceedings held on Tuesday, April 28, 2009; 9:51 AM; AM SESSION. Court Reporter: Theresa Lanza, phone number www.theresalanza.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/12/2009. Redacted Transcript Deadline set for 6/22/2009. Release of Transcript Restriction set for 8/20/2009. (Lanza, Theresa) (Entered: 05/22/2009) |
| 05/21/2009 | 524 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect document is attached to the docket entry. Incorrect event selected. Proposed Document was not submitted as separate attachment RE: Amendment (Motion related), Amendment (Motion related) 517 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 05/21/2009) |
| 05/20/2009 | 517 | Amendment to First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* 512 , First APPLICATION to Seal First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* 512 *Reply brief* 516 *Amended [Proposed] Order* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Weinberger, James) (Entered: 05/20/2009) |
| 05/19/2009 | 523 | Witness List filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.(mrgo) (Entered: 05/21/2009) |
| 05/19/2009 | 522 | Witness List filed by plaintiffs' Joanne Siegel, Laura Siegel Larson.. (mrgo) (Entered: 05/21/2009) |
| 05/19/2009 | 521 | Exhibit List filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.(mrgo) (Entered: 05/21/2009) |
| 05/19/2009 | 520 | Exhibit List filed by plaintiffs' Joanne Siegel, Laura Siegel Larson.. (mrgo) (Entered: 05/21/2009) |

| 05/19/2009 | 519 | LIST OF EXHIBITS AND WITNESSES at trial. (mrgo) (Entered: 05/21/2009) |
|---|---|---|
| 05/19/2009 | 518 | MINUTES OF Court Trial (11th day )held before Judge Stephen G. Larson: Closing arguments made by plaintiff(s) and defendant(s). Case submitted. The Court GRANTS Defendants Application to Seal Certain Trial Exhibits and Related Testimony, No. 12. The Court directs counsel to resubmit an amended proposed order for the Courts consideration.Court Reporter: Theresa Lanza/Mark Schweitzer. (mrgo) (Entered: 05/20/2009) |
| 05/18/2009 | 516 | First APPLICATION to Seal First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* 512 *Reply brief* filed by Defendants and counterclaimant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Weinberger, James) (Entered: 05/18/2009) |
| 05/15/2009 | 514 | MEMORANDUM of Points and Authorities in Opposition filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Re: First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* 512 (Toberoff, Marc) (Entered: 05/15/2009) |
| 05/13/2009 | 515 | MINUTES OF Court Trial (10th day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. Defendant(s) rest. Bench Trial continued to 5/19/2009 at 09:30 AM before Judge Stephen G. Larson.Court Reporter: Theresa Lanza/Mark Schweitzer. (mrgo) (Entered: 05/18/2009) |
| 05/12/2009 | 513 | MINUTES OF Court Trial (9th day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. Court Trial continued to 5/13/2009 09:30 AM.Court Reporter: Theresa Lanza. (ad) (Entered: 05/13/2009) |
| 05/12/2009 | 512 | First APPLICATION to Seal *Certain Trial Exhibits and Related Testimony* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Application set for hearing on 5/19/2009 at 09:30 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration Declaration of Katherine Chilton, # 2 Declaration Declaration of Wayne M. Smith, # 3 Proposed Order Proposed Order)(Weinberger, James) (Entered: 05/12/2009) |
| 05/12/2009 | 511 | DECLARATION of Steven Ames Brown *[Redacted]* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 05/12/2009) |
| 05/12/2009 | 510 | OPPOSITION *to Plaintiffs' TRIAL BRIEF RE: Impermissible Expert Testimony and Request for Continuing Objection Thereto* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Weinberger, James) (Entered: 05/12/2009) |
| 05/11/2009 | 509 | TRIAL BRIEF *RE: Impermissible Expert Testimony and Request for Continuing Objection Thereto* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson.. (Toberoff, Marc) (Entered: 05/11/2009) |
| 05/07/2009 | 508 | MINUTES OF Court Trial (7th day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. Bench Trial continued to 5/8/2009 at 09:30 AM before Judge Stephen G. Larson.Court Reporter: Theresa Lanza/Mark Schweitzer. (mrgo) (Entered: 05/08/2009) |
| 05/06/2009 | 507 | MINUTES OF Court Trial (6th day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. The Court denies plaintiff's 504 Motion in Limine to Exclude. Bench Trial continued to 5/7/2009 at 09:30 AM before Judge Stephen G. Larson. Court Reporter: Theresa Lanza/Mark Schweiter. (mrgo) (Entered: 05/08/2009) |
| 05/06/2009 | 505 | OPPOSITION to MOTION IN LIMINE to Exclude New Documents Subpoenaed by Defendants on May 1, 2009 504 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Weinberger, James) (Entered: 05/06/2009) |
| 05/05/2009 | 506 | MINUTES OF Court Trial (5th day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. Bench Trial continued to 5/6/2009 at 09:30 AM before Judge Stephen G. Larson.Court Reporter: Theresa Lanza. (mrgo) (Entered: 05/07/2009) |

| | | |
|---|---|---|
| 05/04/2009 | 504 | NOTICE OF MOTION AND MOTION IN LIMINE to Exclude New Documents Subpoenaed by Defendants on May 1, 2009 filed by PLAINTIFFS Joanne Siegel, Laura Siegel Larson.(Toberoff, Marc) (Entered: 05/04/2009) |
| 05/01/2009 | 503 | MINUTES OF Court Trial (4th day )held before Judge Stephen G. Larson. Witnesses called, sworn and testified. Exhibits identified and admitted.Court Trial continued to 5/5/2009 at 09:00 AM before Judge Stephen G. Larson.Court Reporters: Theresa Lanza and Mark Schweitzer. (gg) (Entered: 05/01/2009) |
| 05/01/2009 | 500 | Exhibit List filed by DEFENDANTS Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.. (Hagen, Adam) (Entered: 05/01/2009) |
| 04/30/2009 | 501 | MINUTES OF Court Trial (3rd day) held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 5/1/2009 at 9:00 AM before Judge Stephen G. Larson.Court Reporter: Theresa Lanza and Mark Schweitzer. (gg) (Entered: 05/01/2009) |
| 04/29/2009 | 499 | MINUTES OF Court Trial (2nd day )held before Judge Stephen G. Larson: Witnesses called, sworn and testified. Exhibits identified and admitted.Court Trial set for 4/30/2009 at 01:30 AM before Judge Stephen G. Larson.Court Reporter: Theresa Lanza/ Mark Schwitzer. (am) (Entered: 05/01/2009) |
| 04/28/2009 | 502 | AMENDED MINUTES OF 1ST DAY OF JURY TRIAL, held and continued. Opening statements made by plaintiff and defendant; witnesses called, sworn and testified; exhibits identified and admitted. Court GRANTS 486 Ex Parte Application to Authenticate Documents. Case continued to 4/29/2009 at 9:00 a.m. (gg) (Entered: 05/01/2009) |
| 04/28/2009 | 498 | MINUTES OF COURT TRIAL (1st Day) held before Judge Stephen G. Larson. Opening statements made. Witneses called, sworn and testified. Exhibits identified and admitted. Case continued to 4/29/2009 09:00 AM.Court Reporter: Theresa Lanza. (ad) (Entered: 04/30/2009) |
| 04/28/2009 | 497 | Exhibit List filed by plaintiffs, counter defendants Joanne Siegel, Laura Siegel Larson. (ad) (Entered: 04/29/2009) |
| 04/28/2009 | 496 | Witness List filed by plaintiffs, counter defendants Joanne Siegel, Laura Siegel Larson.(ad) (Entered: 04/29/2009) |
| 04/28/2009 | 495 | NOTICE OF LODGING Deposition Transcripts filed by plaintiffs, counterdefendants Joanne Siegel, Laura Siegel Larson (ad) (Entered: 04/29/2009) |
| 04/28/2009 | 494 | NOTICE of Lodging of Deposition Transcripts for Trial filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 04/28/2009) |
| 04/24/2009 | 493 | ORDER RE STIPULATION REQUESTING RE−FILING OF PLAINTIFFS JANUARY 12, 2009 MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO PROTECTIVE ORDER by Judge Stephen G. Larson: ORDERED that Plaintiffs Memorandum of Contentionsof Fact &Law (Docket No. 430) filed on January 12, 2009 shall be removed fromthe public file in this action, and replaced with the document attached as Exhibit A. (am) (Entered: 04/27/2009) |
| 04/20/2009 | 492 | SEALED DOCUMENT−DECLARATION of Marc Toberoff in support of plaintiffs' EX PARTE APPLICATION for Order for Authenticating Documents Pursuant to FRE 902(11) 486 . (Attachments: # 1 Declaration part 2, # 2 Declaration part 3, # 3 Declaration part 4, # 4 Declaration part 5)(mrgo) (Entered: 04/20/2009) |
| 04/16/2009 | 491 | ORDER RE STIPULATION REQUESTING RE−FILING OF PLAINTIFFS JANUARY 12, 2009 MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO PROTECTIVE ORDER by Judge Stephen G. Larson, re Stipulation for Order, 489 . IT IS HEREBY ORDERED that Plaintiffs Memorandum of Contentions of Fact &Law (Docket No. 430) filed on January 12, 2009 shall be removed from the public file in this action, and replaced with the document attached as Exhibit A. (mrgo) (Entered: 04/17/2009) |

| 04/16/2009 | 490 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson: Counsel and parties are informed that the Court is currently involved in a court trial that began on April 14, 2009 and is expected run into the trial date given for the above–mentioned case. Your trial will trail the matter currently before the Court. Counsel should be prepared to begin trial within 24 hours of receiving notification that the current trial is over, for example, if the current trial is concluded Wednesday, April 22, 2009, your case will begin on Friday, April 24, 2009 and so on. Counsel are instructed to provide the court clerk with contact information such as e–mail addresses and cell–phone numbers to ensure their prompt notification of the beginning date and time of the trial in this action. (mrgo) (Entered: 04/17/2009) |
|---|---|---|
| 04/15/2009 | 489 | STIPULATION for Order Requesting Re–Filing of Plaintiffs' January 12, 2009 Memorandum of Contentions of Fact And Law Pursuant to Proptective Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit A to Stipulation re Re–Filing, # 2 Proposed Order re Stipulation re Re–Filing)(Hagen, Adam) (Entered: 04/15/2009) |
| 04/14/2009 | 487 | OPPOSITION re: EX PARTE APPLICATION for Order for Authenticating Documents Pursuant to FRE 902(11) 486 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Declaration of James Weinberger, # 2 Exhibit A–F to Weinberger Declaration)(Hagen, Adam) (Entered: 04/14/2009) |
| 04/13/2009 | 486 | EX PARTE APPLICATION for Order for Authenticating Documents Pursuant to FRE 902(11) filed by Plaintiffs Joanne Siegel, Laura Siegel Larson.(Toberoff, Marc) (Entered: 04/13/2009) |
| 04/13/2009 | 485 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration of Marc Toberoff in Support of Plaintiffs' Ex Parte Application to Authenticate Documents Pursuant to FRE 902(11). (Toberoff, Marc) (Entered: 04/13/2009) |
| 04/10/2009 | 484 | TRIAL BRIEF filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.. (Hagen, Adam) (Entered: 04/10/2009) |
| 04/09/2009 | 483 | Witness List filed by Plaintiffs Joanne Siegel, Laura Siegel Larson.. (Toberoff, Marc) (Entered: 04/09/2009) |
| 04/07/2009 | 482 | NOTICE of Lodging of Plaintiffs [Proposed] Findings of Fact and Conclusions of Law filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibit A– [Proposed] Findings of Fact &Conclusions of Law)(Toberoff, Marc) (Entered: 04/07/2009) |
| 04/07/2009 | 481 | NOTICE of Lodging Defendants' [Proposed] Findings of Fact and Conclusions of Law filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit A Proposed Findings of Fact and Conclusions of Law)(Mandavia, Anjani) (Entered: 04/07/2009) |
| 04/06/2009 | 488 | MINUTES OF Status Conference held before Judge Stephen G. Larson. In conducting the trial on the first phase of this matter (also known as the alter ego trial), counsel for each side shall give opposing counsel 48 hours notice of the witnesses to be called and 72 hours notice for witnesses being called from New York. Pursuant to the stipulation of the parties, the Court further Orders the following modification to the pre–trial and trial dates for the second phase (the accounting trial) of this case: Defendants to supplement financial discovery on or before 6/1/2009; plaintiffs' supplemental financial expert report due on or before 7/2/2009; defendants' supplemental financial rebuttal report and supplementation of non–financial and financial discovery due 8/3/2009; hearing on motions in limine and pre–trial conference set 9/14/2009, at 1:30 p.m; trial 10/20/2009, at 9:30 a.m.Court Reporter: Theresa Lanza. (gg, ) (Entered: 04/15/2009) |
| 04/02/2009 | 480 | STIPULATION for Order Re Continuance of Phase Two Trial and Pre–Trial Deadlines Pursuant to Local Rule 16–9 filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Re Stipulation Requesting Continuance of Phase Two Trial)(Hagen, Adam) (Entered: 04/02/2009) |

| 03/30/2009 | 479 | TRIAL BRIEF *Re: The Scope of Phase I Trial's "Fair Market Value" Analysis* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson.. (Toberoff, Marc) (Entered: 03/30/2009) |
|---|---|---|
| 03/13/2009 | 478 | FINAL PRETRIAL CONFERENCE ORDER approved by Judge Stephen G. Larson. Plaintiffs motion for clarification and their ex parte application for clarification are DENIED. Plaintiffs Motions in Limine #1 is DENIED. Plaintiffs Motions in Limine #2 is DENIED. Plaintiffs Motions in Limine #3 is DENIED. Plaintiffs Motions in Limine #4 is DENIED. Defendant's Motions in Limine #1 is GRANTED. Defendant's Motions in Limine #2 is GRANTED AND DENIED PART. Defendant's Motions in Limine #3 is DENIED. Defendant's Motions in Limine #4 is DENIED. (See document for further specifics) (mrgo) (Entered: 03/13/2009) |
| 03/02/2009 | 477 | DECLARATION of Marc Toberoff in opposition to MOTION for Discovery regarding to Reopen Discovery, to Compel Production of Documents, and to Compel the Further Deposition of Kevin Marks 476 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibit A–R to Toberoff Declaration, # 2 Exhibit S–BB to Toberoff Declaration)(Hagen, Adam) (Entered: 03/02/2009) |
| 03/02/2009 | 476 | NOTICE OF MOTION AND MOTION for Discovery regarding to Reopen Discovery, to Compel Production of Documents, and to Compel the Further Deposition of Kevin Marks filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 4/20/2009 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Wayne M. Smith, # 2 Declaration of Patrick T. Perkins, # 3 Exhibit 1–9 to Perkins Declaration, # 4 Proposed Order Granting Motion to Reopen Discovery)(Hagen, Adam) (Entered: 03/02/2009) |
| 02/24/2009 | 475 | NOTICE of Errata Re Defendants' Opposition to Plaintiffs' Ex Parte Application To Set Hearing Date For Plaintiffs' Motion for Clarification filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 02/24/2009) |
| 02/24/2009 | 474 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Case number is incorrect or missing. Correct Case No. is CV04–8400 SGL(RZx) RE: Objection/Opposition (Motion related), Objection/Opposition (Motion related) 472 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 02/24/2009) |
| 02/24/2009 | 473 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Motion date of 3/16/09 is CLOSED. The next available motion date is 4/20/09 at 10:00 AM. RE: MOTION for Reconsideration */Clarification of the Court's January 26, 2009 Order* 469 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 02/24/2009) |
| 02/23/2009 | 472 | OPPOSITION re: EX PARTE APPLICATION for Hearing, re MOTION for Reconsideration */Clarification of the Court's January 26, 2009 Order* 469 , EX PARTE APPLICATION for Hearing, re MOTION for Reconsideration */Clarification of the Court's January 26, 2009 Order* 469 , 470 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 02/23/2009) |
| 02/20/2009 | 471 | SEALED DOCUMENT–DECLARATION of Marc Toberoff in support of plaintiffs' MOTION for Reconsideration */Clarification of the Court's January 26, 2009 Order* 469 . (mrgo) (Entered: 02/23/2009) |
| 02/20/2009 | 470 | EX PARTE APPLICATION for Hearing, re MOTION for Reconsideration */Clarification of the Court's January 26, 2009 Order* 469 , filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Declaration of Marc Toberoff in Support of Plaintiffs' Ex Parte Application)(Toberoff, Marc) (Entered: 02/20/2009) |

| 02/20/2009 | 469 | NOTICE OF MOTION AND MOTION for Reconsideration /Clarification of the Court's January 26, 2009 Order filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 3/16/2009 at 10:00 AM before Judge Stephen G. Larson. (Toberoff, Marc) (Entered: 02/20/2009) |
|---|---|---|
| 02/19/2009 | 468 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration of Marc Toberoff in Support of Plaintiffs' Motion for Clarification. (Toberoff, Marc) (Entered: 02/19/2009) |
| 01/30/2009 | 467 | Witness List filed by Plaintiffs Joanne Siegel, Laura Siegel Larson.. (Toberoff, Marc) (Entered: 01/30/2009) |
| 01/30/2009 | 466 | Witness List filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.. (Hagen, Adam) (Entered: 01/30/2009) |
| 01/28/2009 | 465 | MINUTES OF IN CHAMBERS NOTICE VACATING DATE FOR FINAL PRETRIAL CONFERENCE (FPTC) RE: ACCOUNTING CLAIMS (DOCKET NO. 379) held before Judge Stephen G. Larson: The Court hereby gives notice that the final pretrial conference (FPTC) as mentioned above is VACATED. The Court will reset the date for the FPTC on the accounting claims as the trial date on such claims nears. (mrgo) (Entered: 01/29/2009) |
| 01/26/2009 | 464 | MINUTES held before Judge Stephen G. Larson OF (1)FINAL PRETRIAL CONFERENCE [Link &Term Re Minutes, No.388]; (2)RE Various Pending Motions–In–Limine: Doc #400, Defendants No. 1; Doc #401, Defendants No. 2; Doc #402, Defendants No. 3; Doc #403, Defendants No. 4; Doc #404, Plaintiffs No. 1;Doc #405, Plaintiffs No. 2; Doc #406, Plaintiffs No. 3; Doc #407, Plaintiffs No. 4. A Final pretrial conference (PTC) was held. A final PTC order will issue separately. The Court heard and considered oral argument on the above–mentioned motions–inlimine and thereafter took the matter under submission. A ruling will issue.Court Reporter: Theresa Lanza. (ad) (Entered: 01/28/2009) |
| 01/26/2009 | 463 | MINUTES OF IN CHAMBERS ORDER REGARDING FINAL PRE–TRIAL CONFERENCE; ORDER VACATING FEBRUARY 3, 2009, TRIAL AND RESCHEDULING SAME; ORDER VACATING MARCH 24, 2009, ACCOUNTING TRIAL AND RESCHEDULING SAME HEARING ON MOTIONS IN LIMINE (Plaintiffs One through Four andDefendants One through Four) held before Judge Stephen G. Larson: ( Jury Trial re "alter ego" reset for 4/21/2009 at 09:30 AM before Judge Stephen G. Larson. Status Conference set for 4/6/2009 at 11:00 AM before Judge Stephen G. Larson. Jury Trial regarding accounting trial reset to 6/9/2009 at 09:30 AM before Judge Stephen G. Larson.) (mrgo) (Entered: 01/28/2009) |
| 01/24/2009 | 462 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Joanne Siegel, Laura Siegel Larson. Adding Keith G. Adams as attorney as counsel of record for Plaintiffs, Joanne Siegel and Laura Siegel Larson for the reason indicated in the G–06 Notice. Filed by PLAINTIFF Joanne Siegel and Laura Siegel Larson (Toberoff, Marc) (Entered: 01/24/2009) |
| 01/24/2009 | 461 | DECLARATION of Nicholas C. Williamson in Support of Plaintiffs' Response to Defendants' Objections re: Motions in Limine filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibits A–D)(Toberoff, Marc) (Entered: 01/24/2009) |
| 01/24/2009 | 460 | RESPONSE filed by Plaintiffs Joanne Siegel, Laura Siegel Larsononto Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related) 458 (Toberoff, Marc) (Entered: 01/24/2009) |
| 01/23/2009 | 459 | TRIAL BRIEF filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.. (Hagen, Adam) (Entered: 01/23/2009) |
| 01/23/2009 | 458 | OBJECTION re: MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights 404 , MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence 407 , MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial 405 , MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony |

| | | 406 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: #1 Declaration Adam Hagen, #2 Exhibit A–C to Hagen Declaration)(Hagen, Adam) (Entered: 01/23/2009) |
|---|---|---|
| 01/22/2009 | 457 | OBJECTIONS to Response in Support of Motion,, 444, Response in Support of Motion, 446 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/22/2009) |
| 01/21/2009 | 456 | DECLARATION of Michael Bergman *Pursuant to the Court's January 14, 2009 Order* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/21/2009) |
| 01/21/2009 | 455 | OBJECTIONS to Response in Support of Motion,, 444, Response in Support of Motion, 443 *and Response to New Arguments in Defendants' Replies in Support of Their Motions in Limine Nos. 1–2* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/21/2009) |
| 01/20/2009 | 454 | NOTICE Notice of Lodging of Plaintiffs [Proposed] Findings of Fact and Conclusions of Law filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: #1 Exhibit A (Proposed Findings of Fact and Conclusions of Law)(Toberoff, Marc) (Entered: 01/20/2009) |
| 01/20/2009 | 453 | NOTICE of Lodging Proposed Findings of Fact and Conclusions of Law filed by DEFENDANTS Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: #1 Proposed Findings of Fact &Conclusions of Law)(Hagen, Adam) (Entered: 01/20/2009) |
| 01/18/2009 | 452 | DECLARATION of Marc Toberoff *in Support of Plaintiffs' Replies in Support of Motions in Limine Nos. 1–4* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: #1 Exhibits A–E)(Toberoff, Marc) (Entered: 01/18/2009) |
| 01/18/2009 | 451 | RESPONSE IN SUPPORT of MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence 407 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/18/2009) |
| 01/18/2009 | 450 | RESPONSE IN SUPPORT of MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony 406 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/18/2009) |
| 01/18/2009 | 449 | RESPONSE IN SUPPORT of MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial 405 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/18/2009) |
| 01/18/2009 | 448 | RESPONSE IN SUPPORT of MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights 404 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/18/2009) |
| 01/16/2009 | 447 | DECLARATION of Michael Bergman in support of MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought in Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas 403, MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL 400, MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay 401, MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits 402 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: #1 Exhibit 1–8 to |

**ER 3560**

| | | Bergman Declaration)(Mandavia, Anjani) (Entered: 01/16/2009) |
|---|---|---|
| 01/16/2009 | 446 | RESPONSE IN SUPPORT of MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas 403 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 01/16/2009) |
| 01/16/2009 | 445 | RESPONSE IN SUPPORT of MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits 402 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 01/16/2009) |
| 01/16/2009 | 444 | RESPONSE IN SUPPORT of MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay 401 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 01/16/2009) |
| 01/16/2009 | 443 | RESPONSE IN SUPPORT of MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL 400 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 01/16/2009) |
| 01/15/2009 | 441 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibit A (Proposed Final Pre–Trial Conference Order))(Toberoff, Marc) (Entered: 01/15/2009) |
| 01/14/2009 | 442 | MINUTES held before Judge Stephen G. Larson: ORDER GRANTING PLAINTIFFS JOINT STIPULATION RE MOTION TO COMPEL (Docket No. 390); ORDER DENYING DEFENDANTS MOTION TO COMPEL (Docket No. 394): For the reasons set forth on the record, defendants motion to compel production of withheld document is DENIED. Plaintiffs motion to compel defendants supplementation of discovery is GRANTED to the extent it is not moot. Towards that end, defendants are hereby ORDERED to file with the Court by January 21, 2009, a declaration re–affirming that, as of January 14, 2009, they have supplemented all the discoverable material (see Fed. R. Civ. P. 26(b)(1) (noting that [r]elevant information [for purposes of discovery] need not be admissible at the trial but also includes material that appears reasonably calculated to lead to the discovery of admissible evidence) responsive to the document production requests (not the exemplars provided by plaintiffs in their motion, or in their correspondence with defense counsel, of types of documents that would be responsive) identified by plaintiffs in their motion to compel (see Joint Stipulation Re: Pls Mot. Compel Defs Supplementation of Discovery at pg. 5, lines 22–27), and if they have not, that they have so supplemented their responses to said document production requests on or by January 21, 2009.All documents produced by defendants after January 14, 2009, shall not be admissible at the February 3, 2009, trial if offered by defendants. IT IS SO ORDERED. Court Reporter: Theresa Lanza. (ad) (Entered: 01/15/2009) |
| 01/14/2009 | 440 | ORDER RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES INELECTRONICALLY FILED DOCUMENTS by Judge Stephen G. Larson: Document No. 416, is moot; Docket No. 423, Joint Witness List is ORDERED accepted; Document No. 424, (Proposed) Pretrial Conference Order is STRICKEN. Counsel shall immediately file (electronically) a notice of lodging of the proposed pretrial conference order, and upload as an attachment the proposed order for court's approval and signing. See Memorandum governing e–filing requirements for this court. RE: Miscellaneous Document 424 , Motion |

| | | Related Document 416 , Miscellaneous Document, 423 (am) (Entered: 01/15/2009) |
|---|---|---|
| 01/13/2009 | 439 | SEALED DOCUMENT – DECLARATION of Nicholas Williamson in support of Plaintiffs' Oppositions to Defendants' MOTIONS IN LIMINE NOS. 1–4 403 , 400 , 401 , 402 filed. (ad) (Entered: 01/14/2009) |
| 01/13/2009 | 438 | SEALED DOCUMENT – Plaintiffs Joanne Siegel and Laura Siegel Larson's Local Rule 16–4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW [Phase I] filed. (Attachments: # 1 Part 2)(ad) (Entered: 01/14/2009) |
| 01/13/2009 | 437 | SEALED DOCUMENT – Plaintiffs Joanne Siegel and Laura Siegel Larson's [UNREDACTED] OPPOSITION to Defendants' MOTION IN LIMINE (#4) to Quash Subpoenas for Production of Documents and Attendance and Testimony at Trial 403 filed. (ad) (Entered: 01/14/2009) |
| 01/13/2009 | 436 | Joint PRETRIAL STIPULATION regarding Exhibits. (Toberoff, Marc) (Entered: 01/13/2009) |
| 01/13/2009 | 435 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect event selected. Correct event is PRETRIAL &TRIAL DOCUMENTS/ Witness List RE: Miscellaneous Document, 423 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 01/13/2009) |
| 01/13/2009 | 434 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Proposed Document was not submitted as separate attachment RE: Miscellaneous Document 424 , Motion Related Document 416 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 01/13/2009) |
| 01/13/2009 | 433 | NOTICE OF WITHDRAWAL OF MOTION OF NON–PARTY TWENTIETH CENTURY FOX FILM CORPORATION TO QUASH TRIAL SUBPOENA re MOTION to Quash Subpoena 414 filed by Movant Twentieth Century Fox Film Corporation. (Zedek, Betsy) (Entered: 01/13/2009) |
| 01/13/2009 | 432 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Opposition to Defendants' Motion in Limine No. 4 to Quash Subpoenas for Production of Documents and Attendance and Testimony at Trial [Unredacted]. (Toberoff, Marc) (Entered: 01/13/2009) |
| 01/13/2009 | 431 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Local Rule 16–4 Memorandum of Contentions of Fact and Law (Unredacted). (Toberoff, Marc) (Entered: 01/13/2009) |
| 01/13/2009 | 430 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by plaintiffs. (Toberoff, Marc) Modified on 4/17/2009 (mrgo). (Additional attachment(s) added on 4/17/2009: # 1 Memorandum of Contentions of Fact and Law [Phase 1]) (mrgo). Modified on 4/17/2009 (mrgo). (Entered: 01/13/2009) |
| 01/13/2009 | 429 | DECLARATION of Marc Toberoff *in Support of Plaintiffs' Oppositions to Defendants' Motions in Limine Nos. 1–4* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibits A–D, # 2 Exhibit E (part one), # 3 Exhibit E (part two), # 4 Exhibits F–T, # 5 Exhibits U–Z)(Toberoff, Marc) (Entered: 01/13/2009) |
| 01/12/2009 | 428 | Opposition re Defendants' Motion in Limine No. 3 re: MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits 402 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 427 | Opposition re Defendants' Motion in Limine No. 4 (REDACTED) re: MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to |

| | | |
|---|---|---|
| | | Quash Subpoenas 403 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 426 | Opposition re Defendants' Motion in Limine No.2 re: MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay 401 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 425 | Opposition re Defendants' Motion in Limine No. 1 Opposition re: MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL 400 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 424 | Final Pretrial Conference Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Plaintiffs Joanne Siegel, Laura Siegel Larson (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 423 | Joint Witness List filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Does, Movant Twentieth Century Fox Film Corporation, Plaintiffs Joanne Siegel, Laura Siegel Larson, Intervenor Parties Bad Hat Harry Productions, Inc, Bryan Singer, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc, Counter Defendants Laura Siegel Larson, Joanne Siegel (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/12/2009 | 422 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 421 | DECLARATION of Michael Bergman in opposition to MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights 404 , MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence 407 , MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial 405 , MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony 406 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit 1–4 to Bergman Declaration)(Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 420 | OPPOSITION re: MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence 407 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 419 | OPPOSITION re: MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony 406 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 418 | OPPOSITION re: MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial 405 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 417 | OPPOSITION re: MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights 404 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 01/12/2009) |
| 01/12/2009 | 416 | [PROPOSED] ORDER GRANTING MOTION OF NON–PARTY TWENTIETH CENTURY FOX FILM CORPORATION TO QUASH TRIAL SUBPOENA re |

| | | MOTION to Quash Subpoena 414 filed by Movant Twentieth Century Fox Film Corporation. (Zedek, Betsy) (Entered: 01/12/2009) |
|---|---|---|
| 01/12/2009 | 415 | DECLARATION of Jonathan Gottlieb In Support of Motion of Non–Party Twentieth Century Fox Film Corporation to Quash Trial Subpoena MOTION to Quash Subpoena 414 filed by Movant Twentieth Century Fox Film Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Zedek, Betsy) (Entered: 01/12/2009) |
| 01/12/2009 | 414 | NOTICE OF MOTION AND MOTION to Quash Subpoena filed by Non–Party Movant Twentieth Century Fox Film Corporation. Motion set for hearing on 2/2/2009 at 10:00 AM before Judge Stephen G. Larson. (Zedek, Betsy) (Entered: 01/12/2009) |
| 01/12/2009 | 413 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration of Nicholas Williamson In Support of Plaintiffs' Oppositions to Defendants' Motions in Limine Nos. 1–4. (Toberoff, Marc) (Entered: 01/12/2009) |
| 01/09/2009 | 412 | ORDER by Judge Stephen G. Larson: Plaintiffs ex parte application (docket # 390) and defendants ex parte application (docket # 394) are both GRANTED. The Court will conduct a hearing on plaintiffs motion to compel and defendants motion to compel on January 14, 2009, at 1:00 p.m. in Courtroom One. [re EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* 390 , EX PARTE APPLICATION for Hearing ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT 394 (jh) (Entered: 01/09/2009) |
| 01/05/2009 | 411 | SEALED DOCUMENT – DECLARATION of Nicholas Williamson in support of Plaintiffs' MOTIONS IN LIMINE Nos. 1–4 404 , 407 , 405 , 406 filed. (Attachments: # 1 Part 1, # 2 Part 2, # 3 Part 3, # 4 Part 4)(ad) (Entered: 01/07/2009) |
| 01/05/2009 | 410 | DECLARATION of Marc Toberoff In Support of MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights 404 , MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence 407 , MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial 405 , MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony 406 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibits A–F, # 2 Exhibits G–S, # 3 Exhibits T–BB, # 4 Exhibit CC (part one), # 5 Exhibits CC (part two) – FF)(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 409 | DECLARATION of Michael Bergman in support of MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas 403 , MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL 400 , MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits 402 , MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay 401 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit 1–5, # 2 Exhibit 6–27, # 3 Exhibit 28 Part 1, # 4 Exhibit 28 Part 2, # 5 Exhibit 28 Part 3, # 6 Exhibit 29–52, # 7 Exhibit 53–58, # 8 Exhibit 59–62, # 9 Exhibit 63–66, # 10 Exhibit 67 Part 1, # 11 Exhibit 67 Part 2, # 12 Exhibit 68–70, # 13 Exhibit 71, # 14 Exhibit 72–76, # 15 Exhibit 77 Part 1, # 16 Exhibit Ex 77 Part 2, # 17 Exhibit Ex |

| | | |
|---|---|---|
| | | 77 Part 3, #_18 Exhibit 78–81, #_19 Exhibit 82, #_20 Exhibit 83, #_21 Exhibit 84, #_22 Exhibit 85, #_23 Exhibit 86–87, #_24 Exhibit 88–93, #_25 Exhibit 94–103, #_26 Declaration 104–111, #_27 Exhibit 112–117, #_28 Exhibit 118–124, #_29 Exhibit 125–127)(Hagen, Adam) (Entered: 01/05/2009) |
| 01/05/2009 | 408 | DECLARATION of Keith Adams In Support of MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights _404 , MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence _407 , MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial _405 , MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony _406 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: #_1 Exhibits A–V, #_2 Exhibits W–UU)(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 407 | NOTICE OF MOTION AND MOTION IN LIMINE No. 4 to Exclude Irrelevant, Misleading and/or Otherwise Inadmissible Evidence filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 406 | NOTICE OF MOTION AND MOTION IN LIMINE No. 3 to Exclude Documents That Were Not Timely Produced and Related Testimony filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 405 | NOTICE OF MOTION AND MOTION IN LIMINE No. 2 to Exclude Testimony of Defendants' Experts William Immerman and Richard Marks at the February 3, 2009 Trial filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 404 | NOTICE OF MOTION AND MOTION IN LIMINE No. 1 to Exclude Evidence in Support of Defendants' Claim that Warner Bros. Entertainment Inc. Is Not the Co–Owner of Superman Audiovisual Rights filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Toberoff, Marc) (Entered: 01/05/2009) |
| 01/05/2009 | 403 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude Documents and Trial Testimony Sought In Third–Party Subpoenas Served on December 22 and 23, 2008 And Motion to Quash Subpoenas filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Hagen, Adam) (Entered: 01/05/2009) |
| 01/05/2009 | 402 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Hagen, Adam) (Entered: 01/05/2009) |
| 01/05/2009 | 401 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude Testimony of Plaintiffs' Witnesses Mark Evanier, James Steranko, Wayne Lewellen, Steven Sills, Barry Meyer, Alan Horn, Jeff Robinov, Kevin Tsujihara, Bradley Scott Miller, Marsha Todd, Gregory Noveck and Jay Kogan filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Hagen, Adam) (Entered: 01/05/2009) |
| 01/05/2009 | 400 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude OR DEFINE SCOPE OF FEBRUARY 3, 2009 TRIAL filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 1/26/2009 at 11:00 AM before Judge Stephen G. Larson.(Hagen, Adam) (Entered: 01/05/2009) |
| 01/05/2009 | 399 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration of Nicholas Williamson In Support of Plaintiffs' Motions In Limine |

| | | |
|---|---|---|
| | | Nos. 1–4, Dated January 5, 2009. (Toberoff, Marc) (Entered: 01/05/2009) |
| 01/02/2009 | 398 | Notice of Withdrawal of Declaration (non–motion) 389 , Notice of Manual Filing (G–92) 387 filed by Plaintiff Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 01/02/2009) |
| 12/31/2008 | 397 | RESPONSE filed by Plaintiffs Joanne Siegel, Laura Siegel Larsonto EX PARTE APPLICATION for Hearing ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT 394 (Attachments: # 1 Declaration of Nicholas Williamson with Exhibit A)(Williamson, Nicholas) (Entered: 12/31/2008) |
| 12/30/2008 | 396 | DECLARATION of Nicholas Williamson re EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* 390 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Williamson, Nicholas) (Entered: 12/30/2008) |
| 12/30/2008 | 395 | NOTICE OF MOTION AND MOTION to Compel PRODUCTION OF WITHHELD DOCUMENT filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 1/26/2009 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Michael Bergman in Support of Defendants Motion to Compel, # 2 Exhibit A–D to Bergman Declaration to Defendants Motion to Compel, # 3 Declaration of Marc Toberoff in Opposition to Defendants Motion to Compel, # 4 Exhibit to Toberoff Declaration in Opposition to Defendants Motion to Compel)(Hagen, Adam) (Entered: 12/30/2008) |
| 12/30/2008 | 394 | EX PARTE APPLICATION for Hearing ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Declaration of Adam Hagen, # 2 Exhibit 1–4 to Hagen Declaration, # 3 Proposed Order re Defendants Ex Parte Application)(Hagen, Adam) (Entered: 12/30/2008) |
| 12/30/2008 | 393 | RESPONSE filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comicsto EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* 390 (Attachments: # 1 Declaration of Adam Hagen, # 2 Exhibit 1–3 to Hagen Declaration)(Hagen, Adam) (Entered: 12/30/2008) |
| 12/30/2008 | 392 | [Proposed] Order Granting Plaintiffs' Ex Parte Application re EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* 390 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/30/2008) |
| 12/30/2008 | 391 | DECLARATION of Marc Toberoff re EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* 390 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3 (part one), # 4 Exhibit 3 (part two), # 5 Exhibit 3 (part three), # 6 Exhibit 4 (part one), # 7 Exhibit 4 (part two), # 8 Exhibit 5, # 9 Exhibit 6 (part one), # 10 Exhibit 6 (part two))(Toberoff, Marc) (Entered: 12/30/2008) |
| 12/30/2008 | 390 | EX PARTE APPLICATION for Hearing *on Plaintiffs' Joint Stipulation re Motion to Compel Defendants' Supplementation of Discovery* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/30/2008) |
| 12/18/2008 | 389 | SEALED DOCUMENT – DECLARATION of Nicholas Williamson in support of Plaintiffs' Motions in Limine Nos.1–4 filed. (ad) (Entered: 12/23/2008) |
| 12/18/2008 | 388 | MINUTES OF IN CHAMBERS ORDER CONTINUING Final Pre–Trial and Trial Dates of Alter Ego Claim held before Judge Stephen G. Larson: The final pre–trial conference in connection with the alter ego claim in this case is continued to 1/26/2009 at 11:00 AM. Relatedly, the trial date for the alter ego claim is continued to 2/3/2009 at 9:30 AM. The final pre–trial conference and trial dates in connection with the accounting claim in this case remains as scheduled in the Court 10/6/08 Order. IT IS SO ORDERED. (ad) (Entered: 12/18/2008) |

| 12/18/2008 | 387 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration of Nicholas Williamson In Support of Plaintiffs' Motions In Limine Nos. 1–4. (Toberoff, Marc) (Entered: 12/18/2008) |
|---|---|---|
| 12/04/2008 | 386 | MINUTES OF IN CHAMBERS ORDER REGARDING ESCROW HOLDER'S OCTOBER 16, 2008, LETTER SEEKING CLARIFICATION OF COURT'S SEPTEMBER 26, 2008, ORDER held before Judge Stephen G. Larson: (see document for specifics). (mrgo) (Entered: 12/09/2008) |
| 10/20/2008 | 385 | ANSWER to Amended Complaint 378 filed by DEFENDANTS Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.(Hagen, Adam) (Entered: 10/20/2008) |
| 10/17/2008 | 384 | REPLY filed by Plaintiffs Joanne Siegel, Laura Siegel Larson to Response (non–motion) 383 (Toberoff, Marc) (Entered: 10/17/2008) |
| 10/17/2008 | 383 | RESPONSE filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comicsto Objections – non–motion, 381 (Attachments: # 1 Exhibit 1)(Hagen, Adam) (Entered: 10/17/2008) |
| 10/17/2008 | 382 | REQUEST for Leave to File Response to Defendants' 10/16/08 Objection to Plaintiffs' 9/29/08 Filing filed by Plaintiff Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibit 1– Response to Defendants' Objection)(Toberoff, Marc) (Entered: 10/17/2008) |
| 10/17/2008 | 381 | OBJECTIONS *and Response to Attorney David S. Eisen's October 16, 2008 Ex Parte Communication with the Court* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Declaration of Marc Toberoff, # 2 Exhibits A–J)(Toberoff, Marc) (Entered: 10/17/2008) |
| 10/16/2008 | 380 | REQUEST for Leave to To File Objections to Plaintiff's September 29, 2008 Filings filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit 1 Objections to Plaintiff's 9–29–08 Filing, # 2 Exhibit A to Objections to Plaintiff's 9–29–08 Filings)(Hagen, Adam) (Entered: 10/16/2008) |
| 10/08/2008 | 378 | SECOND AMENDED COMPLAINT against defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Does amending First Amended Complaint 43 ,filed by plaintiff Joanne Siegel, Laura Siegel Larson. (mrgo) (mrgo). (Entered: 10/14/2008) |
| 10/08/2008 | 377 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Second Amended Complaint. (Toberoff, Marc) (Entered: 10/08/2008) |
| 10/06/2008 | 379 | MINUTES OF Status Conference REGARDING RIGHT TO JURY TRIAL FOR REMAINING ISSUES held before Judge Stephen G. Larson: The Court GRANTS defendants request to file objections to plaintiffs September 23, 2008, filings and also GRANTS plaintiffs request to file a response to defendants September 26, 2008, objections. As noted in its previous order, no further pleadings are to be filed with the Court in connection with the issues presented in the parties brief of additional issues without leave of the Court. As far as scheduling of the trial in this matter, the Court will stagger trial of the alter ego and accounting claims. The alter ego claim shall be tried to this Court on January 20, 2009, at 9:30 a.m., in Courtroom One. The Court will conduct a final pre–trial conference in connection with the alter ego claim on January 12, 2009, at 11:00 a.m. in Courtroom One. The accounting claims shall be tried to this Court on March 24, 2009, at 9:30 a.m., in Courtroom One. The Court will conduct a final pre–trial conference in connection with the accounting claim on March 16, 2009, at 11:00 a.m., in Courtroom One.Court Reporter: Don Hilland. (mrgo) (Entered: 10/14/2008) |
| 10/06/2008 | 376 | ORDER by Judge Stephen G. Larson, granting plaintiffs' Stipulation for Leave to File 2nd Amended Complaint 371 . IT IS HEREBY ORDERED: 1. Plaintiffs are granted leave to file the Second Amended Complaint attached as Exhibit A to the Stipulation Granting Plaintiffs Leave to File Second Amended Complaint, filed September 25, 2008, deleting and dismissing Plaintiffs fifth claim for relief, (Waste) and sixth claim for relief, (Lanham Act) currently set for trial on November 4, 2008. 2. Plaintiffs withdrawal of their fifth and sixth claims for relief shall have no effect on the remaining causes of action in their Second Amended |

|  |  | Complaint. 3. Defendants waive any claim to any costs or legal fees in connection with said withdrawn fifth and sixth claims for relief. (mrgo) (Entered: 10/07/2008) |
|---|---|---|
| 09/29/2008 | 373 | REQUEST for Leave to File Response to Defendants' 9/26/08 Objections *to Plaintiffs' 9/23/08 Filings* filed by Plaintiff Joanne Siegel, Laura Siegel Larson. (Attachments: # _1_ Exhibit 1, # _2_ Exhibit 2)(Toberoff, Marc) (Entered: 09/29/2008) |
| 09/26/2008 | 375 | ORDER by Judge Stephen G. Larson, re Stipulation for Leave to file Second Amended Complaint _371_ . the Court ORDERS a status conference on October 6, 2008, at 11:00 a.m., in Courtroom One of this Court, wherein the parties' stipulation will be taken up and a FINAL and DEFINITIVE schedule will be set in this matter. See attached Minute Order for further details. (gg) (Entered: 10/01/2008) |
| 09/26/2008 | 374 | MINUTES OF IN CHAMBERS ORDER REGARDING ESCROW DOCUMENTS held before Judge Stephen G. Larson: (see document image for details). Accordingly, pursuant to the terms of Magistrate Judge Zarefskys Order, the escrow agent is ORDERED to produce to defendants counsel forthwith any escrow document not previouslylisted in a privilege log or as having been previously been produced. That is to say, the escrow agent is to match up the escrow documents with the privilege log entries and production documents listed in Mr. Toberoffs May 21, 2007, declaration. Thus, the nine documents produced by the escrow agent to the Court for in camera review are to be produced to defendants counselas those documents were not previously identified in a privilege log provided by plaintiffs. IT IS SO ORDERED. (ad) (Entered: 09/30/2008) |
| 09/26/2008 | 372 | REQUEST for Leave to To File Objections To Plaintiffs 9/23/08 Filings filed by DEFENDANTS Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # _1_ Exhibit 1 Objections to plaintiffs 9/23/08 filing, # _2_ Exhibit A Objections to Plaintiffs 9/23/08 filing)(Hagen, Adam) (Entered: 09/26/2008) |
| 09/25/2008 | 371 | STIPULATION for Leave to to File Second Amended Complaint filed by Plaintiff Joanne Siegel, Laura Siegel Larson. (Attachments: # _1_ Proposed Order)(Toberoff, Marc) (Entered: 09/25/2008) |
| 09/23/2008 | 369 | DECLARATION of Joanne Siegel re Objections – non–motion _367_ filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # _1_ Exhibit A)(Toberoff, Marc) (Entered: 09/23/2008) |
| 09/23/2008 | 368 | DECLARATION of Marc Toberoff re Objections – non–motion _367_ filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # _1_ Exhibit A)(Toberoff, Marc) (Entered: 09/23/2008) |
| 09/23/2008 | 367 | OBJECTIONS to Objections – non–motion _365_ filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 09/23/2008) |
| 09/22/2008 | 370 | MINUTES OF IN CHAMBERS ORDER REGARDING FURTHER FILINGS held before Judge Stephen G. Larson: The Court is in receipt of what are entitled defendants' Objection and Response to New Arguments Made at Hearing _367_ and plaintiffs' Objections and Response to Defendants' Improper Surreply to Plaintiffs' Oral Argument _365_ . These pleadings contain new arguments (and further documentation) not raised or presented in the parties' briefs of additional issues (notably questions of assignment). The Court will consider the arguments raised in the parties' recent pleadings in resolving the work–for–hire question that was raised and presented in the parties' initial briefs.However, the parties are directed that no further filings are to be made absent leave of Court. IT IS SO ORDERED. (ad) (Entered: 09/24/2008) |
| 09/22/2008 | 365 | OBJECTIONS to Objections – non–motion, _361_ filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 09/22/2008) |
| 09/22/2008 | 364 | DECLARATION of Marc Toberoff re Objections – non–motion, _361_ filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # _1_ Exhibits A–B, # _2_ Exhibit C)(Toberoff, Marc) (Entered: 09/22/2008) |
| 09/22/2008 | 363 | NOTICE OF ERRATA filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. correcting Objections – non–motion, _361_ (Hagen, Adam) |

| | | (Entered: 09/22/2008) |
|---|---|---|
| 09/18/2008 | 362 | RESPONSE filed by Plaintiffs Joanne Siegel, Laura Siegel Larson to Objections – non–motion, 361 OPPOSITION to Defendants' Objections and Request for Time to Fully Respond (Toberoff, Marc) (Entered: 09/18/2008) |
| 09/18/2008 | 361 | OBJECTIONS to Memorandum of Points and Authorities in Support (non–motion) 339 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Declaration of Michael Bergman, # 2 Exhibit A through C to Bergman Declaration)(Hagen, Adam) (Entered: 09/18/2008) |
| 09/16/2008 | 366 | MINUTES OF Status Conference held before Judge Stephen G. Larson: (1) ORDER CONTINUING HEARING ON PARTIES' CROSS BRIEFS RE ADDITIONAL ISSUES (2) PRETRIAL CONFERENCE IS RESCHEDULED. Court hears oral argument and takes the matter under submission. ( Pretrial Conference is continued to 10/27/2008 at 11:00 AM before Judge Stephen G. Larson.)Court Reporter: Theresa Lanza. (mrgo) (Entered: 09/22/2008) |
| 09/15/2008 | 360 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson: Due to the congestion of the court's calendar, the hearing on the above–referenced matter(s) scheduled on today's calendar was ordered reset for Tuesday, September 16, 2008, at 2:00 p.m. ( Status Conference set for 9/16/2008 02:00 PM before Judge Stephen G. Larson.) (mrgo) (Entered: 09/17/2008) |
| 09/02/2008 | 359 | NOTICE of Change of Attorney Information for attorney Marc Toberoff counsel for Plaintiffs Joanne Siegel, Laura Siegel Larson. Changing FIRM NAME to Toberoff &Associates, P.C.. Filed by Plaintiffs Joanne Siegel and Laura Siegel Larson (Toberoff, Marc) (Entered: 09/02/2008) |
| 08/11/2008 | 357 | OBJECTIONS to Response in Opposition to Motion, 353 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Declaration of Marc Toberoff)(Toberoff, Marc) (Entered: 08/11/2008) |
| 08/11/2008 | 356 | STIPULATION for Order RE Scheduling filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Proposed Order Re: Schedule)(Toberoff, Marc) (Entered: 08/11/2008) |
| 08/06/2008 | 355 | NOTICE OF ERRATA filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. correcting Response in Opposition to Motion, 353 (Hagen, Adam) (Entered: 08/06/2008) |
| 08/05/2008 | 354 | MINUTES OF IN CHAMBERS ORDER CONTINUING HEARING DATE ON PARTIES' CROSS–BRIEFS, ORDER CONTINUING FINAL PRE–TRIAL CONFERENCE held before Judge Stephen G. Larson: Due to the congestion of the Courts docket, the August 11, 2008, hearing on the parties cross–briefs is hereby continued to September 15, 2008, at 3:00 pm. in Courtroom One. Furthermore, the final pre–trial conference is hereby continued from October 6, 2008, to October 20, 2008, at 11:00 a.m. The trial date in the case of November 4, 2008, however, remains unchanged. (mrgo) (Entered: 08/06/2008) |
| 08/05/2008 | 353 | OPPOSITION to Plaintiffs' July 28, 2008 Opposition Brief filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Declaration Michael Bergman, # 2 Declaration A – N to Bergman Declaration, # 3 Exhibit O – R to Bergman Declaration)(Hagen, Adam) (Entered: 08/05/2008) |
| 08/05/2008 | 352 | STIPULATION for Order RE Scheduling Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order RE Schedule Order)(Hagen, Adam) (Entered: 08/05/2008) |
| 08/04/2008 | 358 | NOTICE OF DISCREPANCY AND ORDER: by Judge Stephen G. Larson, ORDERING Motion for Reconsideration submitted by Plaintiff Joanne Siegel received on 7/23/08 is not to be filed but instead rejected. Denial based on: Local Rules 11–3.8, 11–4.1, FRCP Rule 5(d) and A motion needs to be done for each case number. (ad) (Entered: 08/13/2008) |
| 08/04/2008 | 351 | OBJECTIONS to Response in Opposition to Motion, 348 to the Expert Report of Neil W. Netanel Submitted in Support of Defendants' Response to Plaintiffs' Brief on Additional Issues filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. |

| | | |
|---|---|---|
| | | (Toberoff, Marc) (Entered: 08/04/2008) |
| 07/30/2008 | 350 | NOTICE OF ERRATA filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. correcting Memorandum of Points and Authorities in Opposition (non–motion), Memorandum of Points and Authorities in Opposition (non–motion) 349 (Toberoff, Marc) (Entered: 07/30/2008) |
| 07/28/2008 | 349 | MEMORANDUM of Points and Authorities in Opposition filed by Plainittf Joanne Siegel, Laura Siegel Larson. *In Opposition to Defendants' Brief on Additional Issues filed pursuant to the Court's July 3, 2008 Order* Re: Order,,, Set Deadlines/Hearings,, 328 (Toberoff, Marc) (Entered: 07/28/2008) |
| 07/28/2008 | 348 | OPPOSITION *to Plaintiffs' Brief on Additional Issues* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Attachments: # 1 Declaration of Michael Bergman, # 2 Exhibit to Bergman Declaration)(Hagen, Adam) (Entered: 07/28/2008) |
| 07/28/2008 | 347 | DECLARATION of Marc Toberoff re Order,,, Set Deadlines/Hearings,, 328 *In Opposition to Defendants' Brief on Additional Issues filed Pursuant to the Court's July 3, 2008 Order* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibits A–D, # 2 Exhibits E–F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit K, # 8 Exhibits L–V, # 9 Exhibits W–Z, # 10 Exhibits AA–CC, # 11 Exhibits DD–JJ)(Toberoff, Marc) (Entered: 07/28/2008) |
| 07/21/2008 | 346 | NOTICE OF LODGING Exhibit D to declaration of Nicholas Williamson filed by plaintiffs Joanne Siegel, Laura Siegel Larson re Memorandum of Points and Authorities in Support (non–motion) 339 . (mrgo) (Entered: 07/23/2008) |
| 07/21/2008 | 345 | NOTICE OF LODGING Exhibit C to declaration of Nicholas Williamson filed by plaintiffs Joanne Siegel, Laura Siegel Larson re Memorandum of Points and Authorities in Support (non–motion) 339 (mrgo) (Entered: 07/23/2008) |
| 07/21/2008 | 344 | NOTICE OF LODGING Exhibit B to declaration of Nicholas Williamson filed by plaintiffs Joanne Siegel, Laura Siegel Larson re Memorandum of Points and Authorities in Support (non–motion) 339 (mrgo) (Entered: 07/23/2008) |
| 07/21/2008 | 343 | NOTICE OF LODGING Exhibit A to declaration of Nicholas Williamson filed by plaintiffs Joanne Siegel, Laura Siegel Larson re Memorandum of Points and Authorities in Support (non–motion) 339 . (mrgo) (Entered: 07/23/2008) |
| 07/21/2008 | 342 | SEALED DOCUMENT–DECLARATION of Marc Toberoff in support of Memorandum of Points and Authorities in Support (non–motion) 339 . (mrgo) (Entered: 07/23/2008) |
| 07/21/2008 | 341 | DECLARATION of Mario Ortiz re Miscellaneous Document 336 *in Support of Defendants' Brief on Additional Issues* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit A–J to Ortiz Declaration, # 2 Exhibit K – T to Ortiz Declaration)(Mandavia, Anjani) (Entered: 07/21/2008) |
| 07/21/2008 | 340 | DECLARATION of Michael Bergman re Miscellaneous Document 336 *in Support of Defendants' Brief on Additional Issues* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit A–C to Bergman Declaration, # 2 Exhibit D Part 1 to Bergman Declaration, # 3 Exhibit D Part 2 to Bergman Declaration, # 4 Exhibit E Part 1 to Bergman Declaration, # 5 Exhibit E Part 2 to Bergman Declaration, # 6 Exhibit F Part 1 to Bergman Declaration, # 7 Exhibit F Part 2 to Bergman Declaration)(Mandavia, Anjani) (Entered: 07/21/2008) |
| 07/21/2008 | 339 | MEMORANDUM of Points and Authorities in Support filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. *Filed Pursuant To The Courts July 3, 2008 Order* Re: Order,,, Set Deadlines/Hearings,, 328 (Toberoff, Marc) (Entered: 07/21/2008) |
| 07/21/2008 | 338 | DECLARATION of Paul Levitz re Miscellaneous Document 336 *In Support of Defendants' Brief on Additional Issues* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 07/21/2008) |

| 07/21/2008 | 337 | DECLARATION of Keith Adams re Order,,, Set Deadlines/Hearings,, 328 *In Support Of Plaintiffs' Memorandum of Points and Authorities on Pre−Trial Issues Filed Pursuant To The Courts July 3, 2008 Order* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Exhibits A−H, # 2 Exhibits I−P, # 3 Exhibits Q−W)(Toberoff, Marc) (Entered: 07/21/2008) |
|---|---|---|
| 07/21/2008 | 336 | *DEFENDANTS' BRIEF ON ADDITIONAL ISSUES* (Mandavia, Anjani) (Entered: 07/21/2008) |
| 07/21/2008 | 335 | DECLARATION of Nicholas Williamson re Order,,, Set Deadlines/Hearings,, 328 *In Support Of Plaintiffs' Memorandum of Points and Authorities on Pre−Trial Issues Filed Pursuant To The Courts July 3, 2008 Order* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Attachments: # 1 Notice of Manual Filing)(Toberoff, Marc) (Entered: 07/21/2008) |
| 07/21/2008 | 334 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Notices of Lodging of Exhibits (A) through (D) to the Declaration of Nicholas Williamson; Exhibits (A) through (D) to the Declaration Of Nicholas Williamson In Support Of Plaintiffs' Memorandum of Points and Authorities on Pre−Trial Issues Filed Pursuant To The Courts July 3, 2008 Order. (Toberoff, Marc) (Entered: 07/21/2008) |
| 07/21/2008 | 333 | NOTICE of Manual Filing filed by Plaintiffs Joanne Siegel, Laura Siegel Larson of Declaration Of Marc Toberoff In Support of Plaintiffs' Memorandum of Points and Authorities on Pre−trial Issues Filed Pursuant to the Court's July 3, 2008 Order. (Toberoff, Marc) (Entered: 07/21/2008) |
| 07/16/2008 | 332 | ORDER by Judge Stephen G. Larson, re Stipulation for Order RE: SUPPLEMENTAL BRIEFING PURSUANT TO JULY 3, 2008 ORDERS 330 . IT IS HEREBY ORDERED that: 1. Pursuant to the Courts Orders of July 3, 2008, the parties shall each submit a single opening brief on July 21, 2008 and a single responsive brief on July 28, 2008; and 2. The page limits set forth in Local Rule 11−6 and paragraph 4(b) of this Courts Standing Order are modified for purposes of said briefs as follows: Said opening brief is to be no more than eighty (80) pages long and said response brief is to be no more than fifty (50) pages long. (mrgo) (Entered: 07/17/2008) |
| 07/10/2008 | 330 | STIPULATION for Order re Supplemental Briefing Pursuant to July 3, 2008 Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order re Stipulation re: Supplemental Briefing Pursuant to July 3, 2008 Order)(Mandavia, Anjani) (Entered: 07/10/2008) |
| 07/08/2008 | 331 | MINUTES OF IN CHAMBERS ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION; AMENDED ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION held before Judge Stephen G. Larson: Accordingly, the Court hereby DENIES plaintiffs motion without prejudice. (am) (Entered: 07/11/2008) |
| 07/03/2008 | 329 | MINUTES OF IN CHAMBERS ORDER SETTING FURTHER BRIEFING ON OUTSTANDING ISSUES held before Judge Stephen G. Larson: The parties submitted their joint report to this Court on June 27, 2008. From the Courts review of that report it appears that the parties were unable to settle their dispute. Accordingly, the Court sets out the following briefing schedule for resolution of the seven remaining issues identified in the March 31, 2008, Order: (1) The parties shall file with the Court simultaneous opening briefs setting forth their respective positions on those seven issues by July 21, 2008; (2) The parties shall file with the Court simultaneous responses by July 28, 2008; and (3) A hearing will be held on the matter on August 11, 2008, at 3:00 p.m. in Courtroom One. (mrgo) (Entered: 07/08/2008) |
| 07/03/2008 | 328 | ORDER by Judge Stephen G. Larson: ORDER SETTING FURTHER BRIEFING ON OUTSTANDING ISSUES; (1)The parties shall file with the Court simultaneous opening briefs setting forth their respective positions on those seven issues by July 21, 2008; (2)The parties shall file with the Court simultaneous responses by July 28, 2008; and (3)A hearing will be held on the matter on August 11, 2008, at 3:00 p.m. in Courtroom One. Set/Reset Deadlines/Hearings:( Status |

| | | |
|---|---|---|
| | | Conference set for 8/11/2008 03:00 PM before Judge Stephen G. Larson.) (jh) (Entered: 07/03/2008) |
| 07/03/2008 | 327 | ORDER ISSUED by Judge Stephen G. Larson: ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION; ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION [re MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 (jh) (Entered: 07/03/2008) |
| 06/30/2008 | 326 | DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS re MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Hagen, Adam) (Entered: 06/30/2008) |
| 06/30/2008 | 325 | REPLY In support of MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Entered: 06/30/2008) |
| 06/30/2008 | 324 | REPLY In Support of MOTION for Reconsideration *and/or Clarification* 300 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (Toberoff, Marc) (Entered: 06/30/2008) |
| 06/27/2008 | 323 | JOINT REPORT RE MEDIATION EFFORTS filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics (Hagen, Adam) (Entered: 06/27/2008) |
| 06/26/2008 | 322 | ERRATA RE DEFENDANTS' MOTION AND MOTION FOR CLARIFICATION AND/OR RECONSIDERATION re MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Hagen, Adam) (Entered: 06/26/2008) |
| 06/16/2008 | 321 | DECLARATION of Michael Bergman in opposition to MOTION for Reconsideration *and/or Clarification* 300 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Attachments: # 1 Exhibit to Declaration of Michael Bergman)(Hagen, Adam) (Entered: 06/16/2008) |
| 06/16/2008 | 320 | MEMORANDUM in Opposition to MOTION for Reconsideration *and/or Clarification* 300 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (Hagen, Adam) (Entered: 06/16/2008) |
| 06/16/2008 | 319 | MEMORANDUM in Opposition to MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 filed by Plaintiff Laura Siegel Larson. (Attachments: # 1 Declaration of Keith Adams and attached Exhibits)(Toberoff, Marc) (Entered: 06/16/2008) |
| 06/16/2008 | 318 | OBJECTIONS in opposition to re: MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 307 filed by Plaintiff Laura Siegel Larson. (Toberoff, Marc) (Entered: 06/16/2008) |
| 05/29/2008 | 317 | ORDER by Judge Stephen G. Larson, that the following pre–trial date shall be applicable to these matters: Deadline to file Joint Report re mediation efforts 6/27/08 re Stipulation for Order, 316 (la) (Entered: 05/30/2008) |
| 05/27/2008 | 316 | STIPULATION for Order Extending Deadline to File Joint Report re Mediation Efforts filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Extending Deadline to File Joint Report re Mediation Efforts)(Hagen, Adam) (Entered: 05/27/2008) |

| | | |
|---|---|---|
| 05/19/2008 | 313 | DECLARATION of Marc Toberoff in support of MOTION for Reconsideration *and/or Clarification* 300 *and Attached Exhibits* filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 05/19/2008) |
| 05/16/2008 | 312 | MEMORANDUM in Support of MOTION for Reconsideration *and/or Clarification* 300 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (Toberoff, Marc) (Entered: 05/16/2008) |
| 05/16/2008 | 311 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS and ORDER by Stephen G. Larson. The documents are accepted as filed RE: MOTION for Reconsideration and/or Clarification 300 , MOTION for Reconsideration re Order, 293 , 307 . The briefing schedule for the filing of briefs by operation under the Local Rules is not extended; Responses due by 6/23/2008. Replies due by 6/30/2008. Motion reset for hearing on 7/14/2008 at 10:00 AM before Judge Stephen G. Larson. (mrgo) (Entered: 05/16/2008) |
| 05/16/2008 | 310 | ORDER by Judge Stephen G. Larson : the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: MOTION for Reconsideration re Order, 293 , 301 , for the following reasons: Document No. 301 is ORDERED STRICKEN, due to electronic filing error; the imaged copy for this entry is Laura Siegel Larson's Memorandum of Points and Authorities, etc. Counsel may re–file under the appropriate filing event. (mrgo) (Entered: 05/16/2008) |
| 05/15/2008 | 315 | SEALED DOCUMENT–EXHIBIT B to Declaration of Marc Toberoff, filed on 12/10/07, in support of opposition to EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008 279 and pursuant to Protective Order and Local Rule 79–5. (mrgo) (Entered: 05/21/2008) |
| 05/15/2008 | 314 | ORDER by Judge Stephen G. Larson re: Stipulation to Seal Documents, 305 . IT IS HEREBY ORDERED that exhibit "B" to the declaration of Marc Toberoff in support of the opposition to defendants' ex parte application to set rebuttal expert report date for 1/14/08, filed on 12/10/07, shall be removed from the public filein this action; and the Clerk shall replace such exhibit with a copy of the exhibit in a sealed envelope, submitted by defendants, pursuant to L.R. 79–5. (mrgo) (Entered: 05/21/2008) |
| 05/15/2008 | 309 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Motion date of 7/7/08 is not available. The next available motion date is 7/14/08 at 10:00 AM. RE: MOTION for Reconsideration 307 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 05/15/2008) |
| 05/14/2008 | 308 | STIPULATION RE: SEALED DOCUMENTS PURSUANT TO 4/5/06 PROTECTIVE ORDER AND LOCAL RULE 79–5 filed by defendants/counterclaimants Warner Bros Entertainment Inc, Time Warner Inc. Lodged order. (mrgo) (Entered: 05/15/2008) |
| 05/14/2008 | 307 | NOTICE OF MOTION AND MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings, 293 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.Motion set for hearing on 7/7/2008 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Wayne M. Smith in Support of Defendants' Motion for Clarification and/or Reconsideration# 2 Exhibit to Wayne M. Smith Declaration)(Hagen, Adam) (Entered: 05/14/2008) |
| 05/14/2008 | 306 | NOTICE of Manual Filing filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics of Exhibit "B" to the Declaration of Marc Toberoff Filed on December 10, 2007 Pursuant to April 5, 2006 Protective Order. (Mandavia, Anjani) (Entered: 05/14/2008) |
| 05/14/2008 | 305 | STIPULATION File Exhibit "B" to Declaration of Marc Toberoff. filed on December 10, 2007 Pursuant to April 5, 2006 Protective Order and Local Rule 79–5 Under Seal filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order re Stipulation Re: Sealed Documents Pursuant to April 5, 2006 Protective Order and Local Rule 79–5)(Mandavia, Anjani) (Entered: 05/14/2008) |

| 05/13/2008 | 304 | ORDER by Judge Stephen G. Larson : the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order re MOTION for Reconsideration and/or Clarification 299 , for the following reasons: : Document No. 299 is ORDERED STRICKEN, due to electronic filing error; the imaged copy for this entry is a Declaration of Wayne M. Smith in Support, etc. (mrgo) (Entered: 05/14/2008) |
|---|---|---|
| 05/13/2008 | 303 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Motion date of 6/16/08 is CLOSED. The next available motion date is 7/7/08 at 10:00 AM. RE: MOTION for Reconsideration 300 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 05/13/2008) |
| 05/13/2008 | 302 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents. The following error(s) was found: Incorrect document is attached to the docket entry. Incorrect Document Type selected (i.e., event selected does not match document attached). RE: MOTION for Reconsideration re Order 301 , MOTION for Reconsideration 299 . In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. (am) (Entered: 05/13/2008) |
| 05/12/2008 | 301 | NOTICE OF MOTION AND MOTION for Reconsideration re Order,, Terminate Deadlines and Hearings,, 293 *Memorandum of Points and Authorities in support thereof* filed by Plaintiff Laura Siegel Larson.Motion set for hearing on 6/16/2008 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Affidavit of Marc Toberoff)(Toberoff, Marc) (Entered: 05/12/2008) |
| 05/12/2008 | 300 | NOTICE OF MOTION AND MOTION for Reconsideration *and/or Clarification* filed by Plaintiff Laura Siegel Larson.Motion set for hearing on 6/16/2008 at 10:00 AM before Judge Stephen G. Larson. (Toberoff, Marc) (Entered: 05/12/2008) |
| 05/12/2008 | 299 | NOTICE OF MOTION AND MOTION for Reconsideration *and/or Clarification* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.Motion set for hearing on 6/16/2008 at 10:00 AM before Judge Stephen G. Larson. (Attachments: # 1 Declaration of Wayne Smith# 2 Exhibit to Wayne Smith Declaration)(Hagen, Adam) (Entered: 05/12/2008) |
| 04/16/2008 | 298 | MEMORANDUM of Points and Authorities in Opposition filed by Plaintiff Laura Siegel Larson. *to Defendants' Notice of New Evidence* Re: Notice (Other), Notice (Other), Notice (Other), Notice (Other) 295 (Attachments: # 1 Declaration of Marc Toberoff)(Toberoff, Marc) (Entered: 04/16/2008) |
| 04/10/2008 | 297 | NOTICE of Non−Objection to Plaintiffs' Request For Time To Respond To Defendants' Notice of New Evidence Re: Defendants' Declaration Filed Pursuant to the Court's September 17, 2007 Order Re "Escrow Documents" filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Mandavia, Anjani) (Entered: 04/10/2008) |
| 04/10/2008 | 296 | OBJECTIONS to Notice (Other), Notice (Other), Notice (Other), Notice (Other) 295 *of New Evidence filed by Defendants* filed by Plaintiff Laura Siegel Larson. (Attachments: # 1 Declaration of Marc Toberoff)(Toberoff, Marc) (Entered: 04/10/2008) |
| 04/09/2008 | 295 | NOTICE of New Evidence Re: Defendants' Declaration Filed Pursuant to the Court's September 17, 2007 Order Re "Escrow Documents" filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Declaration of Wayne M. Smith In Support of Defendants' Declaration Filed Pursuant to the Court's September 17, 2007 Order Re "Escrow Documents"# 2 Declaration of JAmes D. Weinberger In Support of Defendants' Declaration Filed Pursuant to the Court's September 17, 2007 Order Re "Escrow Documents"# 3 Exhibit to James D. Weinberger Declaration In Support of Defendants' Declaration Filed Pursuant to the Court's September 17, 2007 Order Re "Escrow Documents")(Hagen, Adam) (Entered: 04/09/2008) |
| 03/31/2008 | 294 | MINUTES OF IN CHAMBERS ORDER DENYING AS MOOT PARTIES CROSS−MOTIONS FOR PARTIAL SUMMARY JUDGMENT IN CV−04−8776 CASE; ORDER REQUIRING PARTIES TO ENGAGE IN MEANINGFUL |

| | | |
|---|---|---|
| | | SETTLEMENT NEGOTIATIONS; ORDER SETTING PRE–TRIAL AND TRIAL DATES; ORDER STAYING RULING ON OUTSTANDING ISSUES CONTAINED IN JULY 27, 2007, ORDER PENDING SETTLEMENT DISCUSSIONS held before Judge Stephen G. Larson re: MOTION for Partial Summary Judgment 160 .Jury Trial set in the Superman case for 11/4/2008 at 09:30 AM before Judge Stephen G. Larson. Pretrial Conference set in the Superman case for 10/6/2008 at 11:00 AM before Judge Stephen G. Larson. (See document for further specifics) (mrgo) (Entered: 04/02/2008) |
| 03/26/2008 | 293 | ORDER by Judge Stephen G. Larson: ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENTre MOTION for Partial Summary Judgment 160 (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit) (jh) (Entered: 03/26/2008) |
| 03/26/2008 | | DOCUMENT number 293, order denying motion for partial summary judgement deleted for the following reason: clerical error..(kg) (Entered: 03/26/2008) |
| 02/29/2008 | 292 | MINUTES OF IN CHAMBERS ORDER issued by Judge Stephen G. Larson: Due to the Courts congested docket, the status conference set for this matter on March 3, 2008, at 10:00 a.m., is hereby re–scheduled for March 10, 2008, at 10:00 a.m. IT IS SO ORDERED. [re: Order,, Set Hearings, 291 , Stipulation for Order, 290 , Set/Reset Deadlines/Hearings:Status Conference set for 3/10/2008 10:00 AM before Judge Stephen G. Larson. (jh) (Entered: 02/29/2008) |
| 02/22/2008 | 291 | ORDER by Judge Stephen G. Larson Re Stipulation Requesting Status Conference and Briefing Schedule Regarding Certain Trial and Pre–Trial Matters 290 : IT IS HEREBY ORDERED that the parties appear for a Status Conference before this Court on 3/3/2008 at 10:00AM. Previously entered Scheduling Order is VACATED. (ad) (Entered: 02/22/2008) |
| 02/21/2008 | 290 | STIPULATION for Order Requesting Status Conference and Briefing Schedule Regarding Certain Trial and Pre–Trial Matters filed by Defendant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Requesting Status Conference)(Mandavia, Anjani) (Entered: 02/21/2008) |
| 02/21/2008 | 289 | STIPULATION for Order Re Scheduling Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Re Stipulation Re Scheduling Order)(Mandavia, Anjani) (Entered: 02/21/2008) |
| 01/30/2008 | 288 | NOTICE of Change of Attorney Information for attorney James D Weinberger counsel for Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. Justin Deabler will no longer receive service of documents from the Clerks Office for the reason indicated in the G–06 Notice.Justin Deabler is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G–06 Notice. Filed by Defendants and counterclaimant Warner Bros. Entertainment Inc. et al. (Weinberger, James) (Entered: 01/30/2008) |
| 12/13/2007 | 287 | NOTICE of Change of Attorney Information: David L Burg is no longer attorney of record in this case for the reason indicated in the G–06 Notice. Filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics (ak) Additional attachment(s) added on 1/4/2008 (gg, ). (Entered: 12/21/2007) |
| 12/12/2007 | 286 | MINUTES OF IN CHAMBERS ORDER BY Judge Stephen G. Larson: the Court hereby GRANTS defendants ex parte request affording Mr. Johnson leave to submit a rebuttal report beyond the December 13, 2007, date as required by Rule 26(a)(2)(C), and further to allow a round of depositions to be taken of both sides financial experts. Accordingly, the Court hereby ORDERS that Mr. Sills submit such a second supplemental report to defendants by January 28, 2008. Court–ordered Mediation: March 28, 2008; Jury Instructions: March 31, 2008; Objections to Jury Instructions: April 7, 2008; Hearing on Motions in Limine: April 14, 2008, at 1:30 p.m.; Final Pre–Trial Conference: April 28, 2008, at 11:00 a.m. Trial Briefs: May 5, 2008; Trial of Case No. CV 04–8400: May 13, 2008, at |

| | | 9:30 a.m.; Trial of Case No. CV 04–8776: Thereafter, as set by Court. see Minute Order for complete text and requirements. [re: EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 ., Set/Reset Deadlines/Hearings: Final Pretrial Conference set for 4/28/2008 11:00 AM before Judge Stephen G. Larson.,Jury Trial set for 5/13/2008 09:30 AM before Judge Stephen G. Larson. (jh) (Entered: 12/12/2007) |
|---|---|---|
| 12/12/2007 | 285 | STIPULATION for Order Re Scheduling Order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Proposed Order Re Stipulation Regarding Scheduling Order)(Mandavia, Anjani) (Entered: 12/12/2007) |
| 12/11/2007 | 284 | MINUTES OF IN CHAMBERS ORDER BY Judge Stephen G. Larson: the Court hereby ORDERS the parties to electronically file their proposed stipulation continuing the pre–trial and trial dates by 4 p.m. December 12, 2007, and to fax a courtesy copy of the same to the Court (fax number: (951) 328–4418) by 4 p.m. December 12, 2007. See Minute Order for complete text of this notice.IT IS SO ORDERED. [re: EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 (jh) (Entered: 12/11/2007) |
| 12/11/2007 | 283 | OBJECTIONS in Support of Opposition to re: EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 *and Declaration of Nicholas Williamson in support thereof* filed by Plaintiff Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/11/2007) |
| 12/11/2007 | 282 | REPLY In Support Of EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 *and Declaration of Michael Bergman* filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (Mandavia, Anjani) (Entered: 12/11/2007) |
| 12/10/2007 | 281 | SEALED DOCUMENT–DECLARATION of Marc Toberoff, Esq. in opposition to Defendants' Ex Parte Application EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 . (Attachments: # 1 Exhibit Exhibits A–P# 2 Exhibit Exhibits Q–DD)(Toberoff, Marc) Additional attachment(s) added on 5/22/2008 (mrgo, ). Modified on 5/22/2008 (mrgo, ). (Entered: 12/10/2007) |
| 12/10/2007 | 280 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman 279 filed by Plaintiff Laura Siegel Larson. (Toberoff, Marc) (Entered: 12/10/2007) |
| 12/06/2007 | 279 | EX PARTE APPLICATION for Order for Setting Rebuttal Expert Report Date for January 14, 2008; Declaration of Franklin Johnson; Declaration of Anjani Mandavia; Declaration of Michael Bergman filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (Attachments: # 1 Exhibit to Michael Bergman's Declaration)(Mandavia, Anjani) (Entered: 12/06/2007) |
| 12/05/2007 | 278 | ORDER by Judge Stephen G. Larson re Stipulation to Reschedule Deposition of 3rd party Bryan Singer 277 . IT IS HEREBY ORDERED that the deposition of Bryan Singer shall be held on 12/6/07, commencing promptly at 12:30 pm. (mrgo) (Entered: 12/06/2007) |
| 11/29/2007 | 277 | STIPULATION to Reschedule the Deposition of Third Party Bryan Singer filed by Plaintiff Laura Siegel Larson. (Attachments: # 1 Proposed Order)(Toberoff, Marc) (Entered: 11/29/2007) |
| 11/16/2007 | 276 | MINUTES OF IN CHAMBERS ORDER RE SCHEDULING OF CASE NO. CV 04–8400 SGL (RZx) held before Judge Stephen G. Larson : The Court has received and reviewed the parties' stipulation re: scheduling order, filed on November 15, 2007. The parties stipulate and agree to continue certain scheduling |

| | | dates in Case No. CV 04–8400–SGL (RZx), the "Superman" case. The Court declines to adopt the proposed dates provided by the parties. On its own motion, the Court hereby sets the following dates in CV 04–8400–SGL (RZx):Motions in Limine to be filed by 2/11/2008. Last date to conduct settlement conference is 1/16/2008. Final Pretrial Conference set for 2/25/2008 at 11:00 AM before Judge Stephen G. Larson. Jury Trial set for 3/11/2008 at 09:30 AM before Judge Stephen G. Larson. (mrgo) (Entered: 11/19/2007) |
|---|---|---|
| 11/15/2007 | 275 | STIPULATION for Order Re Scheduling Order filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Does. (Attachments: # 1 Proposed Order Re: Stipulation Regarding Scheduling Order)(Mandavia, Anjani) (Entered: 11/15/2007) |
| 10/30/2007 | 274 | STIPULATION RE: SCHEDULING ORDER AND ORDER by Judge Stephen G. Larson : IT IS HEREBY ORDERED that the following pre–trial date shall be applicable to these matters: Jury Instructions due 30 days after the Court enters an order on all of the parties' cross–motions fo partial summary judgment. Ojections to jury instructios due 7 days after jury instructions are due. (mrgo) (Entered: 11/01/2007) |
| 10/23/2007 | 273 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson DENYING plaintiffs' EX PARTE APPLICATION for Order for Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 . (See document for specifics)(mrgo) (Entered: 10/24/2007) |
| 10/23/2007 | 272 | STIPULATION AND ORDER RE: SCHEDULING ORDER by Judge Stephen G. Larson : IT IS HEREBY ORDERED that the following pre–trial date shall be applicable to these matter: Mediation deadline–30 days after the Court enters an order on all of the parties' cross–motions for partial summary judgment.(mrgo) (Entered: 10/24/2007) |
| 10/09/2007 | 271 | NOTICE OF Withdrawal of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance with the Court's 8/13/07 Discovery Order 262 filed by plaintiffs and counter defendants Joanne Siegel, Laura Siegel Larson. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 270 | PROOF OF SERVICE filed by defendants and counter claimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Declaration 268 , Declaration 269 , Opposition to Motion 265 , Opposition to Motion 266 , Declaration 267 served on 10/5/07. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 269 | DECLARATION of Wayne M Smith in support of Warner Bros' Opposition to EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Defendants, Counter Claimants. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 268 | DECLARATION of James D Weinberger in Opposition to EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Defendants, Counter Claimants. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 267 | SEALED DOCUMENT – DECLARATION of Michael Bergman in support of Warner Bros' Opposition to Plaintiffs' EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 266 | OPPOSITION to Plaintiffs' EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Defendant, Counter Claimant DC Comics. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 265 | OPPOSITION to Plaintiffs' EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Defendant, Counter Claimant Warner Bros Entertainment Inc. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 264 | DECLARATION of Marc Toberoff in support of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance with the Court's 8/13/07 Discovery Order 262 filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne |

| | | Siegel. (ad) (Entered: 10/10/2007) |
|---|---|---|
| 10/05/2007 | 263 | MEMORANDUM in Support of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance with the Court's 8/13/07 Discovery Order 262 filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne Siegel. (ad) (Entered: 10/10/2007) |
| 10/05/2007 | 262 | NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION for an Order Compelling Defendants' Compliance with the Court's 8/13/07 Discovery Order filed by plaintiffs and counter defendants Joanne Siegel, Laura Siegel Larson. Lodged Proposed Order.(ad) (Entered: 10/10/2007) |
| 10/04/2007 | 261 | SEALED DOCUMENT – DECLARATION of Marc Toberoff in support of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed. (ad) Modified on 10/9/2007 (ad, ). (Entered: 10/09/2007) |
| 10/04/2007 | 260 | DECLARATION of Steven Sills in support of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne Siegel. (ad) Modified on 10/9/2007 (ad, ). (Entered: 10/09/2007) |
| 10/04/2007 | 259 | MEMORANDUM in Support of EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order 258 filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne Siegel. (ad) Modified on 10/9/2007 (ad, ). (Entered: 10/09/2007) |
| 10/04/2007 | 258 | NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION for an Order Compelling Defendants' Compliance With the Court's 9/17/07 Discovery Order filed by plaintiffs and counter defendants Joanne Siegel, Laura Siegel Larson. Lodged Proposed Order.(ad) Modified on 10/9/2007 (ad, ). (Entered: 10/09/2007) |
| 10/01/2007 | 257 | OBJECTIONS to the second declaration of Michael Bergman pursuant to the Court's 9/17/07 order filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 10/05/2007) |
| 09/28/2007 | 256 | OBJECTIONS to plaintiffs' Reply papers concerning the "Escrow Documents" and declaration of Michael Bergman in response thereto filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo) (Entered: 10/03/2007) |
| 09/27/2007 | 255 | OBJECTION to the Declaration of Michael Bergman 254 Re the Court's 9/17/07 Order filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne Siegel. Declaration of Marc Toberoff. (ad) (Entered: 09/27/2007) |
| 09/25/2007 | 254 | DECLARATION of Michael Bergman in response to declaration of Marc Toberoff filed pursuant to the Court's 9/17/07 order filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo) (Entered: 09/26/2007) |
| 09/24/2007 | 253 | STIPULATION RE: SCHEDULING ORDER AND ORDER by Judge Stephen G. Larson : Mediation deadline is 10/26/07; Jury instructions due by 11/8/07; objections to jury instructions due 11/15/07; Local Rule 16 conference due 11/20/07; Motions in Limine to be filed by 12/3/2007; motion in limine oppositions due 12/21/07; in limine replies due 1/4/08; memo of contentions, witness and exhibits lists, proposed vire dire and proposed pretrial conference order due 12/28/07; Pretrial Conference set for 1/7/2008 at 11:00 AM before Judge Stephen G. Larson. Trial briefs due 1/14/08. Trial dates will remain as currently scheduled.(mrgo) (Entered: 09/25/2007) |
| 09/20/2007 | 245 | MINUTES OF IN CHAMBERS ORDER by Judge Ralph Zarefsky: Per Judge Larson's minute order of 9/17/07, Defendants' Motion to Compel and for Sanctions 240 is denied as moot. The hearing date of 10/15/07 is vacated. (ib) (Entered: 09/21/2007) |

| 09/20/2007 | 244 | DECLARATION of Marc Toberoff pursuant to the Court's 9/17/07 Order 236 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 09/21/2007) |
| --- | --- | --- |
| 09/17/2007 | 252 | EVIDENTIARY OBJECTIONS IN OPPOSITION TO DEFENDANTS SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PURSUANT TO COURTS JULY 27, 2007 ORDER, filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 251 | OBJECTION to Defendants Notice of Errata and Late filed Declarations in Opposition to Defendants Motion for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 250 | PROOF OF SERVICE filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Declaration (Motion related), Declaration (Motion related) 249 , Declaration (Motion related), Declaration (Motion related) 248 , Declaration (Motion related), Declaration (Motion related) 246 , Statement (Motion related), Statement (Motion related) 247 served on 9/17/07. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 249 | DECLARATION of WAYNE M SMITH in support of Defendants Opposition to Plaintiffs EX PARTE APPLICATION for Order for Modifying the Court's 8/13/07 Discovery Order 237 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 248 | DECLARATION of ANJANI MANDAVIA in opposition to Plaintiffs EX PARTE APPLICATION for Order for Modifying the Court's 8/13/07 Discovery Order 237 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 247 | OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION for Order for Modifying the Court's 8/13/07 Discovery Order 237 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 246 | DECLARATION of JAMES D WEINBERGER in opposition to plaintiffs EX PARTE APPLICATION for Order for Modifying the Court's 8/13/07 Discovery Order 237 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (de) (Entered: 09/21/2007) |
| 09/17/2007 | 243 | DECLARATION of Michael Bergman in support of defendants' MOTION to Compel 240 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo) (Entered: 09/21/2007) |
| 09/17/2007 | 242 | PROOF OF SERVICE filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re MOTION to Compel 240 and supporting documents served on 9/17/07. (mrgo) (Entered: 09/21/2007) |
| 09/17/2007 | 241 | DECLARATION of Marc Toberoff in opposition to defendants' MOTION to Compel 240 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 09/21/2007) |
| 09/17/2007 | 240 | NOTICE OF MOTION AND JOINT STIPULATION RE: Defendants' Motion to Compel Compliance with the Court's 4/30/07 Order and Motion for Sanctions filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics.Motion set for hearing on 10/15/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged order. (mrgo) (Entered: 09/21/2007) |
| 09/17/2007 | 236 | MINUTES RE OUTSTANDING Discovery Matters held before Stephen G. Larson : Except as set forth below, discovery in these matters is ORDERED closed: 1) Bryan Singer is ORDERED to sit for a deposition by no later than |

| | | |
|---|---|---|
| | | 11/30/07; plaintiff Laura Siegel Larson is ORDERED to sit for a deposition by no later than 10/9/07; defendant DC Comics is ORDERED to produce the "reserve account document" to plaintiffs on or before 9/21/07; defendants are ORDERED to produce to plaintiffs all requested "ultimates" by 9/21/07; plaintiff's EX PARTE APPLICATION for Order for Modifying Court's 8/13/07 Scheduling Order 234 is GRANTED in part in that plaintiffs are afforded until 10/9/07, to complete their damages–related audit of defendants Time Warner Inc, Warner Bros Entertainment Inc, Warner Bros Television Production Ind and DC Comics. (See document for further specifics) Court Reporter: Theresa Lanza.(mrgo) (Entered: 09/19/2007) |
| 09/14/2007 | 239 | DECLARATION of Steven Sills in support of EX PARTE APPLICATION for Order Modifying the Court's 8/13/07 Discovery Order 237 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 09/21/2007) |
| 09/14/2007 | 238 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of EX PARTE APPLICATION for Order Modifying the Court's 8/13/07 Discovery Order 237 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 09/21/2007) |
| 09/14/2007 | 237 | NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION for Order Modifying the Court's 8/13/07 Discovery Order filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson. Lodged order.(mrgo) (Entered: 09/21/2007) |
| 09/11/2007 | 235 | JOINT STIPULATION AND ORDER MODIFYING COURTS AUGUST 13, 2007 SCHEDULING ORDER. Good cause appearing, it is hereby ORDERED that the Courts 8/13/07 Minute Order is modified as follows: 1. Bryan Singer is ORDERED to sit for his deposition no later than 11/30/07; 2. Counsel are ORDERED to telephonically arrange for Mr. Singer's deposition to occur at a date, time and place that is convenient for all parties and their counsel; and 3. Counsel are afforded leave to file a Joint Stipulation consistent with the requirements of Local Rule 37–2 identifying any outstanding discovery dispute related to Mr Singer's deposition on or before the 15th day after Mr Singer's deposition. It is further ORDERED that the Ex Parte Application of Non–Party Bryan Singer for Order Modifying Courts 8/13/07 Scheduling Order is moot. IT IS SO ORDERED, by Judge Stephen G. Larson. (de) (Entered: 09/13/2007) |
| 09/06/2007 | 234 | Notice of Ex Parte Application and EX PARTE APPLICATION for Order Modifying Court's 8/13/07 Scheduling Order filed by Intervenor Bryan Singer. Declarations of Bryan Singer, Elliott Kleinberg and Christopher G Caldwell; Exhibits. Lodged Proposed Order.(ad) (Entered: 09/13/2007) |
| 08/22/2007 | 233 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson DENYING defendant's 8/15/07, Application to modify scheduling order. However, counsel for the parties are ORDERED to meet and confer in person on or before 8/31/07. Counsel are thereafter afforded leave to file with this Court a Joint Stipulation consistent with the requirements of Local Rule 37–2. Said stipulation is to be filed before this Court, not Magistrate Judge Zarefsky on or before 9/21/07. Plaintiff's EXPARTE APPLICATION for Extension of Time to File opposition 228 is DENIED as moot.(mrgo) (Entered: 08/24/2007) |
| 08/17/2007 | 232 | DECLARATION of Anjani Mandivia in support of Defendants EXPARTE APPLICATION for Extension of Time to Oppose Defendants Application to Modify Scheduling Order 228 , filed by Defendants and Counter Claimants (de) (Entered: 08/22/2007) |
| 08/17/2007 | 231 | RESPONSE TO PLAINTIFFS EX PARTE APPLICATION for Extension of Time to Oppose Defendants Application to Modify Scheduling Order 228 , filed by Defendants and Counter Claimants(de) (Entered: 08/22/2007) |
| 08/16/2007 | 230 | DECLARATION of Nicholas C. Williamson in support of EXPARTE APPLICATION for Extension of Time to modify scheduling order pursuant to L. R. 16–14 and Opposition 228 filed by Plaintiffs and Counter Defendants Laura Siegel Larson, Joanne Siegel. (la) (Entered: 08/22/2007) |

| 08/16/2007 | 229 | DECLARATION of Marc Toberoff in support of EXPARTE APPLICATION for Extension of Time to Oppose defendants' application to modify scheduling order pursuant to L. R. 16−14 and opposition 228 filed by Plaintiffs and Counter Defendants Laura Siegel Larson, Joanne Siegel. (la) (Entered: 08/22/2007) |
|---|---|---|
| 08/16/2007 | 228 | EXPARTE APPLICATION requesting an Extension of Time to oppose Defendants' application to modify scheduling order pursuant to L. R. 16−14 and Opposition filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson. Lodged proposed order and motion.(la) (Entered: 08/22/2007) |
| 08/15/2007 | 227 | DECLARATION of Patrick T Perkins in support of application to modify scheduling order filed by Defendants, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (ad) (Entered: 08/20/2007) |
| 08/13/2007 | 226 | MINUTES OF Motion Hearing held before Judge Stephen G. Larson RE: (1) MOTION to Compel 137 , (2) MOTION to Compel 130 , and (3) MOTION to Compel 133 . The 1st and 2nd motions are GRANTED in part and DENIED in part. The parties are ORDERED to make arrangements for plaintiffs' auditor(s) to conduct a damages−related audit of defendants Time Warner Inc, Warner Bros Entertainment Inc, Warner Bros Television Production Inc, and DC Comics to be completed by or before 9/17/07. Furthermore, counsel for the parties are ORDERED to meet and confer in person on or before 8/24/07. (See document for further specifics). The 3rd motion is GRANTED in part and DENIED in part. Brian Singer is ORDERED sit for his deposition within 30 days of the date of this order at a date, time, and place to be mutually−agreed to by counsel. (See document for further specifics)Court Reporter: Theresa Lanza.(mrgo) (Entered: 08/15/2007) |
| 08/10/2007 | 225 | OBJECTIONS to plaintiffs' responses to defendants' evidentiary objections in opposition to defendants' motion for partial summary judgment filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo) (Entered: 08/14/2007) |
| 08/09/2007 | 223 | STIPULATION AND ORDER RE: EXTENSION OF TIME FOR PARTIES TO COMPLY WITH THE COURT'S 7/27/07 by Judge Stephen G. Larson re MOTION to Compel 137 , MOTION to Compel 130 , MOTION to Compel 133 . Motion hearing continued to 9/17/2007 at 10:00 AM before Judge Stephen G. Larson.(mrgo) (Entered: 08/10/2007) |
| 08/08/2007 | 224 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson. The Joint Stipulation to continue the hearing date on plaintiffs' MOTION to Compel 133 and plaintiffs' MOTION to Compel 137 is DENIED. The hearing on those 2 discovery motions remains calendared for 8/13/07, at 10:00am. The Joint Stipulation to continue the hearing date on plaintiffs' MOTION to Compel 130 is also DENIED; however, in lieu of hearing the matter on 8/13/07, the hearing on this motion is VACATED and the Court will decide the motion based on the papers submitted and the transcript of the hearing before Judge Zarefsky.(mrgo) (Entered: 08/10/2007) |
| 08/08/2007 | 217 | TRANSCRIPT filed for proceedings held on 5/14/07, am session. Court Reporter: Exceptional Reporting Services, Inc. (ml) (Entered: 08/09/2007) |
| 08/07/2007 | 222 | RESPONSE to defendants' evidentiary objections in opposition to defendants' MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 08/09/2007) |
| 08/07/2007 | 221 | PROOF OF SERVICE filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Declaration (non−motion) 219 , Errata 218 , Declaration (non−motion) 220 served on 8/7/07. (mrgo) (Entered: 08/09/2007) |
| 08/07/2007 | 220 | SUPPLEMENTAL DECLARATION of Paul Levitz filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/09/2007) |
| 08/07/2007 | 219 | DECLARATION of Adam Hagen re Errata 218 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/09/2007) |

| | | |
|---|---|---|
| 08/07/2007 | 218 | NOTICE OF ERRATA filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics correcting Memorandum in Support of Motion 161 . (mrgo) (Entered: 08/09/2007) |
| 07/31/2007 | 208 | MINUTES OF IN CHAMBERS ORDER VACATING REFERENCE OF CERTAIN UNRESOLVED DISCOVERY MATTERS; ORDER SETTING HEARING ON UNRESOLVED DISCOVERY MATTERS held before Judge Stephen G. Larson re: MOTION to Compel 137 , MOTION to Compel 130 , and MOTION to Compel 133 . Motions No Longer Referred to Magistrate Judge Zarefsky: MOTION to Compel 137 , MOTION to Compel 130 , MOTION to Compel 133 . Motions set for hearing on 8/13/2007 at 10:00 AM before Judge Stephen G. Larson.(mrgo) (Entered: 08/02/2007) |
| 07/25/2007 | 216 | SEALED DOCUMENT–EXHIBIT BB filed. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 215 | SEALED DOCUMENT–EXHIBIT CC filed. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 214 | SEALED DOCUMENT–EXHIBIT DD. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 213 | SEALED DOCUMENT–EXHIBIT P Filed. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 212 | NOTICE OF LODGING previously filed exhibit BB filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 211 | NOTICE OF LODGING previously filed exhibit CC filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 210 | NOTICE OF LODGING previously filed exhibit DD filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 209 | NOTICE OF LODGING previously filed exhibit P filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (mrgo) (Entered: 08/03/2007) |
| 07/25/2007 | 207 | STIPULATION AND ORDER by Judge Stephen G. Larson RE: SEALED DOCUMENTS PURSUANT TO 4/5/06 PROTECTIVE ORDER AND LOCAL RULE 79–5. IT IS HEREBY STIPULATED AND AGREED the the exhibits (exhibits P, BB, CC and DD to the Toberoff declaration) shall be removed from the public file in this action. The Clerk shall replace such exhibits with copies of the Exhibits in sealed envelopes, submitted concurrently herewith, pursuant to Local Rule 79–5.(mrgo) (Entered: 07/30/2007) |
| 07/16/2007 | 206 | PROOF OF SERVICE filed by defendants and counter claimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, 4 Notices of Lodging, Stipulation Re Sealed Documents served on 7/16/07. (ad) (Entered: 07/19/2007) |
| 07/11/2007 | 205 | MINUTES: ORDER GRANTING DEFENDANTS EX PARTE APPLICATION 201 TO CONTINUE HEARING DATE. For good cause shown, the Court GRANTS defendants ex parte application to continue the 7/23/07, hearing date. However, the hearing on the parties cross–motions is continued to 8/13/07 at 10:00 AM in Courtroom One, a date well after when the state court trial should be concluded. The continuance of the hearing date on the parties cross–motions for partial summary judgment does not affect the previously set dates in this case (See document for details.) IT IS SO ORDERED, by Judge Stephen G. Larson. (de) (Entered: 07/13/2007) |
| 07/10/2007 | 204 | DECLARATION of Marc Toberoff in opposition to Defendants EX PARTE APPLICATION and Order Continuing the Parties Summary Judgment Hearing Date 201 , filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (de) (Entered: 07/13/2007) |
| 07/10/2007 | 203 | OPPOSITION TO DEFENDANTS EX PARTE APPLICATION and Order Continuing the Parties Summary Judgment Hearing Date 201 , filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (de) (Entered: 07/13/2007) |

**ER 3582**

| 07/09/2007 | 202 | DECLARATION of Michael Bergman in support of EX PARTE APPLICATION and Motion Requesting Continuance of Summary Judgment Hearing Date 201 , filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (de) (Entered: 07/13/2007) |
|---|---|---|
| 07/09/2007 | 201 | EX PARTE APPLICATION TO HEAR MOTION REQUESTING CONTINUANCE OF SUMMARY JUDGMENT HEARING DATE, filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (de) (Entered: 07/13/2007) |
| 06/27/2007 | 200 | NOTICE OF ERRATA filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. correcting Reply in support of MOTION for Partial Summary Judgment 194 (am) (Entered: 07/02/2007) |
| 06/25/2007 | 199 | RESPONSE to defendants LR 56-2 statement of genuine issues in opposition to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/26/2007) |
| 06/25/2007 | 198 | REPLY declaration of Mark Evanier in support of plaintiffs' MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/26/2007) |
| 06/25/2007 | 197 | EVIDENTIARY OBJECTIONS to defendants' opposition to MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/26/2007) |
| 06/25/2007 | 196 | REPLY declaration of Marc Toberoff in support of plaintiffs' MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/26/2007) |
| 06/25/2007 | 195 | NOTICE OF ERRATA filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel correcting MEMORANDUM in Opposition to Motion 186 . (mrgo) (Entered: 06/26/2007) |
| 06/25/2007 | 194 | REPLY memorandum of points and authorities in support of MOTION for Partial Summary Judgment 160 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/26/2007) |
| 06/12/2007 | 193 | STIPULATION RE: SCHEDULING ORDER AND ORDER by Judge Stephen G. Larson : IT IS HEREBY ORDERED that the parties' summary judgment briefing schedule be modified as follows: Summary Judgment Reply Briefs due 6/25/07.(mrgo) (Entered: 06/14/2007) |
| 05/30/2007 | 192 | SEALED DOCUMENT–DECLARATION of Marc Toberoff in opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) Modified on 6/4/2007 (mrgo, ). (Entered: 06/04/2007) |
| 05/30/2007 | 191 | DECLARATION of Laura Siegel in support of plaintiffs' opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/04/2007) |
| 05/30/2007 | 190 | DECLARATION of James Steranko in opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/04/2007) |
| 05/30/2007 | 189 | STATEMENT GENUINE ISSUES in opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel (mrgo) (Entered: 06/04/2007) |

| 05/30/2007 | 188 | EVIDENTIARY OBJECTIONS in opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/04/2007) |
|---|---|---|
| 05/30/2007 | 187 | DECLARATION of Mark Evanier in opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/04/2007) |
| 05/30/2007 | 186 | Opposition to defendants' Motion for Partial Summary Judgment filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Counter Defendants Laura Siegel Larson, Joanne Siegel. (mrgo) (Entered: 06/04/2007) |
| 05/29/2007 | 185 | PROOF OF SERVICE filed by defendants and counterclaimant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Statement (Motion related), Statement (Motion related) 179 , Statement (Motion related) 181 , Declaration (Motion related) 180 , Declaration (Motion related) 183 , Declaration (Motion related) 182 , Declaration (Motion related) 184 were served on 5/29/07. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 184 | DECLARATION of Michael Bergman in opposition to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 183 | DECLARATION of John Schulman in opposition to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 182 | DECLARATION of Jack Adler in opposition to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 181 | OPPOSITION to plaintiffs' MOTION for Partial Summary Judgment 160 and memorandum of points and authorities in support thereof filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 180 | DECLARATION of Paul Levitz in opposition to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/29/2007 | 179 | STATEMENT of GENUINE ISSUES OF MATERIAL FACT AND CONCLUSIONS OF LAW IN OPPOSITION to plaintiffs' MOTION for Partial Summary Judgment 160 filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimant DC Comics. (mrgo, ) (Entered: 05/30/2007) |
| 05/22/2007 | 177 | TRANSCRIPT filed for proceedings held on 04/30/2007. Court Reporter: Exceptional Reporting Services.Tape Number: CS. (ry, ) (Entered: 05/25/2007) |
| 05/18/2007 | 176 | DECLARATION of Marc Toberoff in support of Joint Report 175 filed by Plaintiffs, Counter Defendants Laura Siegel Larson, Joanne Siegel. (ad, ) (Entered: 05/25/2007) |
| 05/18/2007 | 175 | JOINT REPORT of Plaintiffs and Third–Party Bryan Singer Following Hearing on 5/14/07 filed by Plaintiffs Joanne Siegel, Laura Siegel Larson, Intervenor Parties Bad Hat Harry Productions, Inc, Bryan Singer. (ad, ) (Entered: 05/25/2007) |
| 05/14/2007 | 178 | MINUTES OF Motion Hearing held before Judge Ralph Zarefsky: MOTION to Compel Answers to Interrogatories of DC Comics 127 is denied. No further order shall issue. MOTION to Compel Defendant DC Comics production of documents 137 is submitted. MOTION to Compel production of documents from defendants Time Warner Inc., etc. 133 is submitted. Re MOTION to Compel 3rd party Bryan Singer to attend deposition and produce documents 130 : The Court stays its ruling until May 18, 2007 to allow counsel to file a joint report as to any possible |

| | | resolution of the matter. Court Smart: 5/14/07.(ib, ) (Entered: 05/29/2007) |
|---|---|---|
| 05/08/2007 | 165 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson:NOTICE RESETTING HEARING ON NOTICED MOTIONS. (1)Plaintiffs Joanne Siegel and Laura Siegel Larson's Motion for partial Summary Judgment filed April 30, 2007(2)Defendants and Counter–claimant's Motion for Partial Summary Judgment filed April 30, 2007. Counsel and/or parties are hereby notified that due to the unavailability of the Judicial Officer, the above–referenced noticed motions are reset for hearing from July 16, 2007, to July 23, 2007, at 10:00 a.m., in Courtroom One of the above–referenced court. IT IS SO ORDERED.[RE: MOTION for Partial Summary Judgment 160 , Set Deadlines/Hearings:Motion set for hearing on 7/23/2007 at 10:00 AM before Judge Stephen G. Larson]Court Reporter: None. (jh, ) (Entered: 05/08/2007) |
| 05/07/2007 | 174 | REPLY DECLARATION OF MARC TOBEROFF IN SUPPORT OF MOTION to Compel 137 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 173 | DECLARATION of Marc Toberoff in support of MOTION to Compel 133 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 172 | REPLY MEMORANDUMOF POINTS AND AUTHORITIES IN SUPPORT OF MOTION to Compel 133 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 171 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION to Compel 137 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 170 | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION to Compel Answers to Interrogatories of DC Comics 127 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 169 | REPLY DECLARATION OF MARC TOBEROFF IN SUPPORT OF MOTION to Compel 130 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/07/2007 | 168 | REPLY MEMORANDUM IN SUPPORT OF MOTION to Compel 130 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 05/09/2007) |
| 05/02/2007 | 159 | ORDER by Judge Ralph Zarefsky: Defendants Motion to Compel 3rd Parties Kevin Marks and Plaintiff Laura Siegel Larson to Answer Questions at Deposition 104 is denied. Defendants Motion to Compel 3rd Parties Kevin Marks and Gang Tyre, Ramer and Brown, Inc. To Produce Documents Relating to Authority 110 is denied. The Court strikes the 37th affirmative defense from replies to counterclaims.(ib, ) (Entered: 05/02/2007) |
| 05/01/2007 | 157 | PROOF OF SERVICE filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Declaration (Motion related) 156 , Declaration (Motion related) 152 , Declaration (Motion related) 150 , Declaration (Motion related) 155 , MEMORANDUM in Opposition to Motion 151 , Declaration (Motion related) 148 , MEMORANDUM in Opposition to Motion 154 , Declaration (Motion related) 146 , Declaration (Motion related) 149 , MEMORANDUM in Opposition to Motion 145 , Declaration (Motion related) 147 , Declaration (Motion related) 153 , was served on 4/30/07. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 156 | DECLARATION of Michael Bergman in support of opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 155 | DECLARATION of James D. Weinbergere in opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 154 | MEMORANDUM of points and authorities in Opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |

**ER 3585**

| 05/01/2007 | 153 | DECLARATION of Patrick J. Caldon in opposition to MOTION to Compel 137 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
|---|---|---|
| 05/01/2007 | 152 | DECLARATION of James D. Weinberger in opposition to MOTION to Compel Answers to Interrogatories of DC Comics 127 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 151 | MEMORANDUM of ponts and authorities in Opposition to MOTION to Compel Answers to Interrogatories of DC Comics 127 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 150 | DECLARATION of Deborah Gould in support of opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 149 | DECLARATION of Vince Heilsesson in support of opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 148 | DECLARATION of Mark Coker in support of opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 147 | DECLARATION of Renee I. Wolf in support of opposition to MOTION to Compel 133 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 146 | DECLARATION of Wayne M. Smith in support of opposition to MOTION to Compel 137 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 05/01/2007 | 145 | MEMORANDUM of Points and Authorities in Opposition to MOTION to Compel 137 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 05/01/2007) |
| 04/30/2007 | 167 | OPPOSITION to MOTION to Compel 130 Bad Hat Harry Productions, Inc, Bryan Singer. (bp, ) (Entered: 05/09/2007) |
| 04/30/2007 | 166 | OBJECTIONS TO DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' MOTION to Compel 130 Bad Hat Harry Productions, Inc, Bryan Singer. (bp, ) (Entered: 05/09/2007) |
| 04/30/2007 | 164 | DECLARATION of Marc Toberoff in support of MOTION for Partial Summary Judgment 160 filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (mrgo, ) (Entered: 05/04/2007) |
| 04/30/2007 | 163 | DECLARATION of Marc Toberoff in support of MOTION for Partial Summary Judgment 160 filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (mrgo, ) (Entered: 05/04/2007) |
| 04/30/2007 | 162 | REQUEST FOR JUDICIAL NOTICE in support of MOTION for Partial Summary Judgment 160 filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (mrgo, ) (Entered: 05/04/2007) |
| 04/30/2007 | 161 | MEMORANDUM of points and authorities in Support of MOTION for Partial Summary Judgment 160 filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (mrgo, ) (Entered: 05/04/2007) |
| 04/30/2007 | 160 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. Motion set for hearing on 7/16/2007 at 10:00 AM before Judge Stephen G. Larson. Lodged order, statement of uncontroverted facts. (mrgo, ) (Entered: 05/04/2007) |
| 04/30/2007 | 158 | MINUTES of Motion Hearing held before Judge Ralph Zarefsky: Plaintiffs Motion to Compel Defendants to Answer Plaintiffs Special Interrogatories 102 is denied. Both requests for sanctions are denied. No further order will issue.Defendants |

| | | Motion to Compel Production of Whistle–Blower Documents 107 is granted in part. Plaintiff shall submit a declaration re already produced and privileged escrow documents as directed by the court to Defendant no later than 5/21/07, and documents may be released by the escrow, or returned to Plaintiffs, as stated on the record. No further order will issue. Defendants Motion to Compel 3rd Parties Kevin Marks and Plaintiff Laura Siegel Larson to Answer Questions at Deposition 104 is submitted. Defendants Motion to Compel 3rd Parties Kevin Marks and Gang Tyre, Ramer and Brown, Inc. To Produce Documents Relating to Authority 110 is submitted. Court Smart: 04/30/07. (ib, ) (Entered: 05/02/2007) |
|---|---|---|
| 04/23/2007 | 140 | DECLARATION of Marc Toberoff in support of MOTION to Compel 137 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 139 | DECLARATION of Marc Toberoff in support of MOTION to Compel 137 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 138 | MEMORANDUM of Points and Authorities in Support of MOTION to Compel 137 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 137 | NOTICE OF MOTION AND MOTION to Compel defendant DC Comics Production of documents filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 5/14/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 136 | DECLARATION of Marc Toberoff in support of MOTION to Compel 133 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 135 | DECLARATION of Marc Toberoff in support of MOTION to Compel 133 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 134 | MEMORANDUM of Points and Authorities in Support of MOTION to Compel 133 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 133 | NOTICE OF MOTION AND MOTION to Compel production of documents from defendants Time Warner Inc., Warner Bros. Entertainment Inc. and Warner Bros. Television Production Inc. filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 5/14/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 132 | DECLARATION of Marc Toberoff in support of MOTION to Compel 130 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 131 | MEMORANDUM of Points and Authorities in Support of MOTION to Compel 130 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 130 | NOTICE OF MOTION AND MOTION to Compel third party Bryan Singer to attend deposition and produce documents filed by plaintiff Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 5/14/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 129 | DECLARATION of Marc Toberoff in support of MOTION to Compel Answers to Interrogatories of DC Comics 127 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 128 | MEMORANDUM of Points and Authorities in Support of MOTION to Compel Answers to Interrogatories of DC Comics 127 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/23/2007 | 127 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of DC Comics filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 5/14/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 04/24/2007) |
| 04/20/2007 | 122 | ORDER granting plaintiff's ex parte application [lodged 4–17–07] by Judge Stephen G. Larson: summary judgment filing cutoff 4/30/07, opposition brief due 5/28/07, and reply brief due 6/18/07. [Deadlines/Hearings, 100 , Set Deadlines: |

**ER 3587**

| | | Motions due by 4/30/2007.(jh, ) (Entered: 04/20/2007) |
|---|---|---|
| 04/18/2007 | 126 | NOTICE of hearing on motions previously filed filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/24/2007) |
| 04/18/2007 | 125 | DECLARATION of Anjani Mandavia in support of defendants' opposition to ex parte application to modify the parties' summary judgment briefing schedule filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo, ) (Entered: 04/23/2007) |
| 04/18/2007 | 124 | DECLARATION of Michael Bergman in support of defendants' opposition to ex parte application to modify the parties' summary judgment briefing schedule filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo, ) (Entered: 04/23/2007) |
| 04/18/2007 | 123 | OPPOSITION to plaintiffs' ex parte application to modify the parties' summary judgment briefing schedule filed by defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (mrgo, ) (Entered: 04/23/2007) |
| 04/13/2007 | 121 | NOTICE of Hearing on Motion filed by Defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc re MOTION to Compel 107 , MOTION to Compel 110 , MOTION to Compel 104 : Motion set for hearing on 4/30/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (mrgo, ) (Entered: 04/19/2007) |
| 04/10/2007 | 119 | STIPULATION RE SCHEUDLING ORDER AND ORDER by Judge Stephen G. Larson: ORDERED that a non−expert discovery cutoff in these Matters will be extended to the extend necessary to allow either party to comply with a discovery order resulting from any discovery motion brought within the Motion Filing Cutoff [All Motions] of 4/23/07 but not otherwise.(am, ) (Entered: 04/11/2007) |
| 04/03/2007 | 117 | STIPULATION RE: SCHEDULING ORDER AND ORDER by Judge Stephen G. Larson :IT IS HEREBY ORDERED that the expert Discovery cut−off shall be extended from 3/30/07 to 4/10/2007.(mrgo, ) (Entered: 04/04/2007) |
| 04/02/2007 | 144 | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION to Compel 110 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/26/2007) |
| 04/02/2007 | 143 | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION to Compel 104 filed by defendant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/26/2007) |
| 04/02/2007 | 142 | SUPPLEMENTAL DECLARATION of Wayne M. Smith in further support of re MOTION to Compel 107 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/26/2007) |
| 04/02/2007 | 141 | SUPPLEMENTAL MEMORANDUM of Points and Authorities in Support of MOTION to Compel 107 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/25/2007) |
| 04/02/2007 | 118 | SUPPLEMETAL MEMORANDUM in Support of plaintiffs' MOTION to Compel 102 filed by plaintiffs and counterclaim defendants Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (mrgo, ) (Entered: 04/06/2007) |
| 04/02/2007 | 101 | ORDER VACATING 4/16/07 HEARING ON DISCOVERY MOTIONS by Judge Ralph Zarefsky: Absent leave of a court order from Judge Larson to conduct discovery beyond the cut−off, the following motions, filed 3/26/07, are off calendar: 1) Defendants Motion to Compel Production of Whistle−Blower Documents; 2) Defendants Motion to Compel 3rd Party Kevin Marks and Plaintiff Laura Siegel Larson to Answer Questions at Deposition; 3) Defendants Motion to Compel 3rd Parties Kevin Marks and Gang, Tyre, Ramer &Brown, Inc. To Produce Documents Relating to Authority; and4) Plaintiffs Motion to Compel Defendants to Answer Plaintiffs Special Interrogatories.(ib, ) (Entered: 04/02/2007) |

**ER 3588**

| 03/27/2007 | 120 | PROOF OF SERVICE filed by defendant DC Comics, re Declaration (Motion related) 115 , Declaration (Motion related) 114 , Declaration (Motion related) 116 , was served on 3/26/07. (bp, ) (Entered: 04/12/2007) |
|---|---|---|
| 03/27/2007 | 116 | DECLARATION of Marc Toberoff in opposition to MOTION to Compel 104 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/04/2007) |
| 03/27/2007 | 115 | DECLARATION of Marc Toberoff in opposition to MOTION to Compel 104 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/04/2007) |
| 03/27/2007 | 114 | DECLARATION of Marc Toberoff in opposition to defendants' MOTION to Compel 107 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 113 | DECLARATION of James D. Weinberger in opposition to MOTION to Compel 102 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 112 | PROOF OF SERVICE filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Motions to compel, were served on 3/26/07. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 111 | DECLARATION of Michael Bergman in support of MOTION to Compel 110 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 110 | NOTICE OF MOTION AND MOTION to Compel third parties Kevin Marks and Gang Tyre, Ramer &Brown, Inc., to produce documents relating to authority filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 4/16/07 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 109 | DECLARATION of Michael Bergman in support of MOTION to Compel 107 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 108 | DECLARATION of Wayne M. Smith in support of MOTION to Compel 107 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 107 | NOTICE OF MOTION AND MOTION to Compel production of Whistle–Blower documents filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 4/16/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 106 | DECLARATION of Michael Bergman in support of MOTION to Compel 104 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 105 | DECLARATION of James D. Weinberger in support of MOTION to Compel 104 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 104 | NOTICE OF MOTION AND MOTION to Compel third party Kevin Marks and plaintiff Laura Siegel Larson to answer questions at deposition filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 4/16/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 103 | DECLARATION of Marc Toberoff in support of plaintiff's MOTION to Compel 102 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 04/04/2007) |
| 03/26/2007 | 102 | NOTICE OF MOTION AND MOTION to Compel defendants to answer plaintiffs' special interrogatories filed by plaintiff Joanne Siegel, Laura Siegel Larson. Motion set for hearing on 4/16/2007 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 04/04/2007) |

| 03/20/2007 | 100 | STIPULATION RE: SCHEDULING ORDER AND ORDER by Judge Stephen G. Larson : Discovery cut–off 3/30/2007. Motions due by 4/23/2007. Jury Trial continued to 1/22/2008 at 09:30 AM before Judge Stephen G. Larson. Pretrial Conference continued to 12/3/2007 at 11:00 AM before Judge Stephen G. Larson.(mrgo, ) (Entered: 03/21/2007) |
|---|---|---|
| 03/19/2007 | | PLACED IN FILE – NOT USED re Stipulation Re: Scheduling Order and (Proposed) Order Thereon submitted by defendants and counterclaimant Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (gg, ) (Entered: 03/23/2007) |
| 12/12/2006 | 99 | MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson: The Court's Minute Order of 11/28/06 is hereby modified as follows: The reference to the dates setting the Non–expert discovery cutoff and Expert cutoff are vacated, as the Court prevously approved and will maintain such dates as set forth in the Stipulation and Order filed 11/15/06 in both cases referenced above. All other dates referenced in the 11/28/06 order remain as stated therein. (am, ) (Entered: 12/13/2006) |
| 11/28/2006 | 98 | TRANSCRIPT filed for proceedings held on 11/6/06. Court Reporter: D. Babykin. (et ) (Entered: 12/05/2006) |
| 11/28/2006 | 97 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 11/6/06 Court Reporter: D. Babykin (et ) (Entered: 12/05/2006) |
| 11/28/2006 | 96 | MINUTES OF Status Conference held before Judge Stephen G. Larson : A status conference was held on 11/27/06. The defendants requested relief from the Courts rule regarding the filing of multiple summary judgment motions. The Court denied this request, but granted a waiver of the page limitation on such motions. The page limitation is waived as to plaintiffs as well. (See document for specifics)Court Reporter: Theresa Lanza. (mrgo, ) (Entered: 11/30/2006) |
| 11/16/2006 | 95 | STIPULATION AND ORDER that: Plaintiffs shall have until 11/22/06 to submit supplemental answers to defendants' interrogatories 3(c) and 3(d) pursuant to the court's 10/27/06 order; and plaintiffs shall not seek further extension of the court's October 27, 2006 order or otherwise delay their compliance therewith respectfully submitted by Judge Stephen G. Larson :(bp, ) (Entered: 11/17/2006) |
| 11/15/2006 | 94 | STIPULATION AND ORDER RE: EXPERT DISCOVERY SCHEDULE by Judge Stephen G. Larson: The parties moving expert report are due on 1/12/07; The parties rebuttal expert reports are due on 2/9/07; and The expert discovery cutoff is 3/9/07 (am, ) (Entered: 11/17/2006) |
| 11/13/2006 | 92 | MINUTES OF IN CHAMBERS ORDER by Judge Stephen G. Larson: Counsel and/or parties are hereby notified that a Status Conference requiring mandatory appearances is hereby set down on calendar on November 27, 2006, at 11:00 a.m., in Courtroom #1 of the above–referenced court. IT IS SO ORDERED. [Set Deadlines/Hearings: Status Conference set for 11/27/2006 11:00 AM before Judge Stephen G. Larson. Court Reporter: none. (jh, ) (Entered: 11/13/2006) |
| 11/08/2006 | | PLACED IN FILE – NOT USED re (Proposed) Order grantinf Defendants' Motion to compel Plaintiffs to reappear for depositon (shb, ) (Entered: 11/08/2006) |
| 11/08/2006 | 91 | ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO REAPPEAR FOR DEPOSITION 77 by Judge Ralph Zarefsky. (ib, ) (Entered: 11/08/2006) |
| 11/07/2006 | 89 | STANDING ORDER by Judge Stephen G. Larson. (See document for details.)(la, ) (Entered: 11/07/2006) |
| 11/06/2006 | 90 | MINUTES OF Motion Hearing held before Judge Ralph Zarefsky re Defendants' Motion to Compel Plaintiffs to Reappear for Deposition 77 : Matter is taken under submission. Tape #CV06–22 and #CV06–23. (ib, ) (Entered: 11/08/2006) |
| 11/03/2006 | 93 | NOTICE of errata regarding joint stipulation and supplemental memorandum in support of motin to compel plaintiffs to reappear for deposition filed by defendant Warner Bros Entertainment Inc. (bp, ) (Entered: 11/15/2006) |

| 10/30/2006 | 88 | ORDER TO REASSIGN CASE due to self–recusal pursuant to Section 3.2 of General Order 224 by Judge Margaret M. Morrow. Case transferred to the calendar of Judge Stephen G. Larson for all further proceedings. Case number now reads as CV 04–8400 SGL (RZx).(rn, ) (Entered: 10/30/2006) |
| --- | --- | --- |
| 10/27/2006 | 87 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S 6/29/06 ORDERS AND FOR SANCTIONS 69 by Judge Ralph Zarefsky: Motion to compel is granted. Plaintiffs shall serve further supplemental answers with 14 days. Motion for sanctions is denied.(ib, ) (Entered: 10/27/2006) |
| 10/23/2006 | 86 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel 77 filed by defendant Time Warner Inc, DC Comics. (bp, ) (Entered: 10/26/2006) |
| 10/23/2006 | 85 | DECLARATION of James D. Weinberger in support of MOTION to Compel 77 filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 10/26/2006) |
| 10/23/2006 | 84 | MINUTES OF Motion Hearing held before Judge Ralph Zarefsky: Defendants' Motion to Compel Compliance with the Court's 6/29/06 Order and Motion for Sanctions 69 is submitted. Tape #: CV06–21. (ib, ) (Entered: 10/25/2006) |
| 10/18/2006 | 83 | ORDER TO REASSIGN CASE due to self–recusal pursuant to Section 3.2 of General Order 224 by Judge S. James Otero. Case transferred to the calendar of Judge Margaret M. Morrow for all further proceedings. Case number now reads as CV 04–8400 MMM (RZx).(rn, ) (Entered: 10/19/2006) |
| 10/16/2006 | 76 | ORDER TO REASSIGN CASE due to self–recusal pursuant to Section 3.2 of General Order 224 by Judge Percy Anderson. Case transferred to the calendar of Judge S. James Otero for all further proceedings. Case number now reads as CV 04–8400 SJO (RZx).(rn, ) (Entered: 10/16/2006) |
| 10/13/2006 | 82 | PROOF OF SERVICE filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, re Declaration (Motion related) 80 , MOTION to Compel 77 , Declaration (Motion related) 81 , Declaration (Motion related) 79 , Declaration (Motion related) 78 , was served on 10/13/06. (bp, ) (Entered: 10/16/2006) |
| 10/13/2006 | 81 | DECLARATION of Marc Toberoff in opposition to MOTION to Compel 77 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 10/16/2006) |
| 10/13/2006 | 80 | DECLARATION of Joanne Siegel in opposition to MOTION to Compel 77 filed by plaintiffs' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 10/16/2006) |
| 10/13/2006 | 79 | DECLARATION of Laura Siegel in opposition to MOTION to Compel 77 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 10/16/2006) |
| 10/13/2006 | 78 | DECLARATION of James D. Weinberger in support of MOTION to Compel 77 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 10/16/2006) |
| 10/13/2006 | 77 | NOTICE OF MOTION AND MOTION to Compel plaintiff to reappear for deposition filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. Motion set for hearing on 11/6/2006 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) (Entered: 10/16/2006) |
| 10/06/2006 | 75 | DECLARATION of Michael Bergman in support of MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for Sanctions on Discovery Motions 69 filed by defendants' Time Warner Inc, DC Comics. (bp, ) (Entered: 10/13/2006) |
| 10/06/2006 | 74 | SUPPLEMENTAL MEMORANDUM in Support of MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for Sanctions on Discovery Motions 69 filed by defendants' Time Warner Inc, DC Comics. (bp, ) (Entered: 10/13/2006) |
| 10/02/2006 | 73 | PROOF OF SERVICE filed by defendant DC Comics, re Declaration (Motion related) 71 , Declaration (Motion related) 70 , Declaration (Motion related) 72 , MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for |

| | | Sanctions on Discovery Motions 69 , was served on 10/2/06. (bp, ) (Entered: 10/03/2006) |
|---|---|---|
| 10/02/2006 | 72 | DECLARATION of Marc Toberoff in opposition to MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for Sanctions on Discovery Motions 69 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 10/03/2006) |
| 10/02/2006 | 71 | DECLARATION of Michael Bergman in support of MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for Sanctions on Discovery Motions 69 filed by defendant DC Comics. (bp, ) (Entered: 10/03/2006) |
| 10/02/2006 | 70 | DECLARATION of Patrick T. Perkins in support of MOTION to Compel MOTION for Sanctions on Discovery Motions MOTION for Sanctions on Discovery Motions 69 filed by defendants' DC Comics. (bp, ) (Entered: 10/03/2006) |
| 10/02/2006 | 69 | NOTICE OF MOTION AND Joint Stipulation re: DC Comics motion to Compel compliance with the court's 6/29/06 order and motion for sanctions filed by defendant DC Comics. Motion set for hearing on 10/23/2006 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) (Entered: 10/03/2006) |
| 09/27/2006 | | PLACED IN FILE – NOT USED re proposed order granting defendants' motion to compel production of documents submitted by defendant Time Warner Inc. (bp, ) (Entered: 09/29/2006) |
| 09/27/2006 | 67 | ORDER by Judge Ralph Zarefsky: MOTION for Reconsideration re Order on Motion for Order 60 is denied.(ib, ) (Entered: 09/27/2006) |
| 09/25/2006 | 68 | MINUTES OF Motion Hearing held before Judge Ralph Zarefsky: MOTION for Reconsideration re Order on Motion for Order 60 is taken under submission.Tape #: CV 06–19. (ib, ) (Entered: 09/27/2006) |
| 09/20/2006 | 64 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge Ronald S.W. Lew. ORDER case returned to the Clerk for random reassignment pursuant to General Order 224. Case randomly reassigned from Judge Ronald S.W. Lew to Judge Percy Anderson for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 04–8400 PA (RZx).(rn, ) (Entered: 09/20/2006) |
| 09/18/2006 | 63 | REPLY Memorandum of Points and Authorities re MOTION for Reconsideration re Order on Motion for Order 60 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 09/20/2006) |
| 09/15/2006 | 66 | RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 8/14/06,re Transcript 65 , Court Reporter: D. Babykin (car, ) (Entered: 09/21/2006) |
| 09/15/2006 | 65 | TRANSCRIPT filed for proceedings held on 8/14/06. Court Reporter: D. Babykin. (car, ) (Entered: 09/21/2006) |
| 09/13/2006 | 62 | OPPOSITION to MOTION for Reconsideration re Order on Motion for Order 60 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 09/15/2006) |
| 09/13/2006 | 61 | DECLARATION of Marc Toberoff, esq in opposition to defendants' motion MOTION for Reconsideration re Order on Motion for Order 60 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 09/15/2006) |
| 09/01/2006 | 60 | NOTICE OF MOTION AND MOTION for Reconsideration of 8/18/06 order filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc. Motion set for hearing on 9/25/2006 at 10:00 AM before Magistrate Judge Ralph Zarefsky. Lodged proposed order. (bp, ) . (Entered: 09/05/2006) |
| 08/30/2006 | 59 | STIPULATION AND ORDER that defendants' motion for reconsideration shall be filed and served on 9/1/06, for hearing on 9/25/06; plaintiffs' opposition to the motion for reconsideration shall be filed and served on 9/13/06; and defendants' reply in support of the motion for reconsideration shall be filed and served on 9/18/06 by Judge Ralph Zarefsky :(bp, ) (Entered: 09/01/2006) |

| 08/18/2006 | 58 | ORDER ON DEFENDANTS MOTION TO COMPEL PRODUCTION OF DOCUMENTS 53 by Judge Ralph Zarefsky: With the exception of the 9/21/02 letter, Defendants Motion to Compel is denied.(ib, ) (Entered: 08/18/2006) |
|---|---|---|
| 08/14/2006 | 57 | MINUTES OF Motion Hearing held before Judge Ralph Zarefsky: Defendants' Motion to Compel Production of Documents 53 . Plaintiff shall produce all privilege logs, including any revisions, by 9/29/06. The remainder of the motion is submitted. (ib, ) (Entered: 08/18/2006) |
| 07/31/2006 | 56 | SUPPLEMENTAL MEMORANDUM in Support of MOTION for Order for re joint stipulation 53 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (bp, ) (Entered: 08/08/2006) |
| 07/24/2006 | 55 | DECLARATION of Marc Toberoff in opposition to defendants' motion to compel production of documents filed by Plaintiffs Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 08/07/2006) |
| 07/24/2006 | 54 | DECLARATION of James D. Weinberg in support of MOTION for Order for re joint stipulation 53 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) . (Entered: 07/25/2006) |
| 07/24/2006 | 53 | NOTICE OF MOTION AND MOTION Re: Joint Stipulation filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc. Motion set for hearing on 8/14/2006 at 10:00 AM before Magistrate Judge Ralph Zarefsky. (bp, ) (Entered: 07/25/2006) |
| 07/06/2006 | 52 | MINUTES OF IN CHAMBERS ORDER by Judge Ralph Zarefsky: All parties shall refrain from writing letters to the Magistrate Judge or members of his staff. Letters will not be considered and will be stricken from the record. Local Rule 83–2.11. Any matter a party wishes to bring to the attention of the Court must be filed and served on opposing counsel in strict accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. (ib, ) (Entered: 07/06/2006) |
| 04/26/2006 | 51 | STIPULATION AND ORDER that the 4/29/05 scheduling order be modified as follows: Non–Expert discovery cut–off 11/17/06; Expert discovery cut–off 2/16/07; Motion filing cut–off 3/19/07; Pre–trial Conference 5/21/07, at 11:00 a.m. Trial 6/26/07 at 9:00 a.m. by Judge Ronald S.W. Lew.(bp, ) (Entered: 04/26/2006) |
| 04/05/2006 | 50 | STIPULATION RE: PROTECTIVE ORDER by Judge Ronald S.W. Lew (see document for details)(bp, ) (Entered: 04/05/2006) |
| 03/21/2006 | 49 | NOTICE that Marc Toberoff be removed from the court's service list filed by plaintiffs' Joanne Siegel, Laura Siegel Larson, Laura Siegel Larson, Joanne Siegel. (bp, ) (Entered: 03/22/2006) |
| 02/15/2006 | 48 | PROPOSED Stipulated Protective Order. DENIED. No good cause shown, Fed.R.Civ.P.26(c), and inadequate specification of documents to be protected by Judge Ralph Zarefsky,(bp, ) (Entered: 02/16/2006) |
| 11/30/2005 | 47 | APPLICATION for attorney Justin Deabler to Appear Pro Hac Vice. FEE paid. filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, Time Warner Inc, Warner Bros Entertainment Inc. Lodged proposed order. (bp, ) (Entered: 12/01/2005) |
| 11/04/2005 | 46 | ANSWER to First Amended Counterclaim, 42 Jury Demand filed by plaintiffs' Joanne Siegel, Laura Siegel Larson.(bp, ) (Entered: 11/08/2005) |
| 11/01/2005 | 45 | ANSWER to First Amended Complaint 43 filed by defendants' Warner Bros Entertainment Inc, Time Warner Inc, Time Warner Inc, Warner Bros Entertainment Inc.(bp, ) (Entered: 11/03/2005) |
| 10/24/2005 | 44 | NOTICE of Entry of Order Granting leave to file First Amended Complaint and First Amended Counterclaims filed by defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics. (jp, ) (Entered: 10/26/2005) |
| 10/18/2005 | 43 | FIRST AMENDED COMPLAINT against defendants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, Does 1–10 amending Complaint – (Discovery) 1 with JURY DEMAND, filed by plaintiffs Joanne Siegel, Laura Siegel Larson. (jp, ) (Entered: 10/26/2005) |

| 10/18/2005 | 42 | FIRST AMENDED COUNTERCLAIM against Defendants and counterclaimants Joanne Siegel and Laura Siegel Larson amending Answer to Complaint (Discovery), Counterclaim 14 ,filed by Defendants and counterclaimants Warner Bros Entertainment Inc, Time Warner Inc and DC Comics (yl, ) (Entered: 10/19/2005) |
|---|---|---|
| 10/18/2005 | 41 | STIPULATION AND ORDER GRANTING LEAVE to File First Amended Complaint and First Amended Counterclaims by Judge Ronald S.W. Lew (yl, ) (Entered: 10/19/2005) |
| 10/04/2005 | 40 | NOTICE OF CLERICAL ERROR: Due to clerical error, Incorrect judge's initials were indicated in document number 37. The correct judge's initials are RSWL and the cas ereads as CV 04–8400 RSWL (RZx) Re: 224 Reassign Case – Self–Recusal – pursuant to GO 224, 3.2 (CV–52) (rn, ) (Entered: 10/04/2005) |
| 09/30/2005 | 39 | MINUTES OF IN CHAMBERS ORDER by Judge Ronald S.W. Lew: This action has been reassigned. Please substitute the initials RSWL in place of the initials DDP. It is imperative that the initials RSWL be used on all documents to prevent any delays in processing of documents. The Final Pretrial Conference is set for 08/28/06, 11 am. The Jury Trial is set for 09/05/06, 9 am. This Court is located at: 312 N. Spring Street, Fifth Floor, Courtroom 21, Los Angeles, California, 90012. Court Reporter: Not Present. (kd) (Entered: 09/30/2005) |
| 09/21/2005 | 38 | ORDER: The time during which the parties may amend their pleadings is hereby extended to 10/17/05 by Judge Dean D. Pregerson : granting 35 Ex Parte Application for Order (bp, ) (Entered: 09/22/2005) |
| 09/21/2005 | 37 | ORDER TO REASSIGN CASE due to self–recusal pursuant to Section 3.2 of General Order 224 by Judge Dean D. Pregerson. Case transferred to the calendar of Judge Ronald S.W. Lew for all further proceedings. Case number now reads as CV 04–8400 RSWL (RZx).(rn, ) Modified on 10/4/2005 (rn, ). (Entered: 09/21/2005) |
| 09/14/2005 | 36 | NOTICE of change of attorney information as follows: New Firm/Government Agency Name Perkins Law Office. P.C. New address 1711 Route 9D, Cold Springs, New York 10516 filed by plaintiff Warner Bros Entertainment Inc, Time Warner Inc, Time Warner Inc, Warner Bros Entertainment Inc. (bp, ) (Entered: 09/19/2005) |
| 09/12/2005 | 35 | EX PARTE APPLICATION for Order for a 30 day extension of the time to amend pleadings filed by defendants' Warner Bros Entertainment Inc. Lodged proposed order. (bp, ) (Entered: 09/14/2005) |
| 04/29/2005 | 34 | SCHEDULING ORDER by Judge Dean D. Pregerson: Last day to join other parties and Amended Pleadings 9/15/2005. Discovery cut–off 5/17/2006. Motions due by 6/19/2006. Jury Trial set for 9/5/2006 09:00 AM before Honorable Dean D. Pregerson. Pretrial Conference set for 8/28/2006 09:00 AM before Honorable Dean D. Pregerson.(bp, ) (Entered: 04/29/2005) |
| 04/19/2005 | 33 | NOTICE of entry of order granting defendants' and counter–claimants' substitution of attorneys filed by defendants' Warner Bros Entertainment Inc. (bp, ) (Entered: 04/20/2005) |
| 04/14/2005 | 32 | Substitution of Attorney filed. Substituting attorney Michael Bergman for Time Warner Inc; Warner Bros Entertainment Inc; Warner Bros Entertainment Inc and Time Warner Inc, David L Burg for Time Warner Inc; Warner Bros Entertainment Inc; Warner Bros Entertainment Inc and Time Warner Inc in place and stead of attorney David Aaron Grossman and Jonathan Zavin by Judge Dean D. Pregerson. (bp, ) (Entered: 04/18/2005) |
| 03/17/2005 | | PLACED IN FILE – NOT USED re proposed order granting defendant/counter–claimant's motion to consolidate case submitted by defendants' Time Warner Inc. (bp, ) (Entered: 03/22/2005) |
| 03/16/2005 | 31 | ORDER by Judge Dean D. Pregerson SP3 the NOTICE AND REQUEST of Settlement Procedure Selection (Sp3) requiring the parties to appear before a retired judicial officer or other private or non–profit dispute resolution body.(bp, ) (Entered: 03/17/2005) |

| 03/14/2005 | 30 | MINUTES: Defendants motion to consolidate related cases. Scheduling Conference. Court hears oral argument and GRANT IN PART/DENIED IN PART the motion. Held scheduling conference. Court and counsel confer re case status. Court sets trial dates. (Refer to the Scheduling Order to be issued hereafter.) Judge Dean D. Pregerson :Court Reporter: N/A. (bp, ) (Entered: 03/16/2005) |
|---|---|---|
| 03/08/2005 | | MOTION to Consolidate Cases 20 . Motion reset for hearing on 3/14/2005 at 03:30 PM before Honorable Dean D. Pregerson. (bp, ) (Entered: 03/08/2005) |
| 03/08/2005 | 27 | MINUTES: Counsel are notified that on the court's own motion defendants/counter−claimant's motion to consolidate related cases (filed on 2/9/05) and the scheduling conference shall be heard on the original date of 3/14/05 at the new time of 3:30 p.m. Judge Dean D. Pregerson.Court Reporter: None present. (bp, ) (Entered: 03/08/2005) |
| 03/07/2005 | 29 | REPLY Memorandum of Points and Authorities in further support of MOTION to Consolidate Cases 20 filed by defendants/cross−claimants Warner Bros Entertainment Inc, Time Warner Inc. (bp, ) (Entered: 03/09/2005) |
| 03/07/2005 | 28 | JOINT REPORT Rule 26(f) Discovery Plan filed; estimated length of trial 2−3 weeks. (bp, ) (Entered: 03/09/2005) |
| 03/02/2005 | 26 | OPPOSITION to MOTION to Consolidate Cases 20 filed by plaintiffs' Joanne Siegel, Laura Siegel Larson. (bp, ) (Entered: 03/03/2005) |
| 03/01/2005 | 25 | STIPULATION AND ORDER that that the time for plaintiff/counterclaim defendants 9"Plaintiffs") to respond to defendant/counterclaimants" (Defendants) motion to consolidate related cases is hereby extended until Wednesday, 3/2/05 due to the confusion inadvertently caused by 2/18/05 notice of document discrepancies relating to defendants motion. Plaintiffs agree to transmit to defendant's counsel by facsimile a copy of the plaintiffs' opposition to the motion by no later than 2:00 p.m. pacific standard time, on 3/2/05 by Judge Dean D. Pregerson :(bp, ) (Entered: 03/02/2005) |
| 02/15/2005 | 24 | PROOF OF SERVICE filed by defendants' Warner Bros Entertainment Inc, DC Comics. re MOTION to Consolidate Cases 20 , was served on 2/9/05. (bp, ) (Entered: 02/16/2005) |
| 02/09/2005 | 23 | DECLARATION of defendants/counter−claimants in support of MOTION to Consolidate Cases 20 filed by defendant/counter−claimants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (bp, ) (Entered: 02/11/2005) |
| 02/09/2005 | 22 | PROOF OF SERVICE filed by defendants/counter−claimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. re MOTION to Consolidate Cases 20 , Memorandum in Support of Motion, 21 , was served on 2/9/05. (bp, ) (Entered: 02/11/2005) |
| 02/09/2005 | 21 | MEMORANDUM of Points and Authorities in Support of MOTION to Consolidate Cases 20 filed by defendants/counter−claimants' Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (bp, ) (Entered: 02/11/2005) |
| 02/09/2005 | 20 | NOTICE OF MOTION AND MOTION to Consolidate Related Cases filed by defendants/counter−claimants Warner Bros Entertainment Inc, Time Warner Inc, DC Comics, DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. Motion set for hearing on 3/14/2005 at 10:00 AM before Honorable Dean D. Pregerson. Lodged proposed order. (bp, ) (Entered: 02/11/2005) |
| 01/11/2005 | 19 | REPLY filed by Plaintiffs Joanne Siegel, Laura Siegel Larson to Counterclaims [Superman]. 14 Demand for Jury Trial. (sv) (Entered: 01/13/2005) |
| 12/29/2004 | 18 | ORDER SETTING SCHEDULING CONFERENCE by Judge Dean D. Pregerson : Settlement Conference set for 3/14/2004 04:00 PM before Honorable Dean D. Pregerson. The Conference will be held pursuant to Federal Rules of Civil Procedure 16(b). The parties are reminded of their obligations to disclose information and confer on a discovery plan no later than twenty−one (21) days. |

| | | (See Order for further details)(yl, ) (Entered: 01/03/2005) |
|---|---|---|
| 12/13/2004 | 17 | STIPULATION AND ORDER that the time for each plaintiff to respond to defendant/counterclaimant DC Commics counterclaims in this action is hereby extended until 1/11/05 by Judge Dean D. Pregerson :(bp, ) (Entered: 12/14/2004) |
| 11/24/2004 | 16 | PROOF OF SERVICE filed by defendants Warner Bros Entertainment Inc. re 14 Answer to Complaint (Discovery), Counterclaim, 15 Certificate of Interested Parties, was served on 11/22/04. (bp, ) (Entered: 12/01/2004) |
| 11/22/2004 | 15 | NOTICE of Interested Parties filed by Defendants, Counter Claimants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc. (jp, ) (Entered: 11/24/2004) |
| 11/22/2004 | 14 | ANSWER to Complaint – (Discovery) 1 and COUNTERCLAIMS against Laura Siegel Larson, Joanne Siegel filed by defendants DC Comics, Time Warner Inc, Warner Bros Entertainment Inc.(jp, ) (Entered: 11/24/2004) |
| 11/19/2004 | | FAX number for Attorney Jonathan Zavin is 212–407–4990. (bp, ) (Entered: 11/23/2004) |
| 11/19/2004 | 13 | APPLICATION AND ORDER of Non–Resident Attorney to Appear in a Specific Case by Jonathan Zavin for Warner Bros Entertainment Inc; DC Comics and Time Warner Inc, designating David Grossman as local counsel. Fee paid. Approved by Judge Dean D. Pregerson.(bp, ) (Entered: 11/23/2004) |
| 11/19/2004 | 12 | STIPULATION AND ORDER that the time for defendants to move, answer or otherwise respond to plaintiffs' complaint is extneded to November 22, 2004 by Judge Dean D. Pregerson :(bp, ) (Entered: 11/23/2004) |
| 11/05/2004 | | FAX number for Attorney James D Weinberger is 212–813–5901. (bp, ) (Entered: 11/08/2004) |
| 11/05/2004 | 11 | APPLICATION AND ORDER of Non–Resident Attorney to Appear in a Specific Case by Roger L Zissu for Warner Bros Entertainment Inc; DC Comics and Time Warner Inc, designating David Grossman as local counsel. Fee paid. Approved by Judge Dean D. Pregerson.(bp, ) (Entered: 11/08/2004) |
| 11/05/2004 | 10 | APPLICATION AND ORDER of Non–Resident Attorney to Appear in a Specific Case by Patrick T Perkins for Warner Bros Entertainment Inc; DC Comics and Time Warner Inc, designating David Grossman as local counsel. Fee paid. Approved by Judge Dean D. Pregerson.(bp, ) (Entered: 11/08/2004) |
| 11/05/2004 | 9 | APPLICATION AND ORDER of Non–Resident Attorney to Appear in a Specific Case by James D Weinberger for Warner Bros Entertainment Inc; DC Comics and Time Warner Inc, designating David Grossman as local counsel. Fee paid. Approved by Judge Dean D. Pregerson.(bp, ) (Entered: 11/08/2004) |
| 11/02/2004 | 8 | STIPULATION AND ORDER that plaintiffs shall correct the name and entity description of DC Comics in the caption and in paragraph 9 of plaintiffs' complaint by filing a notice of errata with the court, and each defendant hereby waives any objection to the correction being made in this fashion. Defendant each confirm that they have been served with the complaint and hereby waive any objection to service of the complaint, including the complaint as corrected by plaintiffs' notice of errata. The time for each defendant to respond to the complaint is hereby extended until November 10, 2004; and defendants will serve on that date their responses to plaintiffs' counsel by hand via messenger by Judge Dean D. Pregerson.(bp, ) (Entered: 11/03/2004) |
| 10/28/2004 | 7 | NOTICE OF ERRATA filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. correcting Complaint – (Discovery) 1 (bp, ) (Entered: 11/02/2004) |
| 10/22/2004 | 6 | PROOF OF SERVICE Executed by plaintiff Laura Siegel Larson, upon DC Comics Inc served on 10/14/2004, answer due 11/3/2004. The Summons and Complaint were served by personal service, by service by statute not cited statute, upon Ms. Alice Raeford. Due Dilligence declaration not attached. Original Summons not returned. (bp, ) (Entered: 10/25/2004) |

| 10/15/2004 | 5 | PROOF OF SERVICE Executed by plaintiff Joanne Siegel, upon Warner Bros Entertainment Inc served on 10/11/2004, answer due 10/31/2004. The Summons and Complaint were served by personal service, by federal statute, upon name of person whom accepted service not stated. Due Dilligence declaration not attached. Original Summons not returned. (bp, ) (Entered: 10/19/2004) |
| 10/15/2004 | 4 | PROOF OF SERVICE Executed by plaintiff Laura Siegel Larson, upon Time Warner Inc., a corporation served on 10/11/2004, answer due 10/31/2004. The Summons and Complaint were served by personal service, by federal statute, upon name of person whom accepted service not state. Due Dilligence declaration not attached. Original Summons not returned. (bp, ) (Entered: 10/19/2004) |
| 10/13/2004 | 3 | MINUTES: This action has been assigned to the calendar of Judge Dean D. Pregerson. Counsel are encouraged to review the Central District's website for additional information. Judge Dean D. Pregerson:Court Reporter: None present. (bp, ) (Entered: 10/14/2004) |
| 10/08/2004 | | FAX number for Attorney Rafael Gomez–Cabrera, Jeffrey Bruce Linden, Marc Toberoff is 310–246–3101. (rrey, ) (Entered: 10/14/2004) |
| 10/08/2004 | | REPORT ON THE FILING OF AN ACTION REGARDING COPYRIGHT (cc: form mailed to Washington, D.C.) (Opening) (rrey, ) (Entered: 10/14/2004) |
| 10/08/2004 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Laura Siegel Larson, Joanne Siegel. (rrey, ) (Entered: 10/14/2004) |
| 10/08/2004 | | 20 Day Summons Issued re Complaint – (Discovery) 1 as to DC Comics Inc, Time Warner Inc, Warner Bros Entertainment Inc. (rrey, ) (Entered: 10/14/2004) |
| 10/08/2004 | 1 | COMPLAINT against defendants DC Comics Inc, Time Warner Inc, Warner Bros Entertainment Inc.(Filing fee $ 150.) Jury Demanded. , filed by plaintiffs Laura Siegel Larson, Joanne Siegel.(rrey, ) (Entered: 10/14/2004) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing with the Clerk of the Court for the

United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system on February 21, 2014, and that all participants in the case are

registered CM/ECF users.

Dated:  February 21, 2014                /s/ Marc Toberoff
                                          Marc Toberoff